IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Wisconsin Gas LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 2:20-cv-1334 |
| | ) |
| American Natural Resources Company, | ) |
| | ) |
| Defendant. | ) |

### AMERICAN NATURAL RESOURCES COMPANY'S ANSWER
### TO WISCONSIN GAS LLC'S COMPLAINT

Defendant American Natural Resources Company ("ANR") states that, except as expressly admitted below, each and every allegation asserted in the complaint filed by Plaintiff Wisconsin Gas LLC ("Wisconsin Gas") is denied. ANR further answers the allegations in the complaint and asserts affirmative and additional defenses as follows:

1. ANR specifically denies that it bears responsibility for any costs or damages related to contamination of the referenced Superfund site (the "Solvay Site"). ANR further states that paragraph 1 of the complaint contains Wisconsin Gas's characterizations of its claims and asserts conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination and denies all remaining allegations in paragraph 1.

2. ANR admits that Wisconsin Gas, along with others, previously participated in completing a Remedial Investigation of hazardous substances at the Solvay Site under the oversight of the United States Environmental Protection Agency ("EPA"). On information and belief, ANR denies that Wisconsin Gas is conducting any ongoing investigation at this time. ANR further denies that Wisconsin Gas conducted any remediation of hazardous substances at the Solvay Site prior to unilaterally agreeing in 2017 to take over and assume sole responsibility and

control of the remedy for Wisconsin Gas's own financial benefit in developing the property for sale. ANR denies any statement or allegation in paragraph 2 that mischaracterizes or takes out of context the referenced 2017 Administrative Settlement Agreement and Order on Consent (the "2017 ASAOC"), which speaks for itself. ANR also specifically denies that Wisconsin Gas has incurred any costs in excess of its own responsibility or that ANR bears liability for any such costs. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 2 and therefore denies each and every remaining allegation in that paragraph.

3. Paragraph 3 of the complaint contains Wisconsin Gas's characterizations of its claims as to which no response is required. To the extent a response is required, ANR denies that there is any legal or equitable basis for Wisconsin Gas to recover from ANR any portion of the past or future remedial costs, if any, associated with the Solvay Site.

4. Paragraph 4 of the complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

5. Paragraph 5 of the complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR admits the allegations in paragraph 5 that the Solvay Site is located in this judicial District and that the alleged releases of hazardous substances occurred in this District. ANR specifically denies, however, the allegations in the second sentence of paragraph 5.

6. On information and belief, ANR admits the allegations in the first sentence of paragraph 6 of the complaint. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the second sentence of paragraph 6 and therefore denies the same at this time.

7.   ANR admits it is a Delaware corporation and a subsidiary of TransCanada American Investments Ltd. ANR further admits that TransCanada American Investments Ltd. is an indirect subsidiary of TC Energy Corporation.

8.   ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 8 of the complaint concerning the number of acres that the Solvay Site covers and therefore denies the same. On information and belief, ANR otherwise admits the allegations of paragraph 8.

9.   Answering paragraph 9 of the complaint, ANR admits that the Solvay Site is comprised of a number of adjacent lots where various industrial activities have occurred in the past. ANR denies, however, that industrial activities began in or before 1900 on each adjacent lot. ANR further denies that any manufactured gas and coke production or any related activities occurred on any portion of the Solvay Site before 1904. With respect to Wisconsin Gas's attribution of statements to EPA, ANR expressly denies any statement or allegation in paragraph 9 that mischaracterizes or misquotes any EPA documents or studies, or takes them out of context. Because Wisconsin Gas has identified no particular document or study on which it bases these allegations, ANR lacks knowledge or information sufficient to form a belief regarding the truth or accuracy of EPA's purported conclusions or to confirm or deny whether EPA ever made such statements in the first place. ANR therefore denies all remaining allegations, characterizations, and implications set forth in paragraph 9 of the complaint.

10.   ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 10 of the complaint and therefore denies the same.

11.   ANR denies each and every allegation in paragraph 11 of the complaint and any legal conclusions they imply.

3

12. ANR denies each and every allegation in paragraph 12 of the complaint and any legal conclusions they imply.

13. Answering paragraph 13 of the complaint, ANR denies that a coke and manufactured gas plant existed or began operations on the northern portion of the Solvay Site before 1904. On information and belief, ANR otherwise admits the allegations in paragraph 13.

14. Answering paragraph 14 of the complaint, ANR admits that American Light and Traction Company ("ALT"), a predecessor of ANR, acquired the stock of Milwaukee Coke & Gas Company ("MCGC") in 1928. ANR lacks information or knowledge sufficient to form a belief regarding the truth or accuracy of the allegation in paragraph 14 that the stock purchase occurred on or about July 6 of that year and thus denies the allegation to that extent. ANR further denies that ALT was one of ANR's "several predecessors."

15. ANR admits the allegations in paragraph 15 of the complaint.

16. Answering paragraph 16, ANR states that MCGC was a wholly-owned subsidiary of ALT from 1928 until 1947, when ALT sold all the stock of MCGC (then known as Milwaukee Solvay Coke Company ("Milwaukee Solvay")) to another subsidiary, Milwaukee Gas Light Company—a predecessor of Wisconsin Gas. ANR admits that ALT then became an indirect parent of Milwaukee Solvay, but denies that any subsidiary was reorganized. Except as expressly admitted above, ANR denies the allegations in paragraph 16 of the complaint and any legal conclusions they imply.

17. ANR admits that ALT changed its name to American Natural Gas Company ("ANG"), but denies that the name change occurred in 1948. Available documents reflect that the company's name was not changed to ANG until June 15, 1949.

18. Answering paragraph 18 of the complaint, ANR states that Milwaukee Gas Light Company, a predecessor of Wisconsin Gas, conveyed the stock of Milwaukee Solvay to its

parent, ANG, in or around 1956. ANR admits that Milwaukee Solvay then became a first-tier subsidiary of ANG, but denies that any subsidiary was reorganized. Except as expressly admitted above, ANR denies the allegations in paragraph 18 of the complaint and any legal conclusions they imply.

19. ANR denies the allegations in paragraph 19 of the complaint and any legal conclusions they imply.

20. ANR admits only that in June 1962, Milwaukee Solvay sold all of its assets to Wisconsin Coke Company, Inc., a wholly-owned subsidiary of Pickands Mather & Company. ANR denies any remaining allegations or legal conclusions in paragraph 20 of the complaint, including that Milwaukee Solvay was ever "controlled" by ANG.

21. Answering paragraph 21 of the complaint, ANR admits only that in 1962, Milwaukee Solvay changed its name to MSC Corporation and was thereafter liquidated and dissolved. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 21 that ANG "assumed certain liabilities of MSC Corporation up to approximately $5 million (in 1962 dollars)," and therefore denies the same. ANR also specifically denies, in any event, that there was any assumption by ANG in 1962 of liabilities that had not then arisen under CERCLA, a statute enacted some 18 years later. ANR further denies any remaining allegations or legal conclusions in paragraph 21 of the complaint, including the allegation of an unspecified "series of 1962 transactions."

22. ANR admits the allegations in paragraph 22 of the complaint.

23. ANR admits the allegations in paragraph 23 of the complaint and further states that the Respondents to the referenced 2007 Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study (the "2007 ASAOC") included Wisconsin

5

Electric Power Company and Wisconsin Gas (d/b/a We Energies), as well as Cliffs Mining Company, East Greenfield Investors, LLC, Maxus Energy Corporation, and ANR.

24. Answering paragraph 24 of the complaint, ANR categorically denies any statement, allegation, or implication that it is liable under CERCLA for any contamination at the Solvay Site or that ANR or any of its predecessors in interest ever owned or operated the Solvay Site. ANR further states that the 2007 ASAOC speaks for itself and includes identical allegations with respect to Wisconsin Electric Power Company and Wisconsin Gas (d/b/a We Energies), Cliffs Mining Company, and Maxus Energy Corporation. In addition, ANR objects that Wisconsin Gas mischaracterizes the 2007 ASAOC and takes statements in that document out of context, falsely implying that generalized allegations as to ANR in Sections V and VI of the 2007 ASAOC are somehow relevant or binding on ANR in this litigation. They are not. As specifically agreed in paragraph 4 of the 2007 ASAOC, "U.S. EPA and Respondents recognize that this [ASAOC] has been negotiated in good faith and . . . do[es] not constitute an admission of any liability. Respondents do not admit, and retain the right to controvert in any subsequent proceedings other than proceedings to implement or enforce this [ASAOC], the validity of the findings of fact, conclusions of law and determinations in Sections V and VI of this [ASAOC]."

25. Answering paragraph 25 of the complaint, ANR admits that it participated with Wisconsin Gas and other respondents in the development of a Remedial Investigation relating to the Solvay Site in accordance with the 2007 ASAOC. ANR further admits that the Final Revised Remedial Investigation Report was submitted to EPA on or about August 22, 2016. ANR denies, however, that a Feasibility Study was ever completed under the 2007 ASAOC or otherwise. In separately negotiating its 2017 ASAOC with EPA, Wisconsin Gas effectively derailed any efforts that would inform EPA's selection of an appropriate and cost-effective remedy for the Solvay Site through the normal Feasibility Study process. Indeed, EPA suspended any requirement to

complete a Feasibility Study under the 2007 ASAOC after Wisconsin Gas agreed in 2017 to take over and assume sole responsibility and control of the Solvay Site uplands remedy as part of what it called a "non-time-critical removal action." Wisconsin Gas did so, moreover, in an effort to promote its own financial interests in developing the property for sale.

26. ANR states that paragraph 26 of the complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

27. ANR states that paragraph 27 of the complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

28. ANR denies the allegations in paragraph 28 of the complaint and any legal conclusions they imply.

29. Answering paragraph 29 of the complaint, ANR states that, consistent with its status as a parent company and investor, ANG commissioned an outside consultant in 1959 to conduct a study of Milwaukee Solvay and its relationship with Wisconsin Gas's predecessor, Milwaukee Gas Light. ANR denies that Wisconsin Gas accurately characterized the purposes or nature of that study, which speaks for itself. ANR further denies each and every remaining allegation and implication in paragraph 29 of the complaint, including that ANG ever asserted control over any of Milwaukee Solvay's operations or otherwise conducted any operations relating to contamination at the Solvay Site.

30. ANR denies the allegations in paragraph 30 of the complaint and any legal conclusions they imply.

31. ANR denies the allegations in paragraph 31 of the complaint and any legal conclusions they imply.

7

32. ANR states that to the extent paragraph 32 of the complaint refers to or characterizes unidentified Wisconsin Public Service Commission documents from 1956, these documents speak for themselves. ANR expressly denies any statement or allegation in paragraph 32 that mischaracterizes or misquotes any such documents, or takes them out of context. ANR further denies the remaining allegations in paragraph 32 of the complaint and any legal conclusions they imply, including that ANG had responsibility for Milwaukee Solvay's operation and management or that it "made itself" Milwaukee Solvay's direct parent in or around 1956.

33. On information and belief, ANR admits that some individuals may have served in the past as officers or directors of one or more of ANR's predecessors and of MCGC or Milwaukee Solvay. ANR denies, however, that any such overlap is in any way "significant" to any issue in this case. *See, e.g., United States v. Bestfoods,* 524 U.S. 51, 62-64, 69 (1998). ANR further denies any remaining allegations and legal conclusions in paragraph 33 of the complaint.

34. Answering paragraph 34 of the complaint ANR admits only that MSC Corporation was legally dissolved in 1962. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 34 regarding any purported assumption or agreement to pay any debts, obligations, or liabilities of MSC Corporation "up to almost $5 million (in 1962 dollars)," and therefore denies the same. ANR further denies, in any event, that there was any assumption by ANG in 1962 of liabilities that had not then arisen under CERCLA, a statute enacted some 18 years later. In addition, ANR denies any remaining allegations or legal conclusions in paragraph 34 of the complaint.

35. On information and belief, ANR admits the allegations in paragraph 35 of the complaint.

36. Answering paragraph 36 of the complaint, ANR states that the 2017 ASAOC speaks for itself. ANR denies any statement or allegation in paragraph 36 that mischaracterizes

the 2017 ASAOC or takes it out of context. Although ANR admits that Wisconsin Gas unilaterally committed to perform what it characterizes as a "Non-Time Critical Removal Action" under the 2017 ASAOC, ANR specifically denies that the remedy addressed in the 2017 ASAOC constitutes a proper "removal action" as defined in CERCLA. ANR further asserts that Wisconsin Gas breached its contractual commitments to ANR and other parties by negotiating and entering the 2017 ASAOC without their prior knowledge or consent in an effort to advance Wisconsin Gas's own financial interest in developing the property for sale at the expense of others, including its own ratepayers. Wisconsin Gas did so, moreover, to circumvent the Feasibility Study process for a proper "remedial action" under CERCLA, which would have required a more rigorous and appropriate evaluation of remedial alternatives and cost effectiveness before selection and implementation of any non-time-critical remedy.

37. Answering paragraph 37 of the complaint, ANR states that EPA's determinations and findings are set forth in the 2017 ASAOC, which speaks for itself. ANR denies any statement or allegation in paragraph 37 that mischaracterizes EPA's findings or takes them out of context. ANR specifically denies that EPA's findings of fact include any reference to benzene or "carcinogenic polyaromatic hydrocarbons" in soils at the Solvay Site. ANR also denies that coal tar itself is a hazardous substance under CERCLA. Further, the allegation in paragraph 37 that there may be an imminent and substantial danger to public health, welfare, or the environment is set forth as a "conclusion of law" in the 2017 ASAOC and thus requires no response. To the extent a response is required, ANR denies that there is any condition at the Solvay Site that presents an imminent and substantial danger, particularly given the non-time-critical nature of the 2017 ASAOC.

9

38. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 38 of the complaint and therefore denies the allegations in that paragraph.

39. ANR states that paragraph 39 of the complaint contains a conclusion of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR denies the allegations in paragraph 39.

40. Answering paragraph 40 of the complaint, ANR incorporates by reference its responses to paragraphs 1 through 39 of the complaint as if set forth fully herein.

41. ANR states that paragraph 41 of the complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

42. ANR states that paragraph 42 of the complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

43. ANR states that paragraph 43 of the complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

44. ANR states that paragraph 44 of the complaint contains a conclusion of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

45. ANR states that paragraph 45 of the complaint contains a conclusion of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

46. ANR states that paragraph 46 of the complaint contains a conclusion of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

47. ANR denies the allegations in paragraph 47 of the complaint and any legal conclusions they imply.

48. ANR denies the allegations of paragraph 48 of the complaint and any legal conclusions they imply.

49. ANR denies the allegations of paragraph 49 of the complaint and any legal conclusions they imply.

50. ANR denies that it ever owned or operated the Solvay Site and otherwise denies each and every allegation in paragraph 50 of the complaint, as well as the legal conclusions they imply.

51. ANR states that paragraph 51 of the complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR denies the allegations in paragraph 51 and the legal conclusions they imply.

52. ANR states that paragraph 52 of the complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR denies the allegations in paragraph 51 and the legal conclusions they imply.

53. Paragraph 53 of the complaint contains Wisconsin Gas's characterizations of its request to the Court and conclusions of law as to which no response is required. To the extent a response is required, ANR denies that there is any legal or equitable basis for Wisconsin Gas to

recover from ANR any portion of the past or future remedial costs, if any, associated with the Solvay Site or that there is any allocable share properly attributed to ANR.

54. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 54 of the complaint and therefore denies the allegations in that paragraph.

55. Answering paragraph 55 of the complaint, ANR incorporates by reference its responses to paragraphs 1 through 54 of the complaint as if set forth fully herein.

56. ANR states that paragraph 56 of the complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR denies that a declaratory judgment is warranted in this matter or that there is any basis for Wisconsin Gas's request for such a judgment against ANR.

57. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 57 of the complaint and therefore denies the allegations in that paragraph.

58. ANR denies the allegations in paragraph 58 of the complaint and the legal conclusions they imply.

59. ANR states that paragraph 59 of the complaint contains Wisconsin Gas's characterizations of its claim and legal conclusions as to which no response is required. To the extent a response is required, ANR denies that it is liable for any of Wisconsin Gas's alleged future costs, if any.

The remainder of the complaint consists of a prayer for relief, as to which no response is required. To the extent a response is required, ANR denies any remaining allegation in the

complaint and denies that Wisconsin Gas is entitled to any relief against ANR. ANR further denies any allegations not expressly admitted above.

**AFFIRMATIVE DEFENSES**

ANR asserts the following affirmative defenses to Wisconsin Gas's complaint. In disclosing these defenses, ANR does not assume any burden of proof not otherwise required by law. Moreover, ANR undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein. Finally, ANR reserves its right to supplement these defenses or to assert further defenses that subsequently become apparent or available during discovery or at trial.

1. Wisconsin Gas's claims fail to state a claim upon which relief may be granted.

2. Wisconsin Gas's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

3. Wisconsin Gas has failed to name all necessary and indispensable parties in this action. These necessary and/or indispensable parties claim an interest in and/or are liable for alleged damages/injuries relating to the subject matter of this action. Thus, such necessary and/or indispensable parties are so situated that the disposition of this action in their absence may both impair and impede their ability to protect that interest and expose ANR to a substantial risk of multiple suits or otherwise inconsistent judgments or obligations. The just and complete adjudication of the subject matter of this action requires the joinder of these absent parties.

4. Wisconsin Gas's claims are barred, in whole or in part, to the extent Wisconsin Gas already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised its claims.

5. Wisconsin Gas's claims are barred, in whole or in part, by the "Former Milwaukee Solvay Coke & Gas Site Confidential Joint Participation and Defense Agreement."

6. Wisconsin Gas's claims are barred, in whole or in part, by the 2007 ASAOC.

7. Wisconsin Gas is barred from relief on the grounds that it waived any and all rights to recover any response costs, damages, declaratory relief, or any other relief as a result of its actions, inactions, and omissions, and as a result of other actions, inactions or omissions of Wisconsin Gas and/or its agents and representatives.

8. As a result of Wisconsin Gas's actions, inactions, and omissions and as a result of actions, inactions and omissions of Wisconsin Gas's agents and representatives, and ANR's reliance on the same, Wisconsin Gas estopped from bringing the claims in the complaint.

9. Wisconsin Gas's claims are barred because it incurred unnecessary costs of cleanup and failed to comply with the National Contingency Plan.

10. Wisconsin Gas's claims are barred to the extent the damages Wisconsin Gas seeks would result in unjust enrichment to Wisconsin Gas.

11. Wisconsin Gas's claims are barred to the extent they seek double recovery.

12. Wisconsin Gas's claims and damages are barred, in whole or in part, by the doctrine of avoidable consequences and by Wisconsin Gas's failure to use or take reasonable measures to avoid, lessen, minimize, or mitigate its alleged injuries, damages, or costs.

13. Wisconsin Gas's claims are barred, in whole or in part, because the harms alleged by Wisconsin Gas are distinct and reasonably capable of division, and because there is a reasonable basis for determining the contribution of each other party, including third parties, to the alleged harms.

14. Wisconsin Gas's claims are barred because none of the alleged acts or omissions of ANR proximately caused the purported injuries and damages allegedly sustained by Wisconsin Gas.

15. Wisconsin Gas's claims are barred because ANR never owned, operated, or

otherwise controlled the facility described in the complaint.

16. Wisconsin Gas's claims are barred, in whole or in part, to the extent the damages alleged in the complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, or wont of care attributable to others over whom ANR neither had nor exercised any control.

17. ANR denies any liability, but in the event ANR is found to have any liability to Wisconsin Gas, ANR is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the complaint, (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the complaint, or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the complaint.

18. Wisconsin Gas's claims are barred because Milwaukee Solvay/MSC Corporation was dissolved under Wisconsin law in 1962.

19. Wisconsin Gas's claims are barred because CERCLA was not enacted until 1980, and unknown environmental liabilities, which did not then exist, were extinguished upon the dissolution of Milwaukee Solvay in 1962 and the expiration of the survival period two years later.

20. ANR pleads any and all affirmative defenses available to it or which may become applicable.

21. ANR reserves the right to amend its answer as discovery progresses to plead additional defenses, and to assert cross-claims, counterclaims, or third party claims, including, without limitation, counterclaims for contribution, indemnification, and equitable subrogation

against Wisconsin Gas and others who have caused or contributed to their own alleged injuries or the alleged injuries to others.

Dated: October 1, 2020

Respectfully submitted,

/s/ James F. Thompson

**SHOOK, HARDY & BACON LLP**
James F. Thompson, WIED Bar No. 44688
Mitchell F. Engel, WIED Bar No. 65895
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
jfthompson@shb.com
mengel@shb.com

*Attorneys for American Natural Resources Company*