**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

Wisconsin Gas LLC,

                Plaintiff,                        Case No. 2:20-cv-1334

v.

American Natural Resources Company
and Honeywell International Inc.,

                Defendants.

---

**AMERICAN NATURAL RESOURCES COMPANY'S ANSWER**
**TO WISCONSIN GAS LLC'S AMENDED COMPLAINT**

Defendant American Natural Resources Company ("ANR") states that, except as expressly admitted below, each and every allegation asserted in the amended complaint filed by Plaintiff Wisconsin Gas LLC ("Wisconsin Gas") is denied. ANR further answers the allegations in the amended complaint and asserts affirmative and additional defenses as follows:

1. ANR specifically denies that it bears responsibility for any costs or damages related to contamination of the referenced Superfund site (the "Solvay Site"). ANR further states that paragraph 1 of the amended complaint contains Wisconsin Gas's characterizations of its claims and asserts conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination and denies all remaining allegations in paragraph 1.

2. ANR admits that Wisconsin Gas, along with others, previously participated in completing a Remedial Investigation of hazardous substances at the Solvay Site under the oversight of the United States Environmental Protection Agency ("EPA"). On information and belief, ANR denies that Wisconsin Gas is conducting any ongoing investigation at this time.

1

ANR further denies that Wisconsin Gas conducted any remediation of hazardous substances at the Solvay Site prior to unilaterally agreeing in 2017 to take over and assume sole responsibility and control of the remedy for Wisconsin Gas's own financial benefit in developing the property for sale. ANR denies any statement or allegation in paragraph 2 that mischaracterizes or takes out of context the referenced 2017 Administrative Settlement Agreement and Order on Consent (the "2017 ASAOC"), which speaks for itself. ANR also specifically denies that Wisconsin Gas has incurred any costs in excess of its own responsibility or that ANR bears liability for any such costs. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 2 and therefore denies each and every remaining allegation in that paragraph.

3.     Paragraph 3 of the amended complaint contains Wisconsin Gas's characterizations of its claims as to which no response is required. To the extent a response is required, ANR denies that there is any legal or equitable basis for Wisconsin Gas to recover from ANR any portion of the past or future remedial costs, if any, associated with the Solvay Site.

4.     Paragraph 4 of the amended complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

5.     Paragraph 5 of the amended complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR admits the allegations in paragraph 5 that the Solvay Site is located in this judicial District and that the alleged releases of hazardous substances occurred in this District. Further, ANR is informed and believes that Defendant Honeywell International, Inc. ("Honeywell") conducted business or operations in this District at

2

relevant times. ANR specifically denies, however, the allegations in the second sentence of paragraph 5 as it relates to ANR.

6. On information and belief, ANR admits the allegations in the first sentence of paragraph 6 of the amended complaint. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the second sentence of paragraph 6 and therefore denies the same at this time.

7. ANR is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 7 of the amended complaint and therefore denies the same on that basis.

8. ANR admits it is a Delaware corporation and a subsidiary of TransCanada American Investments Ltd. ANR further admits that TransCanada American Investments Ltd. is an indirect subsidiary of TC Energy Corporation.

9. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 9 of the amended complaint concerning the number of acres that the Solvay Site covers and therefore denies the same. On information and belief, ANR otherwise admits the allegations of paragraph 9.

10. Answering paragraph 10 of the amended complaint, ANR admits that the Solvay Site is comprised of a number of adjacent lots where various industrial activities have occurred in the past. ANR denies, however, that industrial activities began in or before 1900 on each adjacent lot. ANR further denies that any manufactured gas and coke production or any related activities occurred on any portion of the Solvay Site before 1904. With respect to Wisconsin Gas's attribution of statements to EPA, ANR expressly denies any statement or allegation in paragraph 10 that mischaracterizes or misquotes any EPA documents or studies, or takes them

out of context.  Because Wisconsin Gas has identified no particular document or study on which it bases these allegations, ANR lacks knowledge or information sufficient to form a belief regarding the truth or accuracy of EPA's purported conclusions or to confirm or deny whether EPA ever made such statements in the first place.  ANR therefore denies all remaining allegations, characterizations, and implications set forth in paragraph 10 of the amended complaint.

11.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11 of the amended complaint and therefore denies the same on that basis.

12.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 12, which relate solely to Honeywell.  On that basis, ANR denies the allegations of paragraph 12 of the amended complaint at this time.

13.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations of paragraph 13 of the amended complaint at this time.

14.     Answering paragraph 14 of the amended complaint, ANR denies that a coke and manufactured gas plant began operations on the northern portion of the Solvay Site before 1904. On information and belief, ANR otherwise admits the allegations in paragraph 14.

15.     Answering paragraph 15 of the amended complaint, ANR denies that a coke plant began operating at the Solvay Site before 1904.  ANR lacks information or knowledge sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 15 and therefore denies those allegations at this time.

4

16. Answering paragraph 16 of the amended complaint, ANR admits that the referenced EPA Enforcement Action Memorandum, a document that speaks for itself, includes the quoted language.

17. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 17, which relate solely to predecessors of Honeywell. On that basis, ANR denies the allegations of paragraph 17 of the amended complaint at this time.

18. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 18, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations of paragraph 18 of the amended complaint at this time.

19. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 19, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations of paragraph 19 of the amended complaint at this time.

20. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 20, which relate solely to predecessors of Honeywell. On that basis, ANR denies the allegations of paragraph 20 of the amended complaint at this time.

21. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 21, which relate solely to predecessors of Honeywell. On that basis, ANR denies the allegations of paragraph 21 of the amended complaint at this time.

5

22.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 22, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations of paragraph 22 of the amended complaint at this time.

23.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 23, which relate solely to Honeywell. On that basis, ANR denies the allegations in paragraph 23 of the amended complaint at this time.

24.     ANR denies each and every allegation in paragraph 24 of the amended complaint and any legal conclusions they imply.

25.     ANR denies each and every allegation in paragraph 25 of the amended complaint and any legal conclusions they imply.

26.     Assuming that "MCGC" refers to the former Milwaukee Coke & Gas Company, ANR admits the allegations in paragraph 26 of the amended complaint.

27.     Answering paragraph 27 of the amended complaint, ANR admits that American Light and Traction Company ("ALT"), a predecessor of ANR, acquired the stock of Milwaukee Coke & Gas Company ("MCGC") in 1928. ANR lacks information or knowledge sufficient to form a belief regarding the truth or accuracy of the allegation in paragraph 27 that the stock purchase occurred on or about July 6 of that year and thus denies the allegation to that extent. ANR further denies that ALT was one of ANR's "several predecessors."

28.     ANR admits the allegations in paragraph 28 of the amended complaint.

29.     Answering paragraph 29 of the amended complaint, ANR states that MCGC was a wholly-owned subsidiary of ALT from 1928 until 1947, when ALT sold all the stock of MCGC (then known as Milwaukee Solvay Coke Company ("Milwaukee Solvay")) to another subsidiary, Milwaukee Gas Light Company—a predecessor of Wisconsin Gas. ANR admits that

6

ALT then became an indirect parent of Milwaukee Solvay, but denies that any subsidiary was reorganized. Except as expressly admitted above, ANR denies the allegations in paragraph 29 of the amended complaint and any legal conclusions they imply.

30.    ANR admits that ALT changed its name to American Natural Gas Company ("ANG"), but denies that the name change occurred in 1948. Available documents reflect that the company's name was not changed to ANG until June 15, 1949.

31.    Answering paragraph 31 of the amended complaint, ANR states that Milwaukee Gas Light Company, a predecessor of Wisconsin Gas, conveyed the stock of Milwaukee Solvay to its parent, ANG, in or around 1956. ANR admits that Milwaukee Solvay then became a first-tier subsidiary of ANG, but denies that any subsidiary was reorganized. Except as expressly admitted above, ANR denies the allegations in paragraph 31 of the amended complaint and any legal conclusions they imply.

32.    ANR denies the allegations in paragraph 32 of the amended complaint and any legal conclusions they imply.

33.    Answering paragraph 33 of the amended complaint, ANR admits only that in June 1962, Milwaukee Solvay sold all of its assets to Wisconsin Coke Company, Inc., a wholly-owned subsidiary of Pickands Mather & Company. ANR denies any remaining allegations or legal conclusions in paragraph 33, including that Milwaukee Solvay was ever "controlled" by ANG.

34.    Answering paragraph 34 of the amended complaint, ANR admits only that in 1962, Milwaukee Solvay changed its name to MSC Corporation and was thereafter liquidated and dissolved. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 34 that ANG "assumed certain liabilities of MSC

7

Corporation up to approximately $5 million (in 1962 dollars)," and therefore denies the same. ANR also specifically denies, in any event, that there was any assumption by ANG in 1962 of liabilities under CERCLA, a statute enacted some 18 years later. ANR further denies any remaining allegations or legal conclusions in paragraph 34 of the amended complaint, including the allegation of an unspecified "series of 1962 transactions."

35. ANR admits the allegations in paragraph 35 of the amended complaint.

36. ANR admits the allegations in paragraph 36 of the amended complaint and further states that the Respondents to the referenced 2007 Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study (the "2007 ASAOC") included Wisconsin Electric Power Company and Wisconsin Gas (d/b/a We Energies), as well as Cliffs Mining Company, East Greenfield Investors, LLC, Maxus Energy Corporation, and ANR.

37. Answering paragraph 37 of the amended complaint, ANR categorically denies any statement, allegation, or implication that it is liable under CERCLA for any contamination at the Solvay Site or that ANR or any of its predecessors in interest ever owned or operated the Solvay Site. ANR further states that the 2007 ASAOC speaks for itself and includes identical allegations with respect to Wisconsin Electric Power Company and Wisconsin Gas (d/b/a We Energies), Cliffs Mining Company, and Maxus Energy Corporation. In addition, ANR objects that Wisconsin Gas mischaracterizes the 2007 ASAOC and takes statements in that document out of context, falsely implying that generalized allegations as to ANR in Sections V and VI of the 2007 ASAOC are somehow relevant or binding on ANR in this litigation. They are not. As specifically agreed in paragraph 4 of the 2007 ASAOC, "U.S. EPA and Respondents recognize that this [ASAOC] has been negotiated in good faith and . . . do[es] not constitute an admission of any liability. Respondents do not admit, and retain the right to controvert in any subsequent

proceedings other than proceedings to implement or enforce this [ASAOC], the validity of the findings of fact, conclusions of law and determinations in Sections V and VI of this [ASAOC]."

38.     Answering paragraph 38 of the amended complaint, ANR admits that it participated with Wisconsin Gas and other respondents in the development of a Remedial Investigation relating to the Solvay Site in accordance with the 2007 ASAOC. ANR further admits that the Final Revised Remedial Investigation Report was submitted to EPA on or about August 22, 2016. ANR denies, however, that a Feasibility Study was ever completed under the 2007 ASAOC or otherwise. In separately negotiating its 2017 ASAOC with EPA, Wisconsin Gas effectively derailed any efforts that would inform EPA's selection of an appropriate and cost-effective remedy for the Solvay Site through the normal Feasibility Study process. Indeed, EPA suspended any requirement to complete a Feasibility Study under the 2007 ASAOC after Wisconsin Gas agreed in 2017 to take over and assume sole responsibility and control of the Solvay Site uplands remedy as part of what it called a "non-time-critical removal action." Wisconsin Gas did so, moreover, in an effort to promote its own financial interests in developing the property for sale.

39.     Paragraph 39 of the amended complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

40.     Paragraph 40 of the amended complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

9

41.     Paragraph 41 of the amended complaint consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

42.     Paragraph 42 of the amended complaint consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

43.     Paragraph 43 of the amended complaint consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

44.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 44, which relate solely to Honeywell.  On that basis, ANR denies the allegations of paragraph 44 of the amended complaint at this time.

45.     On information and belief, ANR admits the allegations in paragraph 45 of the amended complaint.

46.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 46, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations of paragraph 44 of the amended complaint at this time.

47.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 47, which are directed solely to Honeywell.  On that basis, ANR denies the allegations of paragraph 47 of the amended complaint at this time.

48.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 48, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations of paragraph 48 of the amended complaint at this time.

49.      ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 49, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations of paragraph 49 of the amended complaint at this time.

50.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 50, which are directed solely to Honeywell. On that basis, ANR denies the allegations of paragraph 50 of the amended complaint at this time.

51.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 51, which are directed solely to Honeywell. On that basis, ANR denies the allegations of paragraph 51 of the amended complaint at this time.

52.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 52, which are directed solely to Honeywell. On that basis, ANR denies the allegations of paragraph 52 at this time.

53.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in first sentence of paragraph 53 of the amended complaint. On information and belief, however, ANR admits the remaining allegations of paragraph 53.

54.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 54, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations in paragraph 54 of the amended complaint at this time.

55. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 55, which relate solely to a predecessor of Honeywell. On that basis, ANR denies the allegations in paragraph 55 of the amended complaint at this time.

56. Paragraph 56 of the amended complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

57. Paragraph 57 of the amended complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

58. ANR denies the allegations in paragraph 58 of the amended complaint and any legal conclusions they imply.

59. Answering paragraph 59 of the amended complaint, ANR states that, consistent with its status as a parent company and investor, ANG commissioned an outside consultant in 1959 to conduct a study of Milwaukee Solvay and its relationship with Wisconsin Gas's predecessor, Milwaukee Gas Light. ANR denies that Wisconsin Gas accurately characterized the purposes or nature of that study, which speaks for itself. ANR further denies each and every remaining allegation and implication in paragraph 59 of the amended complaint, including that ANG ever asserted control over any of Milwaukee Solvay's operations or otherwise conducted any operations relating to contamination at the Solvay Site.

60. ANR denies the allegations in paragraph 60 of the amended complaint and any legal conclusions they imply.

61. ANR denies the allegations in paragraph 61 of the amended complaint and any legal conclusions they imply.

62.     ANR states that to the extent paragraph 62 of the amended complaint refers to or characterizes unidentified Wisconsin Public Service Commission documents from 1956, these documents speak for themselves.  ANR expressly denies any statement or allegation in paragraph 32 that mischaracterizes or misquotes any such documents, or takes them out of context.  ANR further denies the remaining allegations in paragraph 62 of the amended complaint and any legal conclusions they imply, including that ANG had responsibility for Milwaukee Solvay's operation and management or that it "made itself" Milwaukee Solvay's direct parent in or around 1956.

63.     On information and belief, ANR admits that some individuals may have served in the past as officers or directors of one or more of ANR's predecessors and of MCGC or Milwaukee Solvay. ANR denies, however, that any such overlap is in any way "significant" to any issue in this case.  *See, e.g., United States v. Bestfoods,* 524 U.S. 51, 62-64, 69 (1998).  ANR further denies any remaining allegations and legal conclusions in paragraph 63 of the amended complaint.

64.     Answering paragraph 64 of the amended complaint, ANR admits that MSC Corporation was legally dissolved in 1962.  ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 64 regarding any purported assumption or agreement to pay any debts, obligations, or liabilities of MSC Corporation "up to almost $5 million (in 1962 dollars)," and therefore denies the same. ANR further denies, in any event, that there was any assumption by ANG in 1962 of liabilities under CERCLA, a statute enacted some 18 years later.  In addition, ANR denies any remaining allegations or legal conclusions in paragraph 64 of the amended complaint.

65.     On information and belief, ANR admits the allegations in paragraph 65 of the amended complaint.

66.     Answering paragraph 66 of the amended complaint, ANR states that the 2017 ASAOC speaks for itself.  ANR denies any statement or allegation in paragraph 66 that mischaracterizes the 2017 ASAOC or takes it out of context.  Although ANR admits that Wisconsin Gas unilaterally committed to perform what it characterizes as a "Non-Time Critical Removal Action" under the 2017 ASAOC, ANR specifically denies that the remedy addressed in the 2017 ASAOC constitutes a proper "removal action" as defined in CERCLA.  ANR further asserts that Wisconsin Gas breached its contractual commitments to ANR and other parties by negotiating and entering the 2017 ASAOC without their prior knowledge or consent in an effort to advance Wisconsin Gas's own financial interest in developing the property for sale at the expense of others, including its own ratepayers. Wisconsin Gas did so, moreover, to circumvent the Feasibility Study process for a proper "remedial action" under CERCLA, which would have required a more rigorous and appropriate evaluation of remedial alternatives and cost effectiveness before selection and implementation of any non-time-critical remedy.

67.     Answering paragraph 67 of the amended complaint, ANR states that EPA's determinations and findings are set forth in the 2017 ASAOC, which speaks for itself.  ANR denies any statement or allegation in paragraph 67 that mischaracterizes EPA's findings or takes them out of context.  ANR specifically denies that EPA's findings of fact include any reference to benzene or "carcinogenic polyaromatic hydrocarbons" in soils at the Solvay Site.  ANR also denies that coal tar itself is a hazardous substance under CERCLA.  Further, the allegation in paragraph 67 that there may be an imminent and substantial danger to public health, welfare, or the environment is set forth as a "conclusion of law" in the 2017 ASAOC and thus requires no

14

response. To the extent a response is required, ANR denies that there is any condition at the Solvay Site that presents an imminent and substantial danger, particularly given the non-time-critical nature of the 2017 ASAOC.

68.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 68 of the amended complaint and therefore denies the allegations in that paragraph.

69.     Paragraph 69 of the amended complaint contains a conclusion of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.  To the extent a response is required, ANR denies the allegations in paragraph 69.

70.     Paragraph 70 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR incorporates by reference its responses above to paragraphs 1 through 69 of the amended complaint as if set forth fully herein.

71.     Paragraph 71 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  Paragraph 71 also consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

72.     Paragraph 72 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  Paragraph 72 also consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

73.     Paragraph 73 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  Paragraph 73 also consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

74.     Paragraph 74 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  Paragraph 74 also consists entirely of conclusions of law as to which

no response is required.  ANR respectfully refers all questions of law to the Court for determination.

75.     Paragraph 75 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  Paragraph 75 also consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

76.     Paragraph 76 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  Paragraph 76 also consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

77.     Paragraph 77 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR admits the allegations of paragraph 77 on information and belief.

78.     Paragraph 78 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR admits the allegations of paragraph 78 on information and belief.

79.     Paragraph 79 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR admits the allegations of paragraph 79 on information and belief.

80.     Paragraph 80 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR states that it lacks knowledge or information regarding any cleanup efforts undertaken by Wisconsin Gas other than those Wisconsin Gas unilaterally agreed to perform under the 2017 ASAOC.  ANR also

16

lacks knowledge or information regarding any hazardous substances at the Solvay Site "that will be the subject of further cleanup efforts in the future." On information and belief, however, ANR states that work performed under the 2017 ASAOC likely addressed some amount of hazardous substances released in the period when Honeywell's predecessors were involved in site operations.

81.     Paragraph 81 of the amended complaint is directed to Honeywell alone, requiring no response from ANR. Paragraph 81 also consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. In addition, ANR denies the allegations in paragraph 81 and the legal conclusions they imply.

82.     Paragraph 82 of the amended complaint is directed to Honeywell alone, requiring no response from ANR. Paragraph 82 also consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. In addition, ANR denies the allegations in paragraph 82 and the legal conclusions they imply.

83.     Paragraph 83 of the amended complaint is directed to Honeywell alone, requiring no response from ANR. In addition, paragraph 83 contains Wisconsin Gas's characterization of its request to the Court and conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

84.     Paragraph 84 of the amended complaint is directed to Honeywell alone, requiring no response from ANR. To the extent a response is required, ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 84 and therefore denies in the allegations in that paragraph.

85.     Answering paragraph 85 of the complaint, ANR incorporates by reference its responses above to paragraphs 1 through 84 of the amended complaint as if set forth fully herein.

86.     ANR states that paragraph 86 of the amended complaint consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

87.     ANR states that paragraph 87 of the amended complaint consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

88.     ANR states that paragraph 88 of the amended complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

89.     ANR states that paragraph 89 of the amended complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

90.     ANR states that paragraph 90 of the amended complaint consists entirely of conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination.

91.     ANR states that paragraph 91 of the complaint consists entirely of conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.

92.     ANR denies the allegations in paragraph 92 of the amended complaint and any legal conclusions they imply.

93.     ANR denies the allegations in paragraph 93 of the amended complaint and any legal conclusions they imply.

94.     ANR denies the allegations in paragraph 94 of the amended complaint and any legal conclusions they imply.

95.     ANR denies that it ever owned or operated the Solvay Site and otherwise denies each and every allegation in paragraph 95 of the amended complaint, as well as the legal conclusions they imply.

96.     ANR states that paragraph 96 of the amended complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR denies the allegations in paragraph 96 and the legal conclusions they imply.

97.     ANR states that paragraph 97 of the amended complaint contains conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.  To the extent a response is required, ANR denies the allegations in paragraph 97 and the legal conclusions they imply.

98.     Paragraph 98 of the amended complaint contains Wisconsin Gas's characterizations of its request to the Court and conclusions of law as to which no response is required.  To the extent a response is required, ANR denies that there is any legal or equitable basis for Wisconsin Gas to recover from ANR any portion of the past or future remedial costs, if any, associated with the Solvay Site or that there is any allocable share properly attributed to ANR.

19

99.     ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 99 of the amended complaint and therefore denies the allegations in that paragraph.

100.     Paragraph 100 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR incorporates by reference its responses above to paragraphs 1 through 99 of the amended complaint as if set forth fully herein.

101.     Paragraph 101 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  In addition, paragraph 101 contains conclusions of law as to which no response is required.  ANR respectfully refers all questions of law to the Court for determination.  To the extent a response is required, ANR denies that any declaratory judgment is warranted in this matter.

102.     Paragraph 102 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 102 and therefore denies the allegations in that paragraph.

103.     Paragraph 103 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  To the extent a response is required, ANR states that it lacks knowledge or information suggesting any potential need for future remediation work at the Solvay Site.  On that basis, ANR denies each and every allegation in paragraph 103.

104. Paragraph 104 of the amended complaint is directed to Honeywell alone, requiring no response from ANR.  In addition, paragraph 104 contains Wisconsin Gas's characterization of its claim for declaratory judgment against Honeywell and includes legal conclusions as to which

20

no response is required. ANR respectfully refers all questions of law to the Court for determination.

105. Answering paragraph 105, ANR incorporates by reference its responses above to paragraphs 1 through 104 of the amended complaint as if set forth fully herein.

106. ANR states that paragraph 106 of the amended complaint contains conclusions of law as to which no response is required. ANR respectfully refers all questions of law to the Court for determination. To the extent a response is required, ANR denies that a declaratory judgment is warranted in this matter or that there is any basis for Wisconsin Gas's request for such a judgment against ANR.

107. ANR lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 107 of the amended complaint and therefore denies the allegations in that paragraph.

108. ANR denies the allegations in paragraph 108 of the amended complaint and the legal conclusions they imply.

109. ANR states that paragraph 109 of the amended complaint contains Wisconsin Gas's characterizations of its claim and legal conclusions as to which no response is required. To the extent a response is required, ANR denies that it is liable for any of Wisconsin Gas's alleged future costs, if any.

The remainder of the amended complaint consists of a prayer for relief, as to which no response is required. To the extent a response is required, ANR denies any remaining allegation in the complaint and denies that Wisconsin Gas is entitled to any relief against ANR. ANR further denies any allegations not expressly admitted above.

# AFFIRMATIVE DEFENSES

ANR asserts the following affirmative defenses to Wisconsin Gas's amended complaint. In disclosing these defenses, ANR does not assume any burden of proof not otherwise required by law. Moreover, ANR undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein. Finally, ANR reserves its right to supplement these defenses or to assert further defenses that subsequently become apparent or available during discovery or at trial.

1.      Wisconsin Gas's claims fail to state a claim upon which relief may be granted.

2.      Wisconsin Gas's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

3.      Wisconsin Gas has failed to name all necessary and indispensable parties in this action. These necessary and/or indispensable parties claim an interest in and/or are liable for alleged damages/injuries relating to the subject matter of this action. Thus, such necessary and/or indispensable parties are so situated that the disposition of this action in their absence may both impair and impede their ability to protect that interest and expose ANR to a substantial risk of multiple suits or otherwise inconsistent judgments or obligations. The just and complete adjudication of the subject matter of this action requires the joinder of these absent parties.

4.      Wisconsin Gas's claims are barred, in whole or in part, to the extent Wisconsin Gas already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised its claims.

5.      Wisconsin Gas's claims are barred, in whole or in part, by the "Former Milwaukee Solvay Coke & Gas Site Confidential Joint Participation and Defense Agreement."

6.      Wisconsin Gas's claims are barred, in whole or in part, by the 2007 ASAOC.

22

7.      Wisconsin Gas is barred from relief on the grounds that it waived any and all rights to recover any response costs, damages, declaratory relief, or any other relief as a result of its actions, inactions, and omissions, and as a result of other actions, inactions or omissions of Wisconsin Gas and/or its agents and representatives.

8.      As a result of Wisconsin Gas's actions, inactions, and omissions and as a result of actions, inactions and omissions of Wisconsin Gas's agents and representatives, and ANR's reliance on the same, Wisconsin Gas estopped from bringing the claims in the complaint.

9.      Wisconsin Gas's claims are barred because it incurred unnecessary costs of cleanup and failed to comply with the National Contingency Plan.

10.     Wisconsin Gas's claims are barred to the extent the damages Wisconsin Gas seeks would result in unjust enrichment to Wisconsin Gas.

11.     Wisconsin Gas's claims are barred to the extent they seek double recovery.

12.     Wisconsin Gas's claims and damages are barred, in whole or in part, by the doctrine of avoidable consequences and by Wisconsin Gas's failure to use or take reasonable measures to avoid, lessen, minimize, or mitigate its alleged injuries, damages, or costs.

13.     Wisconsin Gas's claims are barred, in whole or in part, because the harms alleged by Wisconsin Gas are distinct and reasonably capable of division, and because there is a reasonable basis for determining the contribution of each other party, including third parties, to the alleged harms.

14.     Wisconsin Gas's claims are barred because none of the alleged acts or omissions of ANR proximately caused the purported injuries and damages allegedly sustained by Wisconsin Gas.

15.     Wisconsin Gas's claims are barred because ANR never owned, operated, or

23

otherwise controlled the facility described in the complaint.

16.    Wisconsin Gas's claims are barred, in whole or in part, to the extent the damages alleged in the complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, or lack of care attributable to others over whom ANR neither had nor exercised any control.

17.    ANR denies any liability, but in the event ANR is found to have any liability to Wisconsin Gas, ANR is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the complaint, (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages, and expenses alleged in the complaint, or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the complaint.

18.    Wisconsin Gas's claims are barred because Milwaukee Solvay/MSC Corporation was dissolved under Wisconsin law in 1962.

19.    Wisconsin Gas's claims are barred because CERCLA was not enacted until 1980, and unknown environmental liabilities, which did not then exist, were extinguished upon the dissolution of Milwaukee Solvay in 1962 and the expiration of the survival period two years later.

20.    ANR pleads any and all affirmative defenses available to it or which may become applicable.

21.    ANR reserves the right to amend its answer as discovery progresses to plead

additional defenses, and to assert cross-claims, counterclaims, or third party claims, including, without limitation, counterclaims for contribution, indemnification, and equitable subrogation against Wisconsin Gas and others who have caused or contributed to their own alleged injuries or the alleged injuries to others.

Dated: September 10, 2021        Respectfully submitted,

                                        */s/ James F. Thompson*

SHOOK, HARDY & BACON LLP
James F. Thompson, Bar No. 44688
Mitch F. Engel, Bar No. 65895
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Jfthompson@shb.com;
mengel@shb.com

ATTORNEYS FOR AMERICAN NATURAL
RESOURCES COMPANY

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 10, 2021 these papers were filed through the CM/ECF system, which will automatically serve an electronic copy upon all counsel of record.

*/s/ James F. Thompson*

ATTORNEY FOR AMERICAN NATURAL
RESOURCES COMPANY