# EXHIBIT 4-B

Regular Meeting of Board of Directors.
Monday, December 15, 1902, 9:30 A. M.
(Pursuant to By Laws.)
Adjourned by the Secretary, no quorum being present.

S. J. Glass Secy.

Adjourned Meeting of Board of Directors.
Wednesday, December 24, 1902,
9:30 A. M.

Due notice of meeting having been given.
Present: Messrs. Cowdery, Green, Bigelow, Murphy and Lueske.

Vice-President Cowdery in the chair.

Minutes of previous meeting read and approved.

General Manager's report for month of November submitted and ordered placed on file.

The following letter from Western Gas Co. was read by the Secretary:

New York, Dec. 8, 1902.

Mr. S. J. Glass, Secretary.
Milwaukee Gas Light Company,
Milwaukee, Wis.

Dear Sir:-

I beg to inform you that, at a meeting of the Board of Directors of the Western Gas Company held this day, it was resolved that the Milwaukee Gas Light Company be requested to declare a dividend of $1.35 per share payable in New York on or before January 19, 1903. Will you kindly bring this matter to the attention of your Board of Directors at its next meeting.

Yours truly
(Signed) Robt. M. Murray, Secy.

It appearing from the Secretary's reports that the earnings of the Company for the year applicable to dividends were in excess of the amount required for a dividend of $1.35 per share, it was upon motion of Mr.

Case 2:20-cv-01334-SCD Filed 01/27/23 Page 2 of 112 Document 50-6

WG-ANR-00080755

Adjourned Meeting of Board of Directors, Wednesday Dec. 24, 1902.

Resolved that a dividend of $1.35 per share upon the capital stock of the Company, amounting $34,264.05, be declared, payable in New York Jan. 19. 1903.

There being no further business to be brought before the Board, the meeting adjourned.

S.J. Glass
Secretary.

Regular Meeting Board of Directors.
Monday, Jan. 19, 1903, 9:30 A.M.
(Pursuant to By Laws.)
Adjourned by the Secretary, no quorum being present.

S.J. Glass
Secy

Adjourned Meeting Board of Directors.
Friday, Jan. 23, 1903. 11 A.M.
Due notice of meeting having been given.
Present: Messrs. McMillin, Cowden, Bigelow, Murphy and Ludke.

Mr. McMillin in chair.

Minutes of previous meeting read and approved.

General Manager's reports for month of December and the year 1902, submitted and ordered placed on file.

The Secretary submitted a report of expenditures for construction during the year 1902, for which the Company is entitled to sell bonds as provided in the First Mortgage, and upon motion of Mr. Bigelow, duly seconded, it was;

Resolved: that this company sell and deliver to such person or persons as it may order its first mortgage bonds, secured by its trust deed bearing date the 28th day of February, one thousand, nine hundred and two, to the amount of seven hundred fifty thousand dollars ($750,000)

WG-ANR-00080756

Adjourned Meeting Board of Directors, Friday, Jan. 23, 1903, 11 A.M.

par value, being a portion of the bonds, reserved under subdivision (c) of the second article or provision of said trust deed; provided that the net proceeds of the bonds so sold shall simultaneously be deposited with the Central Trust Company of New York, trustee under said trust deed, to be held in lieu of such bonds, that such sale and delivery be made at such time or times and in such amount or amounts, not exceeding the total amount aforesaid, and at such price or prices as may be obtained therefor, and that a copy of this resolution, certified under its corporate seal as required by the provisions of said trust deed, be delivered to the Central Trust Company of New York, trustee under said trust deed; and that a certificate under the corporate seal of this company, signed by the proper officers of the company as required by the provisions of said trust deed, showing the prices at which all of such bonds have been sold and the amount of the net proceeds to be received therefor, be also delivered to the said Central Trust Company of New York, trustee under said trust deed.

Upon motion of Mr. Bigelow, duly seconded, it was further

Resolved: that the Central Trust Company of New York, trustee in that certain indenture of mortgage or trust deed made to it by the Milwaukee Gas Light Company, and bearing date the 28th day of February, one thousand nine hundred and two, be and it is hereby requested to authenticate and deliver the first mortgage bonds of said Company secured by said mortgage or trust deed, to the amount of three hundred eighty-nine thousand dollars ($389,000), for the purpose of partially reimbursing said Gas Company for the actual cost of extensions, improvements and additions to its plant and system for the manufacture of gas, and subject to the lien of said mortgage or trust deed, the bonds to be so issued, authenticated and delivered to be to an amount at the face value thereof equal to eighty (80) per cent. of the actual cost of such extensions, improvements and additions, such cost being the sum of four hundred eighty-six thousand two hundred fifty-three and 46/100 dollars ($486,253.46) and that the proper officer or officers of this company execute and deliver a due certificate or cer-

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 4 of 112   Document 50-6

WG-ANR-00080757

adjourned Meeting Board of Directors, Friday, Jan. 23, 1903, 11 a.m. setting forth that the said extensions, improvements and additions have been fully completed and paid for, the general nature thereof, the cost thereof, that such cost is fair and reasonable and that no part thereof is properly chargeable to expenses of operation or maintenance.

There being no further business to be brought before the Board, the meeting adjourned.

J. J. Glass
Secretary

Special Meeting Board of Directors.
Wednesday, Feb. 11, 1903, 10 a.m.
(Due notice of meeting having been given.)

Present: Messrs. Cowdery, Murphy, Bigelow, Leuske and Pabst, also Judge Noyes of Counsel.

Vice-President Cowdery in the chair.

General Manager outlined at length the proposed erection of coke ovens by outside parties, and the purchase of gas from such ovens by this Company. After general discussion of the subject, it was upon motion of Mr. Bigelow, duly seconded,

Resolved that the Vice-President be authorized to make a proposition to Mr. Schlesinger and his associates for the purchase of their gas for a period of 10 years or longer at a price not to exceed 12½¢ per thousand.

Upon motion the meeting was adjourned subject to call of the chairman.

J. J. Glass
Secretary

WG-ANR-00080758

Adjourned Meeting Board of Directors.
Thursday Feb. 12, 1903. 11 A. M.

Present: Messrs. Cowdery, Luedke, Murphy, Pabst and Bigelow, also Judge Voyes of Counsel.

Vice President Cowdery in the chair.

The General Manager submitted to the Board a memorandum of the proposed proposition to Messrs. Schlesinger and his associates for the purchase of the surplus gas from the coke oven plant they propose to build.

After a lengthy discussion and general review of the whole question, it was, upon motion of Mr. Bigelow, seconded.

Resolved: That a proposition be made to Messrs. Schlesinger et al., upon the basis of 12½ cents per thousand for their surplus gas, contract to be submitted to the Board for its approval if proposition is accepted.

Upon motion meeting adjourned subject to call of the chairman.

S J Glass
Secretary

Regular Meeting Board of Directors.
Monday. Feb. 16th 1903 4 P. M.

Present: Messrs. Cowdery, Green, Bigelow, Luedke and Murphy

Vice-President Cowdery in the chair.

Minutes of previous meeting read and approved.

General Manager's report for month of January submitted and ordered placed on file.

General Manager submitted to the Board bills for the entertainment of the Wisconsin Gas Association.

On motion of Mr. Green, duly seconded, the Treasurer was authorized to pay the bills submitted, aggregating $270.00

There being no further business to be brought before the Board, the meeting adjourned.

S J Glass
Secretary

WG-ANR-00080759

Regular Meeting of the Board of Directors.
Monday, March 16, 1903, 9:30 A M.
(Pursuant to By Laws.)

Present Messrs. Cowdery, Bigelow, Pabst, Murphy and Lueske.

Vice-President Cowdery in the chair.

Minutes of the regular meeting held February 16th, 1903, were read by the Secretary and approved by the Board.

Reports of the business for the month of February were submitted by the General Manager, and upon motion duly seconded, ordered placed on file.

The General Manager submitted to the Board a report of his action in regard to closing contract for the ensuing season, and upon motion of Mr. Lueske, duly seconded, it was

Resolved, that the action of the officers of the Company in closing contract with the Youghiogheny & Ohio Coal Company for one hundred and fifty thousand (150,000) tons of three-quarter inch, screened, gas coal at $2.45 per ton, F.O.B. Cleveland, be ratified and confirmed.

Mr. Cowdery explained to the Board at length the contemplated changes in the officers of the Company, and tendered his resignation as General Manager, to take effect April 1st. No action was taken upon the resignation; the Directors expressing themselves as preferring to defer action until a later date.

There being no further business to be brought before the Board, the meeting was adjourned.

B J Glass
Secretary

WG-ANR-00080760

Special Meeting of the Board of Directors
Tuesday, March 31, 1903, 9:30 A. M.

Present Messrs. Cowdery, Bigelow, Pabst, Murphy and Luedke.

Vice President Cowdery in the chair.

Mr. Cowdery read a communication from President McMillin to Mr. Cowdery, relating to the latter's departure from the Milwaukee Company to take charge of the Laclede Gas Light Company.

Mr. Cowdery also read a letter from President McMillin to Mr. E. G. Pratt, relating to the latter's appointment to the position of General Manager of the Milwaukee Company.

Upon motion of Mr. Pabst, seconded, it was

Resolved, That the resignation of Mr. Cowdery as General Manager, which was tendered at the last regular meeting to take effect on April 1st, be accepted.

Upon motion of Mr. Bigelow, seconded, it was

Resolved, that a committee be appointed to draw up resolutions expressing the feelings of the Board in the premises. At the suggestion of Mr. Pabst, Messrs. Bigelow, Murphy and Luedke were named as the committee.

Upon motion of Mr. Bigelow, seconded, it was

Resolved, that Mr. Pratt be elected General Manager from April 1st 1903, at a salary of $7500.00 per year.

Mr. Haase tendered his resignation as Assistant Secretary to take effect April 1st, and on motion of Mr. Luedke, seconded, the same was accepted.

Upon motion of Mr. Luedke, seconded, Mr. J. C. Murphy was appointed Assistant Secretary.

Upon motion of Mr. Bigelow, seconded, it was

Resolved, that Mr. Pratt, in his capacity as General Manager, be authorized to sign contracts.

Upon motion of Mr. Murphy, it was

Resolved, that the compensation of the 1st Vice President for his services from April 1st to July 1st, shall be $100 per month, as suggested in Mr. McMillin's letter.

There being no further business to be brought before the Board, the meeting adjourned.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 8 of 112   Document 50-6
WG-ANR-00080761

92

WG-ANR-00080762

Special Meeting Board of Directors
Milwaukee Gas Light Co.
Milwaukee, Wis. April 11th, 1903.

Pursuant to law and notice in accordance with the
by-laws, the Board of Directors met at the office of the Company
182 Wisconsin St., this day at 2 o'clock, P.M.

There were present Messrs. Green, Bigelow, Murphy,
Snedke and Pabst, also Judge Noyes of Counsel.

The President and 1st Vice President being absent,
2nd Vice President Green occupied the chair.

The Vice President laid before the Board the following
form of Supplemental Indenture between this Company,
of the first part, and Central Trust Company of New York,
the Trustee under the first mortgage of this Company dated
February 28, 1902, the execution and delivery of which by this
Company in pursuance of the covenants of this Company
under its said first mortgage had been requested by said
Trust Company.

This Supplemental Indenture, dated the
tenth day of April, one thousand nine hundred
and three, by and between Milwaukee Gas Light
Company (hereinafter called the Gas Company),
party of the first part, and Central Trust Company
of New York, a corporation created and existing
under and by virtue of the laws of the State of
New York (hereinafter called the Trustee), party of the
second part:

The Gas Company has been duly organized and
created under the laws of the State of Wisconsin, and,
by its act of incorporation, is authorized and fully
empowered in its corporate capacity to borrow any
sum a sums of money from any person or persons, cor-
porations or body politic of any kind, and make and
execute in its corporate name all necessary writings,
notes, bonds or other papers, and make and execute

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 10 of 112   Document 50-6

WG-ANR-00080763

Special Meeting Board of Directors. April 4th, 1903.

as may be deemed expedient by it for all purposes
in carrying out the objects of the Gas Company

The Gas Company has before executed and deliv-
ered to the Trustee its indenture of mortgage and
deed of trust bearing date the 28th day of February,
1902, and by said mortgage and deed of trust con-
veyed to the Trustee its corporate property and fran-
chises therein described as well as all other property
of the Gas Company and all and every estate, right,
interest, privilege, authority and franchise, corporate
or otherwise, of every nature and description whatsoever,
claim and demand, at the time of the execution and
delivery of said mortgage and deed of trust owned,
enjoyed or held by the Gas Company or which the
Gas Company might or should thereafter acquire,
whether by means of the proceeds of any of the
bonds by said mortgage and deed of trust secured
or otherwise in any manner, to secure the payment
of the principal and interest of bonds of the Gas
Company, to be known as the first mortgage bonds
of the Gas Company, limited to the aggregate
principal amount of 10,000,000, payable on the
first day of May, 1927, at the office or agency of
the Gas Company in the City of New York, in
gold coin of the United States, of or equal to the
then present standard of weight and fineness,
with interest from the first day of May, 1902, at the
rate of four per cent. per annum, payable semi-
annually on the first days of November and May
in each year, in like gold coin, at the office or agency
of the Gas Company in the City of New York, according
to the tenor of coupons thereto annexed, and, both as
to principal and interest, payable without deduction
for any tax or taxes which the Gas Company might
be required to pay thereon or retain therefrom under
any law, present or future, of the United States or any
state, county or municipality therein. Said indenture
of mortgage and deed of trust has been duly recorded

Special Meeting Board of Directors. April 11th, 1903.

the office of the Register of Deeds for Milwaukee County, Wisconsin, in Book #83 of Mortgages, at page #19. Said indenture of mortgage and deed of trust is hereinafter called the first mortgage, and said bonds are hereinafter called the first mortgage bonds.

By the first mortgage, the Gas Company covenanted from time to time, and at all times thereafter, upon the reasonable request of the Trustee to make, do, execute, acknowledge and deliver all such further acts, deeds, conveyances and assurances in the law for the better and more effectually conveying, assuring and confirming unto the Trustee and its successors in the trust by the first mortgage created, for the further security and satisfaction of the first mortgage bonds, upon and for the uses and purposes in the first mortgage expressed or intended, all and singular the premises, property, authority and franchises by the first mortgage conveyed and mortgaged as by the Trustee or its successors in the trust under the advice of counsel, should be reasonably advised or required.

In pursuance of its covenants contained in the first mortgage, the Gas Company executed and delivered to the Trustee a supplemental indenture dated the fourteenth day of April, 1902, conveying to the Trustee on the trusts declared in the first mortgage for the further security and satisfaction of the first mortgage bonds, certain property in said supplemental indenture described. Said supplemental indenture is of record in the office of the Register of Deeds for Milwaukee County, Wisconsin, in Book #94 of Mortgages, at page 350.

The Trustee has requested the Gas Company to execute and deliver this further supplemental indenture; and the board of directors of the Gas Company and the holders of the entire capital stock of the Gas Company have, by proper resolutions of said board of directors and of said stockholders, approved the form of this supplemental indenture and have authorized and delivery thereof

Special Meeting Board of Directors, April 11th, 1903

to the Trustee.

Now, therefore, this Supplemental Indenture witnesseth that the Gas Company, the party hereto of the first part, in consideration of the premises and of the sum of one dollar, lawful money of the United States of America, to it in hand paid by the Trustee, the party of the second part, the receipt whereof is hereby acknowledged, for the purpose of securing the payment of the first mortgage bonds as any time and from time to time issued under the first mortgage and outstanding and of the coupons appertaining thereto, according to the tenor and effect of the first mortgage bonds and of said coupons, has granted, bargained, sold, conveyed, assigned and transferred, and by these presents does grant, bargain, sell, convey, assign and transfer unto the Trustee and its successors in the trust by the first mortgage created, all and singular the following property, namely:

I.

Lots numbered one (1) and twelve (12) in block numbered one hundred and sixteen (116); lots numbered two (2), three (3) four (4) five (5), six (6), seven (7) eight (8), nine (9), ten (10), eleven (11), twelve (12) and thirteen (13) in block numbered one hundred and fifty-seven (157); lots numbered eight (8), nine (9), ten (10), and eleven (11), and the north twenty-five (25) feet of lot numbered seven (7) in block numbered one hundred and fifty-eight (158); lots numbered one (1), two (2), four (4), five (5), six (6), seven (7), eight (8), nine (9) and ten (10) in block numbered one hundred and sixty-four (164); lots numbered one (1), two (2), three (3) four (4), five (5), six (6), seven (7), eight (8), nine (9) and ten (10) in block numbered one hundred and sixty-six (166), all in the Third Ward, of the City of Milwaukee, in the County of Milwaukee and State of Wisconsin.

II

That part of the east forty-four (44) acres of the west ninety (90) acres of the southwest quarter (S.W. 1/4) of section numbered thirty (30) in township

WG-ANR-00080766

Special Meeting Board of Directors. April 11th, 1903

numbered seven (7) north, of range numbered twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, in the County of Milwaukee and State of Wisconsin, bounded on the north by the centre line of St. Paul Ave. extended east, and on the south by the North Menomonee Canal, excepting therefrom the right of way of the Chicago, Milwaukee and St. Paul Railway Company.

### III.

That part of the southwest quarter of section thirty (30), township seven (7) north, of range twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, in the County of Milwaukee and State of Wisconsin, which is bounded and described as follows, to-wit:

Beginning at a point in the centre of the Menomonee River where it is intersected by the east line of said quarter section, and running thence north to the grounds of the Chicago, Milwaukee and St. Paul Railway Company; thence west along said Company's grounds two and one-half (2½) chains to a point; thence south, parallel with the east line of said quarter section, to a point in the centre of the Menomonee River; thence along the centre of said river down-stream to the point of beginning, being the same premises conveyed by William Mariner and Jessie M. Mariner, his wife, to Edward G. Cowden by deed dated October 1st, 1901, and recorded January 6th, 1902, in the Register's Office for Milwaukee County, Wisconsin, in Volume four hundred and fifty-three (453) of Deeds, on page four hundred and twenty-eight (428).

### IV.

All that part of the east twenty (70) acres of the southwest quarter (S.W. ¼) of section thirty (30), township seven (7) north, of range numbered twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, described as follows, to-wit:

Beginning at the intersection of the west line of

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 14 of 112   Document 50-6

WG-ANR-00080767

Special Meeting Board of Directors. April 11th, 1903

quarter of section thirty (30) with the centre line of
the North Menomonee canal, as the same was estab-
lished and platted by F. E. Winkler, F. S. Blodgett and
D. J. Whitemore, Canal Commissioners, under an act
of the legislature of the State of Wisconsin providing
for a system of canals in the Menomonee Valley, passed
March first, eighteen sixty-nine (March 1st 1869).
thence running east along the centre line of said
North Menomonee canal nine hundred and ninety
and one-tenth (990 1/10) feet, more or less, to a point
one hundred and sixty-four (164) feet west of the east line
of said southwest quarter of section thirty (30). thence
north, parallel to the quarter line of said section thirty
(30). three hundred ninety eight (398) feet to a point which
is three hundred and twenty eight (328) feet north from
the established north dock line of the North Menomonee
canal. thence in a westerly direction in a straight
line seven hundred and eighty (780) feet to a point
which is three hundred and thirty three (333) feet
north of said established north dock line; thence
westerly in a straight line two hundred and nine
and six tenths (209.6) feet more or less, to a point on
the west line of said east seventy (70) acres of the
southwest quarter of said section thirty (30), distant
three hundred and nineteen feet north from the
said established north dock line of said canal; thence
south in the west line of said east seventy (70) acres
three hundred and eighty-nine (389) feet to the point
of beginning, containing nine and seven hundredths
(9.07) acres more or less, of which one and fifty-nine
hundredths (1.59) acres lies within the boundaries of the
North Menomonee Canal, and as to said one and fifty-
nine hundredths (.59) acres the same is conveyed
subject to the rights of the public therein, being the
same premises conveyed by the Chicago, Milwaukee
and St. Paul Railway Company to E. G. Cowdery, of
Milwaukee, Wisconsin, by deed dated December 12th 1901,
and recorded January 6th, 1902, in the Register's

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 15 of 112   Document 50-6

WG-ANR-00080768

Special Meeting Board of Directors. April 11th, 1903

office for Milwaukee County, Wisconsin, in volume four hundred and thirty-three (433) of deeds, page three hundred and fifty-three (353) et seq.

Subject, however, as to said parcel to the mortgage made by said Chicago, Milwaukee and St. Paul Railway to Levi P. Morton and Russell Sage, Trustees, dated February 11, 1874, to secure an issue of the bonds of said Railway Company aggregating $26,225,500 and maturing January 1, 1904, of which bonds to the amount of $56,000 and no more are outstanding unpaid in the hands of the public, and bonds to the amount of $850,000 and no more are held by the Farmers Loan and Trust Company, as trustee under said Railway Company's mortgage, dated June 13, 1875, all the remainder of said bonds having been paid and cancelled and said Trust Company having released said premises from the lien of said mortgage under which said Trust Company is trustee.

V.

The property known as No. 182 Wisconsin street, in the City of Milwaukee, occupied by the Gas Company as an office, to wit: the east one-half (½) of lots seven (7) and eight (8) in block twenty-nine (29), in the Seventh Ward of the city of Milwaukee, Wisconsin

Subject, as to said parcel, to the first mortgage of the Milwaukee Office Company, dated August 1, 1900, securing said $80,000, face amount, of the five per cent first mortgage bonds of said Office Company maturing July 2, 1920, in the first mortgage of the Gas Company described.

Together with all and singular the tenements, hereditaments and appurtenances unto each of said foregoing parcels of property belonging or in any wise appertaining, and the rents, issues, incomes and pro-

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 16 of 112   Document 50-6
WG-ANR-00080769

Special Meeting Board of Directors. April 11th 1903

well at law as in equity, of the Gas Company of in
and to the same and every part and parcel thereof
and of each thereof, with the appurtenances and all
improvements thereon.

VI

Also all other property of the Gas Company,
real, personal or mixed, at the time of the execu-
tion and delivery of the first mortgage owned by
it or since in any wise acquired by it or here-
after in any wise to be acquired by it, inclu-
ding its gas works, structures, plants, mains,
pipes, apparatus, furniture, fixtures, engines,
boilers, machinery, tools, implements, draw-
ings, supplies, appurtenances, leases, licenses,
contracts, agreements and patented or other
processes for making and distributing gas, or
in any wise relating to gas and including also
all extensions and additions, improvements or
replacements, made or to be made of or to any
or all of the said plants and property, or any
part thereof, and including also all and every
of its rights, privileges, authority and franchises
corporate or otherwise, and of every name and
description whatsoever, and whether special, ex-
clusive or otherwise, which may have been here-
tofore granted to or conferred upon the Gas Com-
pany and which at the time of the execution
and delivery of the first mortgage were or at
any time since have been vested in it or exercised
or enjoyed by it or which may hereafter be
granted to or conferred upon the Gas Company
or to which it may in any manner become en-
titled, and including also all and every estate,
right and interest, claim and demand which
the Gas Company at the time of the execution
and delivery of the first mortgage owned, en-
joyed or held, or has at any time acquired, or
may or shall hereafter acquire, whether by means

WG-ANR-00080770

Special Meeting Board of Directors, April 11th. 1903

of the proceeds of any of the first mortgage bonds or otherwise in any manner, and including also the earnings, rents, issues, incomes and profits of the Gas Company and of its plant, distributing system and property, and whether such plant, distributing system and property was at the time of the execution and delivery of the first mortgage owned by the Gas Company, or has since been acquired by it or may hereafter be acquired by the Gas Company; it being expressly declaring that the particular description of real and personal property herein contained shall not be construed to exclude any other property which at the time of the execution and delivery of the first mortgage was owned by the Gas Company or has since been acquired by it, or may hereafter be acquired by the Gas Company:

To have and to hold all and singular the above granted premises, property, rights, privileges, authority and franchises unto to Trustee, its successors in the trust and its and their assigns forever.

In Trust, Nevertheless, as to all the mortgaged premises for the equal and proportionate benefit and security of all the holders of the first mortgage bonds and coupons, without preference of any of said bonds or coupons over any other bond or coupon by reason of priority in the time of issue or negotiation thereof, or otherwise; and on the trusts, for the uses and purposes, and upon the conditions expressed and declared in the first mortgage, which is hereby made part hereof as fully and with the same force and effect as if incorporated and set out at length herein.

In Witness whereof the Gas Company has caused its corporate seal to be hereunto affixed and this indenture to be signed by its president and countersigned by its secretary, and the party of the second part has caused its corporate seal to be hereunto affixed and this indenture to be signed by its fourth vice-president

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 18 of 112   Document 50-6

WG-ANR-00080771

Special Meeting Board of Directors, April 11th, 1903.
year first above written.

Milwaukee Gas Light Company.

by

President

Countersigned by

Secretary

Executed by Milwaukee Gas
Light Company in the pre-
sence of

Witnesses.

Central Trust Company of New York

by

Fourth Vice-President

Countersigned by

Secretary

Executed by Central Trust
Company of New York in the
presence of

Witnesses.

WG-ANR-00080772

Special Meeting Board of Directors, April 11th, 1903.
State of New York }
County of New York } ss.

On this _____ day of April, in the year one thousand, nine hundred and three, before me personally came Emerson McMillin, president of Milwaukee Gas Light Company, to me personally known, and known by me to be such president and one of the persons who, on behalf of said company, executed the foregoing instrument; and the said Emerson McMillin, being by me duly sworn, did depose and say that he resided in the Borough of Manhattan, in the City of New York, in the State of New York; that he is the President of the said Milwaukee Gas Light Company, one of the corporations described in and which executed the foregoing instrument; that he knew the seal of said corporation; that the seal affixed to said instrument was such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed his name thereto by like order; and that said instrument was signed and sealed on behalf of said corporation by like order and authority of the board of directors of said corporation; and said Emerson McMillin acknowledged the said instrument to be his free act and deed and the free act and deed of said corporation.

In Witness Whereof I have hereunto set my hand and affixed my notarial seal, on the day and year first above written.

My commission expires _____ . 190 .

Notary Public
New York County

WG-ANR-00080773

Special Meeting Board of Directors, April 11th, 1903

State of Wisconsin

County of Milwaukee } ss.:

On this        day of April, in the year one thousand nine hundred and three, before me personally came Sheldon J. Glass, secretary of the Milwaukee Gas Light Company, to me personally known, and known by me to be such secretary and one of the persons who, on behalf of said Company, executed the foregoing instrument; and the said Sheldon J. Glass being by me duly sworn, did depose and say that he resided in the City of Milwaukee, Wisconsin; that he is the secretary of said Milwaukee Gas Light Company, one of the corporations described in and which executed the foregoing instrument; that he knew the seal of said corporation; that the seal affixed to said instrument was such corporate seal; that it was so affixed by order of the board of directors of said corporation and that he signed his name thereto by like order, and that said instrument was signed and sealed on behalf of said corporation by like order and authority of the board of directors of said corporation; and said Sheldon J. Glass acknowledged the said instrument to be his free act and deed and the free act and deed of said corporation.

In witness Whereof I have hereunto set my hand and affixed my notarial seal, on the day and year first above written.

My commission expires                    , 190 .


                                        Notary Public,
                                Milwaukee County, Wisconsin.

WG-ANR-00080774

Special Meeting Board of Directors. April 11th, 1903.

State of New York }
                    } ss.:
County of New York }

On this ___ day of April, in the year one thousand nine hundred and three, before me personally came James N. Wallace, fourth vice-president of Central Trust Company of New York, and George Sertine, secretary of said Central Trust Company of New York, to me personally known, and known by me to be such fourth vice-president and secretary and the persons who, on behalf of said company, executed the foregoing instrument, and the said James N. Wallace and George Sertine, being by me severally duly sworn, did each for himself depose and say that the said James N. Wallace and said George Sertine each reside in the City of New York, in the State of New York, the said James N. Wallace in the Borough of Brooklyn in said city and the said George Sertine in the Borough of Manhattan in said city, that the said James N. Wallace is the fourth vice-president and the said George Sertine is the secretary of said Central Trust Company of New York, one of the corporations described in and which by them its said fourth vice-president and Secretary executed instrument; that they each knew the seal of said corporation, that the seal affixed to said instrument was such corporate seal, that it was so affixed by authority of the board of trustees of said corporation, and that each signed his name thereto by like authority, and that said instrument was signed and sealed on behalf of said corporation, by like order and authority of the board of directors of said corporation, and said James N. Wallace and George Sertine severally acknowledged the said instrument to be his free act and deed and the free act and deed of said corporation.

In Witness Whereof I have hereunto set my hand and affixed my notarial seal, on the day and year first above written.

My commission expires _____ , 190 .

Notary Public
New York County

WG-ANR-00080775

Special Meeting Board of Directors, April 11th, 1903.

The following preamble and resolutions were offered and

on motion

unanimously adopted:

Whereas this Company has been duly organized and created under the laws of the State of Wisconsin, and, by its act of incorporation, is authorized and fully empowered in its corporate capacity to borrow any sum or sums of money from any person or persons, corporations or body politic of any kind, and make and execute in its corporate name all necessary writings, notes, bonds or other papers, and make and execute and deliver such securities in amount and kind as may be deemed expedient by it for all purposes in carrying out the objects of this Company; and

Whereas this Company heretofore executed and delivered to Central Trust Company of New York its indenture of mortgage and deed of trust bearing date the 28th day of February, 1902, and known as the first mortgage of this Company, and by said mortgage and deed of trust conveyed to said Trust Company the corporate property and franchises of this Company therein described as well as all other property of this Company and all and every estate, right, interest, privilege, authority and franchise, corporate or otherwise, of every nature and description whatsoever, claim and demand, at the time of the execution and delivery of said mortgage and deed of trust owned, enjoyed or held by this Company, or which this Company might or should thereafter acquire, whether by means of the proceeds of any of the bonds by said mortgage and deed of trust secured, or otherwise, in any manner, to secure the payment of the principal and interest of bonds of this Company, to be known as the first mortgage bonds of this Company, limited to the amount/aggregate principal amount of 10,000,000 payable on the first day of May, 1927, at the office or agency of this Company in the City of New York in gold coin of the United States of or equal to the then present standard of weight and fineness, with interest from the first day of May, 1902, at the rate of four per cent, per annum, payable semi-annually on the first days of November and May,

WG-ANR-00080776

Special Meeting Board of Directors, April 11th, 1903.

in each year in like gold coin at the office or agency of this Company in the City of New York, according to the tenor of coupons thereto annexed and both as to principal and interest payable without deduction for any tax or taxes which this Company might be required to pay thereon or to retain therefrom under any law present or future of the United States or of any state, county or municipality therein; and

Whereas said indenture of mortgage and deed of trust has been duly recorded in the office of the Register of Deeds for Milwaukee County, Wisconsin; in Book 483 of Mortgages, at page 49; and

Whereas said first mortgage bonds of the Company to the face amount of $6,000,000 have been issued under said indenture of mortgage and deed of trust and are outstanding; and

Whereas by this indenture of mortgage and deed of trust this Company covenanted from time to time, and at all times thereafter, upon the reasonable request of said Trust Company to make, do, execute, acknowledge and deliver all such further acts, deeds, conveyances and assurances in the law for the better and more effectually conveying, assuring and confirming unto said Trust Company and its successors in the trust by said indenture of mortgage and deed of trust created, for the further security and satisfaction of the said first mortgage bonds upon and for the uses and purposes in said indenture of mortgage and deed of trust expressed, or intended, all and singular the premises, property, authority and franchises by said indenture of mortgage and deed of trust conveyed and mortgaged as by the said Trust Company or its successors in the trust under the advice of counsel should be reasonably advised or required; and

Whereas in pursuance of its covenants contained in said indenture of mortgage and deed of trust this Company executed and delivered to said Trustee a supplemental indenture dated the 16th day of April, 1902, and now of record in the office of the Register of Deeds for Milwaukee County, Wisconsin, in book 494 of mortgages at page 350, conveying

WG-ANR-00080777

Special Board of Directors Meeting. April 11th, 1903

of mortgage and deed of trust for the further security and satisfaction of said first mortgage bonds, certain property in said supplemental indenture described; and

Whereas said Trustee has requested this Company for the purpose of securing the payment of the first mortgage bonds now issued and at any time and from time to time issued and to be issued under said indenture of mortgage and deed of trust and outstanding, and of the coupons appertaining thereto, according to the tenor and effect of the first mortgage bonds and of said coupons to execute and deliver a further supplemental indenture in the form now submitted to the board:

Resolved that the form of said supplemental indenture be and the same hereby is in all things approved;

Resolved that the proper officers of this Company be and they hereby are authorized and directed, in the name of this Company and under its corporate seal, to execute a supplemental indenture substantially in said form and of said tenor and effect and to deliver said supplemental indenture to Central Trust Company of New York.

On motion

Meeting adjourned.

S. J. Glass
Secretary

WG-ANR-00080778

Milwaukee Gas Light Company.
Special Stockholders Meeting.

Milwaukee, Wis., April 10, 1903.

Pursuant to waiver of notice hereinafter set forth a special meeting of the stockholders of Milwaukee Gas Light Company was held at the office of the Company, No. 182 Wisconsin St., in the City of Milwaukee, Wisconsin, on the 10th day of April 1903, at two o'clock P.M.

The holders of the entire issued and outstanding capital stock of the Company were present in person or by proxy as follows:

| Name | No. of Shares |
|------|--------------:|
| Central Trust Co. of New York, Trustee. | 27894 |
| By George N. Noyes, Proxy. | |
| Emerson McMillin | |
| By S. J. Glass, Proxy. | 1 |
| E. G. Cowdery. | |
| By S. J. Glass, Proxy. | 1 |
| S. M. Green. | |
| By S. J. Glass, Proxy. | 1 |
| H. E. Payne. | |
| By S. J. Glass, Proxy. | 1 |
| A. E. Smith | |
| By S. J. Glass, Proxy. | 1 |
| Frank G. Bigelow, | 1 |
| John T. Murphy, | 1 |
| H. August Luedke, | 1 |
| G. G. Pabst. | 1 |
| Total | 27903 |

On motion the meeting adjourned to the 11th day of April, at 2:30 o'clock P.M.

Milwaukee Gas Light Company.
Adjourned Special Stockholders Meeting
Milwaukee, Wis., April 11, 1903.

An adjourned special meeting of the stockholders of the Milwaukee Gas Light Company was held at the office of the Company, No. 182 Wisconsin Street, in the City of Milwaukee Wisconsin, on the 11th day of April, 1903, at 2:30 P.M. pursuant to a due adjournment of the special meeting of stockholders held on the 10th day of April, 1903.

The holders of the entire issued and outstanding capital stock of the company were present in person or by proxy as follows:

| Name | No. of Shares. |
|---|---|
| Central Trust Co. of New York, Trustee, | |
| By George H. Noyes, Proxy. | 27594 |
| Emerson McMillin | |
| By S. J. Glass, Proxy. | 1 |
| E. G. Cowdery | |
| By S. J. Glass, Proxy. | 1 |
| H. C. Payne | |
| By S. J. Glass, Proxy. | 1 |
| A. E. Smith, | |
| By S. J. Glass, Proxy. | 1 |
| S. M. Green, | 1 |
| F. G. Bigelow, | 1 |
| J. P. Murphy, | 1 |
| H. Aug. Luedke, | 1 |
| G. G. Pabst, | 1 |
| Total | 27603 |

The meeting was called to order by Vice President Green, and Secretary Glass acted as Secretary of the meeting.

The Chairman appointed Messrs. Bigelow and Luedke tellers to canvass the powers of attorney presented at the meeting, and to report to the meeting what stockholders were present in person or by proxy.

The tellers thereupon canvassed the powers of attorney and compared the same with the list of stockholders,

WG-ANR-00080780

Adjourned Stockholders Meeting. April 11th 1903

and reported that the holders of the entire capital stock of the Company were present in person or by proxy as above set forth.

The written powers of attorney of the stockholders present by proxy were thereupon directed to be filed in the office of the Company and are now on file in said office.

Thereupon all the stockholders of the Company being present either in person or by proxy, they did each execute a written waiver of notice of this meeting, the original whereof was thereupon filed in the office of the Company and is now on file in said office, and a copy whereof is as follows:

Milwaukee Gas Light Company.

Waiver of Notice of Special Stockholders Meeting, held April 10th, 1903, and duly adjourned to April 11th, 1903

The undersigned being holders of record of the several numbers of shares of the capital stock of Milwaukee Gas Light Company set opposite their respective signatures below, the same constituting the entire issued capital stock of said Company, and being all this day present either in person or by proxy at a special meeting of the stockholders of the said Company held at its office, No. 182 Wisconsin Street, in the City of Milwaukee, Wisconsin, on this 10th day of April, 1903, and duly adjourned to the 11th day of April, 1903, at 2:30 o'clock P.M., do hereby in writing waive notice of such meeting in conformity with section 1761 Annotated Statutes of Wisconsin, 1898, and do consent that such meeting be held at the time and place aforesaid, and duly adjourned to the time and place aforesaid.

WG-ANR-00080781

Adjourned Stockholders Meeting. April 11th, 1903

| Name | No. of Shares |
|---|---|
| Central Trust Company of New York, Trustee. | 175,594 |
|   By George H. Noyes, Proxy. | |
| Emerson McMillin | |
|   By S. J. Glass, Proxy | ' |
| E. G. Cowdery. | |
|   By S. J. Glass, Proxy. | ' |
| N. C. Payne, | |
|   By S. J. Glass, Proxy. | ' |
| A. C. Smith. | |
|   By S. J. Glass, Proxy. | ' |
| S. M. Green. | ' |
| T. G. Bigelow, | ' |
| J. P. Murphy, | ' |
| N. Aug Luedke, | ' |
| G. G. Pabst, | ' |
| Total | 175,603 |

Messrs. Bigelow and Luedke were thereupon appointed inspectors to canvass all votes which might be cast at the meeting by the stockholders on all matters coming before the meeting.

Each inspector thereupon took and subscribed an oath of office, the originals of which were thereupon filed in the office of the Company and are now on file in said office and copies of which are respectively as follows:

State of Wisconsin.⎫
County of Milwaukee.⎬ ss.

I do hereby swear that I will execute the duties of an inspector at an adjourned special meeting of the stockholders of Milwaukee Gas Light Company held at the office of said Company, in the City of Milwaukee, State of Wisconsin, on the eleventh day of April, 1903, with strict impartiality and according to the best of my ability.

    (Signed)      H. August Luedke

Subscribed in my presence and sworn to before me this eleventh day of April, 1903.

My commission expires October 17th, 1904

    (Signed)      D. E. Wright, Notary Public.

WG-ANR-00080782

Adjourned Stockholders' Meeting. April 11th, 1903

State of Wisconsin,
County of Milwaukee, } ss.

I do hereby swear that I will execute the duties of an inspector at an adjourned meeting of the stockholders of Milwaukee Gas Light Company held at the office of said Company in the City of Milwaukee, State of Wisconsin, on the eleventh day of April, 1903, with strict impartiality and according to the best of my ability.

(Signed)                    F. G. Bigelow.

Subscribed in my presence and sworn to before me this eleventh day of April, 1903.

My commission expires October 17th, 1904

(Signed)                    D. E. Wright
                            Notary Public.


The Secretary laid before the meeting the minutes of a special meeting of the Board of Directors, held on the 11th. day of April, 1903, and submitted to the meeting the following form of indenture between this Company and Central Trust Company of New York, supplemental to the first mortgage and deed of trust, dated February 28, 1902, made by this Company to Central Trust Company of New York, which is set out in full in the minutes of said meeting of said Board, and the execution of which had been approved by said Board of Directors at said meeting:

This Supplemental Indenture, dated the tenth day of April, one thousand nine hundred and three, by and between Milwaukee Gas Light Company (hereinafter called the Gas Company) party of the first part, and Central Trust Company of New York, a corporation created and existing under and by virtue of the laws of the State of New York (hereinafter called the Trustee), party of the second part:

The Gas Company has been duly organized and created under the laws of the State of Wisconsin; and, by its act of incorporation, is authorized and fully empowered in its corporate capacity _____ any person

WG-ANR-00080783

Adjourned Stockholders Meeting. April 11th, 1903.

or persons, corporations or body-politic of any kind, and make and execute in its corporate name all necessary writings, notes, bonds or other papers, and make and execute and deliver such securities in amount and kind as may be deemed expedient best for all purposes in carrying out the objects of the Gas Company.

The Gas Company heretofore executed and delivered to the Trustee its indenture of mortgage and deed of trust bearing date the 28th day of February, 1902, and by said mortgage and deed of trust conveyed to the Trustee its corporate property and franchises therein described, as well as all other property of the Gas Company and all and every estate, right, interest, privilege, authority and franchise, corporate or otherwise, of every nature and description whatsoever, claim and demand, as the time of the execution and delivery of said mortgage and deed of trust owned, enjoyed or held by the Gas Company, or which the Gas Company might or should thereafter acquire, whether by means of the proceeds of any of the bonds by said mortgage and deed of trust secured or otherwise in any manner, to secure the payment of the principal and interest of bonds of the Gas Company, to be known as the first mortgage bonds of the Gas Company, limited to the aggregate principal amount of $10,000,000, payable on the first day of May, 1927, at the office or agency of the Gas Company in the City of New York, in gold coin of the United States, of or equal to the then present standard of weight and fineness, with interest from the first day of May, 1902, at the rate of four per cent. per annum, payable semi-annually on the first days of November and May in each year, in like gold coin, at the office or agency of the Gas Company in the City of New York, according to the tenor of coupons thereto annexed, and, both as to principal and interest, payable without deduction for any tax or taxes which the Gas Company might be required to pay thereon or retain therefrom under any law, present or future, of the United States, or of any state, county or municipality therein. Said indenture of mortgage and deed of trust has been duly recorded in the office of the Register of Deeds for Milwaukee County, Wisconsin, in Book 483 of Mortgages, at page 419. Said

WG-ANR-00080784

Adjourned Special Stockholder's Meeting. April 11th, 1903.

indenture of mortgage and deed of trust is hereinafter called the first mortgage, and said bonds are hereinafter called the first mortgage bonds.

By the first mortgage, the Gas Company covenanted from time to time, and at all times thereafter, upon the reasonable request of the Trustee to make, do, execute, acknowledge and deliver all such further acts, deeds, conveyances and assurances in the law for the better and more effectually conveying, assuring and confirming unto the Trustee and its successors in the trust by the first mortgage created, for the further security and satisfaction of the first mortgage bonds, upon and for the uses and purposes in the first mortgage expressed or intended, all singular the premises, property, authority and franchises by the first mortgage conveyed and mortgaged as by the Trustee or its successors in the trust under the advice of counsel should be reasonably advised or required.

In pursuance of its covenants contained in the first mortgage, the Gas Company executed and delivered to the Trustee a supplemental indenture dated the fourteenth day of April, 1902, conveying to the Trustee on the trusts declared in the first mortgage for the further security and satisfaction of the first mortgage bonds, certain property in said supplemental indenture described. Said supplemental indenture is of record in the office of the Register of Deeds for Milwaukee County, Wisconsin, in Book 594 of Mortgages, at page 360.

The Trustee has requested the Gas Company to execute and deliver this further supplemental indenture, and the board of directors of the Gas Company and the holders of the entire capital stock of the Gas Company have, by proper resolutions of said board of directors and of said stockholders, approved the form of this supplemental indenture and have authorized and directed the execution thereof and the delivery thereof to the Trustee.

Now, therefore, this Supplemental Indenture witnesseth, that the Gas Company, the party hereto of the first part, in consideration of the premises and of the sum of one dollar, lawful money of the United States of America, to it in hand paid by the Trustee, the party of the second part, the receipt whereof is hereby acknowledged, does hereby the first

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 32 of 112   Document 50-6

WG-ANR-00080785

Adjourned Special Stockholders' Meeting. April 11th, 1903.

mortgage bonds at any time and from time to time issued under the first mortgage and outstanding and of the coupons appertaining thereto, according to the tenor and effect of the first mortgage bonds and of said coupons, has granted, bargained, sold, conveyed, assigned and transferred, and by these presents does grant, bargain, sell, convey, assign, and transfer unto the Trustee and its successors in the trust by the first mortgage created, all and singular the following property, namely:

### I.

Lots numbered one (1) and twelve (12) in block numbered one hundred and sixteen (116); lots numbered two (2), three (3), four (4), five (5), six (6), seven (7), eight (8), nine (9), ten (10), eleven (11), twelve (12), and thirteen (13) in block numbered one hundred and fifty-seven (157); lots numbered eight (8), nine (9), ten (10) and eleven (11), and the north twenty-five (25) feet of lot numbered seven (7) in block numbered one hundred and fifty-eight (158); lots numbered one (1), two (2), four (4) five (5), six (6), seven (7), eight (8), nine (9) and ten (10) in block numbered one hundred and sixty-four (164); lots numbered one (1), two (2), three (3), four (4), five (5), six (6), seven (7), eight (8), nine (9), and ten (10) in block numbered one hundred and sixty-six (166); all in the Third Ward, of the City of Milwaukee, in the County of Milwaukee and State of Wisconsin.

### II

That part of the east forty-five (45) acres of the west ninety (90) acres of the southwest quarter (S W ¼) of section numbered thirty (30), in township numbered seven (7) north, of range numbered twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, in the County of Milwaukee and State of Wisconsin, bounded on the north by the centre line of St. Paul Avenue extended east, and on the south by the North Menomonee Canal, excepting therefrom the right of way of the Chicago, Milwaukee and St. Paul Railway Company.

WG-ANR-00080786

Adjourned Special Stockholders Meeting. April 11th. 1903.

III.

That part of the southwest quarter of section thirty (30) township seven (7) north, of range twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, in the County of Milwaukee and State of Wisconsin, which is bounded and described as follows, to wit:

Beginning at a point in the centre of the Menomonee River where it is intersected by the east line of said quarter section, and running thence north to the grounds of the Chicago, Milwaukee and St. Paul Railway Company, thence west along said company's grounds two and one-half (2½) chains to a point; thence south, parallel with the east line of said quarter section, to a point in the centre of the Menomonee River, thence along the centre of said river down stream to a point of beginning, being the same premises conveyed by William Mariner and Jessie M. Mariner, his wife, to Edward G. Cowdery by deed dated October 1st, 1901, and recorded January 6th, 1902, in the Register's Office for Milwaukee County, Wisconsin, in Volume four hundred and fifty three (453) of Deeds, on page four hundred and twenty-eight (428).

IV.

All that part of the east seventy (70) acres of the southwest quarter (S.W.¼) of section thirty (30), township seven (7) north, of range numbered twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, described as follows, to wit:

Beginning at the intersection of the west line of the said east seventy (70) acres of said southwest quarter of section thirty (30) with the centre line of the North Menomonee canal, as the same was established and platted by F.C. Winkler, F.S. Blodgett and D. J. Whittemore, Canal Commissioners, under an act of the legislature of the State of Wisconsin providing for a system of canals in the Menomonee Valley, passed March first, eighteen sixty-nine (March 1st, 1869); thence running east along the centre line of said North Menomonee Canal nine hundred and ninety and one-tenth (990/10) feet, more or less, to a point one hundred and sixty-five (165) feet west of the east line of said southwest quarter of section thirty (30); thence ... thirty (30)

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 34 of 112   Document 50-6

WG-ANR-00080787

Adjourned Special Stockholders Meeting. April 11th, 1903.

three hundred ninety-eight (398) feet to a point which is three hundred and twenty-eight (328) feet north from the established north dock line of the North Menomonee Canal; thence in a westerly direction in a straight line seven hundred and eighty (780) feet to a point which is three hundred and thirty-three (333) feet north of said established north dock line; thence westerly in a straight line two hundred and nine and six-tenths (209.6) feet more or less to a point on the west line of said east seventy (70) acres of the southwest quarter of said section thirty (30), distant three hundred and nineteen feet north from the said established north dock line of said canal; thence south in the west line of said east seventy (70) acres three hundred and eighty-nine (389) feet to the point of beginning, containing nine and seven hundredths (9.07) acres more or less, of which one and fifty-nine hundredths (1.59) acres lies within the boundaries of the North Menomonee Canal, and as to said one and fifty-nine hundredths (1.59) acres the same is conveyed subject to the rights of the public therein, being the same premises conveyed by the Chicago, Milwaukee and St. Paul Railway Company to E. G. Cowdery, of Milwaukee, Wisconsin, by deed dated December 12th, 1901, and recorded January 6th, 1902, in the Register's office for Milwaukee county, Wisconsin, in volume four hundred and thirty-three (433) of deeds, page three hundred and fifty-three (353) et seq.

Subject, however, as to said parcel, to the mortgage made by said Chicago, Milwaukee and St. Paul Railway to Levi P. Morton and Russell Sage, Trustees, dated February 14, 1874, to secure an issue of the bonds of said Railway Company aggregating $26,225,500 and maturing January 1, 1904, of which bonds to the amount of $56,000 and no more are outstanding unpaid in the hands of the public, and bonds to the amount of $850,000 and no more are held by the Farmers' Loan and Trust Company, as trustee under said Railway Company's mortgage, dated June 15, 1875, all the remainder of said bonds having been paid and cancelled and said Trust Company having released said premises from the lien of said mortgage under which said Trust Company is trustee.

V.

The property known as No. 182 Wisconsin street, in the

WG-ANR-00080788

Adjourned Special Stockholders' Meeting. April 11th, 1903.

City of Milwaukee, occupied by the Gas Company as an office, to wit: the east one-half (½) of lots seven (7) and eight (8) in block twenty-nine (29), in the Seventh Ward of the city of Milwaukee, Wisconsin.

Subject as to said parcel, to the first mortgage of the Milwaukee Office Company, dated August 1, 1900, securing said $80,000. face amount, of the five per cent. first mortgage bonds of said Office Company maturing July 2, 1920, in the first mortgage of the Gas Company described.

Together with all and singular the tenements, hereditaments and appurtenances unto each of said foregoing parcels of property belonging or in any wise appertaining, and the rents, issues, incomes and profits thereof, and all the estate, right, title and interest as well at law as in equity, of the Gas Company of, in and to the same and every part and parcel thereof and of each thereof, with the appurtenances and all improvements thereon.

VI.

Also all other property of the Gas Company, real, personal or mixed, at the time of the execution and delivery of the first mortgage owned by it or since in any wise acquired by it or hereafter in any wise to be acquired by it, including its gas works, structures, plants, mains, pipes, apparatus, furniture, fixtures, engines, boilers, machinery, tools, implements, drawings, supplies, appurtenances, leases, licenses, contracts, agreements and patented or other processes for making and distributing gas, or in any wise relating to gas and including also all extensions and additions, improvements or replacements, made or to be made of or to any or all of the said plants and property, or any part thereof, and including also all and every of its rights, privileges, authority and franchises, corporate or otherwise, and of every nature and description whatsoever, and whether special, exclusive or otherwise, which may have been heretofore granted to or conferred upon the Gas Company and which at the time of the execution and delivery of the first mortgage were or at any time since have been vested in it or exercised or enjoyed by it or conferred upon

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 36 of 112   Document 50-6

WG-ANR-00080789

Adjourned Special Stockholders Meeting. April 11th, 1903

the Gas Company or to which it may in any manner become entitled, and including also all and every estate, right and interest, claim and demand which the Gas Company at the time of the execution and delivery of the first mortgage owned, enjoyed or held, or has at any time acquired, or may or shall hereafter acquire, whether by means of the proceeds of any of the first mortgage bonds or otherwise in any manner, and including also the earnings, rents, issues, incomes and profits of the Gas Company and of its plant, distributing system and property, and whether such plant, distributing system and property was at the time of the execution and delivery of the first mortgage owned by the Gas Company, or has since been acquired by it or may hereafter be acquired by the Gas Company; it being expressly declared that the particular description of real and personal property herein contained shall not be construed to exclude any other property which at the time of the execution and delivery of the first mortgage was owned by the Gas Company or has since been acquired by it, or may hereafter be acquired by the Gas Company:

To have and to hold all and singular the above granted premises, property, rights, privileges, authority and franchises unto the Trustee, its successors in the trust and its and their assigns forever.

In Trust, Nevertheless, as to all the mortgaged premises for the equal and proportionate benefit and security of all the holders of the first mortgage bonds and coupons, without preference of any of said bonds or coupons over any other bond or coupon by reason of priority in the time of issue or negotiation thereof, or otherwise; and on the trusts, for the uses and purposes, and upon the conditions expressed and declared in the first mortgage, which is hereby made part hereof as fully and with the same force and effect as if incorporated and set out at length herein.

In witness whereof the Gas Company has caused

WG-ANR-00080790

Adjourned Special Stockholders' Meeting. April 11th, 1903

its corporate seal to be hereunto affixed and this indenture to be
signed by its president and countersigned by its secretary, and the
party of the second part has caused its corporate seal to be hereunto
affixed and this indenture to be signed by its fourth vice-president
and countersigned by its secretary, the day and year first above
written.

Milwaukee Gas Light Company.
by

President.

Countersigned by

Secretary.

Executed by Milwaukee Gas Light
Company in the presence of

Witnesses.

Central Trust Company of New York.
by

Fourth Vice-President

Countersigned by

Secretary.

Executed by Central Trust Com-
pany of New York in the pre-
sence of

Witnesses.

WG-ANR-00080791

Adjourned Special Stockholders Meeting. April 11th, 1903

State of New York, } ss:
County of New York, }

On this        day of April, in the year one thousand nine hundred and three, before me personally came Emerson McMillin, president of Milwaukee Gas Light Company, to me personally known, and known to me to be such president and one of the persons who, on behalf of said company, executed the foregoing instrument; and the said Emerson McMillin, being by me duly sworn, did depose and say that he resided in the Borough of Manhattan, in the City of New York, in the State of New York, that he is the president of the said Milwaukee Gas Light Company, one of the corporations described in and which executed the foregoing instrument; that he knew the seal of said corporation, that the seal affixed to said instrument was such corporate seal, that it was so affixed by order of the board of directors of said corporation, and that he signed his name thereto by like order, and that said instrument was signed and sealed on behalf of said corporation by like order and authority of the board of directors of said corporation; and said Emerson McMillin acknowledged the said instrument to be his free act and deed and the free act and deed of said corporation.

In Witness Whereof I have hereunto set my hand and affixed my notarial seal, on the day and year first above written.

My commission expires _____ , 190 .

Notary Public
New York County

WG-ANR-00080792

Adjourned Special Stockholder's Meeting. April 11th, 1903.

State of Wisconsin. }
                       } ss:
County of Milwaukee. }

On this     day of April, in the year one thousand nine hundred and three, before me personally came Sheldon J. Glass, secretary of Milwaukee Gas Light Company, to me personally known, and known by me to be such secretary and one of the persons who, on behalf of said Company, executed the foregoing instrument; and the said Sheldon J. Glass, being by me duly sworn, did depose and say that he resided in the City of Milwaukee, Wisconsin; that he is the secretary of said Milwaukee Gas Light Company, one of the corporations described in and which executed the foregoing instrument; that he knew the seal of said corporation; that the seal affixed to said instrument was such corporate seal, that it was so affixed by order of the board of directors of said corporation and that he signed his name thereto by like order; and that said instrument was signed and sealed on behalf of said corporation by like order and authority of the board of directors of said corporation; and said Sheldon J. Glass acknowledged the said instrument to be his free act and deed and the free act and deed of said corporation.

In Witness Whereof I have hereunto set my hand and affixed my notarial seal, on the day and year first above written.

My commission expires     . 190 .

           Notary Public
           New York County

WG-ANR-00080793

Adjourned Special Stockholders Meeting, April 11th, 1903

State of New York,

County of New York.
} ss.:

On this        day of April, in the year one thousand
nine hundred and three, before me personally came James N.
Wallace, fourth vice-president of Central Trust Company
of New York, and George Bertine, secretary of said Central
Trust Company of New York, to me personally known, and
known by me to be such fourth vice-president and secretary
and the persons who, on behalf of said company, executed the
foregoing instrument; and the said James N. Wallace and
George Bertine, being by me severally duly sworn, did each
for himself depose and say that the said James N. Wallace and
said George Bertine each reside in the City of New York, in the
State of New York, the said James N. Wallace in the Borough of
Brooklyn in said city and the said George Bertine in the Bor-
ough of Manhattan in said city; that the said James N. Wallace
is the fourth vice-president and the said George Bertine is the
secretary of said Central Trust Company of New York, one of the
corporations described in and which by them its said fourth
vice-president and secretary executed the foregoing instrument;
that they each knew the seal of said corporation; that the seal
affixed to said instrument was such corporate seal; that it
was so affixed by authority of the board of trustees of said
corporation, and that each signed his name thereto by like
authority, and that said instrument was signed and sealed
on behalf of said corporation by like order and authority of
the board of directors of said corporation, and said James N.
Wallace and George Bertine severally acknowledged the said
instrument to be his free act and deed and the free act and
deed of said corporation

In Witness Whereof I have hereunto set my hand
and affixed my notarial seal, on the day and year first a-
bove written

My commission expires                    190.


                         Notary Public
                         New York County

Adjourned Special Stockholders' Meeting. April 11th, 1903.
The following preamble and resolutions were offered and duly seconded:

Whereas this company has been duly organized and created under the laws of the State of Wisconsin, and, by its act of incorporation, is authorized and fully empowered in its corporate capacity to borrow any sum or sums of money from any person or persons, corporations or body politic of any kind, and make and execute in its corporate name, all necessary writings, notes, bonds, or other papers, and make and execute and deliver such securities in amount and kind as may be deemed expedient by it, for all purposes in carrying out the objects of this company; and

Whereas this Company heretofore executed and delivered to Central Trust Company of New York, its indenture of mortgage and deed of trust, bearing date the 18th day of February, 1902, and known as the first mortgage of this company, and by said first mortgage and deed of trust conveyed to said Trust Company the corporate property and franchises of this company therein described, as well as all other property of this company, and all and every estate, right, interest, privilege, authority and franchise, corporate or otherwise, of every nature and description whatsoever, claim and demand, at the time of the execution and delivery of said mortgage and deed of trust owned, enjoyed or held by this company or which this company might or should thereafter acquire, whether by means of the proceeds of any of the bonds by said mortgage and deed of trust secured, or otherwise, in any manner, to secure the payment of the principal and interest of bonds of this company, to be known as the first mortgage bonds of this company, limited to the aggregate principal amount of $10,000,000, payable on the first day of May 1927, at the office or agency of this company, in the City of New York in gold coin of the United States of or equal to the then present standard of weight and fineness, with interest from the first day of May, 1902, at the rate of four per cent per annum, payable semi-annually on the first days of November and May in each year in like gold coin at the office or agency of this company in the City of New York, according to the tenor and effect of said bonds, as to prin-

WG-ANR-00080795

Adjourned Special Stockholder's Meeting. April 14th. 1903.

cipal and interest, payable without deduction for any tax or taxes which this Company might be required to pay thereon or to retain therefrom under any law, present or future, of the United States or of any state, county or municipality therein, and

Whereas said indenture of mortgage and deed of trust has been duly recorded in the office of the Register of Deeds for Milwaukee County, Wisconsin, in book 483 of Mortgages, at page 419: and

Whereas said first mortgage bonds of this Company have been issued to the face amount of $6,000,000 under said indenture of mortgage and deed of trust and are outstanding; and:

Whereas by said indenture of mortgage and deed of trust this Company covenanted from time to time, and at all times thereafter, upon the reasonable request of said Trust Company, to make, do, execute, acknowledge and deliver all such further acts, deeds, conveyances and assurances in the law for the better and more effectually conveying, assuring and confirming unto said Trust Company and its successors in the trust by said indenture of mortgage and deed of trust created, for the further security and satisfaction of said first mortgage bonds upon and for the uses and purposes in said indenture of mortgage and deed of trust expressed or intended, all and singular the premises, property, authority and franchises by said indenture of mortgage and deed of trust conveyed and mortgaged as by the said Trust Company or its successors in the trust under the advice of counsel should be reasonably advised or required; and

Whereas in pursuance of its covenants contained in said indenture of mortgage and deed of trust this Company executed and delivered to said trustee a supplemental indenture dated the 14th of April, 1902, and now of record in the office of the Register of Deeds for Milwaukee County, Wisconsin, in book 494 of Mortgages, at page 350, conveying to said Trustee on the trusts declared in said indenture of mortgage and deed of trust for the further security and satisfaction of said first mortgage bonds, certain property in said supplemental indenture described; and

Whereas said Trustee has requested this Company,

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 43 of 112   Document 50-6

WG-ANR-00080796

Adjourned Special Stockholder's Meeting. April 11th, 1903.

for the purpose of securing the payment of the first mortgage bonds now issued and at any time, and from time to time, issued, and to be issued under said indenture of mortgage and deed of trust and outstanding, and of the coupons appertaining thereto, according to the tenor and effect of the first mortgage bonds and of said coupons, to execute and deliver further supplemental indenture in the form approved by the Board of Directors of this Company at a meeting of said Board held on the 11th day of April 1903, and in the form now submitted to this meeting;

Resolved that the form and the provisions of said supplemental indenture approved by the Board of Directors of this Company at the meeting of said Board held on the 11th day of April, 1903, and set out in the minutes of said meeting of said Board, and now submitted to this meeting, be and the same hereby is, in all things, approved;

Resolved that the Board of Directors of this Company be and it hereby is authorized and directed to cause or procure to be executed in the name of this Company and under its corporate seal, a supplemental indenture substantially in said form and when executed to deliver the same to Central Trust Company of New York;

Resolved that the execution and delivery of all first mortgage bonds of this Company, heretofore executed and delivered under said indenture of mortgage and deed of trust and the authentication thereof by Central Trust Company of New York be, and the same hereby is, in all things approved, ratified and confirmed;

Resolved that all action in or in connection with the execution and delivery of said supplemental indenture heretofore taken or authorized by the Board of Directors of this Company and by the officers of this Company in pursuance of any authorization or direction of said Board of Directors, be and it hereby is in all things authorized, approved, ratified and confirmed.

The vote on said resolution was taken by shares and the polls were kept open for the reception of votes until all the votes of the holders of stock present in person or by proxy had been cast; the inspectors having canvassed the votes made the following

Case 2:20-cv-01334-SCD    Filed 01/27/23    Page 44 of 112    Document 50-6

WG-ANR-00080797

*Adjourned Special Stockholders Meeting. April 11, 1903.*

April 11, 1903.

To The President of The Milwaukee Gas Light Company:

The undersigned, inspectors appointed to canvass all votes which might be cast at the meeting of the stockholders of the Milwaukee Gas Light Company held at the office of the Company in the City of Milwaukee, Wisconsin, on the 10th day of April, 1903, and duly adjourned to the 11th day of April, 1903, on all matters coming before the meeting,

do report

that they have canvassed the votes cast upon the following preamble and resolution:—

Whereas this Company has been duly organized and created under the laws of the State of Wisconsin, and, by its act of incorporation, is authorized and fully empowered in its corporate capacity to borrow any sum or sums of money from any person or persons, corporation or body politic of any kind, and make and execute in its corporate name all necessary writings, notes, bonds, or other papers, and make and execute and deliver such securities in amount and kind as may be deemed expedient by it for all purposes in carrying out the objects of this Company; and

Whereas this Company heretofore executed and delivered to Central Trust Company of New York its indenture of mortgage and deed of trust bearing date the 28th day of February, 1902, and known as the first mortgage of this Company and by said first mortgage and deed of trust conveyed to said Trust Company the corporate property and franchises of this Company therein described as well as all other property of this Company and all and every estate, right, interest, privilege, authority and franchise, corporate or otherwise, of every nature and description whatsoever, claim and demand, at the time of the execution and delivery of said mortgage and deed of trust owned, enjoyed or held by this Company or which Company might or should thereafter acquire, whether by means of the proceeds of any of the bonds by said mortgage and deed of trust secured, or otherwise, in any manner, to secure the payment of the principal and interest of bonds of this Company, to be known as the first mortgage bonds of this Company, limited to the aggregate principal amount of

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 45 of 112   Document 50-6

WG-ANR-00080798

Adjourned Special Stockholders Meeting. April 14th. 1903.

10,000,000. payable on the first day of May, 1924, at the office or agency of this Company in the City of New York in gold coin of the United States of or equal to the then present standard of weight and fineness. with interest from the first day of May. 1902, at the rate of four per cent. per annum, payable semi-annually on the first days of November and May in each year in like gold coin at the office or agency of this Company in the City of New York, according to the tenor of coupons thereto annexed and, both as to principal and interest, payable without deduction for any tax or taxes which this Company might be required to pay thereon or to retain therefrom under any law; present or future, of the United States or of any state, county or municipality therein;

Whereas said indenture of mortgage and deed of trust has been duly recorded in the office of the Register of Deeds for Milwaukee County, Wisconsin, in Vol. 483 of Mortgages, at page 49. and

Whereas said first mortgage bonds of this company have been issued to the face amount of 6,000,000. under said indenture of mortgage and deed of trust and are outstanding: and

Whereas by said indenture of mortgage and deed of trust this Company covenanted from time to time, and at all times thereafter, upon the reasonable request of said Trust Company, to make, do, execute, acknowledge and deliver all such further acts, deeds, conveyances and assurances in the law for the better and more effectually conveying, assuring and confirming unto the said Trust Company and its successors in the trust by said indenture of mortgage and deed of trust created, for the further security and satisfaction of said first mortgage bonds upon and for the uses and purposes in said indenture of mortgage and deed of trust expressed or intended, all singular the premises, property, authority and franchises by said indenture of mortgage and deed of trust conveyed and mortgaged by the said Trust Company or its successors in the trust under the advice of counsel should be reasonably advised or required: and

Whereas in pursuance to its covenants contained in said indenture of mortgage and deed of trust this Company executed and delivered to said Trustee a supplemental indenture dated the 14th day of April. 1902, and now of record in the office of the

WG-ANR-00080799

Adjourned Special Stockholders Meeting, April 11th, 1903.

mortgages, at page 350, conveying to said Trustee on the trusts declared in said indenture of mortgage and deed of trust for the further security and satisfaction of said first mortgage bonds, certain property in said supplemental indenture described; and

Whereas, said Trustee has requested this Company for the purpose of securing the payment of the first mortgage bonds now issued and at any time and from time to time issued and to be issued under said indenture of mortgage and deed of trust and outstanding, and of the coupons appertaining thereto, according to the tenor and effect of the first mortgage bonds and of said coupons to execute and deliver a further supplemental indenture in the form approved by the Board of Directors of this Company at a meeting of said Board held on the 11th day of April 1903, and in the form now submitted to this meeting;

Resolved that the form and the provisions of said supplemental indenture approved by the Board of Directors of this Company at the meeting of said Board held on the eleventh day of April, 1903, and set out in the minutes of said meeting of said Board, and now submitted to this meeting, be and the same hereby is, in all things, approved;

Resolved that the Board of Directors of this Company be and it hereby is authorized and directed to cause or procure to be executed in the name of this Company and under its corporate seal a supplemental indenture substantially in said form and when executed to deliver the same to Central Trust Company of New York;

Resolved that the execution and delivery of all first mortgage bonds of this Company heretofore executed and delivered under this indenture of mortgage and deed of trust and the authentication thereof by Central Trust Company of New York, be, and the same hereby is in all things approved, ratified and confirmed;

Resolved that all action in or in connection with the execution and delivery of said supplemental indenture heretofore taken or authorized by the Board of Directors of this Company and by the officers of this Company in pursuance of any

WG-ANR-00080800

Adjourned Special Stockholder's Meeting, April 11th, 1903.

authorization or direction of said Board of Directors, be and it hereby is in all things authorized, approved, ratified and confirmed.

That there have been cast in favor of said preamble and resolutions the votes of the holders of stock of said Milwaukee Gas Light Company to the amount of 27,603 shares, constituting a majority of the whole amount of the stock of said Company, to wit, the entire amount whereof. The undersigned, therefore, report that said preamble and resolutions have been adopted by the unanimous vote of the holders of the entire capital stock of said Milwaukee Gas Light Company.

F. G. Bigelow

H. August Ludke

Inspectors.

Said report of the inspectors was duly accepted and ordered filed in the office of the Company, and the chairman declared that said resolutions had been adopted by the unanimous vote of the entire capital stock of the Company.

On motion adjourned.

S. J. Glass

Secretary

WG-ANR-00080801

Special Meeting Board of Directors
Milwaukee Gas Light Company.
Milwaukee, Wis., April 11, 1903

Pursuant to notice and the by-laws of the Company a special meeting of the Board of Directors of the Company was held at the offices of the Company at 4 o'clock P. M. this day, at which were present Messrs. Green, Bigelow, Murphy, Luedke, and Pabst.

Vice President Green in the chair.

The Secretary tendered his resignation as secretary and treasurer of the Company, the same to take effect at the close of business on the 15th inst.

On motion of Mr. Murphy, duly seconded, the same was accepted.

Mr. Bigelow nominated Mr. Ewald Haase to succeed Mr. Glass as secretary and treasurer, and upon motion of Mr. Murphy, duly seconded, the secretary was instructed to cast the ballot of the Board for Mr. Haase as Secretary and treasurer of the Company; salary to date from April 1st 1903, at the rate of $3600.00 per annum, payable monthly.

On motion of Mr. Murphy duly seconded, Mr. Glass was elected Assistant Secretary of the Company, with authority to affix the seal of the Company to any and all instruments in writing requiring the seal, the execution of which may be hereafter authorized by this Board.

The Secretary reported to the Board the necessity for borrowing certain sums of money with which to meet the indebtedness of the Company, maturing on or before May 1st next, and upon motion of Mr. Luedke, duly seconded, the proper officers of the Company were authorized to borrow such sums as may be required to meet such indebtedness, not, however, exceeding one hundred and fifty thousand dollars $150.000, at the best rates of interest obtainable, and to execute the notes of the Company therefor.

There being no further business to be brought before the Board,

Meeting adjourned.

S. J. Glass
Secy

WG-ANR-00080802

Regular Meeting of the Board of Directors.
Monday, May 18, 1903, at 9:30 A. M.
Pursuant to By Laws.

Present Messrs. Green, Murphy, Smith, Bigelow and Kuettke.

Vice President Green in the chair.

Upon motion of Mr. Smith, seconded, the reading of the minutes of the preceding meeting was dispensed with and the same approved.

Vice President Green read a communication from Mr. Glass upon the proposed amendments to the By-Laws.

Mr. Smith then gave the following notice of amendment of the By-Laws.

Milwaukee, Wis., May 18, 1903

To the Board of Directors of the
Milwaukee Gas Light Company.

Gentlemen:

Please take notice that at the next meeting of the Board of Directors of this Company, I shall, in accordance with Section 2 of Article V of the By Laws, move to amend said By-Laws as follows:

Article II.

Section 2. Insert between the words "by" and "the" in the fourth line from the bottom of the page, the words — "The Chairman of the Board" — making that portion of this section read as follows: "Special meetings may be called by the Chairman of the Board, President, Vice President, etc."

Add Section 5. In case of any vacancy in the Board, through death, resignation, disqualification or other cause, the remaining Directors, by affirmative vote of a majority thereof, may elect a successor to hold office for the unexpired portion of the term of the Director whose place shall be vacant, and until the election of his successor.

Article III.

Officers, Their Powers and Duties.

Section 1. After the word "of" in the first line and before "a" in the second line, insert "a chairman of the ... meetings

WG-ANR-00080803

Regular Meeting of the Board of Directors.

Monday, May 18, 1903, at 9:30 A.M. of the Board.

Article III.

Section 1. In the third line, eliminate the following "Board of Directors and" and in the fifth line eliminate "Board of Directors" and substitute therefor the word "stockholders" and after the word "Directors" in the last line of said section add "in the absence of the Chairman of the Board, the President, shall, when present, preside at meetings of the Board of Directors." When amended, Section 1 will read "The officers of the Company shall consist of a Chairman of the Board, who shall, when present, preside at all meetings of the Board, a President, a first and second Vice President, &c."

Section 2. The President shall perform such duties as usually pertain to such office, and shall preside at all meetings of the stockholders, when present, and in his absence when the Vice Presidents are also absent, the stockholders shall appoint," etc. as may be required under the rules adopted from time to time by the Board of Directors. In the absence of the Chairman of the Board, the President shall, when present, preside at the meetings of the Board of Directors."

After the last line in Section 5, insert – The Board of Directors may appoint an Assistant Secretary or more than one Assistant Secretary. Each Assistant Secretary shall have such powers and perform such duties as may be assigned to him by the Board of Directors.

Article IV.

Section 1. After the word "including" in the first line and before the word "the" in the second line, insert – "the Chairman of the Board". This section will then read – "the officers of the Company, including the Chairman of the Board, the President, and Vice Presidents," etc.

Respectfully &Yours

(Signed)                          F. E. Smith.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 51 of 112   Document 50-6

WG-ANR-00080804

Regular Meeting of the Board of Directors.

Monday, May 18th, 1903 at 9:30 A.M.

The General Manager submitted the report for the month of April, and the same was ordered to be placed on file.

The General Manager outlined in detail the proposed inauguration of a system of continuous meter reading and presenting bills at three different periods of the month for three different sections of the city.

Upon motion of Mr. Smith, seconded, the proper officers were authorized to conclude the purchase of a site for the Gas Plant, at a price not exceeding Seventy-five Hundred Dollars $7500.00. The site is described as follows.

All that ground north of the Chicago, Milwaukee & St. Paul Railway Co., embodying blocks 5 and 12, in the original North Milwaukee subdivision No. 1 bounded on the north by North Milwaukee Avenue, on the east by Twenty-ninth Street, on the south by the Chicago, Milwaukee & St. Paul Ry. and on the west by Thirtieth Street; also lots 5, 6 and 7 in block 9, in the North Milwaukee Townsite Company's addition.

The General Manager reported that the expenditures for the balance of May and the month of June would be about Two Hundred and seventy-five Thousand Dollars ($275,000) while the estimated receipts for that time would be One Hundred and Thirty Thousand Dollars ($130,000)

Upon motion Mr. Bigelow, seconded, the proper officers were thereupon authorized to borrow not to exceed One Hundred and Ten Thousand Dollars ($110,000) at the best rate of interest.

There being no further business to come before the Board, the meeting adjourned.

E. Haase Secy.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 52 of 112   Document 50-6

WG-ANR-00080805

Regular Meeting Board of Directors.

Monday. June 15th, 11 A. M. 1903.

(Pursuant to By Laws).

Present Messrs. Green, Bigelow, Luedke, Pabst and Smith.

Vice President Green in the chair.

Minutes of the previous meeting were read and approved.

The following letter from the Western Gas Company was read:

"New York, June 5. 1903.

Mr. E. Haase, Secretary

Milwaukee Gas Light Company

Milwaukee. Wis.

Dear Sir;

At a meeting of the board of directors of the Western Gas Company held on May 29th, 1903, it was regularly moved, seconded and carried that the Milwaukee Gas Light Company be requested to declare a dividend of $1.55 per share payable in New York on or before July 18. 1903. Will you kindly bring this request before the directors of the company at their next meeting, and will you also telegraph me as soon as such dividend is declared.

The Western Gas Company has declared its usual semi-annual dividend of three per cent. payable July 20. 1903.

Yours truly

(Signed)            Robert M. Murray

Secretary.

It appearing from the Secretary's reports that the net income for the first six months of 1903, applicable to dividends, would be in excess of $110,000.00, it was, upon motion of Mr Smith, seconded, Resolved that a dividend of $1.55 per share upon the capital stock of the company, amounting to $42,784.65 be declared payable in New York on or before July 15th, 1903.

The following letter from the Secretary of the American Light and Traction Company, was read:

New York, June 3. 1903.

E. Haase Secretary

Milwaukee, Wisconsin

WG-ANR-00080806

Regular Meeting Board of Directors. Monday June 15th 11 a. m.

Dear Sir:

Mr. McMillin has arranged with one of the Trust Companies here for a loan to the Milwaukee Gas Light Company of $300,000. at 5%, for six months from July 15th next, the same to be secured by 389 of the First Mortgage Bonds of the Milwaukee Company. The authority for issuing these bonds was passed by the Milwaukee Board at a Meeting held January 23rd, 1903. This loan will make the indebtedness of the Milwaukee Company in excess of the authorized limit of $250,000, but as the necessity for retaining that the limit has passed, it is proposed to have the stockholders of the Milwaukee Company, at their Annual Meeting in July, rescind the Resolutions limiting the indebtedness of the Company to that amount.

The enclosed resolution in general form is about what should be adopted. Will you kindly bring the same before the Board at the regular meeting to be held on the 15th inst. and oblige.

Yours truly

American Light and Traction Company

(Signed).

S. J. Glass

Secretary.

Upon motion of Mr. Pabst, duly seconded, the following preamble and resolution was submitted:

Whereas, it appears from the Treasurer's reports of the financial condition of the Company, that amounts of money greatly in excess of the net earnings of the Company will be required during the month of July, with which to meet accounts due for construction and other indebtness of the Company: and

Whereas, it does not at this time, in view of the depressed condition of the money market, seem expedient to offer the bonds of this Company for sale:

Be it Resolved, that subject to the approval of the stockholders of this Company (to be obtained at the Annual Meeting of the Stockholders to be held in July next) the proper officers of the Company be and they hereby are authorized to negotiate a loan of $300,000. at 5% for six months from July 15th, 1903, to execute

WG-ANR-00080807

Regular Meeting Board of Directors, Monday June 15th, 11 a.m.
for such loan $389,000 of the First Mortgage Bonds of this
Company, the proceeds of such loan to be used in paying
the current indebtedness of the Company.

Upon motion of Mr. Smith, seconded by Mr. Liedtke, the
following amendments to the By-Laws of the Company,
as per notice given at the last meeting, May 18th, were adopted:

### Article 2.

Section 2. Insert between the words "by" and "the" in the
fourth line from the bottom of the page the words – "The Chair-
man of the Board", making that portion of the section read
as follows: "Special meetings may be called by the Chair-
man of the Board, President, Vice President," etc.

Add Section 5. "In case of any vacancy in the Board
through death, resignation, disqualification or other cause,
the remaining directors, by affirmative vote of a majority
thereof, may elect a successor to hold office for the unexpired
portion of the term of the Director whose place shall be
vacant and until the election of his successor."

### Article 3.

Officers, Their Powers and Duties.

Section 1. After the word "of" in the first line and before
"a" in the second line, insert "a Chairman of the Board,
who shall, when present, preside at all meetings of the Board".

### Article 3.

Section 2. In the third line eliminate the following -
"Board of Directors and", and in the fifth line, eliminate
"Board of Directors" and substitute therefor the word "Stock-
holders" and after the word "Directors" in the last line
of said section add "in the absence of the Chairman of the
Board the President shall, when present, preside at meetings
of the Board of Directors." When amended Section 1 will
read – "The officers of the Company shall consist of a
Chairman of the Board, who shall, when present, preside at all
meetings of the Board, a President, a First and Second Vice
President," etc.

Section 2. The President shall perform such duties as usually
pertain to such office, and shall preside at all meetings of the
stockholders, when present, and in his absence, when the Vice

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 55 of 112   Document 50-6

WG-ANR-00080808

Regular Meeting Board of Directors, Monday June 15th. 11 a. m.

"Presidents are also absent, the stockholders shall appoint" etc
as may be required under the rules adopted from time to time by the
Board of Directors. In the absence of the Chairman of the Board
the President shall, when present, preside at the meetings of the
Board of Directors."

After the last line in Section 5 insert – "The Board of Directors
may appoint an Assistant Secretary, or more than one Assis-
tant Secretary. Each Assistant Secretary shall have such
powers and perform such duties as may be assigned to him
by the Board of Directors."

### Article V

Section 1. After the word "including" in the first line and
before the word "the" in the second line insert "the Chairman
of the Board". This section will then read – "The officers of the
Company, including the Chairman of the Board, the Presi-
dent and Vice Presidents", etc.

The General Manager's report for the month of May was
submitted and ordered placed on file.

There being no further business to come before the Board
the meeting adjourned

E H Haase Secy.

WG-ANR-00080809

Annual Meeting of Stockholders

Milwaukee Gas Light Company.

Monday, July 6th, 1903, at 10 A. M.

Pursuant to the By-Laws of the Company and ten days notice published in the Milwaukee Free Press and Evening Wisconsin, as per certificate on file.

The holders of a majority of the capital stock of the Company were present in person or by proxy, as follows:

In Person

| Name | Shares |
|---|---|
| F. G. Bigelow | 1 |
| C. G. Pratt | 1 |
| A. E. Smith | 1 |
| S. M. Green | 1 |
| J. C. Murphy | 1 |
| E. G. Cowdery | 1 |

By Proxy

| | |
|---|---|
| Western Gas Company | 27,593 |
| H. A. Luedke | 1 |

In the absence of the President, the meeting was called to order by Mr. Bigelow. Mr. Haase, Secretary of the Company, acted as secretary of the meeting.

The Chairman appointed Mr. Smith and Mr. Green tellers to canvass the powers of attorney presented at the meeting, and they reported that 27,600 shares of capital stock of the Company, out of a total of 27,603 shares, were represented there in person or by proxies.

On motion of Mr. Cowdery it was Resolved, That all the acts and proceedings of the Board of Directors and of the officers of this Company for the year ending June 30, 1903, be, and the same are hereby in all respects approved, ratified and confirmed.

On motion of Mr. Smith, seconded, it was Resolved, to proceed to the election of directors for the ensuing year. The following named gentlemen were proposed as directors, namely:

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 57 of 112   Document 50-6

WG-ANR-00080810

Annual Stockholders Meeting, Monday, July 6th 1903 - Continued

Emerson McMillin            New York City, N.Y.

Frank G. Bigelow            Milwaukee, Wis.

Edward G. Pratt

S. M. Green

H. Aug. Luedke

J. P. Murphy

Gustav G. Pabst

H. C. Payne

Werner Sug

and upon motion of Mr. Smith, seconded, the secretary was authorized to cast a ballot for the election of each of the gentlemen named.

The Secretary having cast a ballot as instructed, the tellers reported that each of the gentlemen named had received the unanimous vote of 24,600 shares present, and they were thereupon declared by the Chairman as duly elected directors for the ensuing year.

The following preamble and resolution was offered by Mr. Smith and duly seconded:

"Whereas, the reasons requiring the limitation of the indebtedness of this Company other than to the Western Gas Company have now been removed, and there is no further necessity for such limitation, be it

Resolved, that Section 5, of Article 2 of the By-Laws of the Company as amended July 1st, 1895, as follows:

         "The power of the Directors to borrow any money or to contract debts with parties other than the Western Gas Company for the operation and development of the business of the Company is hereby limited to the sum of $250,000.00"

and also that portion of Section 2, Article 5, as follows:

         "Provided that Section 5, of Article 2, shall not be amended or repealed except with the consent of the majority of the stockholders of

Case 2:20-cv-01334-SCD Filed 01/27/23 Page 58 of 112 Document 50-6

WG-ANR-00080811

Annual Stockholders Meeting, Monday July 6-1903. Continued

be repealed and stricken from the By-Laws of the Company.

The vote on said resolution was taken by shares
and the polls were kept open for the reception of votes
until all votes of holders of stock present in person or
by proxy had been cast. The inspectors having canvassed
the votes, reported that said resolution had been adopted
by the unanimous vote of the capital stock of the Com-
pany present.

There being no further business to be brought before
the stockholders, the meeting adjourned.

E. Haase Secy.

WG-ANR-00080812

Annual Meeting of the Board of Directors.
Monday, July 6th, 1903, at 10 a. m.
Pursuant to By-Laws.

Present F. G. Bigelow, E. G. Pratt, S. M. Green, J. F. Murphy, and Wilmer Sieg.

Upon motion of Mr. Murphy, Mr. F. G. Bigelow was elected temporary Chairman, and E. Haase, Secretary.

Upon motion of Mr. Sieg, seconded, the Secretary was instructed to cast a ballot for the election of officers for the ensuing year, as follows.

| | |
|---|---|
| Chairman of the Board of Directors, | F. G. Bigelow. |
| President, | Emerson McMillin. |
| 1st V. President and General Manager, | Edward G. Pratt. |
| 2nd V. President. | S. M. Green. |
| Secretary and Treasurer, | E. Haase. |
| Assist. Secretary and Treasurer | S. G. Glass. |
| Counsel | Miller, Noyes & Miller. |

The Secretary having cast the ballot as directed, the Chairman thereupon declared the gentlemen duly elected.

The Chairman of the Board of Directors thereupon took the chair.

On motion of Mr. Green, the officers' salaries were fixed as follows:

| | |
|---|---|
| President | $4000.00 |
| Chairman of the Board of Directors | 1000.00 |
| 1st V. President &c. and Genl. Manager &c. | 8000.00 |
| 2nd V. President | 500.00 |
| Secretary and Treasurer | 4200.00 |
| Assist Secretary & Treasurer, | 300.00 |
| Counsel | 4500.00 |

payable monthly.

On motion of Mr. Green, seconded, the bonds of the General Manager and Secretary and Treasurer of the Company were fixed at $5000.00 each in the National Surety Company, premium on same to be paid by the Company.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 60 of 112   Document 50-6

WG-ANR-00080813

Annual Meeting Board of Directors, Monday July 6th 1903

In accordance with the action of the stockholders at the annual meeting held July 6th, 1903, notice in writing was given by Mr. Green that the following amendment to the By-Laws, to wit:

Resolved, That Section 5 of Article 2, of the By-Laws of the Company, as amended July 1st, 1898, as follows:

"The power of the Directors to borrow any money or contract debts with parties other than the Western Gas Company, for the operation and development of the business of the Company, is hereby limited to the sum of $250,000.00"

And also that portion of Section 2, Article 7, as follows:

"Provided that Section 5 of Article 2, shall not be amended or repealed except with the consent of the majority of the stockholders of the Company."

be and they hereby are repealed," will be moved and voted upon at the next meeting of the Board.

There being no further business to come before the Board, the meeting adjourned.

E Haase Secy

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 61 of 112   Document 50-6

WG-ANR-00080814

Regular Meeting of the Board of Directors

Monday, July 20, 1903, at 9:30 A. M.

Pursuant to By-Laws.

Present, Messrs. F. C. Bigelow, E. J. Pratt, H. A. Rudke,

J. P. Murphy, Wilmer Steg and S. M. Green.

The Chairman Mr. F. C. Bigelow presided.

The minutes of the previous meeting read and approved.

The General Manager's report for the month of June
was received and placed on file.

The General Manager brought up the question of
paying an extra bonus to employes for the half year
ended June 30th and recommended that in view of the decrease
in earnings of the Company for the past few months, as com-
pared with the previous year, and in order to prevent estab-
lishing a precedent, the extra bonus of 4% heretofore paid, be
not repeated, but that an extra bonus of 2% be paid for the
six months ended June 30th. The Directors, however, thought
it unwise to reduce the bonus to the employes, on the ground
that it would create an unfavorable impression on the
public at this time, and that the wages paid for labor at
the present time fully warranted the Company in paying
their employes the extra 4%. It was, therefore, upon motion
of Mr. Steg, seconded.

Resolved, that the Company pay in addition to
the regular bonus of 6%, an extra bonus of 4% to all employes
entitled to the same for the six months ended June 30,
1903.

The Secretary presented a statement of estimated
receipts and expenditures for the balance of the fiscal year
and the same was ordered to be spread upon the records
as follows:

Financial Statement July 20, 1903.

Balance

$ 54,359.63 Milw. } July 20

146,492.60 N.Y. }

$ 102,144.48        July 31

WG-ANR-00080815

Board of Directors Meeting. July 20-1903. 9:30 A. M.

| Estimated Receipts | | Estimated Expenditure |
| General | New Works | Total |
|---|---|---|
| July. 3000. – 89,707.75 | 12000.00 | 101,707.75 |
| Aug. 153200. – 89,514.27 | 158994.82 | 248,419.09 |
| Sept. 127500. – 129,026.10 | 110217.25 | 239,243.35 |
| Oct. 114000: 141,550.00 | 89141.27 | 230,691.27 |
| Nov. 162500.–137,000.00 | 44510.00 | 181,510.00 |
| Dec. 164500,–141,000.00 | 20320.00 | 161,320.00 |
| Total 754700. – 729,807.12 | 435,183.34 | 1,162,891.46 |

Upon motion of Mr. Pratt, seconded, Mr. H. E. Schaper was appointed an assistant secretary with authority to countersign checks and to sign paychecks as paymaster in the absence of the Secretary.

Upon motion of Mr. Green, seconded, the following amendment to the By-Laws of the Company, of which notice was given at the last meeting, July 6th, was adopted, to-wit:

Resolved, that Section 5, of Article 2, of the By Laws of the Company, as amended July 1st, 1895, as follows:

The power of the Directors to borrow any money or contract debts with parties other than the Western Gas Company, for the operation and development of the business of the Company, is hereby limited to the sum of $250,000" and also that portion of Section 2, Article 7, as follows:

"Provided that Section 5 of Article 2, shall not be amended or repealed except with the consent of a majority of the stockholders of the Company." be and they hereby are repealed.

There being no further business to come before the Board, the meeting adjourned.

E. Haase Secy.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 63 of 112   Document 50-6

WG-ANR-00080816

Special Meeting  Board of Directors
Monday Aug. 10ᵗʰ, 1903 at 10 a.m.
Due notice of meeting having been given
Present: Messrs Bigelow, Pratt, Murphy, Sieg
and Green.
The chairman, Mr. Bigelow, presided
The Secretary submitted a report of expenditures
for construction during the first seven months
of 1903, for which the Company is entitled to
sell bonds as provided in the first mortgage,
and upon motion of Mr. S. M. Green, duly
seconded, it was —

Resolved, That the Central Trust Co of N.Y.,
Trustee in that certain indenture of mortgage
or trust deed made to it by the Milwaukee
Gas Light Company, and bearing date the
28ᵗʰ day of February, one thousand nine
hundred and two, be and it is hereby request-
ed to authenticate and deliver the first
mortgage bonds of said Gas Company
secured by said mortgage or trust deed,
to the amount of Five Hundred and Nine
Thousand Dollars ($509,000.) for the purpose
of partially reimbursing said Gas Company
for the actual cost of extensions, improvements
and additions to its plant and system
for the manufacture of gas and subject to
the lien of said mortgage or trust deed,
the bonds to be so issued, authenticated,
and delivered to be to the an amount as
the face value thereof equal to eighty (80)
per cent, of the actual cost of such extensions
improvements and additions, such cost being
the sum of Six Hundred, thirty-seven thousand
four hundred forty six and 88/100 Dollars
($637,446.88) and that the proper officer or
officers of this company, execute and deliver
a due certificate or certificates to said trustee

Special Meeting, Board of Directors, Aug 10ᵗʰ 1903
duly verified by their respective oaths, setting
forth that the said extensions, improvements
and additions have been fully completed
and paid for, the general nature thereof,
the cost thereof, that said cost is fair and
reasonable and that no part thereof is
properly chargeable to expense of operation
or maintenance.

Upon motion of Mr Green, seconded, it was
Resolved, that that certain resolution of the
Board of Directors adopted January 28, 1903
and reading as follows:

"Resolved, that this Company sell and
deliver to such person or persons as it may
order, its first mortgage bonds, secured
by its trust deed bearing date the 28ᵗʰ day
of February, one thousand nine hundred and
two, to the amount of Seven hundred fifty
thousand dollars ($750,000) par value, being
a portion of the bonds reserved under sub-
division c of the second article or provision
of said trust deed, provided that the net
proceeds of the bonds so sold shall sim-
ultaneously be deposited with the Central
Trust Co of New York, trustee under said
trust deed, to be held in lieu of said bonds,
that such sale and delivery be made at such
time or times and in such amount or amounts,
not exceeding the total amount aforesaid,
and at such price or prices as may be
obtained therefor, and that a copy of this
resolution, certified under its corporate
seal, as required by the provisions of said
trust deed, be delivered to the Central Trust Co
of New York, trustee under said trust deed,
and that a certificate under the corporate
seal of this Company, signed by the proper

WG-ANR-00080818

Special Meeting, Board of Directors, Aug 10ᵗʰ 1903
officers of the Company, as required by the pro-
visions of said trust deed, showing the prices
at which all of such bonds have been sold and
the amount of the net proceeds to be received
therefor, be also delivered to the said Central
Trust Co of New York, trustee under said trust
deed"
not having been acted upon, is hereby
rescinded.

  There being no further business, the
meeting adjourned

      E Haase Secy.

WG-ANR-00080819

Regular Meeting Board of Directors,
Monday, Aug 17th 1903.
Adjourned by Secretary, no quorum being
present.


Adjourned Meeting of the Board of Directors.
Monday, Aug 24th, 1903
Adjourned by Secretary, no quorum being present.


Adjourned Meeting of the Board of Directors.
Thursday, Aug 27th, 1903
Due notice of meeting having been given.
Present, Messrs. Pratt, Luedke, Sieg,
Murphy and Pabst.
Vice President Pratt presided.
The minutes of the two previous meetings
were read and approved.
Upon request of the Vice President, the
report of the Auditor, Mr. C. N. Jaliffe, was
read by Mr. Sieg, and upon motion of Mr.
Sieg, seconded, the same was ordered spread
upon the Secretary's record, as follows:


Mr. E. J. Pratt Mgr.
Milwaukee Wis.
Dear Sir:
In accordance with instructions, I
have made an examination of the accounts
of the Milwaukee Gas Light Co., and beg to re-
port as follows:
I counted the cash on hand on my ar-
rival, July 27th 1903 and found the amount to be
$3054.76 including cash items. This amount
was correct according to the balance shown
by the General Cash Book on the above date.
It was made up of the following items:
Che

WG-ANR-00080820

Regular Meeting, Board of Directors    Aug 17ᵗ 1903

| | |
|---|---|
| Checks, | 377.17 |
| Legal Tender | 381.28 |
| Tellers | 175.00 |
| Memoranda | 1076.86 |
| Petty Expense Items | 44.45 |
| Total | 3054.76 |

The memoranda has since been reduced to $269,89 and consists principally of cash advances to employees in anticipation of pay. Receipts are shown for these advances, and have either Mr. Pratt's or Mr. Haase's OK.

I had the bank book of the First National Bank balanced and the balance there shown, less the checks not yet presented for payment, agreed with the check register and general books.

Balance as per bank book,        $21,740.77
Checks not yet presented for payment    2603.70
Balance as per General Books 7/27/03  $19,137.07

I also procured a statement from the Marine National Bank, where a "Special Account" is carried, the balance there shown being correct as per Special register and general books.

Balance as per statement        $6479.79
Checks not yet presented for payment    2381.65
Balance as per General Books 8/3/03 — 4098.14

The "Bonus Account" also shows a balance of $100.00 which I found to be correct according to a statement procured from the Marine Natl Bank.

Properly signed and receipted vouchers were shown for all payments from the date of the last audit, Feb 1ˢᵗ 1902, to the present time, with the exception of two. For these payments, properly endorsed checks were shown. All Cash Book footings were found to be correct since the date before mentioned.

The Balance Sheet of July 1ˢᵗ 1903 (a copy of which is hereto attached) I found to be

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 68 of 112   Document 50-6

WG-ANR-00080821

Regular Meeting, Board of Directors, Aug 17th 1903

correct as per the General Books.

Referring to the balance sheet under
"Quick Assets" you will find "Petty Ledger
Accounts $23,693.28." This amount is correct
according to the Petty Ledger, from which
I took a balance, and consists of the following
items:

| Due from | Tar Accounts | | $ 8822.63 |
| " | " | Fuel | " | 338.52 |
| " | " | Coke | " | 95.75 |
| " | " | Miscl. | " | 6308.69 |
| " | " | Range | " | 4493.00 |
| " | " | Piping | " | 3636.69 |
| | Total as above | | 23693.28 |

"Miscellaneous Accounts Receivable", also
under "Quick Assets" consists of advances for
labor and material on account of construction
work, and the amount I found to be correct
according to the Purchase Ledger.

The item of "Accounts Payable $146,730.93."
under "current Liabilities" I found also to
be correct, the unpaid accounts on the
Purchase Ledger, July 1, 1903 agreeing with
this amount.

I found that no balance sheet had been
taken from the consumers' deposit Ledger
since Sept. last, which is radically wrong.
To my mind it is fully as important to
take a balance monthly from the deposit
ledger as from any other ledger, and in
the future I would suggest that this be
done.

There is a difference of $47.01 existing in
this account, the deposit ledger balance
being in excess of the General Ledger balance
by this amount. This difference, Mr. Haase
explains, has been carried on the books

WG-ANR-00080822

Regular Meeting, Board of Directors, Aug 17-1903
ever since the acquiring of the Company by the
present management.

I examined the pay roll books to the extent
of convincing me that the same were accurately
and correctly kept.

Every assistance, courtesy and facility
for the execution of my work was extended by
the officers of the Company, and I wish to
commend particularly the extreme neatness
and correctness with which the books in every
department are kept. The system in force in
the office I am sure could be very profitably
applied to some other of our companies.

Respectfully submitted,
(Signed) O. N. Jelliffe
Auditor

The General Manager submitted his report
for the month of July, the same was read and
ordered placed on file.

Upon Motion of Mr Luedke, seconded, it was
Resolved; that this Company borrow
of the First National Bank of Chicago, the
sum of Two Hundred fifty thousand ($250,000.)
from the first day of September, 1903, until
the 1st day of March 1904, and that the
Vice President and Secretary of the Company
be and they are hereby authorized to exe-
cute notes of this Company aggregating
said sum, bearing date Sept 1, 1903 and
due March 1st 1904, with interest after due
at the rate of six per cent. per annum, said
notes to be numbered from one (1) to (30)
thirty inclusive and that they deposit with
said bank first mortgage four per cent.
bonds of this Company, due 1927, aggregating
the sum of three hundred thousand Dollars
($300,000) to be held as collateral security for

WG-ANR-00080823

Regular Meeting, Board of Directors Aug 17-1903 said notes; said notes and the terms and conditions under which said bonds are to be deposited as collateral security to be in the form of the notes and letter of deposit submitted to and approved at this meeting.

There being no further business to come before the Board, the meeting adjourned

E Haase Secy.

Regular Meeting, Board of Directors.
Monday, Sept 21st, 1903   9.30 am.
Pursuant to By-Laws.

Present Messrs. Bigelow, Pratt, Murphy, Green, and Sieg.

The Chairman of the Board, Mr. F. G. Bigelow, presided.

The minutes of the previous meeting were read and approved.

The General Manager submitted his report for the month of August, and the same was ordered placed on file.

The General Manager reported that contract had been entered into with the Standard Oil Co for the year's supply of gas oil at three and ninety three one-hundredths cents per gallon, and this being the lowest bid, upon motion of Mr. Green, seconded, the action of the General Manager in making this contract was ratified and approved.

There being no further business to come before the Board, the meeting adjourned.

E Haase Secy

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 71 of 112   Document 50-6

WG-ANR-00080824

Regular Meeting of the Board of Directors
Monday, October 19, 1903.
Pursuant to the By-Laws
Present Messrs. Pratt, Luedke, Green, Sieg
and Pabst.

Vice President Green presided.
The minutes of the previous meeting were
read and approved.

The General Manager submitted the
monthly report for the month of September
and same was ordered placed on file.

The General Manager submitted to the
Board the correspondence relating to the
relations with the coke oven plant, and the
same was generally discussed without any
definite action being taken.

There being no further business to come
before the Board, the meeting adjourned.

EHaase Secy.

Regular Meeting of the Board of Directors
Monday, Nov 16th 1903  12 m.
Pursuant to the By Laws.
Present, Messrs. Bigelow, Pratt, Murphy,
Pabst, Luedke, and Sieg.

The Chairman, Mr Bigelow, presided.
The minutes of the previous meeting were
read and approved.

The General Managers report was sub-
mitted and ordered placed on file.

Upon motion, the meeting adjourned.

EHaase Secy.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 72 of 112   Document 50-6

WG-ANR-00080825

Special Meeting Board of Directors.
Monday, December 7th 1903 — at 12 m.
Due notice of meeting having been given.

Present Messrs. Mc Millin, Bigelow, Murphy, Sieg and Cutt.

The chairman, Mr Bigelow, presided.

The minutes of the previous meeting were read and approved.

On motion of Mr Mc Millin, seconded, it was Resolved, that the question of paying a dividend for the period of the second six months of 1903, be deferred to a special meeting in January.

The Board thereupon took up the question as to the best way of distributing water gas from the Third Ward Works together with coal gas from the West Side Works, in such a manner as to at all times send out a gas of uniform specific gravity to the city.

It appearing from the discussion that the only satisfactory way of doing this would be to conduct the water gas made at the Third Ward Works into the West Side Holder, to be there mixed with the coal gas from the West Side Works, it was, upon motion of Mr Mc Millin, seconded

Resolved, that the General Manager be authorized to lay a twenty inch main to connect the water gas works in the Third Ward with the West Side Holder.

On motion the meeting adjourned.

EHaas Secy.

WG-ANR-00080826

Regular Meeting of the Board of Directors
Monday, Dec 21–1903 at 9.30 A.m.
Pursuant to By Laws.

Adjourned by the Secretary, to Dec 21ˢᵗ 12 m.
no quorum being present

Haase Secy.

Adjourned regular meeting of the Board of Directors
Monday Dec 21ˢᵗ 1903 at 12 m.

Present Messrs. F.G. Bigelow, E.G. Pratt, H.A.
Luedke, Wilmer Sieg and J.P. Murphy.

The chairman Mr. F.G. Bigelow, presided.

The minutes of the previous meeting were
read and approved.

The General Manager submitted his
report for the month of November and
same was ordered placed on file.

It appearing from the statement of
anticipated receipts and expenditures sub-
mitted by the Treasurer, that at least
one Hundred Thousand Dollars ($100,000)
in excess of receipts will be required to meet
payments falling due in January, it was,
upon motion of Mr Sieg, seconded
Resolved, that the officers of the Company
be authorized to negotiate for a loan of
One Hundred thousand Dollars ($100,000)
on the best possible terms, and to deposit
as collateral security for such loan, One
Hundred and twenty five Thousand Dollars
($125,000) of the first mortgage bonds of the
Company, the proceeds of such loan to be
used in paying the current indebtedness
of the Company.

On Motion the meeting adjourned.

Haase Secy.

WG-ANR-00080827

Special Meeting of the Board of Directors,
Tuesday, Jan 5th 1904 - at 11:30 am
Due notice of meeting having been given.

Present Messrs. Bigelow, Pratt, Luedke, Murphy
and Pabst.
The Chairman, Mr Bigelow, presided
The following telegram from Mr McMillin
was presented and read:

New York NY Jan 5-1904

Milwaukee Gas Light Co
Milwaukee, Wis.
Have sold, subject to approval of Board,
one million bonds at eighty five and interest,
delivery four equal installments January
fifteenth, February tenth, March tenth
and April tenth, Sale to Kountze Bros.
subject to verification of statements and
legal approval. Desire prompt action by
Board, so they can start examination.
Suggest action on dividend be deferred until
sale or rejection is definite. Show Chairman
Bigelow.
                                "Emerson McMillin"
After discussion of the subject presented
in the above telegram, it was, upon motion
of Mr Murphy, seconded,
Resolved, that this Company, by its
Board of Directors, do authorize the
sale and delivery of $1,000,000 of its first
mortgage bonds to Kountze Bros at 85%
with accrued interest, subject to verification
of statements and legal approval.
There being no further business to come
before the Board, the meeting adjourned.
                        C Haase Secy.

WG-ANR-00080828

Regular meeting of the Board of Directors,
Monday, January 18, 1904 at 9.30 a.m.
Pursuant to By Laws.

Present Messrs Bigelow, Pratt, Murphy, Green
and Luedke.

The Chairman, Mr. Bigelow, presided.

The minutes of the previous meeting
were read and approved.

The General Manager's report for the
month of December and for the year, were
submitted and ordered placed on file.

On motion of Mr Green, seconded, it
was Resolved, that a bonus of 6% upon
the wages and salaries for the last half of
1903, be paid to the employes entitled to the
same.

There being no further business
the Board adjourned.

CHaase Secy.

WG-ANR-00080829

Special Meeting of The Board of Directors.
Milwaukee Gas Light Company
Tuesday, January 26th, 1904 at 9:30 A. M.

Present Messrs. Bigelow, Pratt, Friedke, Murphy
and Pabst.

The Chairman, Mr. Bigelow, presided.

The minutes of the previous meeting were read
and approved.

It appearing from the Treasurer's reports that the
net profits for 1903, applicable to dividends, were two
hundred and twelve thousand, six hundred and ninety
eight and forty-eight one-hundredths Dollars
($212.698.48), it was, upon motion of Mr. Murphy,
seconded, Resolved, that a dividend of three per
cent (3%) upon the capital stock of the Company,
amounting to forty-one thousand, four hundred
and four and fifty one-hundredths Dollars ($41.404.50)
be declared, payable in New York on or before January
29th.

The Treasurer presented a statement of expenditures
for extensions, improvements and additions made
between August 1st, 1903, and January 1st, 1904, for
which the Company is entitled to sell bonds as pro-
vided in the first mortgage, and upon motion
of Mr. Pabst, seconded, it was, Resolved, that the
Central Trust Company of New York, Trustee in that
certain indenture of mortgage or trust deed made
to it by the Milwaukee Gas Light Company, and
bearing date the 28th day of February, one thousand
nine hundred and two, be and it is hereby requested
to authenticate and deliver the first mortgage bonds
of said Gas Company secured by said mortgage or
trust deed, to the amount of three hundred and seventy
five thousand dollars ($375.000.00), for the purpose of
partially reimbursing said Gas Company for the
actual cost of extensions, improvements and addi-
tions to its plant and system, for the manufacture of
gas and subject to the lien of said mortgage or trust

WG-ANR-00080830

Special Meeting Board of Directors Jan 21th 1904 – 9.30 AM

deed, the bonds to be so issued, authenticated and delivered to be to an amount at the face value thereof equal to eighty (80) per cent of the actual cost of such extensions, improvements and additions, made between the first day of August, 1903 and the first day of January, 1904, such cost being the sum of four hundred sixty eight thousand, nine hundred and fifty and seventy-six one-hundredths dollars ($468,950.76), and that the proper officer or officers of this Company execute and deliver a due certificate or certificates to said trustee duly verified by their respective oaths, setting forth that the said extensions, improvements and additions have been fully completed and paid for, the general nature thereof, the cost thereof, that such cost is fair and reasonable and that no part thereof is properly chargeable to the expense of operation or maintenance, and that no bonds of the Company have been heretofore issued in respect of the extensions, improvements and additions herein referred to.

Upon motion of Mr Luedke, seconded, the action of the officers in making a loan of one hundred and sixty five thousand Dollars ($165,000) at 4½ % interest for six months from the Trust Company of America, is hereby ratified and approved.

On motion of Mr Murphy, seconded, it was Resolved, that the officers be and they are hereby authorized to pay the interest upon preferred stock contracts for the second half of 1903.

There being no further business to come before the Board, the meeting adjourned.

E H Hause Secy

WG-ANR-00080831

Regular Meeting of The Board of Directors.
Milwaukee Gas Light Company.
Milwaukee, Wisconsin, February 15th 1904.

Adjourned by Secretary, no quorum being
present.

E Hadee Sey

Regular Meeting of The Board of Directors.
Milwaukee Gas Light Company.
Milwaukee, Wisconsin, March 21. 1904.

Present: Messrs. Pratt, Luedke, Sieg, Green, Murphy,
and Bigelow.

The Chairman, Mr Bigelow, presided.

The minutes of the previous meeting were read
and approved.

The General Manager read reports of the Company's
business for January and February, and same were
ordered placed on file.

The General Manager submitted a statement of
estimated expenditures for construction during 1904,
and the same was ordered placed on file.

The Treasurer submitted a statement of estimated
receipts and expenditures from date to June 30th, which
is condensed as follows:

Total Receipts to March 30th.          $105.031.30
  "   Expenditures                                       $58,045.04
  "   Receipts to April 30th             460.632.68
  "   Expenditures                                       326.385.13
  "   Receipts to May 30th               591.632.68
  "   Expenditures                                       521.150.82
  "   Receipts to June 30th              722.132.68
  "   Expenditures                                       690.719.42

The detailed statement was ordered placed on file.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 79 of 112   Document 50-6

WG-ANR-00080832

Regular Meeting of the Board of Directors, March 21 - 1904.

The General Manager gave an account of the formation of the West Allis Gas Company, and submitted a form of contract to be entered into between the Milwaukee Gas Light Company and the West Allis Gas Company, to establish the relations between the two companies, and it was, upon motion of Mr. Green, seconded,

Resolved, that the contract submitted to be entered into between this Company and the West Allis Gas Company be and the same is hereby approved, and the proper officers of this Company are hereby authorized to execute the same.

Resolved, further, that E. G. Pratt be and is hereby designated as Trustee for this Company to hold the shares of stock of the West Allis Gas Company, and that the said E. G. Pratt be authorized, to endorse the certificate of stock issued

The contract reads as follows:

"Agreement made this      day of
A. D., 1904, between the Milwaukee Gas Light Company a corporation organized under the laws of the State of Wisconsin, party of the first part, hereinafter designated the Milwaukee Company, and the West Allis Gas Company, a corporation organized under the laws of the State of Wisconsin, party of the second part, hereinafter designated the West Allis Company,

Witnesseth

The parties hereto have agreed as follows:

1. The Milwaukee Company will advance all sums required for the construction of the plant of the West Allis Company, and the West Allis Company will reimburse the Milwaukee Company for any and all sums expended by it for such construction and for its maintenance, repairs or otherwise, if any, together with interest at the rate of four per cent per annum until paid.

2. The Milwaukee Company will pay all operating

WG-ANR-00080833

Regular Meeting Board of Directors March 21-1908
in West Allis.

3. The Milwaukee Company will furnish and
set all meters required for use by the West Allis company.

4. The Milwaukee Company will supply the West
Allis Company with gas at eighty cents per thousand
cubic feet, taking the total registration of consumers'
meters as the amount to be paid for by the West Allis
Company.

5. The West Allis Company will pay all taxes and
assessments of any and every kind which may be
assessed against any of its franchises or property.

6. The West Allis Company will pay to the Milwau-
kee Company eighty cents per thousand cubic feet for all
gas which shall be furnished to it at that point where the
easterly boundary of the village of West Allis meets the line
of National Avenue, the amount of such gas to be arrived
at by taking the total registration of the meters of the con-
sumers of the West Allis Company.

7. This agreement shall be and remain in force for
five years from the date of the same unless sooner ter-
minated or unless further extended by mutual consent
of the parties hereto.

8. This agreement shall be binding on the respective
successors and assigns of the parties hereto.

In witness Whereof the parties have caused these
presents to be signed by their respective proper officers
thereunto duly authorized, and their respective corporate
seals to be hereunto affixed, the day and year first above
written.

Milwaukee Gas Light Company
By

West Allis Gas Company
By

The General Manager gave an account of the con-
tract to be entered into with the Youghiogheny and Ohio Coal
Company for the lease of surplus capacity of coal dock

WG-ANR-00080834

Regular Meeting Board of Directors March 21-1904
at the West Side Works. The contract was favorably considered
by the Board without, however, taking any action.

On motion of Mr. Sieg, seconded, the action of the
officers in securing a loan of Fifty Thousand Dollars ($50,000)
from the Trust Company of America for four months at 4½
%, and a temporary loan from the American Light & Traction
Company of Twenty Thousand Five Hundred Dollars ($20,500)
at 6%, was approved.

On motion the meeting adjourned.

E Haase Secy.

Regular Meeting Board of Directors
Milwaukee Gas Light Co
Milwaukee, Wis. April 18th 1904 - 9.30 am

Present: Messrs. Bigelow, Pratt, Sieg, Murphy,
and Luedke.
The Chairman, Mr. Bigelow, presided
The minutes of the previous meeting were
read and approved.

The General Manager presented his report
of the Company's business for the month
of March and the same was ordered placed
on file.

The General Manager presented a proposed
contract with the Youghiogheny and Ohio Coal
Company for the supply of coal covering a
term of five years and including a lease
of surplus capacity of coal dock at West
Side Works.

Upon motion of Mr. Sieg, seconded,
the General Manager was authorized to
enter into said contract.

The General Manager made a report
of the anticipated receipts and expenditures
for the ensuing year, also estimates of the cost

WG-ANR-00080835

Regular Meeting, Board of Directors Apr 18/04

of betterments, extensions, and the completion
of the New Works, he stated that the same had
been referred to the President and met with
his approval

Upon motion of Mr. Murphy, seconded
by Mr. Luedke, the General Manager was
authorized to proceed with the performance
and completion of such work as was referred
to in the report.

The following resolution was offered by
Mr. Sieg, and duly seconded:

Whereas the location of the old tar works
is detrimental to the interests of the Company,
occupying space required for coke storage and
and the laying and construction of viaducts at
Twenty fifth Street, therefore, be it

Resolved, that it is the opinion of this
Board, that the new tar works should be
completed.

The General Manager brought before the
Board the question of replacing the Eureka
meter connections which have in the past
been the cause of a number of accidents by
leaks and Mr. McMillin's letter upon this
subject was read.

The following resolution was thereupon
offered by Mr. Luedke, and duly seconded:

Whereas, there is danger incident to the
use of certain meter connections, and

Whereas, the General Manager represents
that the cost of removing these and substituting
iron pipe connections would be approximately
$18,000.00

Resolved, that it is the sense of this Board
that the work of replacing Eureka connections
with iron pipe connections be commenced at
once, and pushed vigorously, until all connections

WG-ANR-00080836

Regular Meeting - Board of Directors - Apr. 18-1904

that, upon examination, appear to be defective, shall have been removed.

On motion the meeting adjourned.

E Haase Secretary

Regular Meeting Board of Directors
Monday, May 16th, 1904 - 9:30 AM
Pursuant to By Laws.

Present: Messrs Pratt, Bigelow, Green, Sheg, Luedke and Murphy

The Chairman, Mr Bigelow, presided.

The minutes of the previous meeting were read and approved as corrected.

The following letter from the President, Mr. McMillin, was read by Mr. Pratt:

New York, May 13. 1904.

Mr. E. G. Pratt, General Manager
Milwaukee Gas Light Co,

Dear Mr. Pratt:

The Detroit Gas Company on last Wednesday made a reduction in price of illuminating gas to 90¢ net for gas used after July 1st, but did not change the price on fuel gas.

Grand Rapids is selling at 90¢ for all purposes.

I think it would now be well for your Board to reduce the price of gas used for illuminating to 90¢ net for gas used after July 1st, but make no change in price of other gas.

What we want is to get illuminating down within the next two or three years to same as fuel so we can do away with $200,000. investment in duplicate metres

McMillin
signed

WG-ANR-00080837

Regular Meeting, Board of Directors - May 16 - 1904

On motion of Mr. Green, seconded by Mr. Luedke, it was

Resolved, that the price of gas used for illuminating purposes in quantities of more than one thousand cubic feet and up to thirty five thousand cubic feet any month, be reduced to ninety cents net per thousand cubic feet, such reduction to take effect on gas used after July 1st 1904.

The schedule of prices for gas used after July 1st, 1904 will therefore be as follows:

For Illuminating Purposes.

For the first 1000 cubic feet used during any one month through any one meter, a rate of $1.00 net per thousand cubic feet.

For any amount above 1000 cubic feet and up to 35000 cubic feet used during the same month, through the same meter, a rate of 90 cents net per thousand cubic feet.

For all additional consumption over 35,000 cubic feet used during the same month through the same meter, a rate of 80 cents net per thousand cubic feet.

For Fuel Purposes.

For the first 10000 cubic feet used during any one month, through any one meter, a rate of 80 cents net per thousand cubic feet.

For any amount over 10000 cubic feet and up to 20,000 cubic feet, used during the same month, through the same meter, a rate of 70 cents net per thousand cubic feet.

For all additional consumption over 20000 cubic feet during the same month, through the same meter, a rate of 60 cents net per thousand cubic feet.

The above prices are net, and are based upon gross rates, which in all cases are

WG-ANR-00080838

Regular Meeting, Board of Directors May 16ᵗʰ 1904.

20 cents per thousand cubic feet higher than those given above.

Bills will be rendered at gross rates from which a discount of 20 cents per thousand cubic feet will be allowed for prompt payment only.

The General Manager reported that the coal contract with the Youghiogheny and Ohio Coal Company had been entered into.

The General Manager presented the report of the Company's business for the month of April. The same was accepted and ordered placed on file.

On motion, the meeting adjourned.

          E. Haase    Secretary.


Special Meeting, Board of Directors, Saturday, June 4ᵗʰ 1904. 9.30 A.m.

— Due notice of meeting given —

Present: Messrs. Bigelow, Murphy, Sieg, Pabst, and Luedke.

The Chairman, Mr. Bigelow, presided.

The minutes of the previous meeting were read and approved as corrected.

The following telegram from Mr. McLellin was read and ordered placed on the records:

         New York, June 3. 1904.

Mr. E. G. Pratt, General Manager,

     Milwaukee Gas Light Co.

       Milwaukee Wis.

I have signed with Syracuse people at ten cents for eleven candle gas, one cent advance for each additional candle up to twenty. Make application for right to put pipe under

WG-ANR-00080839

Special Meeting, Board of Directors, June 4th 1904

river and take necessary steps to carry crude gas to Third Ward Works, Contracts will reach you by Saturday morning at which time have Board meeting for approval.

Emerson McMillin.

In answer to Mr. Bigelow's question as to whether the proper steps had been taken to apply for permission to cross the Milwaukee River, Mr. Brown stated that on account of the usual delays and red tape encountered in procuring permits of this sort from the War Department, and the great length of time which it would take to install such a pipe during the open season of navigation, he had decided to use one of the present river pipes, namely, the Jefferson Street pipe, for this purpose for the present at least, and that no application would be made to the War Department until we had been able to locate the position at which we would propose to cross, which location, if possible, would be made away from either of the present pipes, as he anticipated that the War Department would require a greater depth for the new pipe than either of the existing pipes were laid at, which would make it desirable to lay the new pipe at some different point on the river.

The contract with the Semet-Solvay Company was then read and after discussion, it was, upon motion of Mr. Murphy, duly seconded,

Resolved, that the action of Mr. McMillin in entering into a contract with the Semet-Solvay Company for the purchase of gas from their coke oven plant in this City, is hereby ratified and approved and the Secretary is hereby directed to affix the seal of the Company to the same.

On motion, the meeting adjourned. E Haase Secretary

WG-ANR-00080840

Regular Meeting Board of Directors
Monday, June 20, 1904 — 9:30 am.
(Pursuant to By Laws)

Present, Messrs. Bigelow, Pratt, Sieg,
Green, Luedke and Murphy.

The Chairman Mr Bigelow presided.

The minutes of the previous meeting were
read and approved.

The General Manager submitted his
report of the Company's business for the
month of May and the same was ordered
placed on file.

On motion of Mr Green, seconded it was
Resolved, that whereas the day appointed
by the By Laws for the annual meeting
of the stockholders falls upon the Fourth
of July, a legal holiday the annual
meeting this year be held on July 5th
at 10. am. as the office of the Company.

On motion the meeting adjourned.

E Haase
Secy.

WG-ANR-00080841

Annual Meeting of Stockholders

Tuesday, July 5ᵗʰ, 1904, at 10.00 a.m.

Pursuant to the By-Laws of the Company and ten days notice published in the Milwaukee Sentinel and Evening Wisconsin, as per certificates on file.

The holders of a majority of the capital stock of the Company were present in person or by proxy, as follows:

| | |
|---|---|
| Western Gas Company, by S. J. Glass, Proxy | 27594 Shares |
| F. G. Bigelow, | 1 |
| E. G. Pratt | 1 |
| S. M. Green | 1 |
| J. P. Murphy | 1 |
| H. A. Luedke | 1 |
| Wilmer Sieg | 1 |
| Total | 27600 |

In the absence of the chairman of the Board the meeting was called to order by Mr. Green, 2ⁿᵈ Vice President, Mr. Haase, Secretary of the Company acted as secretary of the meeting.

The chairman appointed Mr. Luedke and Mr. Sieg tellers, to canvass the powers of attorney presented at the meeting, and they reported that 27600 shares of the capital stock of the Company, out of a total of 27603 shares, were represented there in person or by proxy.

Upon motion of Mr. Luedke, seconded, it was Resolved that the reading of the minutes of the previous meeting of Stockholders be dispensed with.

On motion of Mr. Murphy, seconded, it was Resolved, that all the acts and proceedings of the Board of Directors and of the officers of this Company for the year ending June 30ᵗʰ, 1904, be, and the same are hereby in all respects approved, ratified, and confirmed.

On motion of Mr. Luedke, seconded, it was

WG-ANR-00080842

Annual Meeting of Stockholders (continued)

Resolved, to proceed to the election of directors for the ensuing year. A letter from Mr. Pabst was read requesting that his name be not again presented for election as director. The following named gentlemen were proposed as directors, namely:

| | |
|---|---|
| Emerson McMillin | New York City |
| F. G. Bigelow | Milwaukee |
| E. G. Pratt | " |
| S. M. Green | " |
| H. C. Payne | " |
| J. P. Murphy | " |
| Oliver C. Fuller | " |
| H. L. Luedke | " |
| Wilmer Sieg | " |

and upon motion of Mr. Luedke, seconded the Secretary was authorized to cast a ballot for the election of each of the gentlemen named.

The Secretary having cast a ballot as instructed, the tellers reported that each of the gentlemen named had received the unanimous vote of the 27600 shares present, and they were thereupon declared by the Chairman as duly elected directors for the ensuing year.

On motion of Mr. Murphy, seconded, the annual meeting of the Stockholders then adjourned

E Haase  Secretary

WG-ANR-00080843

Annual Meeting, Board of Directors,
Tuesday, July 5th 1904 — 10.30. a.m.
(Pursuant to By Laws)

Present: Messrs: Green, Murphy, Luedke,
Sieg, Pratt, Bigelow, Fuller.

Upon motion of Mr Pratt, Mr Green
was elected temporary chairman, and
E. Haase secretary.

The meeting then proceeded to the election
of officers for the ensuing year, and upon
nomination by the respective gentlemen,
duly seconded, the following officers were
each and severally elected to the respective
offices, namely:

Chairman of the Board of Directors,    Mr. F. G. Bigelow
                    nominated by Mr J P Murphy

President,                              Mr Emerson & Mr Miller
            "          "  Mr H A Luedke

1st Vice President                      Mr. E. G. Pratt
and General Manager –   "      "  Mr J P Murphy
2nd Vice President                      Mr. S. M. Green
            "          "  Mr W. Sieg

Secretary and Treasurer                 Mr. E. Haase
            "          "  Mr. E G. Pratt.

Asst Secy & Treasurer                   Mr. S J. Glass
            "          "  Mr W. Sieg.

Counsel                                 Miller Noyes & Miller
            "          "  Mr W Sieg.

The 2nd Vice President, Mr. Green, thereupon
took the chair, Mr Bigelow, the chairman
being called away.

On motion of Mr. Sieg, seconded,
the officers salaries were fixed as follows:

President                               $ 4000 —
Chairman, Board of Directors            1000 —
1st Vice Pres't $500  Gen'l Mgr $7,500.  8000.
2nd Vice Pres't                          500.
Secretary and Treasurer                 4200.
Asst                                     300.
                                         2500.

WG-ANR-00080844

Annual Meeting, Board of Directors.

On motion of Mr. Luedke, seconded, the bonds of the General Manager and of the Secretary and Treasurer of the Company were fixed at $5000.00 each in the National Surety Company, premium on same to be paid by the Company.

The Treasurer presented a statement of expenditures for extensions, improvements and additions made between January 1st 1904, and July 1st 1904, for which the Company is entitled to sell bonds as provided in the first mortgage, and upon motion of Mr. Luedke, seconded, it was

Resolved, that the Central Trust Company of New York, trustee in that certain indenture of mortgage or trust deed made to it by the Milwaukee Gas Light Company, and bearing date the 28th day of February 1902, be and it is hereby requested to authenticate and deliver the first mortgage bonds of said Gas Company secured by said Mortgage or trust deed, to the amount of Two Hundred and Thirty three Thousand Dollars, ($233,000.) for the purpose of partially reimbursing said Gas Company for the actual cost of extensions, improvements and additions to its plant and system for the manufacture of gas and subject to the lien of said mortgage or trust deed, the bonds to be so issued, authenticated and delivered to be to an amount at the face value thereof equal to (80) eighty per cent of the actual cost of such extensions, improvements and additions, made between the first day of January, 1904 and the first day of July 1904, such cost being the Sum of Two Hundred Ninety one Thousand, Four Hundred Thirty six and 85/100 Dollars ($291,436.85)

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 92 of 112   Document 50-6

WG-ANR-00080845

Annual Meeting, Board of Directors.
and that the proper officers of this Company
execute and deliver a due certificate or
certificates to said trustee, duly verified
by their respective oaths, setting forth that
the said extensions, improvements and
additions have been fully completed and
paid for, the general nature thereof, the
cost thereof, that such cost is fair and
reasonable and that no part thereof is proper-
ly chargeable to expense of operation or
maintenance, and that no bonds of the
Company have been heretofore issued in
respect of the extensions, improvements and
additions referred to.

The following letter from the Secretary
of the Western Gas Company was then read:

New York City, June 30, 1904.

Mr. E. Haase Secretary.

Milwaukee Gas Light Co.

Milwaukee Wis.

Dear Sir:

At a meeting of the Board of Directors
of Western Gas Company, it was resolved
that the Milwaukee Gas Light Co be requested
to declare a dividend of 3 per cent on its
preferred and common stock payable in
New York before the 20th of July, and that
from the proceeds of this dividend a
dividend of three per cent on the stock
of the Western Gas Company be declared
payable on July 20th to stockholders of
record on July 9th.

Very truly yours,

(Signed) Robert M. Murray

Secy.

It appearing from the Treasurer's report
that the net profits for the first half of the

WG-ANR-00080846

Annual Meeting. Board of Directors year 1904, applicable to dividends were One Hundred Thirty five Thousand Nine Hundred Six and 68/100 ($135,906.68) Dollars, it was, upon motion of Mr. Sieg, seconded,

Resolved, that a dividend of 3% on the Capital Stock of the Company amounting to Forty one Thousand Four Hundred Four and 50/100 Dollars, ($41,404.50) be declared, payable in New York on or before July 20th, 1904.

Upon motion of Mr. Pratt, seconded, it was Resolved that the usual bonus of 6% upon the wages and salaries for the first half of the year 1904 be paid to the employes entitled to the same.

Upon motion of Mr. Murphy, seconded, the proper officers of the Company were authorized to negotiate loans not exceeding One Hundred Twenty five Thousand Dollars ($125000.) to meet maturing obligations of the Company.

The General Manager presented his report for the month of June, also report for the six months ending June 30th, 1904, and the same were received and ordered placed on file.

On motion, the meeting adjourned.

E Haase Secretary.

WG-ANR-00080847

Regular Meeting Board of Directors,
Monday, Aug 15, 1904. 9.30 am.
(Pursuant to By Laws)

Present: Messrs. Bigelow, Green, Murphy, Fuller, Luedke, Sieg and Pratt

The Chairman, Mr. Bigelow, presided.

The minutes of the previous meeting were read and approved as corrected.

The General Manager submitted the monthly report for the month of July, and the same was ordered placed on file.

Besides the monthly report there came up for discussion the Journal articles, the relation to the hardware dealers, the McNamara accident case, the price of gas at Wauwatosa and the status of the coke business, no action being taken on any of the subjects.

On motion the meeting adjourned.

W. Schaper
Assistant Secretary


Special Meeting, Board of Directors,
Thursday, Sept 8, 1904. 12.00 M.
(Due notice of meeting having been given.)

Present: Messrs. Bigelow, Murphy, Sieg, Luedke, Pratt and Fuller

The Chairman, Mr. Bigelow, presided.

Minutes of the previous meeting were read and approved.

The General Manager submitted the correspondence with the President and with the Metropolitan Coke Company on matters relating to the Coke Contract. The situation was discussed at some length, Mr Brown, the Engineer, presenting his views. Mr Buell, President of the Metropolitan Coke Company was also

WG-ANR-00080848

Special Meeting, Sept 8th 1904.
called in, and gave an account of the present
conditions of the coke market.

Upon motion made and duly seconded,
the meeting adjourned at two o'clock, subject
to call.

E. Haase Secretary


Regular Meeting, Board of Directors
Monday, Sept 19. 1904. 3. p.m.
(Pursuant to By Laws)

Present: Messrs. Fuller, Luedke, Green, Sieg,
Murphy and Pratt.

In the absence of the Chairman, Mr Green,
2nd Vice President presided.

The minutes of the previous meeting
were read and approved.

The General Manager submitted his
report for the month of August and same was
accepted and placed on file.

The General Manager reported that on
Sept. 1st the Company began to take coke
oven gas from the Semet-Solvay Company,
thus entering upon the operation of the contract.

The Treasurer submitted a statement of
estimated receipts and disbursements for the
balance of the fiscal year.

The General Manager reported that the
proposition of the O'Neil Oil & Paint Company,
for the year's supply of gas making oil at
$.0345 per gal. had been accepted and a contract
was now being prepared.

On motion of Mr. Murphy, seconded by
Mr. Fuller it was
Resolved, that an allowance of $1.00 per ton
from the contract price on all sales of coke

WG-ANR-00080849

Regular Meeting, Board of Directors Sept 19/04

from July 1st, 1904 to January 1st, 1905 be granted to the Metropolitan Coke Company, on account of the condition of the coke market, with a view of enabling the Coke Company to move the accumulated stock of Coke,"; also that the clause in the Contract be so modified that the advance of $1.00 per ton shall apply on all coke in stock above 20,000 tons as well as that below 20,000 tons, the terms of such modification of this contract to be embodied in a written agreement to be drawn and executed by the parties.

The General Manager submitted a letter from the Engineer, Mr Brown, "asking the approval of the Board for letting a contract to the Riter-Conley Manufacturing Company for a holder and its foundations, including excavation, at a total price of $382,000.; they agreeing as part of the contract to accept our 4% bonds at par in payment for the work and to deliver the holder on or before Nov. 1. 1905 ready for use" The letter conveyed the information that the proposition had the approval of Mr. McMillin, and upon motion of Mr. Luedke, seconded by Mr. Fuller, the proper officers of the Company were authorized to enter into this contract with the Riter-Conley Mfg. Company upon the terms stated.

Upon motion the meeting adjourned.

E Hasse Secretary

WG-ANR-00080850

Regular Meeting, Board of Directors.
Monday, Oct. 24, 1904. 9.30 am.
Pursuant to By Laws.

Present: Messrs. Bigelow, Fuller, Green, Sieg, Pratt, Luedke and Murphy.

The Chairman, Mr. Bigelow, presided.

The minutes of the previous meeting were read and approved.

The General Manager submitted the report for the month of September and same was accepted and placed on file.

Mr. Bigelow announced the death of the Hon. H. C. Payne, Postmaster General of the United States, a director of this Company, and suggested that a committee be appointed to draft suitable resolutions to be adopted by the Board.

Upon motion of Mr. Pratt, seconded, a committee, consisting of Mr. Bigelow as chairman, and Mr. Fuller, was appointed to prepare such resolutions. The committee thereupon submitted the following resolutions, which were adopted by the Board and ordered spread upon the records and a copy sent to the family of Mr. Payne.

"This Board records with sorrow and the deepest regret the death, after a long struggle with exacting care and with incurable disease, of Henry C. Payne, Postmaster General of the United States, for many years a director in this Company. Mr. Payne was a strong and useful man in the Board and we shall miss an associate always alert, always active for the Company's best interest, a man of strong convictions and integrity of character

WG-ANR-00080851

Regular Meeting Board of Directors, Oct 24-04

Mr. Bigelow read a letter from Mr. Millin, in which he expressed a desire that Mr. S. J. Glass be elected a director to succeed Mr. Payne. On motion of Mr. Green, seconded, the Secretary was thereupon requested to cast a ballot of the directors for the election of Mr. S. J. Glass as a director of this Company. The Secretary having cast the ballot of the directors for the election of Mr. Glass as director, the chairman pronounced Mr. Glass duly elected as a director to succeed Mr. Payne.

The General Manager reported that the loans had been made in the sums of $100,000. from the Wisconsin National Bank, and $20,000. from the First National Bank, to meet the payment of bond interest due Nov 1st, and requested that the action of the officers be approved and it was upon motion duly seconded, resolved that the action of the officers in making such loans is hereby ratified and approved.

On motion the meeting adjourned.

E H Haas Secretary

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 99 of 112   Document 50-6

WG-ANR-00080852

Regular Meeting of the Board of Directors
Monday, Nov 21st 1908 - at 3:00 P.M.

Present: Messrs. Bigelow, Pratt, Sieg, Green, Lindon
and Murphy.

The Chairman Mr. Bigelow presided.

The minutes of the previous meeting were read and
approved.

The Chairman read the following letter from Mr. Millin
New York, Oct 25, 1908

To the Directors of the
Milwaukee Gas Light Company

Gentlemen:-
In order that all outside stockholders (other
than the American Light & Traction Co.) shall pay their pro-
portion of the general office at New York, it is necessary that
the salaries of the general officers should be allotted with
the subordinate Companies.

Our General Manager, Henry L. Doherty, has
been on only half pay up to the first of September by reason
of his active connection with Denver. He will from September
first draw his full salary from this office and we therefore
have to make a new allotment. Heretofore we have not
placed anything on Milwaukee. His half pay was allotted
around amongst other companies. We will now ask you
to pay him a salary of $150.00 per Month, electing him as
Consulting Engineer, to date from September 1st, 1908.

Yours very truly
(Signed) Emerson McMillin

On motion of Mr. Green, seconded, Mr. Henry L. Doherty
was elected as Consulting Engineer at a salary of $150.00 per
month to date from September 1st, 1908.

The Treasurer submitted a statement of estimated receipts
and disbursements from date to March 1st and the same was
ordered placed on file and a copy sent to New York office.

The General Manager submitted his report for the month
of October and same was ordered placed on file.

The General Manager called attention to two resolutions

WG-ANR-00080853

Regular Meeting of the Board of Directors - Nov. 21, 1904 - cont'd.
Legislative Committee, one of which directs the City Attorney
to draw up a bill intended to take away the "exclusive"
feature of the Company's franchise, and the other to compel
a reduction in price of gas to 75¢ for illuminating
purposes and 50¢ for fuel purposes. The situation was
discussed but no action was taken.

Upon motion of Mr Green, seconded, the hour of the
Regular Meeting of the Board was changed from 9.30 A.M.
to 4.00 P.M.

On motion the meeting adjourned.

E Haase Secy

Regular Meeting Board of Directors
Monday, Dec. 19th, 1904 - 4:00 P.M.
Pursuant to By-Laws.

Present: Messrs. Bigelow, Glass, Green, Luedke, Sivyer, Pratt,
Murphy & Fuller
The Chairman, Mr. Bigelow, presided.
The minutes of the previous meeting were read and approved.
The General Manager submitted the report of the
Company's business for the month of November and
same was accepted and ordered placed on file.
The General Manager reported upon the conditions
of the coke business and the relations with the Metropolitan
Coke Co., and after discussion of the same offered the
following resolutions:

Whereas, the operations of the Metropolitan Coke Co. have
not been satisfactory to the Milwaukee Gas Light Company,
in that it seems unable to dispose of the coke in stock
and to be produced, in such quantities and at such prices
as will yield to the Gas Company a satisfactory figure, and;

Whereas, it has developed after twenty (20) months trial
that the Gas Company can handle its own coke product to
better advantage than can a second party, because of its
ability to adapt itself to new conditions that have arisen and
are liable to arise in the future; and,

WG-ANR-00080854

Regular Meeting Board of Directors, Monday, Dec. 19, 1901 - 4.00 P.M.

Whereas, local conditions, such as competition with local and outside dealers make it necessary to meet competing prices that will yield the Gas Company a figure not possible when the profits of a second party are to be considered, therefore,

Resolved, that the General Manager of the Gas Company be directed to notify the Metropolitan Coke Company of its desire to terminate the contract at the expiration of sixty days notice, as provided by the contract, unless sooner terminated by default of the Coke Company, or by mutual agreement; and it is further

Resolved, that the proper officers of the Gas Company be directed to negotiate with the Metropolitan Coke Company upon either of the following bases:

(1) To pay to the Metropolitan Coke Company the sum of Nine Thousand (9,000) Dollars as is contemplated by the contract for its good will and business, plus a fair inventory value of such teams, wagons, tools, barn equipment etc., as we may require for the conduct of the business, estimated at Ten Thousand Dollars ($10,000), plus the profits of the Coke Company for the sixty days the contract has to run, estimated at Six Thousand Dollars ($6,000), possession of the business to be taken January 1, 1905, or

(2) The Coke Company refusing to give possession of its business on January 1st, 1905, and being desirous of continuing the business for sixty days under the notice, the Gas Company will pay to the Coke Company Nine Thousand Dollars, ($9,000), as provided by contract.

Mr. Green moved the adoption of the foregoing resolution which was seconded by Mr. Fuller, and upon this motion the resolution was unanimously adopted.

The General Manager brought to the attention of the Board the case of Mr. Stephen Aldridge, who has been in the employ of the Company since about the year 1860, in various capacities of meter man, meter reader, clerk in the general office and lately collector. In September this year he was injured on the street car while going home, sustaining a fracture of the left forearm and sprain of the wrist, since which time he has

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 102 of 112   Document 50-6

WG-ANR-00080855

Regular Meeting of the Board - Monday, Dec. 19, 1904. 8:00 P.M. cont'd

that in view of his extremely long term of service, and his advanced age, seventy five years, that he be pensioned at full pay of Fifty Dollars ($50.00) a month.

Upon motion of Mr. Murphy, seconded, this recommendation of the General Manager was approved and Mr. Aldridge pensioned.

The General Manager also desired to have put on records the cases of pensioning of the following employees: namely,

Thomas F. Powers formerly foreman at the works pensioned on March 1, 1901 at the rate of Seventy Five Dollars ($75.00) per month and died on June 1, 1901. He was in the employ of the Company for twenty seven years.

Fred Rusch, lately foreman of the street department, in the employ of the Company since 1870, almost totally blind since May 1903, at which time he was pensioned at the rate of Sixty Dollars ($60.00) per month.

Upon motion these cases were approved and ordered placed upon the records.

Upon motion the meeting adjourned.

E Haase Secy.


Special Meeting Board of Directors
Saturday, Jan. 7th, 1905. 12:15 P.M.
(Due notice of meeting having been given.)


Present: Messrs. Fuller, Luedke, Sieg, Pratt, Murphy and Bigelow.

The Chairman, Mr. Bigelow, presided.

The following letter from the Secretary of the Western Gas Company was read:

"Western Gas Company.
New York, Dec 29, 1904.

Mr. E. Haase, Secy.,
Milwaukee Gas Light Company,
Milwaukee, Wis.;

Dear Sir:—

WG-ANR-00080856

Special Meeting Board of Directors, - Tues, Jan. 7th, 1905. - 12:15 P.M. Cont.

The directors of the Western Gas Company would like to declare the usual semi-annual dividend of three per cent on the stock of the company payable January 20th. In order to do this, it will be necessary for the Milwaukee Gas Light Company to pay a dividend of $1.35 per share on its stock, in addition to paying the semi-annual interest on preferred stock contracts.

Will you kindly bring this before your board at its next meeting, and oblige.

Very truly yours

(Signed) Robt. M. Murray, Secy.

Please advise me by wire when action has been taken."

It appearing from the treasurer's report that the net proceeds of the Company applicable to dividends is in excess of $230,293.76 it was upon motion of Mr. Luedke, seconded,

Resolved, that a dividend of $1.35 per share on the capital stock amounting to $37,268.05 be declared payable in New York before January 20th.

The treasurer presented a statement of expenditures for extensions, improvements and additions made between July 1st, 1904 and December 31st, 1904, for which the Company is entitled to sell bonds as provided in the first mortgage, and upon motion of Mr. Fuller, seconded, it was

Resolved, that the Central Trust Company of New York, trustee in that certain indenture of mortgage or trust deed, made to it by the Milwaukee Gas Light Company, and bearing date the 28th day of February, one thousand nine hundred and two, be and it is hereby requested to authenticate and deliver the first mortgage bonds of said Gas Company secured by said mortgage or trust deed to the amount of One Hundred and Eighty Four Thousand Dollars, ($184,000.) for the purpose of partially reimbursing said Gas Company for the actual cost of extensions, improvements and additions to its plant and system for the manufacture of gas and subject to the lien of said mortgage or trust deed, the bonds to be so issued, authenticated and delivered to be to an amount at the face value thereof equal to eighty (80) per cent of the actual cost of such extensions,

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 104 of 112   Document 50-6

WG-ANR-00080857

Special Meeting Board of Directors Sas Jan 7th 1905 - 12:15 P.M. - Contd.

July, 1904 and the thirty first day of December, 1904, such cost being the sum of Two Hundred and Thirty Thousand Five Hundred Ninety and 10/100 Dollars, ($230,590.10) and that the proper officers of this Company execute and deliver a due certificate or certificates to said trustee, duly verified by their respective oaths, setting forth that the said extensions, improvements and additions have been fully completed and paid for, the general nature thereof, the cost thereof, that such cost is fair and reasonable and that no part thereof is properly chargeable to expense of operation or maintenance, and that no bonds of the company have been heretofore issued in respect of the extensions, improvements and additions herein referred to.

Upon motion the meeting adjourned.

E H Aase Secy.

Regular Meeting Board of Directors
Monday, Jan. 16th, 1905. - 8:00 P.M.
Pursuant to by-laws.

Present: Messrs. Bigelow, Fuller, Murphy, Luedke, Sieg and Pratt.

The chairman, Mr. Bigelow, presided.

The minutes of the two previous meetings were read and approved.

The General Manager submitted his report of the Company's business for the month of December, likewise that for the year ending December, 1904 and they were accepted and ordered placed on file.

On motion of Mr. Luedke, seconded, it was

Resolved, that a bonus of six per cent upon the wages of those employes entitled to the same be paid for the six months ending December 31, 1904.

On motion the meeting adjourned.

E H Aase Secy.

WG-ANR-00080858

Regular Meeting Board of Directors
Monday, Feby 20th, 1905 - 4:00 P.M.
Pursuant to by-laws

Present: Messrs. Bigelow, Luedke, Pratt, and Murphy.
The Chairman, Mr. Bigelow, presided.
The minutes of the previous meeting were read and approved.

The General Manager submitted the report of the Company's business for the month of January and the same was accepted and ordered placed on file.

There being no further business to come before the Board, the meeting adjourned.

E H Aase Secy

Regular Meeting Board of Directors
Monday, Apr. 10th, 1905 - 4:00 P.M.
Pursuant to by-laws.

Present: Messrs. Fuller, Murphy, Sieg, Green, Pratt & Luedke.
Second Vice-President Green presided.
The minutes of the previous meeting were read and approved.

The proceedings of the meeting of February 20th, at which less than a quorum of the directors were present, were ratified; and the Secretary's action in paying fees to the directors present approved.

The General Manager's reports for the months of February and March were submitted and ordered placed on file.

The report of the Auditor on an examination of the Company's books, for the period from July 1903 to October 1904, was submitted and ordered placed on file.

There being no further business to come before the Board, the meeting adjourned.

E H Aase
Secretary.

× For minutes of meeting of Board of Directors May 15th 1905 see page 195

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 106 of 112   Document 50-6

WG-ANR-00080859

Regular Meeting Board of Directors
Monday, June 19th 1905 - 3:15 P.m.
Pursuant to Bylaws

Present: Messrs. Green, Sieg, Smith, Pratt, Fuller and
Luedke.

In the absence of the Chairman, Mr. Murphy, the Second
Vice-President, Mr. S. M. Green presided.

The minutes of the regular meeting of May 15th were read
and approved.

The General Manager submitted his report of the Company's
business for the month of May, and same was accepted and
ordered placed on file.

The General Manager reported upon two laws enacted by
the Legislature entitled respectively:

"An act relating to Electricity and Gas in Cities and Villages
and empowering the Cities and Villages to inspect the same;"
and

"An act relating to the Use of False Weights and Measures"

On motion the meeting adjourned.

E. Haase        Secretary.

Special Meeting Board of Directors,
Thursday, June 29, 1905. - 4:00 P.m.
(Due notice of meeting having been given)

Present: Messrs. Murphy, Fuller, Glass, Luedke, Smith, Sieg,
Pratt and Judge Noyes of Counsel.

The Chairman, Mr. Murphy, presided.

The meeting having been called for the purpose of dis-
cussing the tax assessment of the property of the Company
made by the Board of Assessors, the General Manager reported
to the Board in detail the conferences he had with the
assessors and the tax commissioner; that in these conferences
he had been assured that the assessment would be in-
creased over last year only to the amount of the actual
value of the additions to the property; that notwithstanding
these assurances the assessment had been raised from

WG-ANR-00080860

Special Meeting Board of Directors. — Cont'd.

Three and a quarter million to six million by the Board of assessors without any previous intimation.

In the discussion following, all the directors expressed their views and Judge Noyes was heard, and it appeared best to defer any definite action until counsel could have given the matter further thought. The Board came to no definite action in the matter

Upon motion the meeting adjourned

E Haase Secretary.

Annual Meeting Board of Directors.
Monday, July 3rd, 1905. 10:30 a.m.
Pursuant to By-Laws.

Present: Messrs. Murphy, Glass, Pratt, Green, Sieg, Puller Luedke and Smith.

Upon motion of Mr. Glass, seconded, Mr. Murphy was elected chairman, and Mr. Haase, Secretary.

The meeting then proceeded to the election of officers for the ensuing year.

On motion of Mr. Green, seconded, Mr. McMillin was elected President.

On motion of Mr. Glass, seconded, Mr. E. G. Pratt was elected First Vice-President.

On motion of Mr. Glass, seconded, Mr. E. M. Green was elected Second Vice-President.

On motion of Mr. Glass, seconded, Mr. E Haase was elected Secretary and Treasurer.

On motion of Mr. Sieg, seconded, Mr. E J Glass was elected Assistant Secretary.

On motion of Mr. Glass, seconded, Mr. E. G. Pratt was elected General Manager.

On motion of Mr. Glass, seconded, Messrs. Miller, Noyes and Miller were elected Counsel.

On motion of Mr. Glass, seconded, Mr. J. P. Murphy was

WG-ANR-00080861

Annual Meeting Board of Directors - cont'd.

On motion of Mr. Glass, seconded, the salaries of the officers of the Company were fixed as follows:

| | |
|---|---|
| President, | 8000.00 |
| Chairman, Board of Directors | 1000.00 |
| First Vice President, 500.00 } | |
| General Manager, 7500.00 } | 8000.00 |
| Second Vice President, | 500.00 |
| Secretary and Treasurer, | 8200.00 |
| Asst. Secretary and Treasurer, | 300.00 |
| Counsel | 2500.00 |

All payable monthly.

The Secretary submitted the following letter from the Secretary of the Western Gas Company:

"New York, June 21, 1905.

Mr. E. Naase, Secy.
Milwaukee Gas Light Company,
Milwaukee, Wis.

Dear Sir:—

At a meeting of the Board of Directors of the Western Gas Company held today, it was regularly resolved that the Milwaukee Gas Light Company be requested to declare a dividend of 75¢ per share on the stock of the Milwaukee Gas Light Co. payable in New York before July 20th next. This dividend, together with the semi-annual interest on the preferred stock contract, is to be used by the Western Gas Company in paying a dividend to its shareholders of 2½%.

Yours very truly,
(Signed) Robt. M. Murray,
Secretary.

It appearing from the Treasurers report that the net profits for the first half of the year of 1905, applicable to dividends, were in excess of $128000.00, it was upon motion of Mr. Green seconded, resolved that a dividend of 75 cents per share on the capital stock of the Company, amounting to $40,702.25 be declared, payable in New York before July 20th 1905.

Upon motion of Mr. Glass, seconded, it was resolved that the usual bonus of 6% upon the wages and salaries for the

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 109 of 112   Document 50-6

Annual Meeting Board of Directors. — cond.
first half of the year 1905, be paid to the employes entitled to
the same.

On motion the meeting adjourned.

E. Haase
Secretary.

\*          Annual Meeting of Stockholders.
Monday, July 3rd, 1905. 10:00 a m.

Pursuant to the By-Laws of the Company, and ten days
notice, published in the Milwaukee Sentinel and Evening
Wisconsin, as per proofs of publication on file.

The meeting was called to order by M. Murphy, Chairman
of the Board of Directors.

Upon motion of M Glass, seconded, Mr Murphy was
elected chairman of the meeting of the Stockholders and
Mr Haase, Secretary of the Company, as Secretary of the meeting

The Chairman appointed Messrs. Smith and Sieg tellers
to canvass the powers of attorney presented at the meeting
and they reported that 27595 Shares of capital stock of
the Company were represented by proxy, and eight Shares
in person as follows:

| | |
|---|---|
| Western Gas Co., by J.C. Murphy, Proxy, | 27594 Shares. |
| Emerson McMillin, by J.C. Murphy, Proxy, | 1 Share |
| S. J. Glass, in person | 1 " |
| E. G. Pratt, " " | 1 " |
| J.C. Murphy, " " | 1 " |
| S. M. Green, " " | 1 " |
| Wilmer Sieg, " " | 1 " |
| N. Aug. Luedke, " " | 1 " |
| O. C. Fuller, " " | 1 " |
| Ira B. Smith, " " | 1 " |
| | 27603 Shares |

The total capital stock of 27603 Shares was thus represented
in person or by proxy.

The minutes of the last annual meeting of the Stock-

WG-ANR-00080863

Annual Meeting of Stockholders.           Cont'd.

Mr. Smith, seconded, the reading of the minutes of the various directors' meetings was dispensed with.

On motion of Mr. Sieg, seconded, it was resolved that the Stockholders of this Company, assembled at their regular annual meeting, do hereby ratify and confirm all the official acts and deeds of their officers and directors, up to this date.

On motion of Mr. Luedke, seconded, it was resolved to proceed to the election of directors for the ensuing year. The following gentlemen were proposed as directors, namely:

| | |
|---|---|
| Mr. Emerson McMillin, | New York, |
| Mr. John P. Murphy | Milwaukee, |
| Mr. B. J. Glass | New York, |
| Mr. E. G. Pratt | Milwaukee. |
| Mr. E. M. Green | " |
| Mr. Wilmer Sieg | " |
| Mr. J. C. Fuller | " |
| Mr. H. Aug. Luedke | " |
| Mr. Ira B. Smith | " |

The election being by ballot the tellers, Messrs. Sieg and Smith, canvassed the ballots cast for directors and reported that each of the above named gentlemen had received the unanimous vote of the 27603 shares present, and the Chairman thereupon declared the above named gentlemen duly elected directors for the ensuing year.

On motion of Mr. Glass, seconded, the annual meeting of Stockholders then adjourned.

                                    E Haase Secretary.

* The minutes of this meeting should precede those of the annual meeting of the Board of Directors.

WG-ANR-00080864

Regular Meeting Board of Directors.
Monday, May 15th 1905 - 2:00 P.M.
Pursuant to By-laws.

Present: Messrs. Green, Glass, Luedke, Sieg, Murphy,
Pratt & Fuller.

Vice-President Mr. S.M. Green took the chair.

The minutes of the meeting of April 18th were read
and approved.

The General Manager submitted his report of the Company's
business for the month of April and same was ordered placed
on file.

The resignation of Mr. F.C. Bigelow as Chairman of the
Board of Directors, also as a director of the Milwaukee Gas
Light Company, was read and, upon motion of Mr. Fuller,
seconded, the resignation was unanimously accepted.

On motion of Mr. Green, seconded, Mr. J.C. Murphy was
unanimously elected Chairman of the Board of Directors,
and Mr. Murphy thereupon took the chair.

On motion of Mr. Sieg, seconded, it was

Resolved, that the Secretary be directed to cast a ballot
of the directors for the election of Mr. Ira B. Smith as a
director of the Milwaukee Gas Light Company to succeed
Mr. F.C. Bigelow.

The Secretary then cast a ballot of the directors, and the
Chairman thereupon declared Mr. Ira B. Smith duly elected
as a director.

The General Manager laid before the Board the entire
correspondence bearing upon the subject of gas supply by
the West Allis Gas Company to the Allis-Chalmers Company,
involving a supplemental contract between the Milwaukee Gas
Light Company and the West Allis Gas Company. Considerable
discussion followed upon the general subject, and the policy
of establishing rates at West Allis, and under the circumstances
stated by the General Manager that speedy action had been
necessary, and that such action was taken after correspondence
with the New York office, it was, on motion of Mr. Fuller,
seconded,

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 112 of 112   Document 50-6

WG-ANR-00080865