# EXHIBIT 5-B

MILWAUKEE GAS LIGHT COMPANY

the Company, and submitted the following resolution:

WHEREAS this Company has net earnings and surplus in excess of Two Million Dollars ($2,000,000), consisting of net earnings or income invested in permanent additions to its property; and

WHEREAS it is deemed advisable that this corporation issue common stock to the amount of Two Million Dollars ($2,000,000) divided into forty thousand (40,000) shares of common stock of the par value of Fifty Dollars ($50) each, for the purpose of so increasing the total amount of its stocks, bonds, notes and other evidences of indebtedness of the Company as to more nearly equal the value of the property of the company;

NOW THEREFORE, BE IT RESOLVED That a dividend of Two Million Dollars ($2,000,000) payable in common stock of the company, to-wit: forty thousand (40,000) shares of common stock of the par value of Fifty Dollars ($50) each, be and the same is hereby declared, payable to the holders of record of the common stock of this company at the close of the day succeeding the day on which authorization of the Railroad Commission of Wisconsin for the issuance of such stock shall have been given, pro rata to such holders of common stock, in accordance with the number of shares of common stock held by them at the close of said day;  provided, however, that no fractional shares of such stock shall be issued, but that holders of the common stock, otherwise entitled to a fractional share on the basis above set forth, shall be entitled to receive a warrant evidencing such interest, and that upon presentation to the secretary of the company of such warrants, sufficient in number to aggregate an entire share of stock, certificates for such share shall be issued, and that such warrant shall not bear interest or be entitled to the payment of any dividends.

FURTHER RESOLVED That for the convenience of common stockholders of this company in acquiring and disposing of such warrants, the secretary be and he is hereby authorized and instructed to keep a record of the persons desiring to dispose of warrants and of the persons desiring to purchase such warrants, and to do such things as will facilitate the buying and selling of such warrants.

WG-ANR-00081367

#3   Adjourned Regular Meeting Board of Directors - 10/25/26.

                    FURTHER RESOLVED That the officers of
          this company be, and they are hereby authorized
          and directed to make application to the Railroad
          Commission of Wisconsin for authority to issue
          such stock in accordance with this resolution
          and to do any and all other things necessary to
          make the issuance of said common stock valid and
          legal.

     On motion of Mr. Gregg, duly seconded, the foregoing
resolution was unanimously adopted.

     Mr. White submitted to the Board the <u>APPEAL OF THE</u>
<u>MILWAUKEE COMMUNITY FUND</u> for the annual subscription of this
Company, and showed that the budget of the fund had increased
Five Percent (5%) and that the Campaign Committee has asked
the corresponding increase in the Company's subscription.

     After full discussion, it was upon motion of Mr. Brown,
duly seconded

     RESOLVED, that the General Manager be, and he is hereby
authorized to make a subscription of Thirty One Hundred Fifty
Dollars ($3150.00) to the Community Fund, for the fiscal year
October 1926-27.

     The Secretary reported the return from the office of the
Register of Deeds of Milwaukee County, of the Certificate of
Amendment to Charter of Milwaukee Gas Light Company.  Copies of
the Certificate of Amendment and of the certificates of the
Secretary of State are appended to the minutes of this meeting.

     There being no further business to come before the Board,
on motion duly made, seconded and carried, the meeting adjourned.

                                   _E Kaas_
                                   Secretary.

WG-ANR-00081368

MILWAUKEE GAS LIGHT COMPANY

WG-ANR-00081369

<u>COPY</u>

Amendment

## UNITED STATES OF AMERICA

-------

State of Wisconsin)
Department of State) SS.

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

I, FRED R. ZIMMERMAN, Secretary of State of the State of Wisconsin, do hereby certify that a copy of Amendment of the Articles of Organization of the

### MILWAUKEE GAS LIGHT COMPANY

of which the hereto attached is a duplicate was on the 22nd day of September, A.D. 1926, accepted and filed in the Department of State.

In Testimony Whereof, I have hereunto set my hand and affixed my official seal at the Capitol, in the city of Madison, this 22nd day of September, A.D. 1926.

(S E A L)

(Signed)  FRED R. ZIMMERMAN,
Secretary of State.

WG-ANR-00081370

COPY

CERTIFICATE OF AMENDMENT TO CHARTER

OF

MILWAUKEE GAS LIGHT COMPANY

------

RESOLVED That the Charter of Milwaukee Gas Light
Company (being Chapter 159 of the Laws of 1852 with amend-
ments and supplements thereto) be and the same is hereby
amended by amending Section 2 thereof, so that when amended
said Section 2 shall read as follows:

Sec. 2. (a)  The capital stock of said
Company shall be Fifteen Million Dollars ($15,000,000)
divided into two hundred fifty thousand (250,000)
shares.  Two hundred thousand (200,000) of such shares
of Fifty Dollars ($50) each shall be Common Stock
and fifty thousand (50,000) of such shares of
One Hundred Dollars ($100) each shall be Preferred
Stock.

(b)  The holders of Preferred Stock shall be
entitled to cumulative dividends thereon when and
as declared, at such rate for each series thereof,
but not to exceed eight per cent (8%) per annum,
payable from and after the issuance thereof yearly
or half-yearly or quarterly, and on such dates, all
as may be determined therefor by the Board of
Directors prior to the issue of each series thereof,
respectively, out of any surplus or net profits
before any dividends are paid upon the Common Stock.
No dividends shall be paid upon the Common Stock at
any time until all dividends on the Preferred Stock
provided to be cumulated and remaining unpaid shall
have been fully paid, whereupon any remaining surplus
or net profits which the Board of Directors may in
their discretion see fit to distribute as dividends
may be used for the payment of a dividend on the
Common Stock.

WG-ANR-00081371

(c)  In the event of dissolution or liquidation of the corporation the holders of the Preferred Stock shall be entitled to receive, out of the corporate assets other than profits, the par value of their Preferred Stock, and out of any and all surplus or net profits, the amount of dividends accumulated and unpaid on such Preferred Stock, before anything shall be paid to the holders of the Common Stock who shall be entitled to the remaining assets of the corporation.

(d)  In the payment to the Preferred Stock-holders of principal in the event of dissolution or liquidation, or of any dividend at any time, all series of the Preferred Stock shall rank ratably (but with due reference to the amounts of cumulative dividends as previously determined for each series, respectively) and without preference of any series over any other.

(e)  The Preferred Stock, or any series thereof to be selected by the Directors, or any proportion of any such series, shall be subject to redemption at the option of the corporation on any dividend date, at par and the amount of dividends accumulated and unpaid thereon at the date of redemption, plus such premium, not to exceed ten per cent of the par value of such Preferred Stock, as the Board of Directors may determine for each series, respectively.  If less than all the shares of a series shall be redeemed, the shares of such series so to be retired shall be selected by lot in any fair and customary manner, as the Board of Directors may direct, and notice given to the holders thereof by registered letter addressed to them at their last known post office address as indicated upon the records of the Company, at least thirty (30) days prior to the date of redemption. Upon the giving of such notice such shares shall be entitled to no dividends beyond those accumulated and unpaid at the date fixed for redemption and shall not be transferable on the books of the corporation except to the corporation, and thereafter the holder of such stock shall have no right in or in respect to the corporation other than the right to receive the redemption price and dividends accumulated and unpaid to the date fixed for such redemption, with-out interest, upon surrender of the certificate or certificates for such stock.   The Company shall have the right at any time to purchase Preferred

WG-ANR-00081372

Stock in the open market at prices not exceeding those fixed for redemption, and to either cancel or resell the same.

(f) So long as any of the Preferred Stock is outstanding no stock having priority or preference over the same shall be authorized or issued.

(g) The holders of the Preferred Stock shall have no voting power, except as otherwise provided by statute, unless the Company be in default in the payment of dividends provided to be accumulated for consecutive dividend paying periods aggregating one year on all or some of the outstanding preferred stock, in which event and until all dividend defaults are made good, each share of Preferred Stock shall entitle the holder thereof to the same voting power as each share of the Common Stock.

(h) The holders of this Preferred Stock shall not be entitled to participate in any distribution of the profits, assets or capital stock of the Company, either in money, property or stock, except as hereinbefore provided, nor shall they have any preemptive or other subscription rights of any nature.

(i) The Board of Directors of the corporation is authorized to provide for the issue of Preferred Stock in series, and within such limits as are imposed in the Charter of the corporation, or amendments thereto, and not inconsistent with the provisions above set forth, may determine and fix the terms as to the redemption and as to rate of dividend applicable to any such series of Preferred Stock, and may provide for the sale of such stock to such person or persons, whether or not stockholders, and at such price, not below par, as such Board shall deem wise.

(j) No change or amendment in relation to the Preferred Stock shall be made except by way of amendment to the Charter of the corporation, adopted by the affirmative vote of the holders of two-thirds (2/3) of all outstanding Preferred Stock and two-thirds (2/3) of all outstanding Common Stock.

WG-ANR-00081373

**-4-  Certificate of Amendment to Charter.**

The affairs of the said company shall
be managed by a board of nine (9) directors who
shall be chosen by ballot and each share of
Common Stock, and in the event of default as
provided in paragraph (g) of this Section 2,
but not otherwise, each share of Preferred Stock,
shall be entitled to one vote, the votes to be
delivered in person or by proxy duly authorized.
Directors shall be elected annually, on such
date as from time to time may be fixed by the
By-Laws, and none but stockholders of the Company
shall be elected directors.

WG-ANR-00081374

STATE OF WISCONSIN)
                   ) SS.
MILWAUKEE COUNTY   )

We, Milwaukee Gas Light Company, a corporation, and Sheldon J. Glass, as Vice-President, and Ewald Haase, as Secretary, of said Company, hereby certify that the foregoing is a true copy of a resolution amending the Charter of said Milwaukee Gas Light Company duly adopted at a meeting of said corporation held in the City of Milwaukee, Wisconsin, on the 17th day of September, 1926; that the owners and holders of One Hundred and Seven Thousand Four Hundred and Eight and One-half (107,408½) shares of the common capital stock of the company, out of a total of One Hundred and Ten Thousand (110,000) shares of common capital stock issued and outstanding, were present at said meeting in person or by proxy, and that the owners and holders of One Hundred and Seven Thousand Four Hundred Eight and One-half (107,408½) shares of the common capital stock of the corporation (being more than two-thirds of all common stock of said corporation issued and outstanding) voted in favor of the adoption of such amendment, and that said meeting was duly held and that said amendment was duly adopted in accordance with the Charter of said corporation.

IN WITNESS WHEREOF said Milwaukee Gas Light Company has caused this certificate to be signed by its Vice-President and Secretary and to be sealed with its corporate seal this 17th day of September, 1926.

(Seal)

In Presence of:                    MILWAUKEE GAS LIGHT COMPANY,

                                   By   Sheldon J. Glass    (Signed)
(Signed)  Alma Haase                         Vice President.


                                   Attest
                                        Ewald Haase          (Signed)
(Signed)  Ethel M. Smith                     Secretary.

WG-ANR-00081375

STATE OF WISCONSIN )
                    ) SS.
MILWAUKEE COUNTY  )

      Personally came before me this 17th day of September, 1926, the above named Sheldon J. Glass and Ewald Haase, to me known to be the persons who executed the foregoing certificate and also to be respectively the Vice-President and Secretary of the therein named Milwaukee Gas Light Company, a corporation, and acknowledged the foregoing certificate for and on behalf and as the free act and deed of said corporation, and also for and on behalf and as the free act and deed of themselves individually, and being by me further duly sworn did each depose and say that they are respectively the Vice-President and Secretary of said corporation and that the foregoing amendment was duly adopted by said corporation; that the seal attached to the foregoing certificate is the seal of said corporation and that said seal was attached to said certificate for and on behalf and by due authority of said corporation, and that they executed and acknowledged said certificate for and on behalf and by due authority of said corporation, and also for and on behalf of themselves individually.

                                 (Signed) Jacob Van Roo
                              Notary Public, Milwaukee County,
                                     Wisconsin.

      (Seal)

                              My commission expires Dec. 18, 1927.

WG-ANR-00081376

STATE OF WISCONSIN )
                        SS.
MILWAUKEE COUNTY   )

SHELDON J. GLASS and EWALD HAASE, being each duly sworn, did each depose and say that they are respectively the Vice-President and Secretary of the Milwaukee Gas Light Company, of Milwaukee, Wisconsin;    that the authorized capital stock of said corporation at the present time is Ten Million Five Hundred Thousand Dollars ($10,500,000) divided into one hundred sixty thousand (160,000) shares, of which one hundred ten thousand (110,000) shares of Fifty Dollars ($50) each are Common Stock and fifty thousand (50,000) shares of One Hundred Dollars ($100) each are Preferred Stock;   that One Hundred and ten thousand (110,000) shares of the common stock and Twenty Thousand (20,000) shares of preferred stock are now issued and outstanding and fully paid;    that the amendment to the Charter of said Company submitted with this affidavit provides for an increase of the capital stock of said Company so that the same shall consist of Fifteen Million Dollars ($15,000,000) divided into two hundred fifty thousand (250,000) shares, of which two hundred thousand (200,000) shares of Fifty Dollars ($50) each shall be Common Stock and fifty thousand (50,000) shares of One Hundred Dollars ($100) each shall be Preferred Stock;   and that one-half of said capital stock, both of Preferred Stock and of Common Stock, including the said proposed increase, has been duly subscribed, and more than twenty per cent (20%) thereof, both of Preferred Stock and of Common Stock, actually paid in.

Sheldon J. Glass    (Signed)

Ewald Haase    (Signed)

(Seal)

Subscribed and sworn to before
me this 17th day of Sept. 1926.

(Signed)   Jacob Van Roo
Notary Public, Milwaukee County,
            Wisconsin.

My commission expires Dec. 18, 1927.

WG-ANR-00081377

COPY

CERTIFICATE OF AMENDMENT TO
CHARTER
OF
MILWAUKEE GAS LIGHT COMPANY

-------

REGISTERS OFFICE,        )
                         ) SS.
Milwaukee County, Wis.)

R E C E I V E D

for record  Sept. 23, 1926 at

10:50 A.M., and recorded in

Vol. 60 of Corp.    Page 533.

Phillip C. Westfahl (Signed)
-------------------------------
                Register Deeds.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 13 of 126   Document 50-9

WG-ANR-00081378

No. 14511

UNITED STATES OF AMERICA

THE STATE OF WISCONSIN

Department of State

TO ALL TO WHOM THESE PRESENTS SHALL COME:

       I, FRED R. ZIMMERMAN, Secretary of State of
the State of Wisconsin, do hereby certify that on the Twenty-
second day of September, A.D. 1926, having received the sum
of Four Thousand Five Hundred Ten Dollars, the fee required
by law, receipt whereof is hereby acknowledged, there was
filed in the Department of State, an instrument in writing,
purporting to be a true copy of Amendment to the Articles of
Association of a Corporation organized under the laws of the
State of Wisconsin, named,

MILWAUKEE GAS LIGHT COMPANY

increasing capital stock from $10,500,000 to $15,000,000; etc.

and verified as such by the President and Secretary of said
Corporation.    And that a certificate has been filed in this
Department to the effect that said Amendment was recorded
in the office of the Register of Deeds of Milwaukee County,
Wisconsin, on the Twenty-third day of September, A.D. 1926.

              In Testimony Whereof, I have here-
            unto set my hand and affixed my
            official seal at the Capitol, in the
(S E A L)         City of Madison, this 27th day of
            September, A.D. 1926.

              Fred R. Zimmerman (Signed)
                Secretary of State.

WG-ANR-00081379

MILWAUKEE GAS LIGHT COMPANY

Regular Meeting Board of Directors

Milwaukee Gas Light Co.

Monday, November 15, 1926, at 4:00 P.M.

Pursuant to By-Laws

There were present Messrs. Glass, White, Rogers, Gregg and Haase.

The Vice President, Mr. Glass, presided.

The minutes of the meeting of October 25, 1926, were read and approved as read.

The report for the month of October was submitted, with comments, and on motion was accepted and placed on file.

On motion of Mr. Gregg, duly seconded, the following PREFERRED STOCK DIVIDEND RESOLUTION was unanimously adopted:

RESOLVED, that the regular quarterly dividend of One and Three Quarters Percent (1¾%) on the 7% Preferred Stock, Series "A", be, and the same is hereby declared payable December 1, 1926, to stockholders of record November 25th.

There being no further business to come before the Board, on motion duly made, seconded and carried, the meeting adjourned.

_____
Secretary.

WG-ANR-00081380

MILWAUKEE GAS LIGHT COMPANY

WG-ANR-00081381

COPY

BEFORE THE RAILROAD COMMISSION
     OF WISCONSIN

※※※※※※※※※※※※※※※※※※※※※※※※※※

IN THE MATTER OF THE APPLICATION
OF MILWAUKEE GAS LIGHT COMPANY
FOR AUTHORITY TO ISSUE $2,000,000
PAR VALUE OF COMMON STOCK IN AC-
CORDANCE WITH THE PROVISIONS OF
SECTION 184.01 TO 184.22, INCLU-
SIVE, OF THE WISCONSIN STATUTES

※※※※※※※※※※※※※※※※※※※※※※※※※※

TO THE RAILROAD COMMISSION OF WISCONSIN:

        The petition of Milwaukee Gas Light Company, by Miller,
Mack & Fairchild, its attorneys, respectfully shows:

        1.  Your petitioner is a corporation organized and
existing under and by virtue of Chapter 159 of the Laws of 1852
and the acts amendatory thereof of the State of Wisconsin, with
its principal office in the City of Milwaukee in said state,
and is a public service corporation as defined in Section 184.01
of the Wisconsin Statutes, and is engaged in the business of
producing and distributing gas for light, heat, fuel and power
purposes in the City of Milwaukee and vicinity and is duly
authorized by its charter so to do.

        2.  The authorized capital stock of your petitioner is
Fifteen Million Dollars ($15,000,000) divided into two hundred
fifty thousand (250,000) shares, two hundred thousand (200,000)
of which shares of the par value of Fifty Dollars ($50) each
are common stock, and fifty thousand (50,000) of which shares
of the par value of One Hundred Dollars ($100) each are preferred
stock.   One hundred ten thousand (110,000) of said shares of
common stock having a par value of Five Million Five Hundred
Thousand Dollars ($5,500,000) and twenty thousand (20,000) shares
of said preferred stock having a par value of Two Million Dollars
($2,000,000) are now outstanding.

        3.  Your petitioner desires presently to issue of its
authorized capitalization forty thousand (40,000) shares of common
stock of the par value of Fifty Dollars ($50) each, aggregating
Two Million Dollars ($2,000,000) in accordance with and pursuant
to a resolution of its Board of Directors, a copy of which is
hereto attached, market "Exhibit A", and made a part hereof,
thereby increasing the total amount of its outstanding common
stock to Seven Million Five Hundred Thousand Dollars ($7,500,000).

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 17 of 126   Document 50-9

WG-ANR-00081382

4. The value of your petitioner's property is in excess of Two Million Dollars ($2,000,000) over and above the par value of its outstanding capital stock and the bonds, notes, and other evidences of indebtedness of the petitioner; and the purposes for which said Two Million Dollars ($2,000,000) of common capital stock is to be issued are for so increasing the total amount of petitioner's stocks, certificates of stock, bonds, notes, and other evidences of indebtedness as to more nearly equal the value of its property.

5. Your petitioner proposes to issue said stock as a stock dividend in accordance with the terms of said resolution of its Board of Directors, Exhibit A, hereinbefore referred to.

6. The total assets and liabilities of your petitioner, as of the 30th day of September, 1926, according to its books, are set forth in the statement which is hereto attached, made a part hereof, and marked "Exhibit B", and the previous financial operations of your petitioner are shown in the annual reports heretofore filed with the Railroad Commission of Wisconsin, to which reports petitioner hereby refers and makes the same a part hereof, as fully as if the same were herein set forth.

WHEREFORE your petitioner, Milwaukee Gas Light Company, prays the Railroad Commission of Wisconsin for a certificate of authority to issue and dispose of in the manner aforesaid Two Million Dollars ($2,000,000) par value of its common stock to consist of forty thousand (40,000) shares of the par value of Fifty Dollars ($50.) each.

MILWAUKEE GAS LIGHT COMPANY,

By  R. B. Brown        (Signed)
        Vice-President

Attest

Ewald Haase        (Signed)
        Secretary.

Attorneys for Petitioner.

WG-ANR-00081383

STATE OF WISCONSIN)
                   SS.
MILWAUKEE COUNTY  )

R. B. BROWN and EWALD HAASE, being duly sworn, depose and say that they are respectively the vice-president and secretary of Milwaukee Gas Light Company and as such have executed the foregoing instrument and affixed the corporate seal thereto, and that they have read said petition and the exhibits attached thereto and know the contents thereof, and that the same are true to the best of their knowledge, information, and belief.

R. B. Brown      (Signed)

Ewald Haase      (Signed)

Subscribed and sworn to before
me this 28th day of October, 1926.

(Signed)  Jacob Van Roo
Notary Public, Milwaukee County,
         Wisconsin.

My Commission expires Dec. 18, 1927.

WG-ANR-00081384

## EXHIBIT "A"

WHEREAS this Company has net earnings and surplus in excess of Two Million Dollars ($2,000,000), consisting of net earnings or income invested in permanent additions to its property; and

WHEREAS it is deemed advisable that this corporation issue common stock to the amount of Two Million Dollars ($2,000,000) divided into forty thousand (40,000) shares of common stock of the par value of Fifty Dollars ($50) each, for the purpose of so increasing the total amount of its stocks, bonds, notes and other evidences of indebtedness of the company as to more nearly equal the value of the property of the company:

NOW THEREFORE, BE IT RESOLVED That a dividend of Two Million Dollars ($2,000,000) payable in common stock of the company, to-wit: forty thousand (40,000) shares of common stock of the par value of Fifty Dollars ($50) each, be and the same is hereby declared, payable to the holders of record of the common stock of this company at the close of the day succeeding the day on which authorization of the Railroad Commission of Wisconsin for the issuance of such stock shall have been given, pro rata to such holders of common stock, in accordance with the number of shares of common stock held by them at the close of said day; provided, however, that no fractional shares of such stock shall be issued, but that holders of the common stock, otherwise entitled to a fractional share on the basis above set forth, shall be entitled to receive a warrant evidencing such interest, and that upon presentation to the secretary of the company of such warrants, sufficient in number to aggregate an entire share of stock, certificates for such share shall be issued, and that such warrant shall not bear interest or be entitled to the payment of any dividends.

FURTHER RESOLVED That for the convenience of common stockholders of this company in acquiring and disposing of such warrants, the secretary be and he is hereby authorized and instructed to keep a record of the persons desiring to dispose of warrants and of the persons desiring to purchase such warrants, and to do such things as will facilitate the buying and selling of such warrants.

FURTHER RESOLVED That the officers of this company be and they are hereby authorized and directed to make application to the Railroad Commission of Wisconsin for authority to issue such stock in accordance with this resolution and to do any and all other things necessary to make the issuance of said common stock valid and legal.

WG-ANR-00081385

EXHIBIT "B"

## MILWAUKEE GAS LIGHT CO. BALANCE SHEET – SEPTEMBER 30, 1926

### ASSETS

| | | | |
|---|---|---|---|
| Fixed Capital – as of Jan.1st,1926 | | 19,037,633.20 | |
| Additions since Jan.1st,1926 | $827,638.70 | | |
| Less Retired since Jan.1st,1926 | 98,101.99 | | |
| Net Additions   "      "   1926 | | 729,536.71 | |
| Net Fixed Capital | | | 19,767,169.91 |
| Materials and Supplies | | | 831,629.69 |

### CURRENT ASSETS

| | | |
|---|---|---|
| Cash | 405,947.32 | |
| Notes Receivable | 501.67 | |
| Gas Bills Current Month | 275,290.65 | |
| Gas Arrears | 58,602.96 | |
| Electric Bills Current Month | 0 | |
| Electric Arrears | 0 | |
| Merchandise Accounts Receivable | 390,351.93 | |
| Interest and Dividends Receivable | 4,345.82 | |
| Miscellaneous Accounts Receivable | 385,764.97 | 1,500,805.32 |

### MISCELLANEOUS ASSETS

| | | |
|---|---|---|
| Miscellaneous Investments | 207,734.38 | |
| Treasury Bonds | 534,000.00 | 741,734.38 |

### SUSPENSE ACCOUNTS

| | | |
|---|---|---|
| Unamortized Debt Disc't. and Expense | 8,422.12 | |
| Prepaid and Apportionment Accounts | 4,433.65 | |
| Work in Progress | 33,907.33 | |
| | | 46,763.10 |

| | |
|---|---|
| TOTAL ASSETS | 22,888,102.40 |

WG-ANR-00081386

## MILWAUKEE GAS LIGHT CO. BALANCE SHEET - SEPTEMBER 30, 1926

### LIABILITIES

| | | | |
|---|---|---:|---:|
| Capital Stock - Common | | 5,500,000.00 | |
| "        "    - Preferred | | 2,000,000.00 | 7,500,000.00 |
| Bonds (Funded Debt) | | | 9,631,000.00 |

#### CURRENT LIABILITIES

| | | | |
|---|---|---:|---:|
| Accounts Payable | | 254,974.86 | |
| Consumers Deposits | | 128,935.99 | |
| Deposits for Extensions - Mains | 11,729.64 | | |
|        - Serv. to Curb | 22,283.00 | 34,012.64 | |
| Employees Deposits | | 0 | |
| Tickets Sold and Outstanding | | 0 | |
| Wages & Salaries | | 83,026.82 | |
| Service to Curb Charges | | 3,980.00 | 504,930.31 |

#### ACCRUED LIABILITIES

| | | |
|---|---:|---:|
| Taxes Accrued - Other than Federal Income Tax | 515,111.12 | |
| "        "    - Federal Income | 193,045.76 | |
| Dividends Accrued on Preferred Stock | 11,666.66 | |
| Unpaid Taxes-Local | 0 | |
| Unpaid Taxes-Federal | 52,243.99 | |
| Interest Accrued | 162,501.97 | |
| Income Tax on Bonds Withheld | 1,344.00 | |
| Compensation Claim Accts. | 20,909.65 | 956,823.15 |

#### RESERVES

| | |
|---|---:|
| Retirement Reserve | 1,796,285.50 |
| Operating Reserves | 71,241.74 |
| Contingency Reserve | 141,013.94 |
| Utility Equipment Reserve | 47,126.14 |
| Contributions for Extensions | 18,312.50 |
| Miscellaneous Adjusted Credits | 722.73 |

#### PROFIT AND LOSS AND SURPLUS

| | | | |
|---|---:|---:|---:|
| Balance - 1st of Year | 1,759,443.73 | | |
| Balance Transferred from income account | 1,235,975.40 | | |
|         TOTAL | | 2,995,419.13 | |
| Dividends Pfd. Stock | 105,000.00 | | |
| "        Com.  " | 687,500.00 | | |
| | | 792,500.00 | |
| Balance | | 2,202,919.13 | |
| Direct Credits | 21,581.15 | | |
| Direct Debits | 3,853.89 | | |
| Net Credit | | 17,727.26 | |
| Profit and Loss and Surplus | | | 2,220,646.39 |
|    TOTAL LIABILITIES | | | 22,888,102.40 |

WG-ANR-00081387

BEFORE THE
RAILROAD COMMISSION OF WISCONSIN
----------

In the Matter of the Application )
of the Milwaukee Gas Light Company)  SB-2224
For Authority to Issue $2,000,000 )
of Common Stock )

## MEMORANDUM OF OPINION

This application of the Milwaukee Gas Light Company
requests authority to issue $2,000,000 par amount of its common
stock for the purpose of increasing the total amount of its
stock, certificates of stock, bonds, notes and other evidences
of indebtedness, so as to equal or more nearly equal the value
of its property, and to distribute said stock as provided for
in Section 184.14 of the Statutes.

No recent appraisal of the property of the applicant
has been made by the Commission. For the purpose of determining
whether the book value may be accepted for the purpose of this
proceeding, we have used our appraisal figure as of January 1,
1912 and added thereto the net book additions to September 30,
1926. After giving such consideration to pre-war construction
as appears proper, to more nearly reflect present value we find
a value substantially in accord with the book value as of Septem-
ber 30, 1926 of $19,767,169.91. This amount together with the
other asset or debit accounts as of September 30, 1926, totals
$22,888,102.40. The Company had outstanding as of September 30,
1926, $5,500,000 of common stock, $2,000,000 of preferred Stock,
and $9,631,000 of Funded Debt. The other liabilities and/or
credit accounts as of this date, exclusive of surplus, amount to
$3,536,456.01 leaving a surplus of $2,220,646.39.

We believe, therefore, that the company is entitled to
a certificate authorizing the issuance of $2,000,000 of common
stock, as prayed for in the application. Our certificate will,
however, authorize this stock issuance upon the express condition
that after the issuance of the common stock herein authorized,
the company may not make its capital expenditures made prior to
September 30, 1926, the basis for future issues of securities,
except for refunding purposes. We find that after the issuance
of the stock herein authorized the Company will have its capital
account fully represented by securities.

WG-ANR-00081388

## CERTIFICATE OF AUTHORITY TO ISSUE STOCK

BE IT REMEMBERED, That on the First day of November, 1926, the Milwaukee Gas Light Company, a public service corporation, applied to the Railroad Commission of Wisconsin for authority to issue $2,000,000 of common stock, and for that purpose filed with the Commission a statement duly signed and verified by its Vice-president and Secretary as required by Section 184.09 of the Statutes:

That it appears from said statement that the sum of the outstanding stock, bonds and other evidences of indebtedness of said corporation, reckoned that the par or face value thereof is less than the value of the property owned by said corporation, and used by it in the conduct of its business, and that said corporation desires to issue $2,000,000 par value of its common stock for the purpose of bringing the total of its outstanding stock, bonds, notes and other evidences of indebtedness, more nearly to an equality with the value of its aforesaid property as provided in Paragraph "D" of Subsection I of Section 184.05 of the Statutes:

That upon investigation into the matters and things set forth in said statement, and into the value of the property of said Milwaukee Gas Light Company, the Commission finds and determines that the value of the property of said corporation, on September 30, 1926, for the purposes of these proceedings, was the sum of $19,767,169.91.  The value herein fixed and determined is for the purpose of this proceeding only and shall not be taken in a proceeding before the Railroad Commission of Wisconsin or before any other public authority as representing the fair value for any other purpose.

That said corporation duly and satisfactorily complied with the requirements of said statute, and the Commission, after considering said statement and the evidence before it, found and determined that the proposed issue of $2,000,000 of common stock is lawful and for lawful purposes and reasonably necessary for the purposes of the corporation.

NOW THEREFORE, The Railroad Commission of Wisconsin hereby authorizes the Milwaukee Gas Light Company, a Wisconsin corporation, to issue its common stock as follows:

Forty Thousand (40,000) shares of its common stock of the par value of $50. per share, making a total issue of $2,000,000.

Said Milwaukee Gas Light Company shall distribute the said $2,000,000 of common stock herein authorized equally, share for share, among the holders of the stock or certificates of stock of said corporation now outstanding as provided in Section 184.14 of the Wisconsin Statutes.

WG-ANR-00081389

#3  Certificate of Authority to Issue Stock.


Said Milwaukee Gas Light Company shall file with the Commission within thirty (30) days after said distribution a verified statement showing in detail the facts in relation thereto.

Said Milwaukee Gas Light Company shall not issue the common stock herein authorized, either directly or indirectly, until this certificate shall have been recorded upon the books of the corporation.

IT IS HEREBY FURTHER CERTIFIED That this certificate of authority is granted upon the express condition that after the issuance of the common stock herein authorized the Milwaukee Gas Light Company may not make its capital expenditures made prior to September 30, 1926 the basis for future issues of securities, except such as may eventually be issued for refunding or retiring securities now outstanding, and the acceptance of this certificate of authority and the issuance of the common stock hereunder shall be deemed an acceptance of this condition.

IN WITNESS WHEREOF, these presents have been signed and attested by the Railroad Commission of Wisconsin at its office in the Capitol in the City of Madison, Wisconsin, this 6th day of November, 1926.

RAILROAD COMMISSION OF WISCONSIN

Lewis E. Gettle      (Signed)
A. R. McDonald       (Signed)

        Commissioners.

WG-ANR-00081390

Regular Meeting Board of Directors

Milwaukee Gas Light Co.

Monday, December 20, 1926, at 4:00 P.M.

Pursuant to By-Laws

There were present Messrs. Glass, White, Rogers, Anger, Gregg, Brown and Haase.

The Vice President, Mr. Glass, presided.

The minutes of the meeting of November 15, 1926, were read and approved as read.

The General Manager submitted the report for the month of November, with comment, and on motion same was accepted and placed on file.

The Secretary reported receiving the Certificate of Authority of the Railroad Commission of Wisconsin, dated November 6th, 1926, for the issue of $2,000,000 par value of the Common Stock of this Company, and that after recording said Certificate of Authority upon the record of the Corporation, as required by said certificate, there was issued on December 13th, 1926, to stockholders of record November 7, 1926, a dividend of $2,000,000. paid in Common Stock of the Company in accordance with the resolution of the Board of Directors adopted October 25, 1926.

The above mentioned Certificate of Authority, as well as the Petition to the Commission for said Authority, are appended to the minutes of the meeting of November 15, 1926, following page 127.

The Secretary reported having filed with the First Wisconsin Trust Company, the registrar of the Preferred and Common

WG-ANR-00081391

Stock of this Company, a certified copy of the Certificate of
Authority of the Railroad Commission of Wisconsin for the
issue of the Two Million Dollars ($2,000,000) additional
Common Stock, consisting of Forty Thousand (40,000) shares of
the par value of Fifty Dollars ($50.) each, and a certified
copy of the Resolution of the Board of Directors adopted
October 25, 1926, declaring a dividend of Two Million Dollars
($2,000,000) payable in Common Stock of Forty Thousand
(40,000) shares of the par value of Fifty Dollars ($50.) each,
and that the certificates for said stock issued on December 13,
1926, had been registered by said registrar upon the assurance
that a certified copy of a resolution of this Board, authoriz-
ing said registrar to register the certificates for said
additional Forty Thousand (40,000) shares of Common Stock, or
a total of One Hundred Fifty Thousand (150,000) shares of
the Common Stock of this Company, would be filed with them.

Upon motion, duly made and seconded, the following
preamble and resolution were unanimously adopted:

WHEREAS First Wisconsin Trust Company has heretofore
been appointed agent, with the title of registrar, to
register certificates of both common and preferred stock
of this company; and

WHEREAS this company has recently issued 40,000 shares
of common stock of the par value of $50. each, aggregat-
ing $2,000,000:

RESOLVED That said First Wisconsin Trust Company of
Milwaukee, Wisconsin, be and it is hereby directed to
record in its register and sign as registrar, certificates
for shares of common stock when executed by the
president or vice-president, and by the secretary or
assistant secretary of this corporation, the certificates
to be recorded and signed by said registrar, taken

WG-ANR-00081392

#3 - regular meeting Board of Directors - 12/20/26.

together, to represent, under resolutions heretofore passed and until further appropriate action taken, an aggregate number of shares of common stock not exceeding 150,000.

FURTHER RESOLVED That said First Wisconsin Trust Company be and it is hereby authorized to register transfers of said certificates and assign and deliver new certificates accordingly when the same shall have been similarly executed.

FURTHER RESOLVED That this corporation lodge with said registrar:

      1.  Specimen signatures of the officers of this corporation in each case authorized to sign such certificates; and

      2.  Specimens of certificates adopted by this corporation for use by it for purposes of comparison, and in such use and in relying upon certificates purporting to be such certificates and to bear the signatures of such officers, this corporation will protect said registrar and deliver written notice to it if any or all of said officers, respectively, are no longer authorized so to sign.

FURTHER RESOLVED That when said First Wisconsin Trust Company deems it expedient it may apply to Messrs. Miller, Mack & Fairchild of Milwaukee, Wisconsin, counsel for this corporation, and to its own counsel, for advice or instructions, and for the action of said registrar in reliance thereon this corporation will fully protect and hold it harmless against all liability.

FURTHER RESOLVED That the president or a vice-president and the secretary of this company be and they hereby are directed to certify copies of these resolutions under the seal of this company and to lodge one of the same with said registrar, together with certified specimen certificates for said common stock of this company, in form duly adopted by it, and if requested by said registrar, a certified copy of the charter of the company and all amendments thereto in force, certified by the Secretary of State of Wisconsin, and of the by-laws of this company, and to furnish said registrar a certified copy of any amendments which may from time to time be made to said charter or by-laws.

The Secretary reported, further, having received a

letter from the Railroad Commission of Wisconsin, commenting on

132

#4  - Regular Meeting Board of Directors - 12/20/26.

the audit of the Company's report for 1925, and stating, with reference to dividends accrued on Preferred Stock:  "if these dividends have been declared, it is allowable to accrue them, otherwise it is not a proper procedure".

The Secretary suggested that the monthly accrual of dividends on Preferred Stock might be made allowable if the quarterly dividend was declared three months in advance of it's payment, in other words declare the dividend due March 1st, 1927, at this time.

The following PREFERRED STOCK DIVIDEND RESOLUTION was therefore, on motion of Mr. Anger, duly seconded, unanimously adopted:

RESOLVED, that the regular dividend, for the quarter ending March 1, 1927, of One and Three Quarters Percent ($1\frac{3}{4}\%$) on the 7% Preferred Stock, Series "A", be, and the same is hereby declared payable March 1, 1927, to stockholders of record February 25, 1927.

On motion of Mr. Rogers, duly seconded, the following COMMON STOCK DIVIDEND RESOLUTION was unanimously adopted:

RESOLVED, that the regular quarterly dividend of Two and One-half Percent ($2\frac{1}{2}\%$), on the Common Stock outstanding, amounting to One Hundred Eighty-seven Thousand Four Hundred Ninety Dollars ($187,490), be, and the same is hereby declared payable December 23, 1926, to stockholders of record December 20, 1926.

The General Manager thereupon discussed at some length

WG-ANR-00081394

### MILWAUKEE GAS LIGHT COMPANY

#5 - Regular Meeting Board of Directors  - 12/20/26.

the financial position of the Company and advised that an extra dividend of Five Percent (5%) on the Common Stock was warranted under all the circumstances.

Thereupon the following COMMON STOCK DIVIDEND RESOLUTION was, upon motion of Mr. Gregg, duly seconded, unanimously adopted:

WHEREAS, the surplus earnings of this Company, at date, are in excess of Three Hundred Seventy-five Thousand Dollars ($375,000);

RESOLVED, that an extra dividend of Five Percent (5%) on the Common Stock outstanding, amounting to Three Hundred Seventy-four Thousand Nine Hundred Eighty Dollars ($374,980), be, and the same is hereby declared payable December 23, 1926, to stockholders of record December 20, 1926.

There being no further business to come before the Board, on motion duly made, seconded and carried, the meeting adjourned.

_Ex̃ane_
Secretary.

WG-ANR-00081395

Regular Meeting of

Board of Directors

-------

Milwaukee, Wis., January 17, 1927.

Pursuant to the By-Laws, a regular meeting was held this day at 4:00 o'clock, P.M.

There were present Messrs. Glass (Chairman), Anger and Haase.

In the absence of a quorum, it was voted to adjourn the meeting to Monday, January 24, 1927.

_____
Secretary.

Adjourned Meeting of

Board of Directors

---------

Milwaukee, Wis., January 24, 1927.

Pursuant to adjournment this meeting was held this day at 4:00 o'clock, P.M.

There were present Messrs. Glass (Chairman), Brown and Haase.

In the absence of a quorum, the meeting adjourned to Thursday, January 27, 1927, at 4:00 o'clock, P.M.

_____
Secretary.

WG-ANR-00081396

Adjourned Regular Meeting of

Board of Directors

-------------

Milwaukee, Wis., January 27, 1927.

Pursuant to adjournment, the Board of Directors met
this day at 4:00 o'clock, P.M.

There were present:  Messrs. Glass, White, Rogers,
Brown and Haase, constituting a majority of the Board.

Vice President Glass was in the chair.

The minutes of the meeting of December 20, 1926, were
read and approved as read.

The minutes of the meeting of January 17, 1927,
adjourned to January 24, 1927, and again adjourned to January 27,
1927, were read and approved.

The General Manager submitted the reports of the Company
for December, 1926, and for the year 1926, with comment, and on
motion they were received and placed on file.

The Vice President reported to the Board the negotiations
which had been had for the purpose of providing for the Company's
obligations evidenced by its outstanding First Mortgage Bonds which
mature on May 1, 1927, and the discussions had with the President
and banking houses with respect to means for refunding the
existing outstanding First Mortgage Bonds and making provision
for financing, in part at least, future capital expenditures of
the Company through a new mortgage upon various of the Company's
properties, and advised the Board of the necessity of procuring

WG-ANR-00081397

MILWAUKEE GAS LIGHT COMPANY

#2    Adjourned Regular Meeting of Board of Directors - 1/27/27

Stockholders' action to consent to and authorize the creation
of such new mortgage.    Thereupon, the following resolution
was introduced for the call of a Special Meeting of Stock-
holders to be held February 10, 1927:

> WHEREAS it is necessary for this Company to
> make provision for the refunding of its existing
> outstanding First Mortgage Bonds which mature
> May 1, 1927, and to make provision for the future
> financing of capital expenditures, in whole or in
> part, through sale of bonds of the Company; and

> WHEREAS the authorization of a new bond issue
> by the Company and a mortgage upon the properties
> to secure payment of such bonds requires action
> by Stockholders of the Company;

> NOW, THEREFORE, BE IT RESOLVED that a Special
> Meeting of the Stockholders of the Company be called
> and held at the office of the Company in the City
> of Milwaukee, Wisconsin, on the 10th day of
> February, 1927, at 10 o'clock A.M., for the follow-
> ing purposes, to-wit:

> (1)  To consider and take action with respect
> to consenting to the creation of bonded indebted-
> ness of this Company, to provide for the discharge
> or refunding of the Company's outstanding first
> mortgage bonds maturing May 1, 1927 and for other
> lawful purposes of the Company; authorizing the
> execution and delivery of a mortgage and deed of
> trust to secure such bonded indebtedness and
> approving the form of such mortgage and deed of
> trust.

> (2)  To transact such other business as may
> properly come before said meeting or any adjourn-
> ment or adjournments thereof.

> FURTHER RESOLVED that at least ten (10) days'
> notice shall be given by the Secretary, in two
> daily papers published in the City of Milwaukee,
> of the time and place where the said meeting of
> the Stockholders will be held, which notice shall
> also state the purposes of said meeting, and that
> on or before said date of publication the Secretary
> also mail a copy of such notice to each holder of
> the Common Stock of the Company at his address



Case 2:20-cv-01334-SCD    Filed 01/27/23    Page 33 of 126    Document 50-9

WG-ANR-00081398

#3   Adjourned Regular Meeting of Board of Directors - 1/27/27


            according to the books of the Company.

            On motion, duly seconded, the foregoing preamble

and resolutions were unanimously adopted.

            On motion the Board adjourned.

                                            _Secretary._

WG-ANR-00081399

MILWAUKEE GAS LIGHT COMPANY

Annual Meeting of

Stockholders
---------

Milwaukee, Wis., February 7, 1927.

Pursuant to the By-Laws and at least ten days' notice published in the Milwaukee Sentinel and the Milwaukee Journal, as per proofs of publication on file, and ten days' notice mailed to the Common Stockholders individually, the Annual Meeting of Stockholders of Milwaukee Gas Light Company was held at the office of the Company, in the City of Milwaukee, this day at ten o'clock in the forenoon.

The meeting was called to order by Mr. Brown, who was thereupon elected Chairman, and Secretary Haase kept the minutes.

The call of the meeting was read by the Secretary, and proofs of publication of notice submitted, and copies of such notice and proofs of publication and mailing are appended to the minutes of this meeting.

The Directors present at the meeting, acting as inspectors canvassed the powers of attorney presented at the meeting, and Mr. Gregg and Mr. Rogers, acting as tellers, compared the same with the list of stockholders and reported that the holders of 102½ shares of Common Stock were present in person, and 148,616 shares of Common Stock were represented by proxy as follows:

#2 - Annual Meeting of Stockholders  - 2/7/27.

| Present in Person | Common Shares | Preferred Shares |
|---|---|---|
| R. B. Brown | 35 | 135 |
| Guy F. Gregg | 15 | 2 |
| Ewald Haase | 31½ | 50 |
| Herbert F. Lindsay | - | 120 |
| Fred W. Rogers | 1 | 80 |
| Edwin E. White | 20 | 87 |
| Total | 102½ | 474 |

| Present by Proxy | | Shares |
|---|---|---|
| American Light & Traction Co., by R.B.Brown, Proxy | | 145,929 |
| Sabin W. Colton, Jr. | do. | 1,167 |
| Adeline Madeira Doebler | do. | 45 |
| Morris F. Fox | do. | 60 |
| Sheldon J. Glass | do. | 32 |
| Lucy S. Jessup | do. | 92 |
| Alanson P. Lathrop | do. | 1 |
| James Lawrence | do. | 1 |
| Hannah S. Molony | do. | 34 |
| Katherine M. Morris | do. | 45 |
| George R. Nichols | do. | 38 |
| Cornelia W. Roebling | do. | 877 |
| Ethel B. Scully | do. | 15 |
| George Stevens | do. | 94 |
| Evaleen Y. Sullivan | do. | 186 |
| Total | | 148,616 |

The written report of the tellers was submitted and on motion of Mr. White ordered placed on file.

The minutes of the meetings of Stockholders held February 1, 1926 and September 17, 1926, were read and approved as read.

On motion of Mr. White, seconded, it was

RESOLVED, that the acts and proceedings of the Board of Directors and Officers of the Company, as shown by the record, and contained within pages 93 to 137 (incl.), be, and the same are hereby in all respects approved, ratified and confirmed.

WG-ANR-00081401

MILWAUKEE GAS LIGHT COMPANY

#3 - Annual Meeting of Stockholders - 2/7/27.

The meeting then proceeded to the election of Directors for the ensuing year.

The following named gentlemen were nominated as Directors by Mr. Rogers:

Arthur H. Anger
R. B. Brown
Sheldon J. Glass
Guy F. Gregg
Ewald Haase
Alanson P. Lathrop
Herbert F. Lindsay
Fred W. Rogers
Edwin E. White

Mr. Gregg seconded the nominations.

Mr. Brown moved that the nominations be closed.

On motion of Mr. Rogers, duly seconded, it was

RESOLVED, that the Secretary be, and he hereby is instructed to cast the ballot of the stockholders for the election of each of the above named gentlemen as Directors for the ensuing year.

The above resolution was adopted by the affirmative vote of the holders of Common Stock represented at the meeting holding 148,718½ shares out of a total of 149,997 shares.

The Secretary having cast the ballot of the Stockholders as directed, for the above named gentlemen as Directors, they were thereupon declared by the Chairman duly elected Directors for the ensuing year.

The Chairman then submitted to the stockholders the annual report of the Company, with comment, and on motion same was adopted.

On motion the stockholders adjourned.

Secretary.

WG-ANR-00081402

## AFFIDAVIT

STATE OF WISCONSIN )
                  )   ss.
County of Milwaukee)


        I, ETHEL M. SMITH, being duly sworn, depose and say that I am in the employ of Milwaukee Gas Light Company, as Stenographer and Clerk in the office of the Secretary of said Company; that on the 28th day of January, 1927, I had addressed and caused to be mailed, and know of my own knowledge that there was deposited in the Post Office at Milwaukee, Wisconsin, to be mailed, notices of Annual Meeting of Stockholders of Milwaukee Gas Light Company, addressed to each stockholder as his address appeared on the Stock Book of the Company at that date, and that the attached is a true copy of the notice so mailed.

*Ethel M. Smith*


Subscribed and sworn to before me
this *19th* day of *January* 1927.

*OH Grosse*

Notary Public, Milwaukee County, Wis.

My commission expires *Oct 19, 1930*

WG-ANR-00081403

NOTICE OF ANNUAL MEETING
OF STOCKHOLDERS
---------

To The Stockholders of
  Milwaukee Gas Light Co.

        Notice is hereby given that the Annual
Meeting of the Stockholders of Milwaukee Gas Light Company
will be held at the office of the Company, 182 Wisconsin
Street, Milwaukee, Wisconsin, on the 7th day of February,
1927, at 10:00 o'clock, A.M., for the purpose of electing
Directors and for the transaction of such other business
as may properly come before the meeting.

                Signed:   E. HAASE,
                              Secretary.


Dated January 28, 1927.

WG-ANR-00081404

## AFFIDAVIT OF PUBLICATION

# STATE OF WISCONSIN,
## MILWAUKEE COUNTY. }SS.

......*J. W. Sparling*...... being duly sworn, says that he is the foreman of the printers of **THE MILWAUKEE SENTINEL**, which is a public newspaper of general circulation, printed and published in the city of Milwaukee, in said County; that a notice of which the printed one hereto attached is a true copy was published in said newspaper ~~once in each week for~~.............. ~~successive weeks commencing~~ on the ..2 8 th..day of ..*January*..... A. D. 19~~2~~7; that the said **MILWAUKEE SENTINEL** is a newspaper printed in the English language, and that said printed copy was taken from said newspaper.



Subscribed and sworn to before me this..*4 th*..day of.....*February*.....A. D. 19~~2~~7.

......*T. Hewitt*...... Notary Public, Milwaukee County.

My commission expires Oct. 5, 1930

WG-ANR-00081405

129—Form P 277-8-25-500



# Affidavit of Publication

**State of Wisconsin,** } ss.
**Milwaukee, County.**

..................*F. V. Smith*.................., being duly sworn, says that he is the foreman of the printers of The Milwaukee Journal, which is a public newspaper of general circulation, printed and published in the city of Milwaukee, in said county; that a notice, of which the printed one hereto attached is a true copy, was published in said newspaper on the .....*Twenty-eighth*..... day of ...*January*.... 192.7. and once in each and every week thereafter for ..................... successive and consecutive weeks; that the date of the last of such publications was the .....*Twenty-eighth*..... day of ......*January*.....A. D., 192.7.; and that said publication was made once in each week for....*One*....day successive weeks in all. That the said Milwaukee Journal is a newspaper, printed in the English language and that said printed copy was taken from said newspaper.

........................*H. V. Smith*..........................

Subscribed and sworn to before me this ..........*4th*..........day of ...*February*..........A. D. 192.7.

........................*J. A. Vallee*..........................
*Notary Public, Milwaukee County, Wis.*

NOTICE OF ANNUAL MEETING OF STOCK-HOLDERS—To the Stockholders of Milwaukee Gas Light Co.: Notice is hereby given that the annual meeting of the stockholders of Milwaukee Gas Light Co. will be held at the office of the company, 182 Wisconsin st., Milwaukee, Wis., on the 7th day of February, 1927, at 10 o'clock a. m., for the purpose of electing directors and for the transaction of such other business as may properly come before the meeting. Signed,
F. HAASE, Secretary.

Dated Jan. 28, 1927.

My commission expires Oct. 19, 1930

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 41 of 126   Document 50-9

WG-ANR-00081406

Milwaukee, Wisconsin,

February 7, 1927.

To the Meeting of Stockholders of

Milwaukee Gas Light Company.

The undersigned inspectors of election
hereby report that they have canvassed the powers of attorney
presented at the meeting and compared them with the list of
stockholders of Common Stock and find that the holders of
common
.1.02.1.5....shares of/capital stock of the company are present
in person, and the holders of .1.48.61.6....shares are
present by proxy, as per list hereto attached and hereby made
a part hereof.

*Guy F. Gregg*

*Fiedco Rogers.*

WG-ANR-00081407

February 7, 1927.

ANNUAL MEETING OF STOCKHOLDERS

| Present by Proxy | Shares |
|---|---:|
| American Light & Traction Co., by R. B. Brown, proxy | 145,929 |
| Sabin W. Colton, Jr. | 1,167 |
| Adeline Madeira Doebler | 45 |
| Morris F. Fox | 60 |
| Sheldon J. Glass | 32 |
| Lucy S. Jessup | 92 |
| Alanson P. Lathrop | 1 |
| James Lawrence | 1 |
| Hannah S. Molony | 34 |
| Katherine M. Morris | 45 |
| George R. Nichols | 38 |
| Cornelia W. Roebling | 877 |
| Ethel B. Scully | 15 |
| George Stevens | 94 |
| Evaleen Y. Sullivan | 186 |
| Total | 148,616 |

WG-ANR-00081408

February 7, 1927.

ANNUAL MEETING OF STOCKHOLDERS

| Present in Person | Common Shares | Preferred Shares |
|---|---|---|
| R. B. Brown | 35 | 135 |
| Guy F. Gregg | 15 | 2 |
| Ewald Haase | $31\frac{1}{2}$ | 50 |
| Herbert F. Lindsay | - | 120 |
| Fred W. Rogers | 1 | 80 |
| Edwin E. White | 20 | 87 |
| Total | $102\frac{1}{2}$ | 474 |

WG-ANR-00081409

Annual Meeting of

Board of Directors

----------

Milwaukee, Wis., February 7, 1927.

The annual meeting of the Board of Directors of this Company was held this day immediately following the annual meeting of stockholders.

There were present Messrs. White, Lindsay, Rogers, Gregg, Brown and Haase.

Upon motion of Mr. Rogers, seconded, Mr. Brown was elected Chairman of the meeting, and Mr. Haase was elected Secretary of the meeting.

The minutes of the meeting of January 27, 1927, were read and approved as read.

The Secretary read a communication from Mr. Alanson P. Lathrop, in which he tenders his resignation as President of this Company and requests that Mr. R. B. Brown be elected to succeed him.

On motion it was

RESOLVED, that the resignation of Mr. Lathrop as President of this Company be, and it is hereby accepted with regret, and that the Secretary be instructed to express to Mr. Lathrop the appreciation of the Directors of his faithful service during many years, and to extend to him their best wishes.

The meeting then proceeded to the election of Officers for the ensuing year.

WG-ANR-00081410

MILWAUKEE GAS LIGHT COMPANY

#2 - Annual Meeting Board of Directors - 2/7/27.

Mr. Brown placed in nomination the following officers:

| | | |
|---|---|---|
| R. B. Brown | - | President and Gen'l. Manager |
| Sheldon J. Glass | - | First Vice President |
| Ewald Haase | - | V.P., Sec'y.-Treas. & Ass't. General Manager. |
| L. T. Smith | - | Ass't. Secretary & Ass't. Treas. |
| H. C. Schaper | - | Ass't. Secretary & Ass't. Treas. |
| E. Dickow | - | Auditor |
| James Lawrence | - | V.P. and Ass't. Secretary |
| T. M. Leahy | - | Ass't. Sec'y. & Ass't. Auditor |
| F. M. Dennis | - | Ass't. Secretary |
| W. C. Beckjord | - | Consulting Engineer |

Mr. Rogers seconded the nominations.

On motion, duly seconded, the Secretary was instructed to cast the unanimous ballot of the Directors for each of the above named gentlemen as Officers for the ensuing year.

The Secretary as instructed cast the unanimous ballot of the Directors for each of the above named, and they were thereupon declared by the Chairman the duly elected Officers for the ensuing year.

On motion of Mr. Gregg, seconded, Miller, Mack & Fairchild were appointed Counsel at an annual salary of Seventy-five Hundred Dollars ($7,500.), plus additional compensation for court and commission cases.

On motion of Mr. White, seconded, it was

RESOLVED, that the salaries of the Officers be fixed as follows:

| | | |
|---|---|---|
| R. B. Brown | - President & Gen'l. Manager - | $25,000.) |
| Sheldon J. Glass | - 1st V.P. | 9,000.) |
| Ewald Haase | - 2nd V.P., Sec'y.-Treas. | 12,000.) |
| Louis T. Smith | - Ass't. Sec'y.-Ass't. Treas. | 5,100.) |
| H. C. Schaper | - Ass't. Sec'y.-Ass't. Treas. | 6,600.) |
| Edward Dickow | - Auditor | 5,100.) |
| | (Per annum | payable monthly) |

WG-ANR-00081411

#3 - Annual Meeting Board of Directors - 2/7/27.

On motion of Mr. Rogers, seconded, it was

RESOLVED, that the bonds of Mr. Brown, Mr. Glass, Mr. Haase, Mr. Smith, Mr. Schaper and Mr. Dickow be fixed at Five Thousand Dollars ($5,000.) each, premium to be paid be the Company.

On motion the meeting adjourned.

Secretary.

WG-ANR-00081412

### MILWAUKEE GAS LIGHT CO.

#### Special Meeting of Stockholders

------------

Milwaukee, Wis., Feb. 10, 1927.

Pursuant to call by resolution of the Board of Directors, adopted January 27, 1927, a Special Meeting of Stockholders of Milwaukee Gas Light Company was held at the office of the Company, in the City of Milwaukee, Wisconsin, on the 10th day of February, 1927, at 10:00 o'clock in the forenoon.

The following stockholders were present in person or by proxy as appears below:

| Present in person | Common Shares |
|---|---|
| R. B. Brown | 35 |
| Guy F. Gregg | 15 |
| Ewald Haase | 31½ |
| Herbert F. Lindsay | 1 |
| Fred W. Rogers | 1 |
| Edwin E. White | 20 |
| **Total** | **103½** |

| Present by Proxy | | Shares |
|---|---|---|
| American Light & Traction Co., by R. B. Brown, proxy | | 146,004 |
| Arthur H. Anger | do. | 1 |
| Sabin W. Colton, Jr. | do. | 1,167 |
| Adeline Madeira Doebler | do. | 45 |
| Morris F. Fox | do. | 60 |
| Sheldon J. Glass | do. | 32 |
| Lucy S. Jessup | do. | 92 |
| Alanson P. Lathrop | do. | 1 |
| Hannah S. Molony | do. | 34 |
| Katherine M. Morris | do. | 45 |
| George R. Nichols | do. | 38 |
| Cornelia W. Roebling | do. | 877 |
| Ethel B. Scully | do. | 15 |
| George Stevens | do. | 94 |
| Evaleen Y. Sullivan | do. | 186 |
| | **Total** | **148,691** |

*EK*

-2-  Special Meeting of Stockholders (Cont.) - 2/10/27.

There were thus present or represented by proxy, stockholders owning 148,794½ shares of the common stock of the Company, being more than a majority of it's stock issued and outstanding, and constituting a quorum.

The President of the Company, Mr. R. B. Brown, was Chairman of the meeting and Mr. Haase, the Secretary, acted as Secretary of the meeting.

The notice of the meeting was then read by the Secretary and is as follows:

> "Notice is hereby given that a Special Meeting of the Stockholders of Milwaukee Gas Light Company will be held at the office of the Company, 182 Wisconsin Street, Milwaukee, Wisconsin, on the 10th day of February, 1927, at ten o'clock in the forenoon for the following purposes:
>
> (1)  To consider and take action with respect to consenting to the creation of bonded indebtedness of this Company to provide for the discharge or refunding of the Company's outstanding first mortgage bonds maturing May 1, 1927, and for other lawful purposes of the Company; authorizing the execution and delivery of a mortgage and deed of trust to secure such bonded indebtedness and approving the form of such mortgage and deed of trust.
>
> (2)  To transact such other business as may properly come before said meeting or any adjournment or adjournments thereof.
>
> By order of the Board of Directors
>
> Signed:   E. Haase, Secretary.
>
> Dated January 29, 1927.    "



# 146

The Secretary reported that the notice of this meeting was mailed to all common stockholders on the 29th day of January, 1927, and submitted affidavit of Ethel M. Smith, dated January 29, 1927, in proof of such mailing; and that notice had been given by the Secretary in two daily newspapers published in the City of Milwaukee, as required by the By-Laws and submitted affidavit of F. V. Smith, dated February 1, 1927, in proof of such publication in the Milwaukee Journal, and affidavit of J. W. Sparling dated February 2, 1927, in proof of such publication in the Milwaukee Sentinel.    Said affidavits were ordered filed and copies are appended to the minutes of this meeting.

The Chairman appointed Messrs. Rogers and Gregg tellers to canvass the proxies presented at the meeting and to report to the meeting what stockholders were present in person or by proxy.

The tellers thereupon canvassed the proxies presented and compared the same with the list of stockholders, and reported that stockholders were present in person or by proxy as above recited.    The tellers' report was ordered filed and a copy is appended to the minutes of this meeting. The written proxies of the stockholders present by proxy are on file in the office of the Company.

The Chairman then explained that the reports and documents to be submitted at this meeting were not in

WG-ANR-00081415

147

completed form and asked that an adjournment be taken.

Upon motion, duly seconded, it was unanimously

RESOLVED that this meeting do now adjourn to

Monday, February 14, 1927, at 10:00 o'clock, A.M.

Secretary.

WG-ANR-00081416

MILWAUKEE GAS LIGHT COMPANY

WG-ANR-00081417

## AFFIDAVIT

STATE OF WISCONSIN )
                  ) ss.
COUNTY OF MILWAUKEE)

        I, ETHEL M. SMITH, being duly sworn, depose and say that I am in the employ of Milwaukee Gas Light Company, as Stenographer and Clerk in the office of the Secretary of said Company; that on the 29th day of January, 1927, I had addressed and caused to be mailed, and know of my own knowledge that there was deposited in the Post Office at Milwaukee, Wisconsin, to be mailed, notices of a Special Meeting of Stockholders of Milwaukee Gas Light Company, addressed to each stockholder as his address appeared on the Stock Book of the Company at that date, and that the attached is a true copy of the notice so mailed.

*Ethel M. Smith*

Subscribed and sworn to before me
this *29th* day of *January* ,1927.

*C H Crosse*

Notary Public, Milwaukee County, Wis.

My commission expires *Oct 19, 1930*

WG-ANR-00081418

NOTICE OF SPECIAL MEETING
OF STOCKHOLDERS
- - - - - - - - - - - -

To the Stockholders of

Milwaukee Gas Light Company:

Notice is hereby given that a special meeting
of the Stockholders of Milwaukee Gas Light Company will be
held at the office of the Company, 182 Wisconsin Street,
Milwaukee, Wisconsin, on the 10th day of February, 1927, at
ten o'clock in the forenoon for the following purposes:

(1)  To consider and take action with
respect to consenting to the creation of bonded
indebtedness of this Company, to provide for the dis-
charge or refunding of the Company's oustanding first
mortgage bonds maturing May 1, 1927 and for other law-
ful purposes of the Company; authorizing the execution
and delivery of a mortgage and deed of trust to secure
such bonded indebtedness and approving the form of such
mortgage and deed of trust.

(2)  To transact such other business as may
properly come before said meeting or any adjournment or
adjournments thereof.

By order of the Board of Directors
Signed:   E. HAASE, Secretary.

Dated January 29, 1927.

WG-ANR-00081419

129—Form P 277-8-25-500

60

# Affidavit of Publication

**State of Wisconsin,** ss.
Milwaukee, County.

.............. *F. V. Smith* .............., being duly sworn, says that he is the foreman of the printers of The Milwaukee Journal, which is a public newspaper of general circulation, printed and published in the city of Milwaukee, in said county; that a notice, of which the printed one hereto attached is a true copy, was published in said newspaper on the *Thirty-first* day of .... *January* ...... 192.7. ~~and once in each and every week~~ thereafter for ...................... ~~successive and consecutive weeks~~; that the date of the last of such publications was the .. *Thirty-first* .day of .... *January* ........... A. D., 192.7.; and that said publication was made once in each ~~week~~ for.... *One* ... ~~successive weeks~~ in all. That the said Milwaukee Journal is a newspaper printed in the English language and that said printed copy was taken from said newspaper.

.................. *F. V. Smith* ..................

Subscribed and sworn to before me this ..................... day of .......... *February* ........... A. D. 192.7.

.................................................

*Notary Public, Milwaukee County, Wis.*

My commission expires Oct. 19, 1930

## Notice of Special Meeting of Stockholders

**To the Stockholders of Milwaukee Gas Light Company:**

Notice is hereby given that a special meeting of the Stockholders of Milwaukee Gas Light Company will be held at the office of the Company, 132 Wisconsin Street, Milwaukee, Wisconsin, on the 10th day of February, 1927, at ten o'clock in the forenoon for the following purposes:

(1) To consider and take action with respect to consenting to the creation of bonded indebtedness of this Company, to provide for the discharge or refunding of the Company's outstanding first mortgage bonds maturing May 1, 1927, and for other lawful purposes of the Company; authorizing the execution and delivery of a mortgage and deed of trust to secure such bonded indebtedness and approving the form of such mortgage and deed of trust.

(2) To transact such other business as may properly come before said meeting or any adjournment or adjournments thereof.

By order of the Board of Directors.
Signed: E. HAASE, Secretary.
Dated January 29, 1927

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 55 of 126   Document 50-9

WG-ANR-00081420

AFFIDAVIT OF PUBLICATION

# STATE OF WISCONSIN, } SS.
## MILWAUKEE COUNTY.

......*J. W. Sparling*......being duly sworn, says that he is the foreman of the printers of THE MILWAUKEE SENTINEL, which is a public newspaper of general circulation, printed and published in the city of Milwaukee, in said County; that a notice of which the printed one hereto attached is a true copy was published in said newspaper ~~once in each week for~~..............~~successive weeks commencing~~ on the ...*31st*... day of ...*January*.....A. D. 19~~2~~7; that the said MILWAUKEE SENTINEL is a newspaper printed in the English language, and that said printed copy was taken from said newspaper.

**NOTICE OF SPECIAL MEETING OF STOCKHOLDERS.**

To the Stockholders of Milwaukee Gas Light Company:

Notice is hereby given that a special meeting of the Stockholders of Milwaukee Gas Light Company will be held at the office of the company, 182 Wisconsin street, Milwaukee, Wisconsin, on the 10th day of February, 1927, at ____ o'clock in the forenoon for the following purposes:

(1) To consider and take action with respect to conferring to the creation of bonded indebtedness of this company, to provide for the discharge or refunding of the company's outstanding first mortgage bonds maturing May 1, 1927, and for other lawful purposes of the company; authorizing the execution and delivery of a mortgage and deed of trust to secure such bonded indebtedness and approving the form of such mortgage and deed of trust.

(2) To transact such other business as may properly come before said meeting or any adjournment or adjournments thereof.

By order of the Board of Directors.

Signed, E. HAASE, Secretary.

Dated January 29, 1927.

Subscribed and sworn to before me this...*2d*......

day of.....*February*......A. D. 19*27*;

......*J. Hewitt*......

......*J. W. Sparling*......
Notary Public, Milwaukee County.

My commission expires Oct. 5, 1930

WG-ANR-00081421

Milwaukee, Wisconsin,

February 10, 1927.

To the Special Meeting of Stockholders,

Milwaukee Gas Light Company.

The undersigned inspectors of election
hereby report that they have canvassed the powers of attorney
presented at the meeting and compared them with the list of
stockholders of Common Stock and find that the holders of
........103¼....shares of common capital stock of the Company are
present in person, and the holders of.148,69.1....shares are
present by proxy, as per list hereto attached and hereby made
a part hereof.

*Guy Z. Gregg*

*Fred W. Rogers*

148691
103¼
148794¼

WG-ANR-00081422

February 17, 1927.

SPECIAL MEETING OF STOCKHOLDERS

## Present by Proxy

| | Shares |
|---|---|
| American Light & Traction Company by R.B.Brown, Proxy | 146,004 ✓ |
| Arthur H. Anger | 1 ✓ |
| Sabin W. Colton, Jr. | 1,167 ✓ |
| Adeline Madeira Doebler | 45 ✓ |
| Morris F. Fox | 60 ✓ |
| Sheldon J. Glass | 32 ✓ |
| Lucy S. Jessup | 92 ✓ |
| Alanson P. Lathrop | 1 ✓ |
| Hannah S. Molony | 34 ✓ |
| Katherine M. Morris | 45 ✓ |
| George R. Nichols | 38 ✓ |
| Cornelia W. Roebling | 877 ✓ |
| Ethel B. Scully | 15 ✓ |
| George Stevens | 94 ✓ |
| Evaleen Y. Sullivan | 186 ✓ |
| Total | 148,691 ✓ |

10
14
February 17, 1927.

SPECIAL MEETING OF STOCKHOLDERS

| Present in Person | | Shares |
|---|---|---|
| R. B. Brown | | 35 ✓ |
| Guy F. Gregg | | 15 ✓ |
| Ewald Haase | | $31\frac{1}{2}$ ✓ |
| Herbert F. Lindsay | | 1 ✓ |
| Fred W. Rogers | | 1 ✓ |
| Edwin E. White | | 20 ✓ |
| | Total | $103\frac{1}{2}$ ✓ |

WG-ANR-00081424

Adjourned Special Meeting of Stockholders
-------------

Milwaukee, Wis., Feb. 14, 1927.


Pursuant to adjournment, the Special Meeting of Stockholders called for February 10, 1927, was resumed and called to order by the President, Mr. R. B. Brown, this day, February 14, 1927, at 10:00 o'clock A.M.

The President explained that the documents to be submitted to the meeting were not yet in completed form and asked another adjournment to February 17, 1927, at 4:00 o'clock P.M.

On motion, duly seconded and unanimously carried, the meeting adjourned to February 17, 1927, at 4:00 o'clock P.M.

                                   _____
                                          Secretary.

WG-ANR-00081425

MILWAUKEE GAS LIGHT COMPANY

Adjourned Special Meeting of Stockholders

-------------

Milwaukee, Wis., Feb. 17, 1927.

Pursuant to the vote of adjournment at the special meeting of stockholders of Milwaukee Gas Light Company, held at the office of the Company in the City of Milwaukee, Wisconsin, on the 14th day of February, 1927, at 10:00 o'clock in the forenoon, a meeting of said stockholders was held at the time and place specified in said vote of adjournment, to-wit at the Company's office in Milwaukee, on the 17th day of February, 1927, at 4:00 o'clock, P.M.

There were present or represented by proxy stockholders owning 148,794½ shares of the common stock of the Company, being more than a majority of its stock issued and outstanding and constituting a quorum.

Mr. R. B. Brown, President of the Company, acted as Chairman of the meeting, and Mr. Ewald Haase, Secretary of the Company, acted as Secretary of the meeting.

The Chairman stated to the meeting that the Board of Directors had called this meeting for the authorization of the execution and delivery to The Union Trust Company of Pittsburgh, as Trustee, of a Mortgage and Deed of Trust to be dated February 15, 1927, mortgaging and pledging all of the property and franchises of this Company now owned or hereafter acquired (except stock, obligations, bonds and securities not specifically required by the terms of said

WG-ANR-00081426

158

MILWAUKEE GAS LIGHT COMPANY

-2-   Adjourned Special Meeting of Stockholders (Cont.)-2/17/27.

Mortgage and Deed of Trust to be then or thereafter pledged thereunder, and except certain real estate and the buildings and equipment thereon then owned by the Company and such buildings and equipment as may thereafter be erected or placed thereon by the Company) to secure an issue, unlimited in amount, of the Company's bonds; and that said Mortgage and Deed of Trust provided for the creation and authorization of a first series of bonds to be issued thereunder and known and designated as "Milwaukee Gas Light Company First Mortgage Gold Bonds 4½% Series due 1967", limited in aggregate principal amount to $25,000,000.

The Chairman then presented to the meeting a copy of the proposed Mortgage and Deed of Trust to be dated February 15, 1927 from this Company to The Union Trust Company of Pittsburgh, as Trustee, which was ordered spread in full upon the minutes of the meeting.   The following is a true copy thereof:

159

MILWAUKEE GAS LIGHT COMPANY

WG-ANR-00081428

# MILWAUKEE GAS LIGHT COMPANY

### TO

## THE UNION TRUST COMPANY OF PITTSBURGH
#### AS TRUSTEE

## First Mortgage

### February 15, 1927

Printed in U.S.A.—The Evening Post Job Printing Office, Inc., 154 Fulton St., New York, N. Y.

WG-ANR-00081429

161

WG-ANR-00081430

**This Indenture,** made and entered into under date of February 15, 1927, by and between MILWAUKEE GAS LIGHT COMPANY, party of the first part, and THE UNION TRUST COMPANY OF PITTSBURGH, as Trustee, party of the second part, WITNESSETH:

RECITAL 1. Said Milwaukee Gas Light Company, party of the first part, is a corporation organized under the laws of the State of Wisconsin, and its principal office and place of business is in the City of Milwaukee in the said state. Said Milwaukee Gas Light Company is hereafter in this indenture sometimes called the Company. Said The Union Trust Company of Pittsburgh, party of the second part, is a corporation organized under the laws of Pennsylvania, and its principal office and place of business is in the City of Pittsburgh, Pennsylvania. Said The Union Trust Company of Pittsburgh is hereafter in this indenture sometimes called the Trustee.

RECITAL 2. The Company has authority to borrow money for its corporate purposes, to issue its bonds for the money so borrowed and to mortgage its property to secure the payment of the principal of such bonds and of the interest thereon as and when such principal and such interest shall become due and payable according to the tenor and effect of the bonds.

RECITAL 3. The stockholders of the Company at their meeting of                1927, and the Board of Directors of the Company at their meeting of                1927, which said meetings were duly called and held in accordance with law, have duly authorized the issue of bonds as hereinafter provided, and in order to secure the payment of the principal thereof and the interest thereon, have duly authorized the execution and delivery

WG-ANR-00081431

2

of a mortgage or deed of trust substantially in the form of this indenture.

RECITAL 4. The bonds to be issued under and secured by this indenture shall not be limited in total principal amount. They shall be known and designated as First Mortgage Bonds, and there may be added to such designation such other and further descriptive words and figures as may be appropriate. Said bonds may be issued in one or more series, and the bonds of each series may bear such date, mature on such date, bear such rate of interest and contain such other specifications and provisions as are hereafter in this indenture provided or permitted. The bonds of each series may be issued originally either as coupon bonds registerable as to principal and/or as registered bonds without coupons as the Company may elect.

RECITAL 5. The said bonds, the coupons to be attached thereto and the certificate of the Trustee to be endorsed thereon shall be in substantially the following forms respectively, with such appropriate additions, omissions, insertions and variations as are in this indenture provided or permitted:

[GENERAL FORM OF COUPON BOND]

UNITED STATES OF AMERICA

STATE OF WISCONSIN

MILWAUKEE GAS LIGHT COMPANY

FIRST MORTGAGE GOLD BOND .... SERIES ....

No. .......... $..........

MILWAUKEE GAS LIGHT COMPANY, hereinafter called the Company, a corporation of the State of Wisconsin, for value received hereby promises to pay to bearer or, if this bond be registered, to the registered holder hereof on

WG-ANR-00081432

3

at                                                                    ,
the sum of                                                      Dollars
in gold coin of the United States of America of or equal to the
standard of weight and fineness as it existed on
                    , and to pay interest thereon from              ,
at the rate of            per cent. per annum in like gold coin
at                        on the              day of
and the            day of                    in each year until
the Company's obligation with respect to the payment of said
principal sum shall have been discharged but only upon presenta-
tion and surrender of the interest coupons therefor hereto
attached as they severally mature.

This bond is one of an authorized issue known as First
Mortgage Gold Bonds, issued and to be issued in one or more
series, under, and all equally and ratably secured by an indenture
of mortgage, dated February 15, 1927, duly executed by the
Company to The Union Trust Company of Pittsburgh, as
Trustee, to which reference is hereby made for a description
of the properties mortgaged, the nature and extent of the
security and the rights of the holders of said bonds and of the
Trustee in respect of such security. As provided in said inden-
ture said bonds may be for various principal sums and are
issuable in series, which may mature at different times, may
bear interest at different rates and may otherwise vary as
therein provided; and this bond is one of a series entitled
                    , as provided for in            .

In case an event of default, as defined in said indenture, shall
occur, the principal of this bond may become or be declared due
and payable in the manner, with the effect and subject to the
conditions provided in said indenture.

This bond is transferable by delivery, unless registered as to
principal at                        on books of the Com-
pany to be kept thereat for that purpose and such registry noted
hereon. After such registration no transfer shall be valid unless
made upon said books by the registered holder in person, or by
attorney duly authorized, and similarly noted hereon; but this
bond may be discharged from registration by being in like
manner transferred to bearer, and thereupon transferability by
delivery shall be restored, after which this bond may again from
time to time be registered or made transferable to bearer as

WG-ANR-00081433

165

before. Such registration however shall not affect the negotiability of the coupons for interest hereto attached, which shall always be payable to bearer and transferable by delivery merely, and payment to the bearer thereof shall fully discharge the Company in respect of the interest therein mentioned, whether the principal of this bond be registered or not. The Company and the Trustee may deem and treat the bearer of this bond, or, if this bond be registered as to principal as herein authorized, the person in whose name the same is registered, as the absolute owner hereof for the purpose of receiving payment hereof and on account hereof and for all other purposes.

No recourse shall be had for the payment of the principal of or interest on this bond or for any claim based hereon or otherwise in respect hereof, or for any claim based on said indenture, against any incorporator, or any past, present or future subscriber to capital stock, stockholder, director or officer of the Company, or of any predecessor or successor corporation, whether for amounts unpaid on stock subscriptions or by virtue of any constitution, statute or rule of law, or by the enforcement of any assessment or penalty or otherwise howsoever; all such liability being, by the acceptance hereof and as a part of the consideration of the issue hereof, expressly waived and released by every holder hereof, as more fully provided in said indenture.

This bond shall not become obligatory until the Trustee under said indenture, or its successor thereunder, shall have signed the form of certificate endorsed hereon.

IN WITNESS WHEREOF, MILWAUKEE GAS LIGHT COMPANY has caused this bond to be signed in its name by its President or one of its Vice-Presidents, and its corporate seal to be hereunto affixed and attested by its Secretary or one of its Assistant Secretaries, and coupons for said interest bearing the facsimile signature of its Treasurer to be hereunto attached, as of

,

MILWAUKEE GAS LIGHT COMPANY,

By...........................

Attest: President.

..........................
Secretary.

WG-ANR-00081434

MILWAUKEE GAS LIGHT COMPANY

5

[GENERAL FORM OF INTEREST COUPON]

No.......... $..........

On          day of                    , upon
surrender of this coupon, Milwaukee Gas Light Company will
pay to bearer, at                    in
                    Dollars in gold coin of the United
States of America of or equal to the standard of weight and fine-
ness as it existed on                    , being six months'
interest then due on its First Mortgage Gold Bond Series
No.          unless said bond shall have been called for pre-
vious redemption and payment duly provided therefor.

.............................
Treasurer.

The words "unless said bond shall have been called for pre-
vious redemption and payment duly provided therefor" will
appear only upon coupons to which they are applicable by reason
of provisions for redemption prior to maturity in the bonds to
which such coupons are attached.

[GENERAL FORM OF TRUSTEE'S CERTIFICATE]

This bond is one of the bonds of the series designated
therein, described in the within mentioned indenture.

THE UNION TRUST COMPANY OF PITTSBURGH,
as Trustee,

By..........................

WG-ANR-00081435

6

[GENERAL FORM OF REGISTERED BOND WITHOUT COUPONS]

## UNITED STATES OF AMERICA

### STATE OF WISCONSIN

Registered

## MILWAUKEE GAS LIGHT COMPANY

### FIRST MORTGAGE GOLD BOND SERIES.......

No.........                                    $.........

MILWAUKEE GAS LIGHT COMPANY, hereinafter called the Company, a corporation of the State of Wisconsin, for value received hereby promises to pay to
or registered assigns, on                              at
                                                             the
sum of                                        Dollars in gold coin of the United States of America of or equal to the standard of weight and fineness as it existed on
               , and to pay interest thereon from the date hereof at the rate of                per cent. per annum in like gold coin at
                        on the              day of
and the              day of                       in each year until the Company's obligation with respect to the payment of said principal sum shall have been discharged.

This bond is one of an authorized issue known as First Mortgage Gold Bonds, issued and to be issued in one or more series, under, and all equally and ratably secured by an indenture of mortgage, dated February 15, 1927, duly executed by the Company to The Union Trust Company of Pittsburgh, as Trustee, to which reference is made for a description of the properties mortgaged, the nature and extent of the security and the rights of the holders of said bonds and of the Trustee in respect of such security. As provided in said indenture said bonds may be for various principal sums and are issuable in series, which may mature at different times, may bear interest at different rates, and may otherwise vary as therein provided; and this bond is one of a series entitled                     ,
as provided for in                    .

In case an event of default, as defined in said indenture, shall occur, the principal of this bond may become or be declared due

WG-ANR-00081436

7

and payable in the manner, with the effect and subject to the conditions provided in said indenture.

This bond is transferable by the registered holder hereof in person, or by duly authorized attorney, at

upon surrender and cancellation of this bond, and upon any such transfer a new registered bond without coupons of the same series, for the same aggregate principal amount will be issued to the transferee in exchange therefor. The Company and the Trustee may deem and treat the person in whose name this bond is registered as the absolute owner hereof for the purpose of receiving payment of or on account of the principal and interest due hereon and for all other purposes.

No recourse shall be had for the payment of the principal of or interest on this bond, or for any claim based hereon, or otherwise in respect hereof, or for any claim based on said indenture, against any incorporator, or any past, present or future subscriber to capital stock, stockholder, director or officer of the Company, or of any predecessor or successor corporation, whether for amounts unpaid on stock subscriptions, or by virtue of any constitution, statute or rule of law, or by the enforcement of any assessment or penalty, or otherwise howsoever; all such liability being, by the acceptance hereof and as a part of the consideration hereof, expressly waived and released by every holder hereof, as more fully provided in said indenture.

This bond shall not become obligatory until the Trustee under said indenture, or its successor thereunder, shall have signed the form of certificate endorsed hereon.

IN WITNESS WHEREOF, MILWAUKEE GAS LIGHT COMPANY has caused this bond to be signed in its name by its President or one of its Vice-Presidents, and its corporate seal to be hereunto affixed, and attested by its Secretary or one of its Assistant Secretaries as of

MILWAUKEE GAS LIGHT COMPANY

By............................

Attest:                                            President.

............................
Secretary.

WG-ANR-00081437

8

[GENERAL FORM OF TRUSTEE'S CERTIFICATE]

This bond is one of the bonds of the series designated therein, described in the within mentioned indenture.

THE UNION TRUST COMPANY OF PITTSBURGH,
as Trustee,

By ...........................

Every registered bond without coupons shall be dated as of the interest payment date last preceding the authentication thereof by the Trustee, except that if any such bond shall be authenticated on an interest payment date it shall be dated as of that date; and every such registered bond shall bear interest from the date thereof as so fixed.

RECITAL 6. All acts and things required by law and by the charter and by-laws of the Company to make all bonds issuable hereunder, when executed by the Company and authenticated by the Trustee and when issued, the valid, binding and legal obligations of the Company, and to make this indenture a valid and binding mortgage and deed of trust for the security of said bonds, have been done and performed; and the execution and delivery of this indenture have been in all respects duly authorized;

Now, THEREFORE, in order to secure the payment of the principal and interest of all bonds at any time issued and outstanding under this indenture according to their tenor, purport and effect, and the performance and observance of all the covenants and conditions therein and herein contained, and to declare the terms and conditions upon and subject to which said bonds are and are to be issued and secured, and for and in consideration of the premises and of the mutual covenants herein contained and of the purchase and acceptance of such

WG-ANR-00081438

170

9

bonds by the holders thereof and of the sum of one dollar, lawful money of the United States of America, to the Company duly paid by the Trustee at and before the ensealing and delivery hereof, and for other valuable considerations, the receipt whereof is hereby acknowledged, the Company has executed and delivered this indenture and has granted, bargained, sold, conveyed, assigned, mortgaged and set over, and hereby does grant, bargain, sell, convey, assign, mortgage and set over unto the Trustee, its successors in the trust, and its and their assigns forever:

## I.

### THIRD WARD PLANT.

The following nineteen (19) parcels of land situated in the Third Ward of the City of Milwaukee, Milwaukee County, Wisconsin, and below designated (a) to (s) inclusive, viz:

(a) Lot one (1) Block One Hundred and Sixteen (116) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by John Lockwood and wife, by warranty deed, dated May 19, 1852, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 36 of Deeds at page 447, and to which John Lockwood and Matilda F. Lockwood, his wife, quit claimed the interest of Matilda F. Lockwood intended to be conveyed in said warranty deed, by deed dated October 2nd, 1852 and recorded in the office of said Register of Deeds in Volume 36 of Deeds, at page 504; and Daniel Wells and wife quit claimed any and all title they may have had thereto or therein by deed dated December 16th, 1857 and recorded in the office of said Register of Deeds in Volume 60 of Deeds, at page 257.

(b) Lot twelve (12) Block One Hundred and Sixteen (116) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by John W. Pixley by warranty deed dated January 18th, 1867, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 97 of Deeds at page 219.

WG-ANR-00081439

(*c*) Lots Two (2), Three (3) and Four (4) Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Company by John Lockwood and wife, by warranty deed dated May 19th, 1852, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 36 of Deeds at page 447.

(*d*) Lots Five (5) and Six (6) Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Company by John Lockwood and wife by warranty deed dated September 6th, 1854, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin in Volume 45 of Deeds at pages 100 and 101, and said lots were conveyed to Milwaukee Gas Light Company by the County of Milwaukee and the State of Wisconsin by tax deed dated April 26, 1858, and recorded in the office of said Register of Deeds in Volume 62 of Deeds at pages 252 and 253.

(*e*) Lot Seven (7) in Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by John Lockwood and wife by warranty deed dated March 9th, 1857 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 57 of Deeds, at pages 209 and 210.

(*f*) Lot Eight (8) Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by John W. Pixley, by quit claim deed dated September 12, 1867 and recorded in the office of the Register of Deeds in Milwaukee County, Wisconsin in Volume 103 of Deeds, at page 174, and granted, bargained, sold, released and confirmed unto Milwaukee Gas Light Company by Matilda de MaCarty *et al.* Exr. and Exrs., by Executors Deed dated July 24, 1873 and recorded in the office of said Register of Deeds in Volume 134 of Deeds at page 338 *et seq.*

WG-ANR-00081440

11

(*g*) Lots Nine (9) and Ten (10) Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lots conveyed by Hugh H. Henry to Eliphalet Cramer by warranty deed dated March 2, 1868 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin in Volume 105 of Deeds at pages 332 and 333; and conveyed by Eliphalet Cramer and wife to Milwaukee Gas Light Company by quit claim deed dated March 24, 1868 and recorded in the office of said Register of Deeds in Volume 105 of Deeds at pages 333 and 334.

(*h*) Lot Eleven (11) Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by the State of Wisconsin and the City of Milwaukee by Tax Deed dated December 4, 1867 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin in Volume 100 of Deeds at page 217 and conveyed to Milwaukee Gas Light Company by the County of Milwaukee and State of Wisconsin by Tax Deed dated December 6, 1867 and recorded in the office of said Register of Deeds in Volume 92 of Deeds at page 539.

(*i*) Lot Twelve (12) Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by John W. Pixley by warranty deed dated November 28, 1864 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 85 of Deeds at page 354.

(*j*) Lot Thirteen (13) Block One Hundred and Fifty-seven (157) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by John W. Pixley by warranty deed dated June 23, 1866 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 96 of Deeds at page 60.

(*k*) The North Twenty-five (25) feet of Lot Seven (7) in Block One Hundred and Fifty-eight (158) in the Third Ward of the City of Milwaukee, being the same premises conveyed to Milwaukee Gas Light Company by Anastasia Kelley and

WG-ANR-00081441

Edward J. Kelley, her husband, by warranty deed dated August 18, 1882 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 181 of Deeds at page 69.

(*l*) Lot Eight (8) Block One Hundred and Fifty-eight (158) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by Daniel H. Johnson and wife and Fred Rietbrock and wife by warranty deed dated February 20, 1878, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 156 of Deeds at page 11.

(*m*) Lots Nine (9), Ten (10) and Eleven (11) Block One Hundred and Fifty-eight (158) in the Third Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Company by Winthrop W. Gilman and wife by warranty deed dated February 16, 1878 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 155 of Deeds on pages 180 and 181.

(*n*) Lots One (1), Two (2), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9) and Ten (10) Block One Hundred and Sixty-four (164) in the Third Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Company by John Johnston and wife by deed dated March 17, 1884, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 188 of Deeds at pages 527 and 528.

(*o*) Lots One (1), Two (2) and Three (3) Block One Hundred and Sixty-six (166) in the Third Ward of the City of Milwaukee, being the same lots conveyed by W. W. Gilman to Thomas Shea by warranty deed dated May 14, 1884 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 193 of Deeds at pages 287 and 288, and by Thomas Shea and wife conveyed to Milwaukee Gas Light Company by quit claim deed dated May 26, 1884 and recorded in the office of said Register of Deeds in Volume 193 of Deeds at pages 286 and 287.

WG-ANR-00081442

(*p*) Lots Four (4) and Five (5) Block One Hundred and Sixty-six (166) in the Third Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Company by Johannes Fritze and wife by warranty deed dated May 1, 1884 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 192 of Deeds at page 464.

(*q*) Lot Six (6) Block One Hundred and Sixty-six (166) in the Third Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by Jane Russell Averell Carter, Trustee and Executrix et al. by warranty deed dated March 1, 1884 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 193 of Deeds at page 71 et seq.

(*r*) Lots Seven (7) and Eight (8) Block One Hundred and Sixty-six (166) in the Third Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Company as follows: As to an equal undivided three fourths part of said lots by Constance Fennimore Woolson et al. by warranty deed dated October 3, 1872, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 127 of Deeds at pages 409 and 410;

As to her rights of dower and any other interest by Hannah Cooper Woolson by quit claim deed dated October 3, 1872 and recorded in the office of said Register of Deeds in Volume 127 of Deeds at pages 411 and 412;

As to an undivided one-eighth part of said lots by Samuel Mathe by warranty deed dated October 21, 1872 and recorded in the office of said Register of Deeds in Volume 127 of Deeds at pages 449 and 450;

And as to all the right, title and interest of Katherine L. Martin in and to said lots, by Matthew Keenan, Special Guardian, by deed dated February 22, 1873 and recorded in the office of said Register of Deeds in Volume 129 of Deeds at page 331.

(*s*) Lots Nine (9) and Ten (10) in Block One Hundred and Sixty-six (166) in the Third Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Com-

WG-ANR-00081443

pany by George Clarke by warranty deed dated September 19, 1872 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 126 of Deeds at page 504, and to which George Clarke and Anna Maria Clarke quit claimed the right of dower of said Anna Maria Clarke by deed dated September 19, 1872 and recorded in the office of said Register of Deeds in Volume 127 of Deeds at pages 510 and 511.

## II.

### WEST SIDE PLANT.

The following seven (7) parcels of land situated in the Sixteenth Ward of the City of Milwaukee, Milwaukee County, Wisconsin, and below designated (a) to (g), inclusive, viz:—

(a) That part of the east forty-five (45) acres of the west ninety (90) acres of the southwest quarter (S. W. ¼) of section numbered thirty (30), in township numbered seven (7) north, of range numbered twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, in the County of Milwaukee and State of Wisconsin, bounded on the north by the centre line of St. Paul Avenue extended east, and on the south by the North Menomonee Canal, excepting therefrom the right-of-way of the Chicago, Milwaukee & St. Paul Railway Company, being the same premises conveyed to Milwaukee Gas Light Company by Ephraim Mariner and wife by warranty deed dated April 13th, 1886 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 210 of Deeds at page 462.

(b) That part of the southwest quarter of section thirty (30), township seven (7) north, of range twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, in the County of Milwaukee, and State of Wisconsin, which is bounded and described as follows, to wit:

Beginning at a point in the centre of the Menomonee River where it is intersected by the east line of said quarter section, and running thence north to the grounds of the Chicago, Milwaukee & St. Paul Railway Company; thence west along said

WG-ANR-00081444

15

Company's grounds two and one-half (2½) chains to a point; thence south, parallel with the east line of said quarter section, to a point in the centre of the Menomonee River; thence along the centre of said river down stream to the point of beginning, being the same premises conveyed by William Mariner and Jessie M. Mariner, his wife, to Edward G. Cowdery by deed dated October 1st, 1901, and recorded January 6th, 1902, in the Register's Office for Milwaukee County, Wisconsin, in Volume four hundred and fifty-three (453) of Deeds, on page four hundred and twenty-eight (428), and conveyed to Milwaukee Gas Light Company by Edward G. Cowdery and wife by deed dated February 21st, 1902, and recorded in the office of said Register of Deeds in Volume 451 of Deeds at page 570.

(c) All that part of the east seventy (70) acres of the southwest quarter (S. W. ¼) of section thirty (30), town seven (7), north, of range numbered twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, described as follows. to wit:

Beginning at the intersection of the west line of said east seventy (70) acres of said southwest quarter of section thirty (30) with the centre line of the North Menomonee Canal, as the same was established and platted by F. C. Winkler, F. S. Blodgett and D. J. Whittemore, Canal Commissioners, under an act of the legislature of the State of Wisconsin providing for a system of canals in the Menomonee Valley, passed March first, eighteen sixty-nine (March 1st, 1869); thence running east along the centre line of said North Menomonee Canal nine hundred ninety and one-tenth (990 1/10) feet, more or less, to a point one hundred and sixty-five (165) feet west of the east line of said southwest quarter of section thirty (30); thence north, parallel to the quarter line of said section thirty (30); three hundred ninety-eight (398) feet to a point which is three hundred twenty-eight (328) feet north from the established north dock line of the North Menomonee Canal; thence in a westerly direction in a straight line seven hundred and eighty (780) feet to a point which is three hundred and thirty-three (333) feet north of said established north dock line; thence westerly in a straight line two hundred and nine and six-tenths

WG-ANR-00081445

(209.6) feet more or less to a point on the west line of said east seventy (70) acres of the southwest quarter of said section thirty (30), distant three hundred and nineteen feet north from the said established north dock line of said canal; thence south in the west line of said east seventy (70) acres three hundred and eighty-nine (389) feet to the point of beginning, containing nine and seven-hundredths (9.07) acres more or less, of which one and fifty-nine hundredths (1.59) acres lies within the boundaries of the North Menomonee Canal, and as to said one and fifty-nine hundredths (1.59) acres the same is conveyed subject to the rights of the public therein, being the same premises conveyed by the Chicago, Milwaukee and St. Paul Railway to E. G. Cowdery, of Milwaukee, Wisconsin, by deed dated December 12th, 1901, and recorded January 6th, 1902, in the Register's office for Milwaukee County, Wisconsin, in volume four hundred and thirty-three (433) of deeds, page three hundred and fifty-three (353) et. seq., and conveyed to Milwaukee Gas Light Company by Edward G. Cowdery and wife by warranty deed dated April 14, 1902, and recorded in the office of said Register of Deeds in Volume 432 of Deeds at Page 591 et. seq.

(d) Lot Three (3) and Lot Four (4) and all of Lot Two (2) except the East Eighty-five (85) feet thereof, in Block Six (6) in Mariners Addition in the Southwest Quarter (S. W. ¼) of Section numbered Thirty (30) in Township numbered Seven (7) North, of range numbered Twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, being the same premises conveyed to Milwaukee Gas Light Company by Consolidated Building Company by warranty deed dated August 30, 1912 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, September 16, 1912, in Volume 656 of Deeds at page 310.

(e) Lots numbered Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18), Nineteen (19), Twenty (20), Twenty-one (21), Twenty-two (22), Twenty-three (23), Twenty-four (24), Twenty-five (25) and Twenty-six (26) in Block numbered Five (5) in Mariners Addition in the Southwest quarter (S. W. ¼) of Section Thirty (30) in Township Seven (7)

WG-ANR-00081446

17

North, of range Twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, being the same premises conveyed to Milwaukee Gas Light Company by Fred W. Rogers and wife by warranty deed dated August 24, 1923, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 962 of Deeds at page 337.

(f) Lot numbered Eleven (11) in Block numbered Five (5) in Mariners Addition in the Southwest Quarter (S. W. ¼) of Section Thirty (30) in Township Seven (7) North of Range twenty-two (22) east, in the Sixteenth Ward of the City of Milwaukee, being the same lot conveyed to Milwaukee Gas Light Company by Fred W. Rogers and wife by warranty deed dated September 22, 1925, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 1022 of Deeds at page 117.

(g) Lots numbered Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13) and Fourteen (14) in Block numbered Five 5 in Mariners Addition in Southwest quarter (S. W. ¼) of Section Thirty (30) in Township Seven (7) north, of range Twenty-two (22) east in the Sixteenth Ward of the City of Milwaukee, being the same lots conveyed to Milwaukee Gas Light Company by Milwaukee Terminal Company by warranty deed dated September 16, 1925, and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin in Volume 1072 of Deeds at page 329.

Also, all and singular the plants of the Company, its works, stations, substations, repair shops, buildings, structures, machinery, fixtures, apparatus, equipment, overhead and underground construction, pipes, mains, conduits, services, meters and other appurtenances, of every kind, character and description and wheresoever situate, now owned and which may be hereafter acquired or possessed by the Company; excepting always property of the character hereinafter defined as excepted property, and excepting also the real estate and other property hereinafter specifically excepted from the lien hereof.

WG-ANR-00081447

Also, all and singular such corporate, municipal and other franchises, permits, ordinances, consents, privileges, immunities, licenses and rights of every kind, description and character, as are now owned and which may be hereafter acquired, possessed or enjoyed by the Company;

And also all other real property, interests in real property, lands, rights of way, easements, licenses, leaseholds, consents, permits and all other property (other than property of the character hereinafter defined as excepted property and other than the real estate and other property hereinafter specifically excepted herefrom and from the lien hereof), real, personal and mixed, tangible or intangible of every kind, character and description and wheresoever situate, including all rights to compensation upon the termination of any grant, now owned or which may be hereafter acquired or possessed by the Company; and all property not otherwise subject to the lien of this indenture which at any time hereafter, by delivery or by an indenture supplemental hereto, may be expressly conveyed, mortgaged or pledged to the Trustee hereunder by the Company or by a successor corporation, or by anyone in its behalf or with its written consent as and for additional security hereunder; the Trustee being hereby authorized at any and all times to receive any such conveyance, mortgage, pledge or delivery and to hold and apply any such property upon and subject to the terms and provisions which shall be set forth in such supplemental indenture;

TOGETHER with all and singular the tenements and hereditaments thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, and the incomes, rents, issues, earnings and profits thereof, and of every part and parcel thereof; and all of the estate, right, title, interest, property, claim and demand of every nature and kind whatsoever, at law, in equity or otherwise howsoever, which the Com-

WG-ANR-00081448

pany now has or may hereafter acquire in and to the same and every part and parcel thereof.

EXPRESSLY EXCEPTING AND EXCLUDING, however, from this indenture and from the lien and operation thereof property of the character described in sub-paragraph A immediately following, which is hereby defined as and herein sometimes mentioned and referred to as "excepted property," viz:

A. All shares of stock and other certificates or evidences of interest in other corporations, and all bonds, notes and other evidences of indebtedness and other securities of other corporations, now owned or hereafter acquired or possessed by the Company, other than purchase money obligations acquired in accordance with the provisions of Article XII hereof.

EXPRESSLY EXCEPTING AND EXCLUDING ALSO from this indenture and from the lien and operation thereof certain real estate and the buildings and equipment thereon now owned by the Company, together with such buildings and equipment as may hereafter be erected or placed thereon by the Company, which real estate so excepted and excluded is immediately below specifically described under the headings "General Office" and "North Milwaukee Tar Plant," viz;

### GENERAL OFFICE.

The following two (2) parcels of land situated in the Third Ward of the City of Milwaukee, Milwaukee County, Wisconsin, viz:

(1) The East One-half (E½) of Lots numbered Seven (7) and Eight (8) in Block numbered Twenty-nine (29) in the Seventh Ward (now the Third Ward) of the City of Milwaukee, being the same premises conveyed to Milwaukee Gas Light Company by Milwaukee Office Company by warranty

WG-ANR-00081449

20

deed dated April 14, 1902 and recorded in the office of the
Register of Deeds of Milwaukee County, Wisconsin, in Volume
432 of Deeds at page 589, *et seq.*

(2) The West one-half (W½) of Lots numbered Seven
(7) and Eight (8) in Block numbered Twenty-nine (29) in the
Third Ward of the City of Milwaukee, being the same premises
conveyed to Milwaukee Gas Light Company by Consolidated
Building Company by warranty deed dated December 30, 1922
and recorded in the office of the Register of Deeds of Milwaukee
County, Wisconsin, in Volume 942 of Deeds at page 573.

## NORTH MILWAUKEE TAR PLANT.

The following two (2) parcels of land situated in the
City of North Milwaukee, Milwaukee County, Wisconsin, viz:

(1) Block twelve (12) and that portion of Block five (5),
which lies south of Commerce Avenue if extended through
said block five (5), including the land embraced in the vacated
streets and alleys described in the certified copy of resolution
of vacation as follows: "that portion of Stark Street between
Twenty-ninth (29th) Street and Thirtieth (30th) Street, and
lying between blocks five (5) and twelve (12) in the original
North Milwaukee Subdivision No. 1 in the Village (now City)
of North Milwaukee, Milwaukee County, Wisconsin, and all
streets, rights of way, and alleys within the boundary limits of
said block twelve (12) and that portion of said block five (5)
which lies south of Commerce Avenue if extended through said
block"; the land hereby conveyed being bounded as follows:
on the east by Twenty-ninth (29th) Street, on the north by
Commerce Avenue if extended through block five (5); on the
west by Thirtieth (30th) Street, and on the south by right-
of-way of the Chicago, Milwaukee & St. Paul Railway Com-
pany, all in the original North Milwaukee subdivision No. one
(1) in the Village (now City) of North Milwaukee, being the
same premises conveyed to Milwaukee Gas Light Company by
The Original North Milwaukee Townsite Company by warranty
deed dated July 29, 1903, and recorded in the office of the

WG-ANR-00081450

21

Register of Deeds of Milwaukee County, Wisconsin in Volume 471 of Deeds at page 561 *et seq.*

(2) Lots numbered eight (8) and nine (9) in block numbered fifteen (15) in North Milwaukee Townsite Company's Addition Number One (1) in the southeast quarter (S. E. ¼) of section numbered thirty-six (36), in township numbered eight (8) North, of range numbered twenty-one (21) east, in the Village (now City) of North Milwaukee, Milwaukee County, Wisconsin, being the same premises conveyed to Rezeau B. Brown by Isaac Unger and wife by warranty deed dated July 17, 1903 and recorded in the office of the Register of Deeds of Milwaukee County, Wisconsin, in Volume 485 of Deeds at page 63, and by Rezeau B. Brown and wife conveyed to Milwaukee Gas Light Company by quit claim deed dated August 8, 1903 and recorded in the office of said Register of Deeds in Volume 460 of Deeds at page 213.

It is hereby agreed by the Company that all the property, rights and franchises acquired by the Company after the date hereof (other than property of the character hereinbefore defined as "excepted property" and other than property expressly excepted from the lien hereof) shall be as fully embraced within the lien hereof as if such property were now owned by the Company and was specifically described herein and conveyed hereby.

All the property at the time subject to the lien hereof including the income, rents, issues, earnings and profits thereof, together with the appurtenances as aforesaid, is hereinafter sometimes called the "trust estate".

To HAVE AND TO HOLD the trust estate unto the Trustee, its successors and assigns, to and for the proper use, benefit and behoof of the Trustee, its successors and assigns forever;

Under and subject however as follows:

(1) To any easements, rights-of-way, restrictions and reservations (other than easements, rights-of-way, restrictions or reservations securing, or constituting a

WG-ANR-00081451

lien or charge for, the payment of money or its equiv-
alent) existing by operation of law or otherwise, over,
under, upon or against the trust estate or any part
thereof.

(2) As to the properties and franchises acquired
after the date hereof, to any mortgages or other liens
which may exist thereon, at the date of the acquisition
of such properties or franchises by the Company.

IN TRUST, NEVERTHELESS, for the equal and proportionate
use, benefit and security of all present and future holders of the
bonds and coupons issued and to be issued under this indenture,
and for the enforcement of the payment of said bonds and cou-
pons when payable according to their tenor, purport and effect,
and to secure the performance of and compliance with the cove-
nants and conditions of said bonds and coupons and of this
indenture, without preference, priority or distinction as to lien
or otherwise, of any one bond or coupon over any other bond
or coupon, or of the bonds or coupons of any particular series over
the bonds or coupons of any other series, by reason of priority
in the time of issue, sale or negotiation thereof or by reason of
the purpose of issue or otherwise howsoever (subject, however, to
the provisions with reference to extended, transferred or pledged
coupons and claims for interest hereinafter contained), so that
each and every bond issued and to be issued hereunder shall have
the same right, lien and privilege under and by virtue of this
indenture, and so that the principal and interest of all bonds
shall be equally and proportionately secured hereby, as if all
such bonds at any time outstanding had been duly issued, sold
and negotiated simultaneously with the execution and delivery
of this indenture, and for the same consideration; it being
intended that the lien and security of this indenture and of all
bonds issued and to be issued hereunder shall take effect from
the day of the execution and delivery hereof, without regard to

WG-ANR-00081452

23

the time of the actual issue, sale or disposition of said bonds, and as though upon said date all of said bonds had been actually sold and delivered to and were in the hands of *bona fide* purchasers thereof for value;

And it is hereby covenanted and declared that all of said bonds, with the coupons for interest thereon, are to be executed, authenticated, issued and held, and that the trust estate is to be held by the Trustee, upon and subject to the further covenants, conditions, uses and trusts hereinafter set forth, and it is hereby covenanted and agreed by and between the parties hereto, as follows, viz:

## ARTICLE I.

### DESCRIPTION, EXECUTION AND REGISTRATION OF BONDS.

SECTION 1. The bonds to be issued under and secured by this indenture may be issued in series from time to time, but before any bonds of any series except the $4\frac{1}{2}\%$ Series due 1967, provision for which is made in Article III of this indenture, shall be authenticated and delivered by the Trustee the Company shall execute and deliver to the Trustee an indenture supplemental to this indenture authorizing or creating such series, and a certified copy of a resolution of its Board of Directors authorizing the execution and delivery of such supplemental indenture, which shall, among other things, fix the maximum authorized principal amount of the bonds of such series, unless at the time there shall be filed with the Trustee the written opinion of counsel satisfactory to the Trustee who may be counsel for the Company stating that the limitation of such principal amount is neither necessary or advisable.

Said bonds may be issued originally either as coupon bonds and/or as registered bonds without coupons, as shall be provided in the appropriate supplemental indenture. The bonds of all series shall be known generally as "First Mortgage Gold Bonds", but with respect to the bonds of any particular series

WG-ANR-00081453

there may be added to or incorporated in the title as the same may appear in the heading of the bonds and in the coupons thereto attached, the rate of interest borne by the bonds of such series, or any other words or figures descriptive thereof as shall be provided for in the appropriate supplemental indenture.

Said bonds and the coupons to be attached to the coupon bonds shall be substantially in the forms hereinbefore recited, with such omissions, variations and insertions as may be required to comply with the terms of this indenture, and the bonds of each series shall be distinguished from the bonds of each other series in such manner, either by a serial designation (which shall be noted thereon) and/or in the title of the bonds of such series or otherwise, as shall be provided for in the appropriate supplemental indenture. All bonds of the same series shall be identical except as to denominations and as to the differences between coupon bonds and registered bonds without coupons, herein permitted.

The bonds of each series (except said 4½% Series due 1967) shall bear such date or dates, shall be payable at such place or places, shall mature on such date, shall bear interest from such date and at such rate or rates payable in such installments and on such dates, may be redeemable before maturity at such price or prices and upon such terms and conditions, and shall be transferable and registerable at such place or places, as shall be fixed in respect of such series by the appropriate supplemental indenture and as shall be appropriately expressed in the bonds of such series. The date determining the standard of weight and fineness of gold coin in which the principal and interest of the bonds of each series shall be paid, shall be fixed in like manner and expressed in the bonds and coupons of such series.

Coupon bonds shall bear interest in accordance with the coupons attached thereto. Registered bonds without coupons shall be dated as of the interest payment date last preceding the

WG-ANR-00081454

25

authentication thereof by the Trustee, except that if any such bond shall be authenticated on an interest payment date it shall be dated as of that date, and every such registered bond shall bear interest from the date thereof as so fixed.

The bonds of each series, and the coupons to be attached thereto may contain such terms, covenants, conditions, provisions, specifications, descriptive words and recitals, and may have such letters, numbers or other marks of identification or designation and such legends or endorsements printed, lithographed or engraved thereon, as may be required to comply with the rules of any exchange or to conform to usage in respect thereof, or as, consistently with the provisions hereof, may be provided for in the appropriate supplemental indenture.

SECTION 2. Any indenture supplemental to this indenture authorizing or creating any series of bonds may, but need not, make; and if made, the bonds of such series shall contain:

(a) provision for the payment of the principal of and/or the interest on the bonds of such series without deduction for such taxes, assessments or other governmental charges and to such extent and upon such terms and conditions as the Board of Directors of the Company may determine or fix and as may be set forth in such supplemental indenture; and/or

(b) provision for refunding to the holders of the bonds of such series, such taxes, assessments or other governmental charges, and to such extent and upon such terms and conditions as the Board of Directors of the Company may determine or fix and as may be set forth in such supplemental indenture; and/or

(c) provision for the exchange or conversion of the bonds of such series for new bonds issuable hereunder of a different series and/or shares of stock of the Company

WG-ANR-00081455

or of a successor corporation and/or other securities, at such times, upon such terms and subject to such adjustments as the Board of Directors of the Company may determine or fix and as may be set forth in such supplemental indenture.

Any one or more of such provisions may, at any time after the creation of any particular series of bonds, be made with respect to the bonds of such series by an indenture supplemental to this indenture, authorized by resolution of the Board of Directors of the Company; provided, however, that if such supplemental indenture shall make any of the provisions referred to in sub-division (*c*) of this Section 2, such provisions shall be at the option of the holders of such bonds.

SECTION 3. Any indenture supplemental to this indenture authorizing or creating any series of bonds may, but need not, make provisions that,

(*a*) coupon bonds of such series may, at the option of the holders thereof, and upon the surrender thereof at such place or places as shall be designated in this indenture for the purpose, with all unmatured coupons attached, be exchanged for coupon bonds of the same series of the same aggregate principal amount, but of a different denomination or denominations;

(*b*) registered bonds without coupons of such series may, at the option of the registered holders thereof and upon the surrender thereof at such place or places as shall be designated in this indenture for the purpose, be exchanged for registered bonds without coupons of the same series, of the same aggregate principal amount, but of a different denomination or denominations;

(*c*) coupon bonds of such series may, at the option of the holders thereof and upon the surrender thereof

WG-ANR-00081456

at such place or places as shall be designated in this indenture for the purpose, with all unmatured coupons attached, be exchanged for registered bonds without coupons of the same series of the same aggregate principal amount, and of the same or a different denomination or denominations;

(*d*) registered bonds without coupons of such series may, at the option of the registered holders thereof and upon the surrender thereof at such place or places as shall be designated in this indenture for the purpose, be exchanged for coupon bonds of the same series of the same aggregate principal amount, and of either the same or of a different denomination or denominations.

Any one or more of such provisions may, after the creation of any particular series of bonds, be made with respect to the bonds of such series by an indenture supplemental hereto authorized by resolution of the Board of Directors of the Company.

All coupon bonds so surrendered and all coupon bonds delivered in exchange therefor shall be accompanied by all unmatured coupons appertaining thereto. All bonds so surrendered shall be forthwith cancelled by the Trustee and delivered to or upon the order of the Company; provided, however, that coupon bonds surrendered in exchange for registered bonds without coupons may be retained uncancelled by the Trustee for use in future exchanges of coupon bonds for registered bonds without coupons where the right to make such exchange exists. All bonds executed, authenticated and delivered in exchange for bonds so surrendered shall be the valid obligations of the Company, evidencing the same debt as the bonds surrendered, and shall be secured by the lien of this indenture and entitled to all of the benefits and protection hereof to the same extent as the

bonds in exchange for which they are executed, authenticated and delivered.

SECTION 4. From time to time the bonds issuable hereunder shall be executed on behalf of the Company by its President or a Vice-President, under its corporate seal attested by its Secretary or an Assistant Secretary, or by such other form of execution as may be prescribed by resolution of the Board of Directors of the Company. In case any officer of the Company who shall have signed or sealed any bond shall cease to be such officer of the Company before the bond so signed or sealed shall have been actually authenticated and delivered by the Trustee, such bond, nevertheless, may be authenticated and delivered and issued as though the person who had signed or sealed such bond had not ceased to be an officer of the Company; and also any bond may be signed and sealed on behalf of the Company by such persons as at the actual date of the execution of such bond shall be the proper officers of the Company, although at the date of such bond any such person shall not have been an officer of the Company. The coupons to be attached to the coupon bonds shall be authenticated by the fac-simile signature of the present or any future Treasurer of the Company, and the Company may adopt and use for that purpose the facsimile signature of any person who shall have been such Treasurer, notwithstanding the fact that he may not have been such Treasurer at the date of such bond or that he may have ceased to be such Treasurer at the time when such bonds shall be actually authenticated and delivered.

SECTION 5. The bonds when executed shall be delivered to the Trustee for authentication by it; and thereupon, as provided in this indenture and not otherwise, the Trustee shall authenticate and deliver the same. Only such bonds as shall bear thereon endorsed a certificate of authentication substantially in

WG-ANR-00081458

29

the form hereinbefore recited and duly executed by the Trustee, shall be secured by this indenture, or be entitled to any lien, right or benefit hereunder. No bond and no coupon thereunto appertaining shall be or become valid or obligatory for any purpose until such certificate shall have been duly executed on such bond; and such authentication by the Trustee upon any bond shall be conclusive evidence and the only evidence (but shall not be a representation by the Trustee) that the bond so authenticated has been duly issued hereunder and that the holder is entitled to the benefit of the trust and lien hereby created. Before authenticating and delivering any bond the Trustee shall detach and cancel any coupons thereon then matured and deliver the same to the Company.

SECTION 6. Pending the preparation of definitive bonds of any series to be issued under and secured by this indenture, the Company may execute, and upon its request in writing, the Trustee shall authenticate and deliver, in lieu of such definitive bonds and subject to the same provisions, limitations and conditions, one or more temporary printed, lithographed or typewritten bonds, in such denominations as the Company shall request, substantially of the tenor and in the form of the definitive bonds of the same series, with or without coupons, or with one or more coupons, and with or without privilege of registration, and with or without the privilege of exchange for temporary bonds of the same series of other authorized denominations, and with such omissions, insertions and variations as may be appropriate. The Company shall, without unreasonable delay, at its own expense, prepare, execute and deliver to the Trustee, and thereupon, upon the presentation and surrender of temporary bonds, the Trustee shall authenticate and deliver, in exchange therefor, definitive bonds of the same series for the same principal sum in the aggregate as the temporary bonds surrendered. All temporary bonds so surrendered shall be forthwith cancelled

by the Trustee and delivered to or upon the order of the Company. Until exchanged for definitive bonds, the temporary bonds shall in all respects be entitled to the lien and security of this indenture, and interest, when and as payable, shall be paid upon the presentation thereof and endorsement of such payment shall be made thereon, unless such payment shall be made upon the presentation and surrender of a coupon attached thereto; Provided, however, that after the Company shall have so prepared and executed any such definitive bonds and delivered the same to the Trustee for authentication and delivery in exchange for temporary bonds, no interest shall be paid upon the temporary bonds for which such definitive bonds are exchangeable.

SECTION 7. The Company shall keep or cause to be kept at such place or places as shall be designated for the purpose, books for the registration and transfer of bonds issued hereunder, all of which shall at all times be open for inspection by the Trustee; and, upon presentation for such purpose, the Company shall, under such reasonable regulations at it may prescribe, register or transfer or cause to be registered or transferred therein, any of the bonds issued hereunder and entitled to be so registered or transferred.

The holder of any coupon bond may have the ownership thereof, as to principal, registered on said books, and such registration shall be noted on the bond. After such registration no transfer shall be valid unless made on said books by the registered holder in person, or by duly authorized attorney, and similarly noted on the bond; but the same may be discharged from registration by being in like manner transferred to bearer, and thereupon transferability by delivery shall be restored, and such bond may again from time to time be registered or transferred to bearer as before. Such registration, however, shall not affect the negotiability of the coupons, and every such coupon shall continue to be transferable by delivery

WG-ANR-00081460

31

merely, and shall remain payable to bearer, and payment thereof to bearer shall fully discharge the Company in respect of the interest therein mentioned, whether the bond be registered as to principal or not.

Whenever the registered holder of any registered bond without coupons shall surrender the same to the Company for transfer, together with a written instrument of transfer, in form approved by the Company, duly executed by such registered holder, the Company shall execute and the Trustee shall authenticate and it or the Company shall deliver in exchange therefor a new registered bond without coupons or new registered bonds without coupons, of the same series for the same aggregate principal amount. All bonds so surrendered shall be forthwith cancelled and delivered to or upon the order of the Company.

In lieu of inspecting any books for the registration and transfer of bonds, which shall not at the time be kept at the office of the Trustee, the Trustee shall be entitled to accept and conclusively rely upon a certificate of the agent or officer in charge thereof as to the facts and matters therein appearing, including the names and addresses of the holders of bonds registered therein and the amounts, numbers and series of such bonds.

SECTION 8. For any exchange of bonds for bonds of another denomination, or of coupon bonds for registered bonds without coupons, or of registered bonds without coupons for coupon bonds, or for any transfer of registered bonds without coupons, or for the registration as to principal of any coupon bond, or for the freeing of any bond from such registry as to principal, the Company at its option may require the payment of a sum sufficient to reimburse it for any stamp tax or other governmental charge incident thereto, and in addition thereto, of a further sum not exceeding two dollars for each new bond, if any, issued upon such exchange or transfer.

WG-ANR-00081461

SECTION 9. In case any bond shall be mutilated or destroyed or lost or stolen, the Company, in its discretion, may issue, and thereupon the Trustee shall authenticate and deliver, a new bond of like series, tenor and date, having attached, in case of a coupon bond, the same corresponding unmatured coupons as the mutilated, destroyed, stolen or lost bond, in exchange and substitution for, and upon surrender and cancellation of, the mutilated bond and its coupons, or in lieu of and in substitution for the bond and its coupons so destroyed or lost or stolen. Before the issuance of any substituted bond the applicant therefor shall furnish to the Company and the Trustee evidence satisfactory to both of them of the destruction or loss or theft of such bond and its coupons so destroyed or lost or stolen, and indemnity satisfactory to both of them in their discretion. The Company may require the payment of a sum not exceeding two dollars for each new bond issued under this Section 9, and of the expenses which may be incurred by the Company and Trustee in the premises.

## ARTICLE II.

### AMOUNT OF BONDS UNLIMITED.

SECTION 1. The aggregate principal amount of bonds which may be executed by the Company and authenticated and delivered by the Trustee and be issued under and secured by this indenture is not limited, and the power of the Company to issue bonds hereunder shall not be exhausted by any issue but may be exercised from time to time, and this indenture shall be and constitute a continuing lien to secure the full and final payment of the principal of and interest on all bonds which may, from time to time, be executed, authenticated and delivered hereunder.

Before any bonds of any series, except the $4\frac{1}{2}\%$ Series due 1967 provided for in Article III of this indenture, shall be

WG-ANR-00081462

authenticated and delivered by the Trustee, the Company shall, as required by Article I, Section 1 of this indenture, execute and deliver to the Trustee an indenture, supplemental to this indenture, authorizing or creating such series, which shall among other things fix the maximum authorized principal amount of the bonds of such series (unless the opinion of counsel mentioned in said Article I, Section 1 shall have been filed with the Trustee), and a certified copy of a resolution of the Board of Directors of the Company authorizing the execution and delivery of such supplemental indenture; and the Company shall cause such supplemental indenture to be recorded in all public offices in which this indenture is at the time recorded, or otherwise as may be required by law.

## ARTICLE III.

### 4½% SERIES DUE 1967.

SECTION 1. The first series of bonds to be issued under and secured by this indenture shall be known and designated as "Milwaukee Gas Light Company First Mortgage Gold Bonds 4½% Series due 1967". Said first series of bonds is hereinafter called the 4½% Series due 1967.

SECTION 2. The said 4½% Series due 1967 is hereby created. The aggregate principal amount of bonds of said series shall be $25,000,000. Said aggregate principal amount of $25,000,000 is hereby authorized, and said aggregate principal amount shall be limited to and shall never exceed $25,000,-000 bonds of such series at any time issued and outstanding. The fact that bonds of the 4½% Series due 1967 to the full authorized amount of $25,000,000 may not at any time have been issued shall not prevent the creation of another or other series, nor the authentication and delivery of bonds of such another or other series, upon compliance by the Company with

the appropriate provisions of this indenture. All coupon bonds of the 4½% Series due 1967 shall be dated as of March 1, 1927, and registered bonds without coupons of such series shall be dated as in Article I, Section 1 provided; and shall mature on March 1, 1967, and shall bear interest from their date at the rate of Four and one-half per cent. per annum, payable semi-annually on March 1 and September 1 in each year. Said principal and interest shall be payable in gold coin of the United States of America of or equal to the standard of weight and fineness as it existed on March 1, 1927. Both principal and interest shall be payable at the principal office of the Trustee, or at the option of the holder at the office or agency of the Company in the Borough of Manhattan in the City of New York. As provided for in Section 5 of this Article III, all interest payments upon said bonds shall be made without deduction for any income tax imposed thereon by the United States Government, except any excess of such income tax over two per cent. per annum, which the Company or the Trustee may be required or authorized to pay or retain from such interest by any present or future law of the United States of America, and the Company will reimburse to owners of said bonds resident in the respective states the amounts of the following taxes paid with respect to such bonds or the interest thereon: The so-called Four Mills tax in Pennsylvania and any Massachusetts income tax not exceeding 6% of the interest on the bonds in any year, but in each case only upon written request made as provided in said Section 5, and subject to the terms and conditions therein set forth. Said bonds of the 4½% Series due 1967 shall be redeemable as provided for in Section 3 of this Article III and shall be in the form and of the denominations provided for in Section 4 of this Article III. Bonds of the 4½% Series due 1967 to the aggregate principal amount of $11,500,000 shall be authenticated and delivered by the Trustee as provided for in Section 7 of this Article III, and

WG-ANR-00081464

35

additional bonds of said series up to but not exceeding the aforesaid total authorized principal amount of $25,000,000 may be authenticated and delivered as provided for in Articles IV and VI hereof.

SECTION 3. The bonds of the 4½% Series due 1967 shall be redeemable at the option of the Company in whole or in part at any time prior to and including March 1, 1966, upon payment of the principal and accrued interest to the date of redemption, together with a premium on the principal which shall be as follows:

If the date of redemption shall be on or before March 1, 1937, the premium shall be Seven and one-half per cent.;

If the date of redemption shall be after March 1, 1937, but on or before March 1, 1947, the premium shall be Five per cent.;

If the date of redemption shall be after March 1, 1947, but on or before March 1, 1966, the premium shall be Two and one-half per cent.

The bonds of the 4½% Series due 1967 shall also be redeemable at the option of the Company in whole or in part at any time after March 1, 1966, upon payment of the principal and accrued interest to the date of redemption without any premium whatever on the principal.

In case the Company shall desire to so redeem all or any part of the bonds of the 4½% Series due 1967, it shall give notice to the effect that it has elected to redeem and pay off all or a part thereof, as the case may be, on a date therein designated, specifying in case of partial redemption the distinctive numbers of the bonds to be redeemed, and in every case stating that on said date there will become and be due and payable upon each bond so to be redeemed, at the principal office

of the Trustee, the principal thereof (or portion thereof in
the case of the partial redemption of a registered bond without
coupons) together with the accrued interest to such date, with
such premium, if any, as is specified in such bond, and that
from and after such date interest thereon will cease to accrue.

Such notice shall be published in one daily newspaper pub-
lished and in general circulation in Milwaukee, Wisconsin, and
also in one daily newspaper published and in general circula-
tion in Pittsburgh, Pennsylvania, and in one daily newspaper
published and in general circulation in the Borough of Manhat-
tan in the City of New York, at least once in each of eight
successive calendar weeks, the first publication to be made at
least sixty days before the date fixed for redemption, and shall
also be sent by the Company through the mails, postage prepaid,
at least sixty days prior to such date of redemption, to the
holders of all coupon bonds at the time registered as to prin-
cipal to be so redeemed, and to the holders of all registered
bonds without coupons to be so redeemed in whole or in part,
to the addresses that shall appear upon the registers thereof.

In case the Company shall at any time elect to redeem less
than all of the then outstanding bonds of the 4½% Series due
1967 it shall, in each such instance, at least fifteen days before
the date upon which the first publication of the notice of redemp-
tion hereinbefore mentioned is required to be made, notify the
Trustee in writing of its such election and of the aggregate
principal amount of bonds to be redeemed, and thereupon the
Trustee shall, in any manner by it deemed proper, draw by lot
the bonds to be so redeemed from the distinctive numbers of
all the bonds of said series then outstanding, and shall within
ten days after receiving the notice aforesaid notify the Com-
pany in writing of the distinctive numbers of the bonds so
drawn.

Prior to the redemption date specified in the notice above
provided for, the Company shall deposit with the Trustee an

WG-ANR-00081466

37

amount of cash sufficient to effect the redemption of the bonds specified in such notice, or it may irrevocably direct the Trustee to apply to such purpose moneys theretofore deposited with or held by the Trustee and available for the purpose, and from and after the date of redemption designated in such notice (such cash having been deposited or directed to be applied as aforesaid) no further interest shall accrue upon any of the bonds so to be redeemed (or, in the case of registered bonds without coupons, only a portion of the principal amount of which is to be redeemed, on such portion thereof); and (such cash having been deposited or directed to be applied as aforesaid) any coupons for interest pertaining to any such bonds and maturing after such date shall become and be null and void, anything in such bonds or coupons or in this indenture to the contrary notwithstanding. If the Company shall fail so to deposit or direct the application of the money for the redemption of said bonds, such failure shall constitute an event of default under this indenture and the said bonds so called for redemption shall immediately become due and payable and the holders of said bonds shall be entitled to receive, and the Company shall be obligated to pay, the redemption price of said bonds and thereupon and without the lapse of any period of time all the remedies provided for in Article IX hereof with respect to a default in the payment of principal shall be available to, and enforcible by, the Trustee.

Notice of redemption having been given by publication and mailing as provided herein, the bonds so called, or the specified portions thereof shall, on the date designated in such notice, become due and payable at the principal office of the Trustee at their respective redemption prices payable on such date; and, upon the presentation and surrender thereof, with (in the case of coupon bonds) all interest coupons maturing on or subsequent to the redemption date, and (in the case of registered bonds or of coupon bonds which shall at the time be

WG-ANR-00081467

registered as to principal) accompanied by duly executed assign-
ments or transfer powers, such bonds, or the specified portions
thereof, shall be paid and redeemed out of the funds so depos-
ited with or directed to be applied by the Trustee, at their re-
spective redemption prices then payable.

All bonds redeemed under this Section 3 shall be cancelled
by the Trustee and shall be delivered to or upon the written
order of the Company.

SECTION 4. The bonds of the 4½% Series due 1967 shall
be coupon bonds and registered bonds without coupons.

The form of coupon bonds of the 4½% Series due 1967
and the coupons thereto attached and the Trustee's certificate
endorsed thereon shall be substantially as follows:

[FORM OF COUPON BOND]

UNITED STATES OF AMERICA

STATE OF WISCONSIN

MILWAUKEE GAS LIGHT COMPANY

FIRST MORTGAGE GOLD BOND 4½% SERIES DUE 1967

No. .......... $...........

MILWAUKEE GAS LIGHT COMPANY, hereinafter called the
Company, a corporation of the State of Wisconsin, for value
received hereby promises to pay to bearer or, if this bond be
registered, to the registered holder hereof on March 1,
1967, at the principal office of the Trustee, or at the option of
the bearer or registered holder, at the office or agency of the
Company in the Borough of Manhattan in the City of New
York, the sum of                                    Dollars
in gold coin of the United States of America of or equal to the
standard of weight and fineness as it existed on March 1, 1927,
and to pay interest thereon from March 1, 1927, at the rate of
Four and one-half per cent. per annum in like gold coin at said

WG-ANR-00081468

39

office of the Trustee, or at the option of the holder of the coupon evidencing such interest, at the aforesaid office or agency of the Company, on the first day of September and the first day of March in each year until the Company's obligation with respect to the payment of said principal sum shall have been discharged, but only upon presentation and surrender of the interest coupons therefor hereto attached as they severally mature.

This bond is one of an authorized issue known as First Mortgage Gold Bonds, issued and to be issued in one or more series under and all equally and ratably secured by an indenture of mortgage dated February 15, 1927, duly executed by the Company to The Union Trust Company of Pittsburgh, as Trustee, to which reference is hereby made for a description of the properties mortgaged, the nature and extent of the security and the rights of the holders of said bonds and of the Trustee in respect of such security. As provided in said indenture said bonds may be for various principal sums and are issuable in series, which may mature at different times, may bear interest at different rates and may otherwise vary as therein provided; and this bond is one of a series entitled "First Mortgage Gold Bonds 4½% Series due 1967," which have been authorized for an aggregate principal amount of $25,000,000 as provided for in Article III of said indenture.

The interest on this bond is payable without deduction for any income tax imposed thereon by the United States of America, except any excess of such income tax over two per cent. per annum, which the Company or the Trustee or any paying agent may be required or authorized to pay or retain from such interest by any present or future law of the United States of America; and in Article III, Section 5 of said indenture the Company has covenanted to reimburse to owners of bonds of this series, resident in the respective states, the amounts of the following taxes paid with respect to such bonds or the interest thereon: the so-called Four Mills tax in Pennsylvania and any Massachusetts income tax not exceeding six per cent. of the interest on the bonds in any year, but in each case only upon written request made as provided therein and subject to the terms and conditions therein set forth.

WG-ANR-00081469

**40**

This bond may at the option of the Company be redeemed at any time prior to and including March 1, 1966, upon payment of the principal and accrued interest to the date of redemption together with a premium which shall be as follows: Seven and one-half per cent. of the principal if the date of redemption be on or before March 1, 1937; Five per cent. if after March 1, 1937, and on or before March 1, 1947; Two and one-half per cent. if after March 1, 1947, and on or before March 1, 1966. After March 1, 1966, this bond may at the option of the Company be redeemed at any time upon payment of the principal and accrued interest to the date of redemption without any premium. Any such redemption shall be upon sixty days' prior notice and as fully set forth in Article III, Section 3 of said indenture which also sets out the manner, terms and conditions of redemption.

In case an event of default as defined in said indenture shall occur, the principal of this bond may become or be declared due and payable in the manner, with the effect and subject to the conditions provided in said indenture.

This bond is transferable by delivery, unless registered as to principal, at the principal office of the Trustee or at the office or agency of the Company in the Borough of Manhattan, in the City of New York, on books of the Company to be kept thereat for that purpose and such registry noted hereon. After such registration no transfer shall be valid unless made upon said books by the registered holder in person, or by attorney duly authorized, and similarly noted hereon; but this bond may be discharged from registration by being in like manner transferred to bearer, and thereupon transferability by delivery shall be restored, after which this bond may again from time to time be registered or made transferable to bearer as before. Such registration however shall not affect the negotiability of the coupons for interest hereto attached, which shall always be payable to bearer and transferable by delivery merely, and payment to the bearer thereof shall fully discharge the Company in respect of the interest therein mentioned, whether the principal of this bond be registered or not. The Company and the Trustee may deem and treat the bearer of this bond, or if this bond be registered as to principal as herein authorized, the

WG-ANR-00081470

person in whose name the same is registered, as the absolute owner hereof for the purpose of receiving payment hereof and on account hereof and for all other purposes.

In the manner and upon payment of the charges prescribed in said indenture coupon bonds of the 4½% Series due 1967 upon surrender thereof to the Trustee with all unmatured coupons attached are exchangeable for a like aggregate principal amount of coupon bonds of the same series in any other authorized denominations with all unmatured coupons attached or for a like aggregate principal amount of registered bonds without coupons of the same series of any authorized denominations; and in like manner registered bonds without coupons of the 4½% Series due 1967 upon surrender thereof to the Trustee together with a written instrument of transfer in form approved by the Company, duly executed by the registered holder are exchangeable for a like aggregate principal amount of registered bonds of the same series of any other authorized denominations or for a like aggregate principal amount of coupon bonds of the same series of any authorized denominations with all unmatured coupons attached.

No recourse shall be had for the payment of the principal of or interest on this bond or for any claim based hereon or otherwise in respect hereof, or for any claim based on said indenture, against any incorporator, or any past, present or future subscriber to capital stock, stockholder, director or officer of the Company, or of any predecessor or successor corporation, whether for amounts unpaid on stock subscriptions or by virtue of any constitution, statute or rule of law, or by the enforcement of any assessment or penalty or otherwise howsoever; all such liability being, by the acceptance hereof and as a part of the consideration of the issue hereof, expressly waived and released by every holder hereof, as more fully provided in said indenture.

This bond shall not become obligatory until the Trustee under said indenture, or its successor thereunder, shall have signed the form of certificate endorsed hereon.

IN WITNESS WHEREOF, MILWAUKEE GAS LIGHT COMPANY has caused this bond to be signed in its name by its President or one of its Vice-Presidents, and its corporate seal to be here-

WG-ANR-00081471

unto affixed and attested by its Secretary or one of its Assistant Secretaries, and coupons for said interest bearing the facsimile signature of its Treasurer to be hereunto attached, as of March 1, 1927.

MILWAUKEE GAS LIGHT COMPANY,

By................................

Attest:                                          President

................

Secretary.

[FORM OF INTEREST COUPON]

No.............                          $............

On the              day of              , 19    , upon surrender of this coupon, MILWAUKEE GAS LIGHT COMPANY will pay to bearer, at the principal office of the Trustee, or, at the option of the holder, at the office or agency of the Company in the Borough of Manhattan, City of New York, Dollars in gold coin of the United States of America of or equal to the standard of weight and fineness as it existed on March 1, 1927, without deduction for any income tax imposed thereon by the United States of America up to but not in excess of two per cent. of said sum, being six months' interest then due on its First Mortgage Gold Bond 4½% Series due 1967, Number        , unless said bond shall have been called for previous redemption and payment duly provided therefor.

.........................

Treasurer.

[FORM OF TRUSTEE'S CERTIFICATE]

This bond is one of the bonds of the series designated therein, described in the within-mentioned indenture.

THE UNION TRUST COMPANY OF PITTSBURGH

as Trustee

By......................

WG-ANR-00081472

43

Coupon bonds of the 4½% Series due 1967, shall be issued in denominations of $1,000, numbered consecutively from "M1" upward, but the Company may by an indenture supplemental to this indenture, provide for coupon bonds of other denominations.

The form of registered bonds without coupons of the 4½% Series due 1967 and the Trustee's Certificate endorsed thereon shall be substantially as follows:

[FORM OF REGISTERED BOND WITHOUT COUPONS]

UNITED STATES OF AMERICA

STATE OF WISCONSIN

Registered

MILWAUKEE GAS LIGHT COMPANY

FIRST MORTGAGE GOLD BOND 4½% SERIES DUE 1967

No. . . . . . . . . .                              $. . . . . . . . . .

Milwaukee Gas Light Company, hereinafter called the Company, a corporation of the State of Wisconsin, for value received hereby promises to pay to
                    or registered assigns, on March 1, 1967, at the principal office of the Trustee, or at the option of the then registered owner hereof at the office or agency of the Company in the Borough of Manhattan, in the City of New York, the sum of                              Dollars in gold coin of the United States of America or of equal to the standard of weight and fineness as it existed on March 1, 1927, and to pay interest thereon from the date hereof at the rate of four and one-half per cent. per annum in like gold coin at said office of the Trustee, or at the option of the registered owner at said office or agency of the Company, on the first day of September and the first day of March in each year until the Company's obligation with respect to the payment of said principal sum shall have been discharged.

This bond is one of an authorized issue known as First Mortgage Gold Bonds, issued and to be issued in one or more series

WG-ANR-00081473

44

under and all equally and ratably secured by an indenture of mortgage dated February 15, 1927, duly executed by the Company to The Union Trust Company of Pittsburgh, as Trustee, to which reference is hereby made for a description of the properties mortgaged, the nature and extent of the security and the rights of the holders of said bonds and of the Trustee in respect of such security. As provided in said indenture said bonds may be for various principal sums and are issuable in series, which may mature at different times, may bear interest at different rates and may otherwise vary as therein provided; and this bond is one of a series entitled "First Mortgage Gold Bonds 4½% Series due 1967", which have been authorized for an aggregate principal amount of $25,000,000 as provided for in Article III of said indenture.

The interest on this bond is payable without deduction for any income tax imposed thereon by the United States of America, except any excess of such income tax over two per cent. per annum, which the Company or the Trustee or any paying agent may be required or authorized to pay or retain from such interest by any present or future law of the United States of America; and in Article III, Section 5 of said indenture the Company has covenanted to reimburse to owners of bonds of this series, resident in the respective states, the amounts of the following taxes paid with respect to such bonds or the interest thereon: the so-called Four Mills tax in Pennsylvania and any Massachusetts income tax not exceeding six per cent. of the interest on the bonds in any year, but in each case only upon written request made as provided therein and subject to the terms and conditions therein set forth.

This bond may at the option of the Company be redeemed at any time prior to and including March 1, 1966, upon payment of the principal and accrued interest to the date of redemption together with a premium which shall be as follows: Seven and one-half per cent. of the principal if the date of redemption be on or before March 1, 1937; Five per cent. if after March 1, 1937 and on or before March 1, 1947; Two and one-half per cent. if after March 1, 1947 and on or before March 1, 1966. After March 1, 1966, this bond may at the option of the Company be redeemed at any time upon payment of the principal

WG-ANR-00081474

and accrued interest to the date of redemption without any premium. Any such redemption shall be upon sixty days' prior notice and as fully set forth in Article III, Section 3 of said indenture which also sets out the manner, terms and conditions of redemption.

In case an event of default, as defined in said indenture, shall occur, the principal of this bond may become or be declared due and payable in the manner, with the effect and subject to the conditions provided in said indenture.

This bond is transferable by the registered holder hereof in person, or by duly authorized attorney, at the principal office of the Trustee, or at the office or agency of the Company in the Borough of Manhattan in the City of New York, upon surrender and cancellation of this bond, and upon any such transfer a new registered bond without coupons of the same series, for the same aggregate principal amount will be issued to the transferee in exchange therefor. The Company and the Trustee may deem and treat the person in whose name this bond is registered as the absolute owner hereof for the purpose of receiving payment of or on account of the principal and interest due hereon and for all other purposes.

In the manner and upon payment of the charges prescribed in said indenture coupon bonds of the $4\frac{1}{2}\%$ Series due 1967 upon surrender thereof to the Trustee with all unmatured coupons attached are exchangeable for a like aggregate principal amount of coupon bonds of the same series in any other authorized denominations with all unmatured coupons attached or for a like aggregate principal amount of registered bonds without coupons of the same series of any authorized denominations; and in like manner registered bonds without coupons of the $4\frac{1}{2}\%$ Series due 1967 upon surrender thereof to the Trustee together with a written instrument of transfer in form approved by the Company, duly executed by the registered holder are exchangeable for a like aggregate principal amount of registered bonds of the same series of any other authorized denominations or for a like aggregate principal amount of coupon bonds of the same series of any authorized denominations with all unmatured coupons attached.

WG-ANR-00081475

No recourse shall be had for the payment of the principal of or interest on this bond, or for any claim based hereon, or otherwise in respect hereof, or for any claim based on said indenture, against any incorporator, or any past, present or future subscriber to capital stock, stockholder, director or officer of the Company, or of any predecessor or successor corporation, whether for amounts unpaid on stock subscriptions, or by virtue of any constitution, statute or rule or law, or by the enforcement of any assessment or penalty, or otherwise howsoever; all such liability being, by the acceptance hereof and as a part of the consideration hereof, expressly waived and released by every holder hereof, as more fully provided in said indenture.

This bond shall not become obligatory until the Trustee under said indenture, or its successor thereunder, shall have signed the form of certificate endorsed hereon.

In witness whereof, Milwaukee Gas Light Company has caused this bond to be signed in its name by its President or one of its Vice-Presidents, and its corporate seal to be hereunto affixed, and attested by its Secretary or one of its Assistant Secretaries as of

MILWAUKEE GAS LIGHT COMPANY

By.....................
President.

Attest:

....................
Secretary.

[FORM OF TRUSTEE'S CERTIFICATE]

This bond is one of the bonds of the series designated therein, described in the within mentioned indenture.

THE UNION TRUST COMPANY OF PITTSBURGH,
as Trustee,

By...........................

47

Every registered bond without coupons of said series shall be dated as of the interest payment date last preceding the authentication thereof by the Trustee, except that if any such bond shall be authenticated on an interest payment date it shall be dated as of that date; and every such registered bond shall bear interest from the date thereof as so fixed.

Registered bonds without coupons of the $4\frac{1}{2}\%$ Series due 1967 shall be in denominations of $1,000 and $5,000, and at the option of the Company in any other multiple of $1,000.

Bonds of the $4\frac{1}{2}\%$ Series due 1967 shall be exchangeable as follows:

(a) coupon bonds of said series may, at the option of the holders thereof, and upon the surrender thereof to the Trustee with all unmatured coupons attached, be exchanged for coupon bonds of the same series of the same aggregate principal amount, but of a different denomination or denominations; provided, however, that provision has previously been made for coupon bonds of one or more denominations other than $1,000 by the execution and delivery of a supplemental indenture as hereinbefore mentioned;

(b) registered bonds without coupons of said series may, at the option of the registered holders thereof and upon the surrender thereof to the Trustee, be exchanged for registered bonds without coupons of the same series, of the same aggregate principal amount, but of a different denomination or denominations;

(c) coupon bonds of said series may, at the option of the holders thereof and upon the surrender thereof to the Trustee with all unmatured coupons attached, be exchanged for registered bonds without coupons of the same series of the same aggregate principal amount, and of the same or a different denomination or denominations;

(d) registered bonds without coupons of said series may, at the option of the registered holders thereof and upon the surrender thereof to the Trustee, be exchanged

WG-ANR-00081477

for coupon bonds of the same series of the same aggregate principal amount, and of either the same or of a different denomination or denominations.

If any coupon bond so surrendered shall be registered as to principal it shall be accompanied by a proper transfer power duly executed by the registered owner transferring such registered principal to "bearer", and the signature to such transfer power shall be guaranteed to the satisfaction of the Trustee; and every registered bond without coupons so surrendered shall be accompanied by a proper transfer power duly executed by the registered owner transferring such bond to the Company, and the signature to such transfer power shall be guaranteed to the satisfaction of the Trustee.

All coupon bonds so surrendered and all coupon bonds delivered in exchange therefor shall be accompanied by all unmatured coupons appertaining thereto.

All bonds so surrendered shall be forthwith canceled and delivered to or upon the order of the Company; provided, however, that coupon bonds surrendered in exchange for registered bonds without coupons may be retained uncancelled by the Trustee for use in future exchanges of coupon bonds for registered bonds without coupons.

All bonds executed, authenticated and delivered in exchange for bonds so surrendered shall be the valid obligations of the Company, evidencing the same debt as the bonds surrendered, and shall be secured by the same liens and entitled to the same benefits and protection as the bonds in exchange for which they are executed, authenticated and delivered.

For any exchange of bonds of the $4\frac{1}{2}\%$ Series due 1967 as hereinbefore provided for, or for any transfer of registered bonds without coupons of said series, or for the registration as to principal of any coupon bond of said series, or for transferring or discharging such registration as to principal, the Company at its option may require the payment of a sum sufficient to reimburse it for any stamp tax or other governmental charge incident thereto, and in addition thereto, of a further sum not exceeding two dollars for each new bond, if any, issued upon any such exchange or transfer; and the Company shall

WG-ANR-00081478

49

not be required to make any such exchange or transfer during any period of fifteen days next preceding any interest payment date.

SECTION 5. The Company covenants and agrees that the interest on the bonds of the 4½% Series due 1967 will be payable without deduction for any income tax imposed thereon by the United States of America, except any excess of such income tax over two per cent per annum, which the Company or the Trustee may be required or authorized to pay or retain from such interest by any present or future law of the United States of America.

The Company further covenants and agrees that it will reimburse to the owner of any bond of the 4½% Series due 1967, when paid by or for account of such owner, all taxes, other than income, succession and inheritance taxes, of the State of Pennsylvania or of any county or other taxing authority therein (whether for state, county, city or municipal purposes), which may be lawfully imposed or assessed, under or by virtue of any present or future law, upon such bond or upon such owner as a resident of said State, by reason of the ownership thereof, but not exceeding in the aggregate in any one year four mills per annum for each dollar of the taxable value thereof, upon the filing of a written request for such reimbursement, stating the serial letter and number of such bond, and setting forth the fact of ownership of such bond when such tax was imposed, the place where such tax was paid and that such tax was assessed upon and paid by or for account of such owner as a resident of said State by reason of the ownership of said bond; Provided such request shall have been so received by the Company within ninety days after such tax was so paid. Each such request shall be filed by or on behalf of said holder with the Company at its office in Milwaukee or at its office or agency in the Borough of Manhattan, City of New York or at the principal office of the Trustee within the period hereinbefore specified.

WG-ANR-00081479

50

The Company further covenants and agrees that, in case any owner of any bond of the 4½% Series due 1967 shall become liable under any present or future law of the State of Massachusetts to pay and shall pay any income tax on account of interest received upon such bond, the Company will reimburse such owner for the tax so paid to an amount not exceeding six per cent. of the interest received and subject to tax, upon the filing of a written request for such reimbursement, stating the serial letter and number of such bond, that such owner has made a tax return to the State of Massachusetts, in which there was included interest received on such bond, giving the amount of the interest so included and the taxable period for which such return was made, that in pursuance of such return a tax (of an amount therein stated) has been assessed, directly or indirectly, upon the interest so included, and that such tax has been paid by or for account of such owner; Provided such request shall have been so received by the Company within ninety days after such taxes was so paid. Each such request shall be filed by or on behalf of said holder with the Company at its office in Milwaukee or at its office or agency in the Borough of Manhattan, City of New York or at the principal office of the Trustee within the period hereinbefore specified.

SECTION 6. So long as any of the bonds of the 4½% Series due 1967 are outstanding, said bonds and the coupons therefrom may be presented for payment, and notices, requests and demands in respect of said bonds and coupons and notices, requests and demands under this indenture may be served at the principal office of the Trustee (the Trustee hereby agreeing to promptly notify the Company at its office in Milwaukee, Wisconsin, of the service of any such notice, request or demand at the office of the Trustee); and so long as any of said bonds are outstanding the Company will also maintain an office or agency in the Borough of Manhattan in the City of New York,

WG-ANR-00081480

51

where said bonds and coupons may be presented for payment, and where such notices, requests and demands may be served. and from time to time will file with the Trustee notice in writing of the location of, and any change in the location of, such office or agency.

SECTION 7. As soon as may be after the execution and delivery of this indenture whether before or after the filing and recording hereof the Company may execute and deliver to the Trustee for authentication a total of $11,500,000 principal amount of bonds of the 4½% Series due 1967. Said $11,500,000 bonds may be so delivered to the Trustee in one lot or in lots from time to time, may be of such denominations and may be in the form of definitive bonds and/or temporary bonds as the Company shall elect; and at any time and from time to time after the delivery to the Trustee of any of said $11,500,000 bonds, the Trustee shall, upon the written request of the Company, signed by the President of the Company or by one of its Vice-Presidents, authenticate and deliver to or upon the written order of the officer of the Company who signed such request, such total principal amount of said bonds as is therein requested, until the whole of said $11,500,000 bonds shall have been authenticated and delivered: Provided only that with every such request there shall also be delivered to the Trustee a certificate constituting evidence of the authorization or approval of or consent to the issue of such bonds by the Railroad Commission of Wisconsin or any other governmental body at the time having jurisdiction in the premises, together with an opinion of counsel selected by the Company and acceptable to the Trustee, who may be counsel for the Company, that the same is sufficient for the purpose, or the opinion of such counsel that no such authorization, approval or consent is required. The remaining $13,500,000 principal amount of bonds of the 4½% Series due 1967 may, as provided

WG-ANR-00081481

52

for in Section 2 of this Article III, be authenticated and delivered by the Trustee as provided for in Articles IV and VI of this indenture.

SECTION 8. If pending the preparation of definitive bonds the Company shall elect to execute and deliver to the Trustee for authentication any bonds of the 4½% Series due 1967 in the form of temporary bonds the same may be in substantially the form following:

[TEMPORARY BOND—EXCHANGEABLE FOR DEFINITIVE BOND]

### UNITED STATES OF AMERICA

#### STATE OF WISCONSIN

### MILWAUKEE GAS LIGHT COMPANY

FIRST MORTGAGE GOLD BOND 4½% SERIES DUE 1967

No..........            $..........

MILWAUKEE GAS LIGHT COMPANY, hereinafter called the Company, a corporation of the State of Wisconsin, for value received hereby promises to pay to bearer or, if this bond be registered, to the registered holder hereof on March 1, 1967, at the principal office of the Trustee, or at the option of the bearer or registered holder, at the office or agency of the Company in the Borough of Manhattan in the City of New York, the sum of        Dollars in gold coin of the United States of America of or equal to the standard of weight and fineness as it existed on March 1, 1927, and to pay interest thereon from March 1, 1927, at the rate of Four and one-half per cent. per annum in like gold coin at the said office of the Trustee, or at the aforesaid office or agency of the Company, on      , 19   , (and on      , 19   ,) but only upon presentation and surrender of the interest coupon(s) therefor hereto attached (as they severally mature), and thereafter on the first day of      and on the first day of      in each year until the Company's obligation with respect

WG-ANR-00081482

to the payment of said principal sum shall have been discharged, but only upon presentation of this bond for notation hereon of the payment of such interest.

This bond is a temporary bond and is one of an authorized issue known as First Mortgage Gold Bonds, issued and to be issued in one or more series under and all equally and ratably secured by an indenture of mortgage dated February 15, 1927, duly executed by the Company to The Union Trust Company of Pittsburgh, as Trustee, to which reference is hereby made for a description of the properties mortgaged, the nature and extent of the security and the rights of the holders of said bonds and of the Trustee in respect of such security. As provided in said indenture, said bonds may be for various principal sums and are issuable in series, which may mature at different times, may bear interest at different rates and may otherwise vary as therein provided; and this bond is one of a series entitled "First Mortgage Gold Bonds 4½% Series due 1967," which have been authorized for an aggregate principal amount of $25,000,000 as provided for in Article III of said indenture.

The interest on this bond is payable without deduction for any income tax imposed thereon by the United States of America, except any excess of such income tax over two per cent. per annum, which the Company or the Trustee or any paying agent may be required or authorized to pay or retain from such interest by any present or future law of the United States of America; and in Article III, Section 5 of said indenture the Company has covenanted to reimburse to owners of bonds of this series, resident in the respective states, the amounts of the following taxes paid with respect to such bonds or the interest thereon: the so-called Four Mills tax in Pennsylvania and any Massachusetts income tax not exceeding six per cent. of the interest on the bonds in any year, but in each case only upon written request made as provided therein and subject to the terms and conditions therein set forth.

This bond may at the option of the Company be redeemed at any time prior to and including March 1, 1966, upon payment of the principal and accrued interest to the date of redemption together with a premium which shall be as follows: Seven and one-half per cent. of the principal if the date of redemp-

WG-ANR-00081483

tion be on or before March 1, 1937; Five per cent. if after March 1, 1937 and on or before March 1, 1947; Two and one-half per cent. if after March 1, 1947 and on or before March 1, 1966. After March 1, 1966, this bond may at the option of the Company be redeemed at any time upon payment of the principal and accrued interest to the date of redemption without any premium. Any such redemption shall be upon sixty days' prior notice and as fully set forth in Article III, Section 3 of said indenture which also sets out the manner, terms and conditions of redemption.

In case an event of default as defined in said indenture shall occur, the principal of this bond may become or be declared due and payable in the manner, with the effect and subject to the conditions provided in said indenture.

This bond is transferable by delivery, unless registered as to principal at the principal office of the Trustee or at the office or agency of the Company in the Borough of Manhattan, in the City of New York, on books of the Company to be kept thereat for that purpose and such registry noted hereon. After such registration no transfer shall be valid unless made upon said books by the registered holder in person, or by attorney duly authorized, and similarly noted hereon; but this bond may be discharged from registration by being in like manner transferred to bearer, and thereupon transferability by delivery shall be restored, after which this bond may again from time to time be registered or made transferable to bearer as before. Such registration however shall not affect the negotiability of the coupon(s) for interest hereto attached, which shall always be payable to bearer and transferable by delivery merely, and payment to the bearer thereof shall fully discharge the Company in respect of the interest therein mentioned, whether the principal of this bond be registered or not. The Company and the Trustee may deem and treat the bearer of this bond, or, if this bond be registered as to principal as herein authorized, the person in whose name the same is registered, as the absolute owner hereof for the purpose of receiving payment hereof and on account hereof and for all other purposes.

In the manner and upon payment of the charges prescribed in said indenture definitive coupon bonds of the $4\frac{1}{2}\%$ Series

WG-ANR-00081484

55

due 1967 upon surrender thereof to the Trustee with all unmatured coupons attached are exchangeable for a like aggregate principal amount of definitive coupon bonds of the same series in any other authorized denominations with all unmatured coupons attached or for a like aggregate principal amount of definitive registered bonds without coupons of the same series of any authorized denominations; and in like manner definitive registered bonds without coupons of the $4\frac{1}{2}\%$ Series due 1967 upon surrender thereof to the Trustee together with a written instrument of transfer in form approved by the Company, duly executed by the registered holder are exchangeable for a like aggregate principal amount of definitive registered bonds of the same series of any other authorized denominations or for a like aggregate principal amount of definitive coupon bonds of the same series of any authorized denominations with all unmatured coupons attached.

No recourse shall be had for the payment of the principal of or interest on this bond or for any claim based hereon or otherwise in respect hereof, or for any claim based on said indenture, against any incorporator, or any past, present or future subscriber to capital stock, stockholder, director or officer of the Company, or of any predecessor or successor corporation, whether for amounts unpaid on stock subscriptions or by virtue of any constitution, statute or rule of law, or by the enforcement of any assessment or penalty or otherwise howsoever; all such liability being, by the acceptance hereof and as a part of the consideration of the issue hereof, expressly waived and released by every holder hereof, as more fully provided in said indenture.

As provided in said indenture, this temporary bond is exchangeable for a definitive bond or bonds of the same series of a like aggregate principal amount when such definitive bonds are prepared and ready for delivery.

This bond shall not become obligatory until the Trustee under said indenture, or its successor thereunder, shall have signed the form of certificate endorsed hereon.

IN WITNESS WHEREOF, MILWAUKEE GAS LIGHT COMPANY has caused this bond to be signed in its name by its President or one of its Vice-Presidents, and its corporate seal to be here-

unto affixed and attested by its Secretary or one of its Assistant Secretaries, and        coupon(s) for said interest due (and                    ) bearing the facsimile signature of its Treasurer to be hereunto attached, as of March 1, 1927.

MILWAUKEE GAS LIGHT COMPANY,

By ..........................
President

Attest:

........................
Secretary.

[FORM OF INTEREST COUPON]

No. ..........                $...........

On the        day of        , 19  , upon surrender of this coupon, MILWAUKEE GAS LIGHT COMPANY will pay to bearer, at the principal office of the Trustee, or at the option of the holder, at the office or agency of the Company in the Borough of Manhattan, City of New York,
        Dollars in gold coin of the United States of America of the standard of weight and fineness as it existed on March 1, 1927, without deduction for any income tax imposed thereon by the United States of America up to but not in excess of two per cent. of said sum, being six months' interest then due on its temporary First Mortgage Gold Bond 4½% Series due 1967, Number        , unless said bond shall have been called for previous redemption and payment duly provided therefor.

.............................
Treasurer.

WG-ANR-00081486

57

[FORM OF TRUSTEE'S CERTIFICATE]

This bond is one of the temporary bonds of the series designated therein, described in the within mentioned indenture.

THE UNION TRUST COMPANY OF PITTSBURGH,
as Trustee

By . . . . . . . . . . . . . . . . . . . . . . .

Temporary bonds of the 4½% Series due 1967 may be in such denominations and with or without one or more coupons as the Company shall from time to time determine.

If any such temporary bonds of said series shall at any time be so delivered to the Trustee for authentication and be authenticated, the Company shall without unreasonable delay at its own expense prepare, execute and deliver to the Trustee and thereupon, upon the presentation and surrender of temporary bonds, the Trustee shall authenticate and deliver in exchange therefor definitive bonds of the same series for the same principal sum in the aggregate as the temporary bonds surrendered. All temporary bonds so surrendered shall be forthwith canceled by the Trustee and delivered to or upon the order of the Company. Until exchanged for definitive bonds the temporary bonds shall in all respects be entitled to the lien and security of this indenture.

## ARTICLE IV.

### BETTERMENT BONDS.

SECTION 1. In addition to authenticating and delivering bonds under any other provision of this indenture, the Trustee may authenticate and deliver bonds issuable under this indenture for an aggregate principal amount equal to but not exceeding Eighty per centum of the net amount (as defined in Section 3 of this Article IV) of additional property (as defined in Section

WG-ANR-00081487

2 of this Article IV) which the Company may purchase, construct or otherwise acquire subsequent to January 1, 1928, and such bonds so to be authenticated and delivered are hereafter in this indenture sometimes called Betterment bonds.

Betterment bonds may be bonds of the 4½% Series due 1967, if any thereof are then available for issue, and/or of any other series of bonds then issuable under this indenture.

Betterment bonds shall be authenticated and delivered by the Trustee as provided for in Section 4 of this Article IV.

SECTION 2. The term "additional property" shall, for all purposes of this indenture, mean and comprise only physical property (including in this term plants and systems) of a permanent nature, and permanent physical betterments, extensions, improvements and additions (including in these terms equipment and appliances) of, upon and to the property of the Company, purchased, constructed or otherwise acquired by the Company subsequent to January 1, 1928 and subject to the lien of this indenture, and used or useful by or to the Company in the business of generating, manufacturing, distributing and/or supplying light, heat and/or power to the public by means of gas and/or electricity or otherwise.

Additional property

(a) need not consist of a specific or completed development, plant, extension, addition, betterment or improvement, but may include additional construction work or partially completed construction work, or any such work as conforms to the provisions hereof, whether capable of specific description or not, such as is ordinarily carried in plant or plant addition accounts by companies carrying on a business similar to that of the Company;

(b) may include property purchased, constructed or otherwise acquired to renew, replace, or in substitution

WG-ANR-00081488

59

for, property worn-out, discontinued or abandoned, but only to the extent that the expenditures for such renewals, replacements or substitutions shall exceed the original cost to the Company of the property so renewed, replaced or substituted and shall not include any expenditures for maintenance or repairs or other expenses which, in the ordinary practice of companies carrying on a business similar to that of the Company, are charged to operating expenses or any expenditures which under such practice are not charged to plant or plant addition accounts;

($c$) may include acquired plants and systems. The term "acquired plant or system," wherever used in this indenture, means a plant or system purchased or acquired and owned by the Company, but not originally constructed or installed by the Company;

($d$) shall not include stocks, bonds or other securities;

($e$) may include property and/or acquired plants or systems at the time subject to liens prior to the lien of this indenture and betterments, extensions and improvements thereof and additions thereto.

SECTION 3. (1) The gross amount of additional property shall be the actual cost thereof to the Company or the fair value thereof to the Company, whichever shall be the less amount.

The actual cost to the Company of any acquired plant or system shall be deemed to include the cost of any franchises or other rights acquired simultaneously therewith for which no separate or distinct consideration shall have been paid or apportioned.

The actual cost to the Company of any property part of which constitutes additional property and part does not, and all

WG-ANR-00081489

of which is acquired for a consideration not divided between the two such parts thereof, shall in all cases be properly allocated by the Company.

The actual cost to the Company of additional property which is at the time subject to any liens prior to the lien of this indenture shall be determined, for all purposes of this indenture, by adding the amount of such liens to the price paid by the Company for such additional property.

The fair value to the company of additional property shall in each case be determined as of the date of the Certificate of Additional Property hereinafter provided for, except that the fair value of any additional property of the character specified in sub-divisions *a, b,* and *c* of sub-division 2 of this section 3 shall be determined as of the date on which such additional property became additional property of the character specified in such sub-divisions respectively.

The fair value to the Company of any acquired plant or system shall be determined by giving consideration only to the value to the Company of the physical property acquired.

The fair value to the Company of any property part of which constitutes additional property and part does not, shall in all cases be properly allocated by the Company.

The fair value to the Company of additional property which is, at the time of the determination of such fair value, subject to any liens prior to the lien of this indenture, shall be determined as if such property were free from liens.

Such fair value shall for all purposes of this indenture be determined and established in every case by an affidavit signed and verified by the President, or a Vice-President, of the Company and by an engineer selected by the Company and acceptable to the Trustee, who may be in the employ of or under retainer from the Company, stating their opinion of such fair **value.**

WG-ANR-00081490

(2) The net amount of additional property for any period stated in a certificate of additional property pursuant to Section 4 of this Article IV, shall be the gross amount thereof less the following deductions: (*a*) The actual cost or fair value, whichever is more, of all additional property as defined in Section 2 of this Article IV, and of all property subject to the lien of this indenture on January 1, 1928, renewed, replaced, permanently discontinued or abandoned by the Company during such period, (*b*) the actual cost or fair value, whichever is more, of all such property taken in exercise of the power of eminent domain or of a governmental power to purchase, or sold, exchanged or otherwise disposed of, during such period free from the lien of this indenture, and (*c*) the actual cost or fair value, whichever is more, of all other items of such property, if any, which, in the ordinary practice of companies carrying on a business similar to that of the Company, are credited to plant or plant addition accounts during such period. As respects any property owned at the date of this indenture "original cost" means the cost or value at which the same is carried on the books of account of the Company at the date of this indenture. In case the cost or value of any such property is not separately carried on such books of account, the same shall be determined by the Company in accordance with the ordinary practice of companies carrying on a business similar to that of the Company.

SECTION 4. Betterment bonds of such aggregate principal amount as shall be requested by the Company shall, from time to time, be authenticated and delivered by the Trustee whenever there shall have been furnished to the Trustee the writings, or such thereof as shall in any instance be applicable and appropriate, and cash, if any, hereinafter in this Section 4 mentioned and described as (1) Certificate of additional property, (2) Resolution of directors, (3) Application for bonds, (4) Supple-

WG-ANR-00081491