# EXHIBIT 6-B

Question No. 10. State the total amount charged upon the books of each company or organization in your group or system for the performance of "servicing" functions during its last fiscal year;

state what per cent of the gross revenue of each said company or organization is represented by such "servicing" charges.

GROUP C – Operating companies not owning stock in a "service" company

Answer No. 10. The following table shows the total amount paid to respondent and charged upon the books of each company in Group C for the performance of "servicing" functions during its last fiscal year (1934), and shows also what per cent of the gross revenue of each of said companies is represented by such "servicing" charges.

### Fiscal Year 1934

#### Paid to Respondent

| | | |
|---|---|---|
| Detroit City Gas Company | $ 16,850 | 0.12% |
| Washtenaw Gas Company | – | – |
| Grand Rapids Gas Light Company | 10,800 | 0.76% |
| Kent County Gas Company | – | – |
| Muskegon Gas Company | 3,600 | 1.03% |
| American Michigan Pipe Line Company | – | – |
| Milwaukee Gas Light Company | 48,000 | 1.80% |
| Lakeshore Gas Company | 1,200 | 1.25% |
| Wauwatosa Gas Company | 4,000 | 1.61% |
| West Allis Gas Company | 6,000 | 1.80% |
| Wisconsin Eastern Gas Company | – | – |
| Milwaukee Coke and Gas Company | – | – |
| Milwaukee Solvay Coke Company | – | – |
| Madison Gas and Electric Company | 16,800 | 0.83% |
| *San Antonio Public Service Company | 22,680 | 0.33% |
| South Texas Ice Company | – | – |
| | $129,930 | 0.42% |

*San Antonio Public Service Company charge for the performance of "servicing" functions was discontinued as of July 1, 1935.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 2 of 28   Document 50-13

WG-ANR-00074273

Following are shown the amounts charged upon the books of certain of the companies in Group C to other companies in that group for the performance of "servicing" functions in the last fiscal year (1934), and also what per cent of the gross revenue is represented by such "servicing" charges.

## Year 1934

Kent County Gas Company
    Grand Rapids Gas Light Company     $
        Per cent of gross revenue     %

American Michigan Pipe Line Company
    Muskegon Gas Company     $
        No per cent of gross revenue is stated in this instance for the following reasons: During practically all of the fiscal year 1934, the natural gas pipe lines of American Michigan Pipe Line Company were being constructed. They were not completed and put in operation and the Pipe Line Company had no revenue until December, 1934. All payments made to Muskegon Gas Company in 1934 were in connection with construction. Such payments included no profit to Muskegon Gas Company.

Lakeshore Gas Company
    Milwaukee Gas Light Company     $
        Per cent of gross revenue     %

Wauwatosa Gas Company
    Milwaukee Gas Light Company     $
        Per cent of gross revenue     %

West Allis Gas Company
    Milwaukee Gas Light Company     $
        Per cent of gross revenue     %

Wisconsin Eastern Gas Company
    Milwaukee Gas Light Company     $
        Per cent of gross revenue     %

Case 2:20-cv-01334-SCD Filed 01/27/23 Page 3 of 28 Document 50-13

WG-ANR-00074274

Milwaukee Coke and Gas Company
    Milwaukee Gas Light Company         $

        Per cent of gross revenue               %

Milwaukee Solvay Coke Company
    Milwaukee Coke and Gas Company     $

        Per cent of gross revenue               %

South Texas Ice Company
    San Antonio Public Service Company   $

        Per cent of gross revenue               %

GROUP D - Non-operating and non-holding companies

Answer No. 10. No amount was charged upon the books of any company in Group D for the performance of "servicing" functions during the last fiscal year (1934).

WG-ANR-00074275

Question No. 11. (1) State the total income received by companies or organizations within your group or system for the performance of "servicing" functions;

(2) state the total income and its source of all companies or organizations within your group or system created specifically for the performance of "servicing" functions;

(3) state in detail the companies from which "servicing" revenue was received by all companies referred to above and the amount in each instance;

(4) indicate payments received in each instance for the performance of "servicing" functions from companies, organizations, or individuals without or foreign to your group or system;

(5) furnish a detailed balance sheet for the past fiscal year of every company or organization of your group or system performing "servicing" functions.

Answer No. 11. For convenience in answering Question No. 11 it has been separated into five parts as indicated above, and such five parts are answered in their order.

(1)

(I) The total income received by respondent for the performance of "servicing" functions in the fiscal year 1934 was as follows:

Respondent

Year 1934

Total income received                    $129,930

(II) The total income received by companies in Group G for the performance of "servicing" functions in the fiscal year 1934 was as follows:

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 5 of 28   Document 50-13

WG-ANR-00074276

GROUP C

Year 1934

Total income received                    $_____

(sum of items in Answer No. 10)

(III) The total income received by companies in Group D for the performance of "servicing" functions in the fiscal year 1934 was nothing.

GROUP D

Year 1934

(Nothing)  Consol Pty G.

(2)

There are no companies or organizations in respondent's group or system created specifically for the performance of "servicing" functions.

(3)

For a statement in detail of the companies from which "servicing" revenue was received by all companies referred to above and the amount in each instance reference is made to the answer to question No. 10.

(4)

The only payment received for the performance of "servicing" functions from companies, organizations, or individuals without or foreign to respondent's group or system during the fiscal year 1934, was the payment received by respondent from The United Light and Power Company stated in the answer to question No. 7 to which reference is hereby made.

(5)

Detailed balance sheets for the past fiscal year (December 31, 1934) for each company or organization in respondent's group or system performing "servicing" functions are hereto attached marked as below indicated.

WG-ANR-00074277

## Respondent
(December 31, 1934)

American Light & Traction Company, see Exhibit A attached.

This balance sheet is taken from respondent's published annual report for the year 1934.

## GROUP C
(December 31, 1934)

Detroit City Gas Company, see Exhibit B attached.

*Washtenaw Gas Company

Grand Rapids Gas Light Company, see Exhibit B attached.

*Kent County Gas Company

Muskegon Gas Company, see Exhibit B attached.

*American Michigan Pipe Line Company

Milwaukee Gas Light Company, see Exhibit B attached.

*Lakeshore Gas Company

*Wauwatosa Gas Company

*West Allis Gas Company

*Wisconsin Eastern Gas Company

Milwaukee Coke and Gas Company, see Exhibit B attached.

*Milwaukee Solvay Coke Company

*Madison Gas and Electric Company

San Antonio Public Service Company, see Exhibit B attached.

*South Texas Ice Company

*These companies received in the year 1934 no income, revenue or payments for the performance of "servicing" functions and their balance sheets are therefore not attached.

## GROUP D

No companies in Group D received in the year 1934 any income, revenue or payment for the performance of "servicing" functions and their balance sheets are therefore not attached.

WG-ANR-00074278

Question No. 12. State specifically whether any company or unit of your group or system performing "servicing" functions receives any remuneration by way of a fixed or variable percentage of any cost or amount expended,

or as a bonus or in any other manner or connection, from expenditures made by other companies or units of your group or system, for the acquisition of new properties, extensions or enlargements of physical facilities, sales of goods or merchandise, increasing or refunding or modifying any element of capital structure.

Answer No. 12. Except as hereinafter stated no company or unit of respondent's group or system performing "servicing" functions receives any remuneration by way of a fixed or variable percentage of any cost or amount expended,

or as a bonus or in any other manner or connection, from expenditures made by other companies or units of respondent's system, for the acquisition of new properties, extensions or enlargements of physical facilities, sales of goods or merchandise, increasing or refunding or modifying any element of capital structure.

For the construction work performed by Milwaukee Gas Light Company as mentioned in the answer to question No. 8, to which reference is hereby made, Milwaukee Gas Light Company has received actual cost plus 12%. *for overhead Eng. & supervision etc.*

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 8 of 28   Document 50-13

WG-ANR-00074279

Question No. 13. (Part I) Are the salaries of any official or expert employee of a company or unit of your group or system performing "servicing" functions, paid in whole or in part by any other company or unit of your group or system; if so

state the name of such official or expert and the amount of his salary so paid;

(Part II) state any obligation or indebtedness running from any company or unit of your group or system not performing "servicing" operations to those performing any such functions as evidenced by notes, bonds, debentures or otherwise, but not an open account.

Answer No. 13. For convenience in answering question No. 13 it is divided into two parts as above indicated. The first part relates to companies or units performing "servicing" functions, the second to companies or units not performing "servicing" operations.

In answering question No. 13 respondent assumes that it is proper to exclude from consideration "servicing" operations conducted by companies in part in their own behalf and by their own respective staffs and organizations as stated in the answer to question No. 5.

(Part I)

Part I is answered in three divisions (1) for respondent, (2) for companies in Group C and (3) for companies in Group D.

Respondent

Answer No. 13, Part I: No salary of any official or expert employee of respondent performing "servicing" functions is paid in whole or in part by any other company or unit in respondent's group or system.

GROUP C

Answer No. 13. Part I.

Detroit City Gas Company. No salary of any official or expert employee of Detroit City Gas Company is paid in whole or in part by any other Company or unit in respondent's group or system.

-32-

WG-ANR-00074280

Washtenaw Gas Company. (See Note A)

Grand Rapids Gas Light Company. No salary of any official or expert employee of Grand Rapids Gas Light Company is paid in whole or in part by any other Company or unit in respondent's group or system.

Kent County Gas Company. (See Note A)

Muskegon Gas Company.

> Dean W. Flowers, Vice President Muskegon Gas Company, is also
> Vice President of American Michigan Pipe Line Company. His
> total annual salary of $_____ is paid as follows:
>
> | | |
> |---|---|
> | Muskegon Gas Company | $ |
> | American Michigan Pipe Line Company | _____ |
> | Total annual salary | $_____ |

American Michigan Pipe Line Company. See Muskegon Gas Company.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 10 of 28   Document 50-13

WG-ANR-00074281

San Antonio Public Service Company.

Chester N. Chubb, President San Antonio Public Service Company,
is also President of South Texas Ice Company. His total annual
salary of $_____ is paid as follows:

| | |
|---|---|
| San Antonio Public Service Company | $ |
| South Texas Ice Company | _____ |
| Total annual salary | $_____ |

South Texas Ice Company. See San Antonio Public Service Company.

Note A. Excluded from consideration because not performing "servicing"
functions except as stated in the answer to question No. 5.

Milwaukee Gas Light Company.

R. B. Brown, President Milwaukee Gas Light Company, is also
President of Madison Gas and Electric Company and President
of Milwaukee Coke and Gas Company. His total annual salary
of $_____ is paid as follows:

| | |
|---|---|
| Milwaukee Gas Light Company | $ |
| Madison Gas and Electric Company | |
| Milwaukee Coke and Gas Company | _____ |
| Total annual salary | $_____ |

Add data if pertinent for any other officers or expert employes.

-34-

WG-ANR-00074282

## GROUP D

Answer No. 13. No official or expert employee of any
Company in Group D is paid a salary by any company in Group D.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 12 of 28   Document 50-13

WG-ANR-00074283

## Part II

Respondent does not confine its answer to the technical limits of the question but states all obligations and indebtedness running from any company or unit in respondent's group or system to respondent, or to any company or unit in such group or system, as evidenced by notes, bonds, debentures or otherwise, but not on open account.

The answer is made in three divisions (1) Respondent, (2) Group C and (3) Group D, and as it is necessary to state the obligations and indebtedness as of some certain date the date of October 1, 1935, is used.

### Respondent

(October 1, 1935. This may be changed)

Answer No. 13. Part II. There is no obligation or indebtedness running from respondent to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 13 of 28   Document 50-13

WG-ANR-00074284

Detroit City Gas Company.

There is no obligation or indebtedness running from Detroit City Gas Company to respondent evidenced by notes, bonds or debentures.

Except as stated later in this answer under the heading "Group D" and sub-heading "River Rouge Company" there is no obligation or indebtedness running from Detroit City Gas Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Washtenaw Gas Company.

Respondent holds $752,900.00 indebtedness of Washtenaw Gas Company evidenced by First Mortgage Bonds due 1953. The Michigan Public Utilities Commission authorized the Washtenaw Company to issue the above bonds and to sell them at not less than 88 and interest. Respondent paid the Washtenaw Company for the bonds in cash at 91 and interest.

There is no obligation or indebtedness running from the Washtenaw Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Grand Rapids Gas Light Company.

There is no obligation or indebtedness of Grand Rapids Gas Light Company running to respondent or to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 14 of 28   Document 50-13

WG-ANR-00074285

Kent County Gas Company.

Respondent holds $651,340.03 indebtedness of Kent County Gas Company evidenced by unsecured notes. The notes represent actual money loaned to the Kent County Company by respondent.

There is no obligation or indebtedness running from the Kent County Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Muskegon Gas Company.

Respondent holds $2,064,547.20 indebtedness of Muskegon Gas Company evidenced by unsecured notes. The notes represent actual money loaned to the Muskegon Company by respondent.

There is no obligation or indebtedness running from the Muskegon Gas Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

American Michigan Pipe Line Company.

Respondent holds $115,347.25 indebtedness of American Michigan Pipe Line Company evidenced by unsecured notes. The notes represent actual money loaned to American Michigan Pipe Line Company by respondent.

Except as stated later in this answer under the heading "Group D" and sub-heading "Waverly Company" there is no obligation or indebtedness running from American Michigan Pipe Line Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 15 of 28   Document 50-13

WG-ANR-00074286

**Milwaukee Gas Light Company.**

There is no obligation or indebtedness running from Milwaukee Gas Light Company to respondent or to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

**Lakeshore Gas Company.**

Respondent holds $144,500.00 indebtedness of Lakeshore Gas Company evidenced by unsecured notes. The notes represent actual money loaned to the Lakeshore Gas Company by respondent.

There is no obligation or indebtedness running from the Lakeshore Gas Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

**Wauwatosa Gas Company.**

Respondent holds $248,000.00 indebtedness of Wauwatosa Gas Company evidenced by unsecured notes. The notes represent actual money loaned to the Wauwatosa Gas Company by respondent.

There is no obligation or indebtedness running from the Wauwatosa Gas Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

**West Allis Gas Company.**

Respondent holds $315,500.00 indebtedness of West Allis Gas Company evidenced by unsecured notes. The notes represent actual money loaned to the West Allis Gas Company by respondent.

There is no obligation or indebtedness running from the

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 16 of 28   Document 50-13

WG-ANR-00074287

West Allis Gas Company to any company or unit in respondent's
group or system evidenced by notes, bonds, debentures or other-
wise, but not on open account.

Wisconsin Eastern Gas Company.

Respondent holds $325,000.00 indebtedness of Wisconsin
Eastern Gas Company evidenced by unsecured notes. The notes
represent actual money loaned to the Wisconsin Eastern Gas
Company by respondent.

There is no obligation or indebtedness running from the
Wisconsin Eastern Gas Company to any company or unit in respondent's
group or system evidenced by notes, bonds, debentures or otherwise,
but not on open account.

Milwaukee Coke and Gas Company.

There is no obligation or indebtedness of Milwaukee Coke and
Gas Company running to respondent or to any company or unit in
respondent's group or system evidenced by notes, bonds, debentures
or otherwise, but not on open account.

Milwaukee Solvay Coke Company.

There is no obligation or indebtedness of Milwaukee Solvay
Coke Company running to respondent or to any company or unit in
respondent's group or system evidenced by notes, bonds, debentures
or otherwise, but not on open account.

Madison Gas and Electric Company.

There is no obligation or indebtedness of Madison Gas and
Electric Company running to respondent or to any company or unit
in respondent's group or system evidenced by notes, bonds, debentures
or otherwise, but not on open account.

-40-

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 17 of 28   Document 50-13

WG-ANR-00074288

San Antonio Public Service Company.

Respondent holds $3,270,000 indebtedness of San Antonio Public Service Company evidenced by First and Refunding Mortgage Bonds, 5% Series B due January 1, 1958. Respondent purchased $3,250,000 of these bonds from the Public Service Company for cash at 92 and interest in November, 1931. Respondent purchased the other $20,000 of these bonds in the open market for cash during the period March 21, 1932 to April 14, 1932.

The Public Service Company was organized in 1917 and then purchased the properties of San Antonio Gas and Electric Company and San Antonio Traction Company and then assumed and agreed to pay certain first mortgage bonds of those companies then issued and outstanding. Respondent owns certain San Antonio Gas and Electric and San Antonio Traction Bonds as later stated in this answer under the heading "Group D" and sub-headings "San Antonio Gas and Electric Company" and "San Antonio Traction Company."

There is no obligation or indebtedness running from San Antonio Public Service Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

South Texas Ice Company.

Respondent holds $370,000.00 indebtedness of South Texas Ice Company evidenced by unsecured notes. The notes represent actual money loaned to the South Texas Ice Company by respondent.

There is no obligation or indebtedness running from the

-41-

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 18 of 28   Document 50-13

WG-ANR-00074289

South Texas Ice Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 19 of 28   Document 50-13

WG-ANR-00074290

Answer No. 13.  Part II.

American Coal Company.

Respondent holds $90,000 obligations of American Coal
Company evidenced by unsecured notes.  The notes represent
actual money loaned to the Coal Company by respondent.

There is no obligation or indebtedness running from the
Coal Company to any company or unit in respondent's group or
system evidenced by notes, bonds, debentures or otherwise,
but not on open account.

American Light and Traction Corporation, The

There is no obligation or indebtedness running from The
American Light and Traction Corporation to respondent, or to
any company or unit in respondent's group or system evidenced
by notes, bonds, debentures or otherwise, but not on open
account.

Consolidated Building Company.

There is no obligation or indebtedness running from
Consolidated Building Company to respondent, or to any company
or unit in respondent's group or system evidenced by notes,
bonds, debentures or otherwise, but not on open account.

Dexter Company.

Respondent holds $215,000 obligations of Dexter Company
evidenced by unsecured notes.  The notes represent actual money
loaned to Dexter Company by respondent and used by Dexter Company.

-43-

There is no obligation or indebtedness running from Dexter Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

River Rouge Company.

There is no obligation or indebtedness running from River Rouge Company to respondent evidenced by notes, bonds or debentures.

River Rouge Company holds $18,000 obligations of Detroit City Gas Company evidenced by unsecured notes. The notes represent the unpaid balance of the purchase price of property purchased by Detroit City Gas Company from River Rouge Company. The property so purchased was appraised by independent appraisers.

Except as above there is no obligation or indebtedness running from River Rouge Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

San Antonio Gas and Electric Company.

Respondent holds $63,000.00 indebtedness of San Antonio Gas and Electric Company evidenced by First Mortgage bonds due September 1, 1949. San Antonio Gas and Electric Company is one of the predecessors of San Antonio Public Service Company, which was organized in 1917, and then assumed and agreed to pay the Gas and Electric bonds. Respondent has owned the bonds for many years.

There is no obligation or indebtedness running from the Gas and Electric Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 21 of 28   Document 50-13

WG-ANR-00074292

San Antonio Traction Company.

Respondent holds $116,000.00 indebtedness of San Antonio Traction Company evidenced by First Mortgage bonds due September 1, 1949. San Antonio Traction Company is one of the predecessors of San Antonio Public Service Company, which was organized in 1917, and then assumed and agreed to pay the Traction bonds. Respondent has owned the bonds for many years.

There is no obligation or indebtedness running from the Traction Company to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Southern Light and Traction Company.

There is no obligation or indebtedness running from Southern Light and Traction Company to respondent, or to any company or unit in respondent's group or system evidenced by notes, bonds, debentures or otherwise, but not on open account.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 22 of 28   Document 50-13

WG-ANR-00074293

Waverly Company.

There is no obligation or indebtedness running from
Waverly Company to respondent evidenced by notes, bonds or
debentures.

Waverly Company holds $256,000 obligations of American
Michigan Pipe Line Company evidenced by unsecured notes.
The notes represent actual money advanced to the Pipe Line
Company by respondent and later sold by respondent to Waverly
Company.

Except as above there is no obligation or indebtedness
running from Waverly Company to any company or unit in respondent's
group or system evidenced by notes, bonds, debentures or otherwise,
but not on open account.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 23 of 28   Document 50-13

WG-ANR-00074294

Question No. 14. State what dividends have been paid each year for the past 5 years by any company or unit of your group or system performing "servicing" functions, on any and all security issues of the same; state all bonuses, gratuities, and payments of all other kinds made to any official or stockholder of said company other than through regular salaries or dividends.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 24 of 28   Document 50-13

WG-ANR-00074295

Question No. 15.  State what contracts, if any, covering "servicing" functions rendered companies or units of your group or system, have been the subject of any inquiry, proceeding, or hearing by any State public utility commission or body, as to the reasonableness of their terms, conditions, charges, or for any other reason; if so, state when and in what State, and the nature of the proceeding, hearing, or inquiry; if any such inquiry, hearing, or proceeding has occurred and any decision or ruling handed down or promulgated, state its nature in detail and, if possible, attach a copy of the same.

Answer No. 15.  No contracts covering "servicing" functions rendered companies or units of respondent's group or system have been the subject of any inquiry, proceeding or hearing by any State public utility commission or body as to the reasonableness of its terms, conditions, charges, or for any other reason.

Further answering question No. 15 respondent states that the corporate or inter-system arrangements or understandings under which certain "servicing" functions are performed as stated in the answer to Question No. 8, under the heading "Group C" and sub-heading "Class II" have not been the subject of any inquiry, proceeding or hearing by any State public utility commission or body as to the reasonableness of their terms, conditions, charges or for any other reason.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 25 of 28   Document 50-13

WG-ANR-00074296

Question No. 16. If during any of the years 1929 to 1935, both inclusive, you have rendered or received services of any kind (managerial, supervisory, engineering, financial, construction, purchasing, or any other of the numerous services which utility service companies, so-called, agree in their numerous contracts and proposals to perform, then state:

(a) When you received such services, how much of your common stock was owned by the company, firm, person, or association, from whom or which you received such services, and state the year or years during which you received such services.

(b) While receiving the services aforesaid, state the total dividends paid by you each year to the company or association from which you received such services.

(c) While receiving such services aforesaid, state the total amount of stock (describing such stock in detail) owned or possessed by you in the company or association rendering such services to you and give a detailed statement of the dividends received by you each year on such stock so owned or possessed by you.

(d) While receiving such services aforesaid, state the amount in dollars and cents paid by you each year therefor and state what per cent of your gross revenue was represented each year by such sum.

(e) State whether or not your preferred stockholders or other stockholders (designating which), were given an opportunity by you to vote on and/or otherwise authorize you to enter into the agreement by which you received such services and made such payments.

(f) When you rendered such services, state the total amount of stock (both common and preferred, or other stock, designating it) owned or possessed by you in the company or association to whom such services were rendered.

(g) What percentage of the entire stock of the receiving company did you own or possess at the time you entered into the contract or agreement to render the aforesaid services and during all the time you were rendering the same?

(h) Attach to your answers an exact copy of all of the correspondence passing between you and the party rendering said services or receiving same relating to the terms and conditions of said contract and as an incident to the formation of said contract.

(i) Give an itemized statement of all sums received by you as a result of said contract during each of the years 1929 to 1935, both inclusive, and separately and severally.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 26 of 28   Document 50-13

WG-ANR-00074297

(j) If you borrowed money as a part of such contract and under such services, then state the rate of interest paid by you therefor.

(k) Give a list of all of the services you were obligated to render, which can be done, if you so desire, by attaching to your answers a copy of the service contract, provided such contract contains such list.

(l) Of all of the services to be rendered or received state in detail (1) what services were actually rendered and/or received, (2) the actual reasonable cost of such services, (3) did you pay or receive any sum, aside from the percentage mentioned in the aforesaid contract, for such services and, if so, state what sum or sums, giving an itemized statement thereof.

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 27 of 28   Document 50-13

WG-ANR-00074298

(c) No company in Group C owned or possessed any stock of respondent while receiving services as aforesaid, and no company in Group C owned any stock of any other company in Group C while receiving such services aforesaid except Milwaukee Coke and Gas Company owned all the capital stock of Milwaukee Solvay Coke Company as hereinbefore noted.

(d) While receiving such services aforesaid the amount in dollars and cents paid by each company in Group C therefor and the per cent of the gross revenue represented each year by such sum are stated below:

Lakeshore Gas Company
 Paid respondent
 Paid Milwaukee Gas Light Company
     Total
 %of Gross Revenue

Ditto similar data for Wauwatosa Gas Company, West Allis Gas Company, Wisconsin Eastern Gas Company, Milwaukee Solvay Coke Company and Consolidated Building Company.

WG-ANR-00074299