# EXHIBIT 42

LAW OFFICES
## SIDLEY, AUSTIN, BURGESS & SMITH
11 SOUTH LA SALLE STREET
TELEPHONE STate 2-5400
CHICAGO 3

Edwin C. Austin
Kenneth F. Burgess
Douglas F. Smith
Howard Neitzert
Ray Garrett
William H. Avery
Harlowe B. Bowes
D. Robert Thomas
Middleton Miller
Stuart S. Ball
James E. S. Baker
Howard P. Robinson
J. Dean Vail, Jr.
Robert Diller
George A. Ranney, Jr.
Robert L. Foote
Walter J. Cummings, Jr.
Edward W. Saunders
Arthur R. Seder, Jr.
Howard J. Trienens
Loren E. Juhl
Alice M. Bright
Martin M. Lucente
James W. Kissel
Henry A. Preston
Robert R. Frei
Emerson T. Chandler
W. Stirling Maxwell
H. Blair White
Harold L. Reeve, of Counsel

Williams & Thompson, 1866-1888
Williams, Holt & Wheeler, 1888-1899
Holt, Wheeler & Sidley, 1899-1913
Holt, Cutting & Sidley, 1913-1919
Cutting, Moore & Sidley, 1919-1936
Sidley, McPherson,
  Austin & Burgess, 1936-1944
Sidley, Austin,
  Burgess & Harper, 1944-1960

December 31, 1962

Securities and Exchange Commission
425 Second Street, N.W.
Washington 25, D. C.

Dear Sirs:

This opinion is delivered to you at the request of American Natural Gas Company ("American Natural"), MSC Corporation ("MSC"), American Louisiana Pipe Line Company, Michigan Wisconsin Pipe Line Company, Michigan Consolidated Gas Company, American Natural Gas Service Company, Milwaukee Gas Light Company and American Natural Gas Production Company ("the System Companies") and accompanies a Rule U-24 certificate of even date relating to the liquidation and dissolution of MSC, the related surrender by American Natural of the common shares of MSC owned by it upon the receipt of the final liquidating distribution, and the amendment of the agreement between the System Companies relating to the allocation of consolidated federal income tax liability between the System Companies (the "Amendment"). We hereby consent to the use of this opinion for such purpose. Reference is made to the proceedings under the Public Utility Holding Company Act of 1935 with respect to these transactions (File No. 70-4064).

We have examined the form U-1 Declaration and the exhibits thereto, the amendment to said Declaration, the order of the Commission entered in response thereto dated November 2, 1962, and such other records, documents and matters of law as we deem necessary to enable us to render this opinion. Based on the foregoing, we are of the opinion that:

1. All requisite action has been taken by and before all bodies, including shareholders, directors and

Case 2:20-cv-01334-SCD   Filed 01/27/23   Page 2 of 3   Document 50-55

WG-ANR-00052828

state commissions, that is necessary to make valid the transactions;

    2. All state laws applicable to the transactions have been complied with;

    3. American Natural has legally acquired the money and property received as a distribution in liquidation of MSC, subject only to such liabilities as have been expressly assumed by American Natural or may be imposed upon American Natural by laws relating to transferee liability;

    4. Consummation of the transactions does not violate the legal rights of the holders of any securities issued by any System Company;

    5. The transactions have been carried out in accordance with the Declaration.

We have requested the opinion of Wisconsin and Michigan counsel as to matters of Wisconsin and Michigan law involved in this opinion. We are advised by such counsel that they concur in the opinions herein expressed in so far as Wisconsin and Michigan law are involved.

    Very truly yours,

    *Sidley, Austin, Burgess + Smith*