IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF WISCONSIN

| | |
|---|---|
| WISCONSIN GAS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN NATURAL RESOURCES<br>COMPANY AND HONEYWELL<br>INTERNATIONAL, INC.<br><br>    Defendants. | Case No. 2:20-cv-1334-SCD |

**DEFENDANT AMERICAN NATURAL RESOURCES COMPANY'S
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Defendant American Natural Resources Company ("ANR") moves the Court to amend its Decision and Order dated March 27, 2023 (ECF No. 66), to certify for interlocutory appeal the Court's issuance of summary judgment in favor of Plaintiff Wisconsin Gas LLC and against ANR on liability under CERCLA. Whether ANR may be held liable under CERCLA based on a one-page plan of liquidation it entered in 1962 to facilitate dissolution of a former subsidiary involves controlling questions of law that have not been resolved in the Seventh Circuit Court of Appeals and on which there is a reasonable basis of differing opinion. Because a resolution of these legal issues on interlocutory appeal could materially advance the ultimate disposition of this litigation, ANR respectfully requests that the Court grant ANR permission to appeal under 20 U.S.C. § 1292(b).

**LEGAL STANDARD FOR CERTIFICATION**

The Court's approval to appeal is necessary because the Decision and Order does not constitute a "final decision" under 28 U.S.C. § 1291,[1] nor an order for which Congress

---
[1] "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do

1

specifically authorized an interlocutory appeal under 28 U.S.C. § 1292(a). Under § 1292(b), the Court is authorized to approve an interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question," (2) the question is one of law, (3) there is a "substantial ground for difference of opinion" concerning the legal question, and (4) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

The decision to authorize an interlocutory appeal under § 1292(b) is within the Court's sound discretion. *See Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 47 (1995); *see also* 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2022) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility.). Although calling for "careful application of the statutory test" for interlocutory appeals under § 1292(b), the Seventh Circuit has emphasized the "duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met." *See Ahrenholz,* 219 F.3d at 675, 677; *see also Horwitz v. Alloy Auto. Co.,* 957 F.2d 1431, 1435 & n.9 (7th Cir. 1992) (stating that the Seventh Circuit is not "hostile to appropriate interlocutory appeals under the applicable rules" and citing multiple cases as "examples of this court's favorable reception of 1292(b) interlocutory appeals").

To qualify for appeal under § 1292(b), an interlocutory order must state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate resolution of the

---

but execute the judgment." *Catlin v. U.S.,* 324 U.S. 229, 233 (1945) (interpreting predecessor to § 1291); *see also Cunningham v. Hamilton Cnty.,* 527 U.S. 198, 204 (1999) (applying *Catlin* in § 1291 case); *cf. Riley v. Kennedy,* 553 U.S. 406, 419 (2008) ("We have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final.") (citing *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 742-43 (1976)).

litigation." *See* 28 U.S.C. § 1292(b) (requiring the district court to "state in writing in such order" that the elements are met); *see also Cent. Soya Co. v. Voktas, Inc.,* 661 F.2d 78, 81 (7th Cir. 1981) ("[A] certification entered under 20 U.S.C. § 1292(b) by a magistrate conducting proceedings by consent…may be properly the subject for a petition for leave to appeal directly to the court of appeals."). If the original order does not include a certification authorizing interlocutory appeal, the order may be amended to include the required language. Fed. R. App. P. 5(a)(3) (providing that "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission statement" for interlocutory appeal).

As explained below, all four criteria for interlocutory appeal are satisfied here. Further, "there is abundant authority supporting the proposition that an interlocutory appeal is appropriate with respect to orders granting partial summary judgment on the issue of liability." *Stong v. Bucyrus-Erie Co.,* 476 F. Supp. 224, 225 (E.D. Wis. 1979) (citing cases); 16 CHARLES ALAN WRIGHT, ET AL., *supra,* § 3931 ("Appeals are frequently certified from orders—particularly those granting summary judgment—that establish some or all issues of liability, leaving other matters open for further proceedings." (citations omitted)).

## ANALYSIS

### I. The Decision and Order Involves a "Controlling" Question

The standard for determining if there is a "controlling" issue for interlocutory appeal is a flexible one. *Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir. 1991). As the Seventh Circuit has explained, "it is never one hundred percent certain in advance that the resolution of a particular question will determine the outcome or even the future course of the litigation." *Id.* at 1206. Under § 1292(b), therefore, "'controlling' means serious to the conduct of the litigation, either practically or legally." *Id.* (quoting *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d

Cir. 1974)).  Moreover, a "question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so."  *Sokaogon Gaming Enters. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).  If ANR were to prevail on interlocutory appeal, that ruling would eliminate an entire path to liability for ANR and thereby affect the future course of this litigation, both practically and legally.  *See, e.g., Bayer Healthcare, LLC v. Northbrook Labs., Ltd.,* Nos. 08-C-0953, 09-C-0108, 2010 WL 338089, at *4 (E.D. Wis. Jan. 20, 2010).  The parties have also agreed that liability issues are critical, threshold issues that should be addressed first.  The legal questions addressed in this Court's Decision and Order are thus controlling.

## II.     There Is a Question of Law for Appeal

Next, there must be a question of law for interlocutory appeal under § 1292(b).  In the § 1292(b) context, a question of law generally involves "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  *Ahrenholz*, 219 F.3d at 676.  More fundamentally, a question of law is "something the court of appeals could decide quickly and cleanly without having to study the record."  *Id.* at 677.  This Court's Decision and Order involved several pure questions of abstract law.  These questions involve the effect of corporate dissolution and retroactivity under CERCLA's statutory scheme and whether successor liability can be imposed under Wisconsin law based on the terms of a liquidation plan entered to facilitate the dissolution of a wholly-owned ANR subsidiary eighteen years before CERCLA was enacted.  The legal questions include the following:

- Whether the express statutory prohibition in 42 U.S.C. § 9607(e) against transfers of CERCLA liability precludes a CERCLA claim against ANR based on the 1963 Transfer of Assets in Liquidation of Milwaukee Solvay;

4

- Whether Wisconsin Gas—a nonparty to the 1962 liquidation agreement between ANR and Milwaukee Solvay—has standing to assert any claim against ANR based on that agreement;

- Whether ANR assumed Milwaukee Solvay's CERCLA liabilities in the 1962 liquidation agreement, though CERCLA did not exist in 1962;

- Whether ANR can be sued for inchoate CERCLA liabilities of Milwaukee Solvay decades after the expiration of Wisconsin's statutory survival period for establishing liabilities after dissolution; and

- Whether the 1962 plan of liquidation makes ANR the legal successor to Milwaukee Solvay, even though ANR did not acquire any operating assets of its dissolved former subsidiary and did not continue its business.

Each of these issues is amenable to "quick and clean" resolution on appeal without the need for the Seventh Circuit to spend time "hunting through the record compiled in the summary judgment proceedings to see whether there may be genuine issues of material fact lurking there." *See Arenholz,* 219 F.3d at 677. Nor is there a need for any "immersion in what may be a long, detailed, and obscure contract" that might stall resolution of the issues. *Id.* The 1962 liquidation plan is not a "long, detailed, and obscure contract"—it is only one page. *Id.* And the relevant language from the liquidation agreement is only one paragraph.

Even so, the issues here involve more than mere interpretation of a legal instrument. The liability issues also turn on pure questions of statutory interpretation under CERCLA and common-law principles of successor liability in the context of corporate dissolution under Wisconsin law. *See Sokaogon*, 86 F.3d at 660 (interpreting contract on interlocutory appeal to determine whether tribe waived sovereign immunity); *see also United Mine Workers of Am. 1974 Pension v. Pittson Co.,* 984 F.2d 469, 472-75 (D.C. Cir. 1993) (finding interlocutory appeal appropriate under § 1292(b) and construing evergreen clause in trust agreement in light of federal labor law); *U.S. Gold Corp. v. Fed. Express Corp.*, No. 88 CIV. 5692 (PKL), 1990 WL 6579, at *2 (S.D.N.Y. Jan. 25, 1990) (certifying interlocutory appeal to determine applicability

5

of contract's liability limitation provision). Moreover, "an interlocutory appeal is appropriate with respect to orders granting partial summary judgment on the issue of liability." *Stong,* 476 F. Supp. at 225; *see also Steering Comm. v. U.S.*, 6 F.3d 572, 575 (9th Cir. 1993) (concluding that liability issues present pure questions of law).

### III.     There Is a Substantial Ground for Difference of Opinion

This case presents contestable issues well suited for interlocutory appeal. A contestable issue exists when "there is a substantial ground for difference of opinion." *In re Archdiocese of Milwaukee*, 482 B.R. 792, 797 (E.D. Wis. 2012). Courts have found an issue contestable if there is conflicting authority on the question. *See, e.g., Stong,* 476 F. Supp. at 225. There also may be a contestable issue if the legal question is one of first impression or otherwise has not been settled by controlling authority. The United States Supreme Court has instructed that "district courts should not hesitate to certify an interlocutory appeal" when a "ruling involves a new legal question or is of special consequence." *Mohawk Indus. v. Carpenter,* 558 U.S. 100, 110 (2009); *see also Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Development,* 291 F.3d 1000, 1007-08 (7th Cir. 2002) ("As these are questions of first impression, the application of these statutes to the facts alleged here is certainly contestable…."); *Bayer,* 2010 WL 338089, at *4 ("While the Court believes that its analysis of the issues is correct, Northbrook's arguments are plausible and, given the fact that similar circumstances have not been addressed in the Federal Circuit, 'substantial grounds for a difference of opinion on the issue exist.'").

There is a direct conflict of authority within this judicial district regarding the interpretation of CERCLA § 107(e), 42 U.S.C. § 9607(e). In its Decision and Order, the Court here relied on *United States v. NCR Corp.*, 840 F. Supp. 2d 1093, 1097 (E.D. Wis. 2011), for the conclusion that § 107(e) prohibits a party from shifting its liability by agreement, but does not

6

preclude the creation of additional liability on the transferee.[2] ECF No. 66 at 8. Nevertheless, the conclusion in *NCR* regarding CERCLA § 107(e) is inconsistent with the holding in *A-C Reorganization Trust v. E.I. DuPont,* No. 94-C-574, 1997 WL 381962 (E.D. Wis. Mar. 10, 1997). In *A-C Reorganization*, Judge Stadtmueller of this district concluded that an agreement to assume liabilities could not be used as a basis for creating any direct liability under CERLCA, because CERCLA § 107(e) expressly "nullifies any attempted transfer of CERCLA liability." *A-C Reorg.,* 1997 WL 381962, at *7; *accord Cyprus Amax Minerals Co. v. TCI Pac. Communications, Inc.,* No. 11-CV-0252-JED-PJC, 2013 WL 6238485, at *6 (N.D. Okla. Dec. 3, 2013) (holding "in accordance with the majority view…, that § 107(e)(1) bars the contractual *transfer/**creating*** of direct liability under CERCLA" (emphasis added)).

The Seventh Circuit has not resolved the conflict regarding the proper interpretation of § 107(e). That conflict demonstrates, moreover, that reasonable minds could differ on this controlling issue of statutory interpretation and that there is thus a contestable question of law for interlocutory appeal. Likewise, an interlocutory appeal would address other questions of first impression in the Seventh Circuit, including whether Wisconsin Gas has standing as a non-party to the 1962 liquidation agreement to enforce its terms, even if the agreement could be construed to encompass later-enacted CERCLA liability.

The "successor liability" issues in this case also present contestable questions of law that have not been settled in the Seventh Circuit. The holding in *A-C Reorganization* suggests that an assumption agreement may support an indemnity claim as between the parties to the agreement,

---

[2] Notably, the judge in *NCR* initially reached the opposite conclusion, denying a request for a preliminary injunction against a defendant on the ground that the government was unlikely to prevail on a claim of successor liability in light of the express prohibition on transfers of liability under CERCLA § 107(e). *NCR,* 840 F. Supp. 2d at 1097. In revisiting the issue on summary judgment, the *NCR* court changed its mind and concluded that a transfer of liability, otherwise barred by § 107(e), could be upheld as a contract to share CERCLA liability. *Id.* On reconsideration, that ruling became moot based on the court's ultimate determination that the terms of the pre-CERCLA assumption agreement at issue were not broad enough to encompass CERCLA liability in the first place. *Id.* at 1102.

but not otherwise. *A-C Reorg.*, 1997 WL 381962, at *8. In *NCR,* however, the court suggested, in *dicta*, that an agreement to assume "successor liability" is a "contract to which the public is a third-party beneficiary." *NCR,* 840 F. Supp. 2d at 1096. The Seventh Circuit has never decided the novel question whether "successor liability" may be imputed to a shareholder in these circumstances. *Stong,* 476 F. Supp. at 225; *see also State of N.Y. v. Westwood-Squibb Pharm. Co.,* 62 F. Supp. 2d 1035, 1046 (W.D.N.Y. 1999) (issue of corporate successor liability under CERCLA presented contestable issue for interlocutory appeal under legal theory not previously applied in the Second Circuit).

In particular, the cases on successor liability do not address a situation in which a shareholder agrees, as required by law upon dissolution of a subsidiary, to provide for payment on behalf of the subsidiary of any liabilities that may be established after its dissolution (*i.e.*, during the statutory wind-up period).³ Further, ANR is not aware of any case finding that a parent company became a legal "successor" of a dissolved former subsidiary through an assumption expressly limited to the amount the shareholder received as a liquidating distribution—in this case, a distribution of cash after the business and all operating assets of the subsidiary were divested.

In its Decision and Order, this Court noted that "perhaps ANR's best argument is that the liquidation agreement limited ANR's assumed liabilities to those that could be established against Milwaukee Solvay within two years of its dissolution." ECF No. 66 at 14. Although the Court ultimately disagreed with ANR's legal position, ANR respectfully submits that it has

---

³ *Cf. Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1019–20 (7th Cir. 1995) (concluding that CERCLA "does not authorize litigation against a defunct corporation, any more than it permits litigation against a deceased person after the estate has been closed"); *see also Levin Metals v. Parr-Richmond Terminal Co.,* 817 F.2d 1448 (9th Cir. 1987) (rejecting CERCLA claim against shareholders of a company that legally dissolved years before CERCLA was enacted, finding that CERCLA's retroactivity did not create a liability that existed before expiration of survival statute for dissolved corporations).

raised questions of unsettled law about which there is, at the very least, a reasonable basis for difference of opinion. Moreover, the inconsistent rulings in prior cases in this district and legal issues of first impression that remain unsettled in the Seventh Circuit demonstrate that there are inherently contestable issues as to which substantial ground for disagreement exists.

### IV. An Interlocutory Appeal Would Materially Advance the Ultimate Termination of the Litigation

Resolving the question of ANR's contractual liability would speed up the litigation. The appeal need not "end the litigation in the district court." *Newsome v. Wis. Cent. Ltd.*, No. 13-CV-1379, 2015 WL 6872360, at *4 (E.D. Wis. Nov. 9, 2015) (citing *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012)). As the Seventh Circuit has explained, "all that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of option, is that an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk,* 672 F.3d at 536 (emphasis in original). The existence of two theories of recovery does not change the analysis. *See id.*; *see also* 16 CHARLES ALAN WRIGHT, ET AL., *supra,* § 3930 ("[Q]uestions found to be controlling commonly involve the possibility of . . . at least curtailing or simplifying pretrial or trial.").

If the Seventh Circuit agrees with ANR that there is no legal basis for a CERCLA claim against ANR under the 1962 plan of liquidation, that ruling would eliminate the primary path Wisconsin Gas alleged for potential liability against ANR in this case. The parties could then focus on issues of direct shareholder liability that this Court declined to address in its Decision and Order and which Wisconsin Gas simply cannot support. The parties have agreed that, in the interest of efficiency, threshold liability issues should be decided first in this litigation. On that basis, the Court entered a scheduling order splitting this litigation into phases as the parties

9

proposed (ECF Nos. 39, 43, 44).  *See Hopkins v. Cornerstone Am.,* No. 4:05-CV-332-Y, 2007 WL 9772306, at *3 (N.D. Tex. Aug. 1, 2007) (certifying appeal under § 1292(b) in phased litigation).  More complicated issues that would require additional discovery and expert testimony in later phases on issues such as divisibility of harm, damages, and allocation might never be reached or, at the very least, could be substantially narrowed depending on the outcome of an interlocutory appeal of the key liability issue addressed in this Court's Decision and Order.  Likewise, a conclusive decision on interlocutory appeal might obviate the need to address thorny issues of NCP compliance in light of Wisconsin Gas's actions in circumventing CERCLA's Feasibility Study process, in breach of its prior agreement with ANR and other parties to perform such a study jointly prior to selection of a remedy.

Even if ANR ultimately does not prevail on the issues surrounding the 1962 dissolution and plan of liquidation, the continued lack of a definitive ruling from the Seventh Circuit on those contested issues would merely impede the prospects of settlement and needlessly prolong this litigation.  *See id.* ("[A]lthough an order affirming this Court's decision would not terminate the litigation, it would provide certainty to the parties.  The parties would be proceeding with phase two of this litigation knowing for certain…the law of this case.  That undoubtedly would assist in the resolution of the remainder of the issues in this case and may assist in settlement negotiations between the parties."); *Sterk,* 672 F.3d at 536 ("[U]ncertainty about the status of the [primary] claim may delay settlement…and by doing so further protract the litigation.  That is enough to satisfy the 'may materially advance' clause of section 1292(b)."); *Stong,* 476 F. Supp. at 225 ("Even if the order is affirmed, such review may expedite termination of the litigation because the issues of damages and who may recover 'could be adjusted by settlement and compromise if the question of liability were resolved with finality.'").

In sum, an interlocutory appeal could resolve a threshold question in this litigation, avoid thorny questions and additional discovery, narrow the issues for later phases of this litigation, or encourage an early resolution of this action.

## CONCLUSION

For the foregoing reasons, ANR respectfully requests that the Court amend the Decision and Order dated March 27, 2023 (ECF No. 66), to state that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation.

Dated: April 17, 2023     Respectfully submitted,

/s/ James F. Thompson
SHOOK, HARDY & BACON LLP
James F. Thompson
Mitch F. Engel
Dalton R. Mott
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Jfthompson@shb.com;
mengel@shb.com;
dmott@shb.com

ATTORNEYS FOR AMERICAN NATURAL RESOURCES COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on April 17, 2023, I caused the foregoing document to the Clerk's Office using the CM/ECF System, which will provide notice of filing to counsel for all parties having appeared on record.

                                                        /s/ *James F. Thompson*
                                                          James F. Thompson